**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
Marcel F. Sincich, Esq. (SBN 319508)
*msincich@galipolaw.com*
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**SHOJAI LAW FIRM**
Neema Shojai, Esq. (SBN 321833)
neema@shojaifirm.com
8880 Rio San Diego, Suite 800
San Diego, California 92108
Telephone: (619) 777-0383
Facsimile: (619) 775-1383

*Attorneys for Plaintiffs*

Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
Eugene Hanrahan (State Bar No. 185826)
  *Eugene.Hanrahan@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA RIAS; TATANISHA PITTS; DOMINIC ADAMS Sr.; and BRITTANY MASON,<br><br>         Plaintiffs,<br><br>    v.<br><br>CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,<br><br>         Defendants. | Case No. 5:25-cv-00207-JGB-SHK<br>[*Honorable Jesus G. Bernal*]<br>Magistrate Judge, Shashi H. Kewalramani<br><br>**JOINT RULE 26(f) REPORT**<br><br><br>**Scheduling Conference:**<br>TBD |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), and Local Rule 16-1, the early meeting of counsel has been conducted between counsel for Plaintiffs Diana Rias, Tatanisha Pitts, Dominic Adams Sr., and Brittany Mason ("Plaintiffs") and counsel for Defendant City of Fontana ("City"), and City of Fontana Police Department Officers Edward Bautista, Jesus Garcia, Daniel Precie, and Brian Zozaya (collectively, "Defendants"). The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

**A.   Joint Statement of the Case:**

  1.   <u>Short Synopsis of Plaintiffs' Claims for Relief</u>: [1]

Decedent Robert Rias ("Rias") was the 15-year-old child, Decedent Omari Pitts ("Pitts") was the 15-year-old child, and Decedent Dominic Adams Jr. ("Adams") was the 14-year-old child (collectively called "Decedents"), all passengers in a vehicle driven by another child at the time of the incident. Plaintiffs, the parents of the Decedents, claim that on February 3, 2024, at approximately 10:44 p.m., Defendant City of Fontana Police Department Officers Edward Bautista, Jesus Garcia, Daniel Precie, and Brian Zozaya (collectively called the "Defendant Officers") in patrol vehicles approached and stopped Decedents, despite lacking reasonable suspicion to believe that the Decedents had committed or were about to commit a serious or violent crime. Upon information and belief, during what appears to have been a vehicle pursuit, the Defendant Officers escalated the situation and unreasonably used their patrol vehicles to cause the vehicle the

---

[1] The statement of facts set forth herein are alleged without the benefit of Rule 26 Initial Disclosures and some of these facts are alleged on information and belief.

Decedents occupied to crash, causing their deaths. The Decedents were not posing an immediate risk of death or serious bodily injury to any person.

As a result of these allegations, Plaintiffs bring causes of action under 42 U.S.C. §1983 against the Defendant Officers for unlawful Excessive Force, and Interference with Familial Relationship. Plaintiffs also bring causes of action under 42 U.S.C. §1983 against the City for Failure to Train, Ratification, and Unconstitutional Custom, Practice or Policy. Plaintiffs also bring causes of action under state law including Battery, Negligence, and violation of the Bane Act.

2.      Short Synopsis of Defendants' Affirmative Defenses:

On February 3, 2024, Officer Zozaya attempted to conduct a traffic-stop on a white Nissan Sentra, driven by Giovanni Bonilla ("Bonilla"), for conducting an unsafe turn to overtake another vehicle without using a turn signal. When Officer Zozaya turned on his patrol vehicle's lights and siren, Bonilla failed to yield and a pursuit ensued. Bonilla reached speeds over 100 miles per hour before he veered into oncoming traffic on Valley and then crashed into another Fontana Police Department vehicle (driven by Officer Garcia) and then two other unrelated vehicles. Officers began to assist with the collision and paramedics were called.

Three passengers in the Nissan were killed in the collision: Omari Malik Pitts (age 15), Robert Rias (age 15), and Dominic Adams, Jr. (age 14). Bonilla sustained a broken femur, broken ribs, and brain bleeding. The San Bernardino County Sheriff's Department Major Accident Investigation Team responded and conducted the investigation. The investigation by the County found Bonilla responsible for the crash. Bonilla is currently facing criminal charges for causing the deaths of the passengers in his vehicle.

**B.     Subject Matter Jurisdiction:**

The Court has jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

Defendants admit federal question jurisdiction.

**C.     Legal Issues:**

1. Whether the Defendant Officers used excessive and/or unreasonable force against the Decedents.
2. Whether Defendant Officers interfered with Plaintiffs' familial relationship with their Decedent in violation of the Fourteenth Amendment.
3. Whether the City failed to adequately train its officers.
4. Whether the City ratified any unlawful conduct of Defendant Officers.
5. Whether any policy or custom of the City was the moving force resulting in a violation of the Decedents' rights.
6. Whether Defendant Officers were negligent toward the Decedents.
7. Whether the Decedents' rights under California's Bane Act (Cal. Civ. Code §52.1) were violated by the Defendants.
8. The nature and extent of Plaintiffs' and Decedents' damages.
9. Whether Plaintiffs are entitled to punitive damages.
10. Whether the individual Defendants are entitled to Qualified Immunity.

**D.     Parties, Evidence, etc.:**

*Parties*: The parties are Plaintiffs Diana Rias, the natural mother of Decedent Robert Rias; Tatanisha Pitts, the natural mother of Decedent Omari Pitts; and Dominic Adams Sr. and Brittany Mason, the natural father and mother respectively of Decedent Dominic Adams Jr.; and Defendants City of Fontana, and Fontana Police Department Officers Edward Bautista, Jesus Garcia, Daniel Precie, and Brian Zozaya, and Does 1-10.

*Witnesses*: The percipient witnesses include Fontana Police Department officers and investigators, and other personnel present at the scene of the incident, including San Bernardino County Sheriff's Department investigators, including Sergeant Brendan Motley, Deputies Darrell Holland, Garrett Wolff, and Henry Reyes, Giovanni Bonilla, and Officer Bradley Terwilliger. Additional non-percipient witnesses may include expert witnesses and witnesses to Plaintiffs' damages. Given that discovery has not yet been completed, Plaintiffs have not yet identified all other witnesses. Plaintiffs believe that Defendants are in possession of records that indicate all known percipient witnesses.

*Key Documents*: The key documents include Fontana Police Department records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include City training policies and records; relevant portions of diagrams, evidence collected, and analysis thereof, related to the incident; relevant photographs of the scene, involved officers, evidence collected, medical records and injuries suffered by Plaintiffs and Decedents allegedly caused by Defendants; Defendants' policies, procedures, and training documents; depositions of the parties and witnesses; responses to written discovery.

/ / /

**E.   Damages:**

Plaintiffs claim general and special compensatory damages, according to proof at trial under federal and state law for their individual damages for the wrongful death of their Decedent, and each Decedent's survival damages, including their pre-death pain and suffering, loss of enjoyment of life, and loss of life. Plaintiffs seek punitive and exemplary damages against the individual Defendant Officers only. Plaintiffs also seek attorney's fees pursuant to 42 U.S.C. §1988, costs and interests incurred.

Plaintiffs believe a realistic range of damages cannot be ascertained at this time without expert evaluation and opinion. However, based on the Decedents' severe pre-death pain and suffering, and based on the lifelong loss of their young children, a reasonable jury could award in excess of $10,000,000 in this matter.

Defendants deny any liability and deny the nature and extent of Plaintiffs' claimed injuries.

**F.   Insurance:**

Defendant City of Fontana is self-insured under the Government Code. See, California Government Code § 989 *et seq*.

**G.   Procedural Motions:**

After review of the discovery material, Plaintiffs will be able to determine whether it is necessary to name any Doe Defendants and whether there were any other violations of Plaintiffs and/or Decedents' rights by Defendants. Depending on that review, Plaintiffs anticipates amending the pleadings to name of DOE defendants, including any additional allegations if the documents produced during discovery by Defendants reveal that other officers, official, and/or individual were

integral participants in, failed to intervene in, or were somehow otherwise responsible for the violation of Plaintiff's constitutional and state law rights.

The parties agree to file a stipulation to amend the complaint to name Doe Officers or add allegations, if necessary, after the discovery material is received.

If there are additional Officers are named as Defendants, Defense counsel will inquire if they may accept service on behalf of those Officers.

Aside from the above, the parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue.

The parties intend to file motions *in limine* including *Daubert* motions, and other pretrial motions as may be necessary.

During the course of litigation of this action, the Defendants may file: a motion for judgment on the pleadings and/or a motion to dismiss and motion for bifurcation of trial on punitive damages. Defendants anticipate filing a Motion for Summary Judgment with respect to all or some of Plaintiffs' claims at the close of discovery, including but not limited to the grounds the individual officers are entitled to qualified immunity.

It is the parties understanding that the driver of the vehicle the Decedent's occupied has an open criminal case against him related to this incident. If discovery is interrupted by the pending criminal matter, the parties will inform the Court of any issues by way of status report and/or motions as may be appropriate.

H.  **Manual for Complex Litigation:**

The parties agree that this is not a complex case and is therefore not subject to the Manuel for Complex Litigation.

I.  **Status of Discovery:**

No discovery has taken place at this time. Pursuant to Federal Rules of Civil

JOINT RULE 26(F) REPORT

Procedure Rule 26(a)(1)(c), the parties will exchange initial disclosures on May 8, 2025.

**J.      Discovery Plan:**

The parties have discussed the anticipated discovery and propose a discovery schedule set forth in Exhibit A hereto. This schedule was compiled based upon the trial calendars of counsel and their evaluation of the parties' discovery needs.

Plaintiffs anticipate serving discovery regarding the City and County records regarding the incident and taking the depositions of Fontana Police Department personnel who were present during the incident. Plaintiffs may also seek to depose experts and the persons most knowledgeable of City policies and procedures and the investigation into this incident. Further, Plaintiffs plan to retain several experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiffs anticipate serving written interrogatories, requests for admission, and requests for production of documents.

Defendants intend to propound written discovery regarding Plaintiffs' and/or Plaintiffs' Decedents' medical history, Plaintiffs' and/or Plaintiffs' Decedents' criminal history, Plaintiffs' requested damages and their calculation of damages, and discovery related to witnesses that may have knowledge regarding the incident at issue in the operative Complaint. Defendants anticipate taking the depositions of the Plaintiffs, percipient witnesses, medical/damages witnesses, and expert witnesses to the extent appropriate. There may be additional issues that arise in the course of this litigation that Defendants may also explore through discovery.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time.

The parties will file a Stipulated Protective Order with the Honorable Magistrate Judge Shashi H. Kewalramani prior to the exchange of initial disclosures.

**K.  Discovery Cut-off:**

The parties propose a fact discovery cut-off, including the resolution of all discovery motions, of April 24, 2026, which is also as set forth in Exhibit A hereto.

**L.  Expert Discovery:**

The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on May 15, 2026; Rebuttal Expert Disclosure on June 5, 2026; and Expert Discovery Cut-off of June 26, 2026. The dates for Initial and Rebuttal Expert Disclosure are also set forth in Exhibit A attached hereto.

**M.  Dispositive Motions:**

The parties have discussed potential motions and propose motion dates set forth in the attached schedule.

The parties agree and request that for any motion made pursuant to F.R.C.P. 56, the opposing party shall have two weeks to prepare and file their opposition papers, which is reflected in the proposed dates within "Exhibit A."

The parties further anticipate bringing motions *in limine* based on the claims and damages remaining at trial.

**N.  Settlement/Alternative Dispute Resolution (ADR):**

The parties have not engaged in settlement discussions. The parties propose the mediation cutoff set forth in "Exhibit A" below.

Plaintiff is willing to engage in early mediation.

The parties are agreeable to participating in ADR Procedure No. 2 (panel mediation) with Richard Copeland.

**O.    Trial Estimate:**

The parties believe that this case can be tried in five (5) to eight (8) days, including *voir dire*, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury.

Plaintiffs contemplate calling approximately twelve (12) to fifteen (15) witnesses for liability and damages.

Defendants anticipate calling approximately 10-15 witnesses for liability and damages, not including experts.

**P.    Trial Counsel:**

Dale K. Galipo (Lead) and Marcel F. Sincich, of the Law Offices of Dale K. Galipo, will try this case for Plaintiffs, along with Neema Shojai of the Shojai Firm.

Eugene P. Ramirez (Lead), Kayleigh Andersen, and Eugene Hanrahan of Manning & Kass, Ellrod, Ramirez, Trester LLP, will try this case for Defendants.

**Q.    Independent Expert or Master:**

This is not a case that requires appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**R.    Timetable:**

Counsel have agreed to the dates in Exhibit A, which takes into account the trial availability for all counsel.

**S.   Other Issues:**

The parties do not anticipate any issues regarding disclosure, discovery and preservation of electronically stored information.

The parties do not anticipate any issues about claims for privilege or of protection as trial-preparation materials. However, the parties have agreed to submit a stipulation requesting a Protective Order concerning documents that the parties contend are confidential.

The parties do not consent to the designation of a Magistrate Judge to conduct all proceedings (including trial) and final disposition over this matter.

Respectfully submitted,

DATED: May 8, 2025          **LAW OFFICE OF DALE K. GALIPO**
                            **SHOJAI LAW FIRM**


                            By:  /s/     Marcel F. Sincich
                                 Dale K. Galipo
                                 Marcel F. Sincich
                                 Neema Shojai
                                 *Attorneys for Plaintiffs*

DATED:  May 8, 2025         **MANNING & KASS**
                            **ELLROD, RAMIREZ, TRESTER LLP**


                            By:  /s/     Kayleigh Andersen
                                 Eugene P. Ramirez
                                 Kayleigh Andersen
                                 Eugene Hanrahan
                                 *Attorneys for Defendants*

# JUDGE JESUS B. BERNAL

# EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 5:25-cv-00207-JGB-SHK |
|---|---|
| Case Name | *RIAS, et al. v. CITY OF FONTANA, et al.* |

| Matter | Plaintiff's Request | Defendants' Request | Court's Order |
|---|---|---|---|
| ☒ Jury Trial or ☐ Court Trial **(Tuesday at 9:00 a.m.)** Length: 5-8 Days | 12/01/2026 | same | |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions *in Limine* **(Monday – two (2) weeks before trial date)** | 11/16/2026 | same | |
| Last Date to Conduct Settlement Conference | 08/21/2026 | same | |
| Last Date to *Hear* Non-discovery Motions (Monday at 9:00 a.m.) | 08/03/2026 | same | |
| Expert Discovery Cut-Off | 06/26/2026 | same | |
| Expert Disclosure (Rebuttal) | 06/05/2026 | same | |
| Expert Disclosure (Initial) | 05/15/2026 | same | |
| Fact Discovery Cut-Off (including hearing fact discovery motions) | 04/24/2026 | same | |
| Last Date to Amend Pleadings or Add Parties | 07/18/2025 | same | |

ADR [L.R. 16-15] Settlement Choice:

☒ Attorney Settlement Officer Panel

☐ Private Mediation

☐ Magistrate Judge