Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
*kayleigh.andersen@manningkass.com*
Eugene Hanrahan (State Bar No. 185826)
*Eugene.Hanrahan@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

DIANA BIAS; TATANISHA PITTS; DOMINIC ADAMS Sr., and BRITTANY MASON,

Plaintiffs,

v.

CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,

Defendants.

Case No. 5:25−cv−00207−JGB−ACCV
District Judge, Jesus G. Bernal
Magistrate Judge, Angela C. C. Viramontes

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

*Filed concurrently with Memorandum of Points and Authorities; Separate Statement of Uncontroverted Facts; Notice of Lodging; Index of Exhibits; Declaration of Kayleigh A. Andersen; Declaration of Custodian of Records; and (Proposed) Order*

Date: 10/5/2026
Time: 9 a.m.
Crtrm.: 1 (2nd Floor)

**TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 5, 2026, at 9:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Jesus G. Bernal, located in the United States Courthouse, 3470 Twelfth Street, Riverside, CA 92501, Defendants City of Fontana, Edward Bautista, Jesus Garcia, Daniel Precie, and Brian

Zozaya ("Defendants") will and hereby do move this Court for Summary Judgment on the following grounds:

1. There is no triable issue of material fact, and all Defendants are entitled to judgment as a matter of law on all of Plaintiffs' claims for relief on the basis that Plaintiffs cannot establish that their injuries were caused by Defendants, let alone by wrongful acts on the part of Defendants;

2. There is no triable issue of material fact, and the officer Defendants are entitled to judgment as a matter of law regarding Plaintiffs' first claim for relief on the basis that Plaintiffs cannot establish a Fourth Amendment violation;

3. There is no triable issue of material fact, and the officer Defendants are entitled to judgment as a matter of law regarding Plaintiffs' second claim for relief on the basis that Plaintiffs cannot establish a Fourteenth Amendment violation;

4. There is no triable issue of material fact, and officer Defendants are entitled to judgment as a matter of law regarding plaintiffs' first and second claims for relief under on the basis that they are entitled to qualified immunity;

5. There is no triable issue of material fact, and the City is entitled to judgment as a matter of law regarding Plaintiffs' third claim for Ratification on the basis that plaintiffs cannot establish a *Monell* claim based thereon;

6. There is no triable issue of material fact, and the City is entitled to judgment as a matter of law regarding Plaintiffs' fourth claim for Failure to Train on the basis that plaintiffs cannot establish a *Monell* claim based thereon;

7. There is no triable issue of material fact, and the City is entitled to judgment as a matter of law regarding Plaintiffs' fourth claim for Unconstitutional Policy on the basis that plaintiffs cannot establish a *Monell* claim based thereon;

8. There is no triable issue of material fact, and Defendants are entitled to judgment as a matter of law regarding Plaintiffs' sixth claim for relief for battery on the basis that plaintiffs base this claim upon their first and second claims which they cannot establish and plaintiffs cannot maintain a battery claim based thereon;

9. There is no triable issue of material fact, and defendants are entitled to judgment as a matter of law regarding Plaintiffs' seventh claim for relief for negligence on the basis that plaintiffs base negligence on their first and second claims which they cannot establish and plaintiffs cannot maintain a negligence claim based thereon; plaintiffs also cannot establish a separate negligence claim;

10. There is no triable issue of material fact, and defendants are entitled to judgment as a matter of law regarding Plaintiffs' eighth claim for relief for a Bane Act violation on the basis that plaintiffs cannot establish a bane act violation claim.

11. Plaintiffs are not entitled to punitive damages against any Defendants

This Motion is based on the instant Notice of Motion and Motion, the Memorandum of Points and Authorities, the Separate Statement of Uncontroverted Facts, the Index of Exhibits, and all exhibits attached thereto, Notice of Lodging, all Declarations submitted in support of this motion, pleadings and records on file in this action, and any evidence and argument offered in a hearing on this matter.

**STATEMENT REGARDING CONFERENCE OF COUNSEL**

Pursuant to Civil Local Rule 7-3, Defendant met and conferred via letter on August 24, 2026, detailing the key issues to be raised in Defendants' motion for summary judgment. On August 28, 2026, parties conferred on the phone with Safi Henson participating on behalf of Defendants and Marcel Sincich participating on behalf of Plaintiffs. During the conference, the parties discussed the case and went over the positions on summary judgment with Defendants reiterating that there is no factual basis to the legal theories espoused against them and with Plaintiffs emphasizing that summary judgment cannot stand if there are disputes of fact. Ultimately, the parties were unable to reach a resolution.

///

///

///



MANNING | KASS

DATED: September 7, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Kayleigh A. Andersen*

Eugene P. Ramirez
Kayleigh A. Andersen
Eugene P. Hanrahan
Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA