**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**SHOJAI LAW FIRM**
Neema Shojai, Esq. (SBN 321833)
neema@shojaifirm.com
8880 Rio San Diego, Suite 800
San Diego, California 92108
Telephone: (619) 777-0383
Facsimile: (619) 775-1383

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DIANA RIAS; TATANISHA PITTS; DOMINIC ADAMS Sr.; and BRITTANY MASON,

Plaintiffs,

v.

CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,

Defendants.

Case No.: 5:25-cv-207

**COMPLAINT FOR DAMAGES**

Pursuant to 42 U.S.C. §1983:

1. Fourth Amendment (Excessive Force)
2. Fourteenth Amendment (Interference with Familial Relationship)
3. Municipal Liability (Ratification)
4. Municipal Liability (Failure to Train)
5. Municipal Liability (Unconstitutional Custom, Practice, or Policy)

Pursuant to State Law:

6. Battery (Survival/Wrongful Death)
7. Negligence (Survival/Wrongful Death)
8. Violation of the Bane Act

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs DIANA RIAS, individually and as successor-in-interest to decedent ROBERT RIAS; TATANISHA PITTS, individually and as successor-in-interest to decedent OMARI PITTS; and DOMINIC ADAMS Sr., and BRITTANY MASON both individually and as successors-in-interest to decedent DOMINIC ADAMS Jr. for their Complaint for Damages against Defendants CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive, and hereby alleges as follows:

## INTRODUCTION

1. This civil rights action arises out of the violation of both Federal and State Law including the use of excessive and unreasonable force against ROBERT RIAS, deceased, OMARI PITTS, deceased, and DOMINIC ADAMS Jr., deceased, (together called the "Decedents") by CITY OF FONTANA Police Department officers on February 3, 2024, at approximately 10:44 p.m., at or around Valley Boulevard and Cypress Avenue, in the City of Fontana, State of California.

2. Decedents, ROBERT RIAS, OMARI PITTS, and DOMINIC ADAMS Jr., suffered serious bodily injury and death, as a direct and proximate result of the actions and inactions of the Defendant CITY'S Officers, including Officers EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; and BRIAN ZOZAYA;. Defendant GARCIA and DOE Officers are directly liable for their nonfeasance and malfeasance and for Decedents' and Plaintiffs' injuries, harm, and damages under federal law pursuant to 42 U.S.C. §1983 and under state law pursuant to Cal. Govt. Code §§820, 820.4, 820.8, and 821.8, Cal. Civ. Code §52.1, and Cal. Code. of Civ. Pro. §§377.20, 377.30, 377.34, 377.60, 377.61, and 1021.5. Defendant CITY is directly liable for its conduct pursuant to 42 U.S.C. §1983 pursuant to

*Monell* and vicariously liable for the acts and omissions and for the nonfeasance and malfeasance of FPD Officers, including Defendant DOE Officers, pursuant to Cal. Govt. Code §§820(a), 815.2(a), and 815.6.

3. Upon information and belief, Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers caused various injuries herein directly, or by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Specifically, Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers escalated the situation when they wrongfully used unreasonable tactics and vehicle intervention techniques against Decedents, causing the vehicle Decedents occupied to crash, and causing their death, while Decedents were not an immediate threat of death or serious bodily injury to any person.

4. Defendant CITY and DOE Supervisors also caused various injuries and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

5. Plaintiffs seeks compensatory damages from Defendants for violating various rights under the United States Constitution in connection with their use of excessive and unreasonable deadly force, negligent and deliberately indifferent conduct. Plaintiffs seek punitive damages from Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers and Supervisors only, and not Defendant CITY.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

7. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred within this district.

9. On or around July 31, 2024, Plaintiffs served their comprehensive and timely claim for damages on their own behalf and on behalf of their respective deceased son with the CITY OF FONTANA pursuant to applicable sections of the California Government Code.

10. On September 14, 2024, Defendant CITY rejected Plaintiffs' and Decedents' claims by operation of law by failing to respond.

## PARTIES

11. Decedent ROBERT RIAS ("RIAS") is the 15-year-old child, and Decedent in this action. Decedent RIAS died on March 13, 2022. At all relevant times, Decedent was an individual residing in the County of San Bernardino, California.

12. Decedent OMARI PITTS ("PITTS") is the 15-year-old child, and Decedent in this action. Decedent PITTS died on March 13, 2022. At all relevant times, Decedent was an individual residing in the County of San Bernardino, California.

13. Decedent DOMINIC ADAMS Jr. ("ADAMS") is the 14-year-old child, and Decedent in this action. Decedent ADAMS died on March 13, 2022. At all relevant times, Decedent was an individual residing in the County of San Bernardino, California.

14. At all relevant times, Plaintiff DIANA RIAS is and was an individual residing in the County of San Bernardino, California. Plaintiff DIANA RIAS is the natural mother of Decedent RIAS, which constitutes a special relationship with Decedent, and sues in her individual capacity for wrongful death and survival damages under state and federal law. Plaintiff DIANA RIAS is Decedent's successor-in-interest pursuant to California Code of Civil Procedure §§377.30 and 377.60.

15. At all relevant times, Plaintiff TATANISHA PITTS is and was an individual residing in the County of San Bernardino, California. Plaintiff TATANISHA PITTS is the natural mother of Decedent PITTS, which constitutes a special relationship with Decedent, and sues in her individual capacity for wrongful death and survival damages under state and federal law. Plaintiff TATANISHA PITTS is Decedent's successor-in-interest pursuant to California Code of Civil Procedure §§377.30 and 377.60.

16. At all relevant times, Plaintiff DOMINIC ADAMS Sr. is and was an individual residing in the County of San Bernardino, California. Plaintiff DOMINIC ADAMS Sr. is the natural father of Decedent ADAMS, which constitutes a special relationship with Decedent, and sues in his individual capacity for wrongful death and survival damages under state and federal law. Plaintiff DOMINIC ADAMS Sr. is Decedent's successor-in-interest pursuant to California Code of Civil Procedure §§377.30 and 377.60.

17. At all relevant times, Plaintiff BRITTANY MASON is and was an individual residing in the County of San Bernardino, California. Plaintiff BRITTANY MASON is the natural mother of Decedent ADAMS, which constitutes a special relationship with Decedent, and sues in her individual capacity for wrongful death and survival damages under state and federal law. Plaintiff BRITTANY MASON is Decedent's successor-in-interest pursuant to California Code of Civil Procedure §§377.30 and 377.60.

18. Defendant CITY OF FONTANA ("CITY") is a political subdivision of the State of California that is within this judicial district. Defendant CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of Fontana Police Department ("FPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring those actions, omissions, policies, procedures, practices, and customs of the Defendant CITY, FPD, and its employees and agents complied with the laws of the United States and the State of California. At all relevant times, Defendant CITY was the employer of Defendant DOES 1-10.

19. At all relevant times, Defendant EDWARD BAUTISTA ("BAUTISTA") was a duly appointed CITY Officer and/or employee or agent of CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials. At all relevant times, Defendant BAUTISTA acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, the FPD, and under the color of the statutes and regulations of the State of California. At all relevant times, Defendant BAUTISTA acted within the course and scope of his employment as a CITY police officer. On information and belief, Defendant BAUTISTA is and was at all relevant times a resident of this judicial district.

20. At all relevant times, Defendant JESUS GARCIA ("GARCIA") was a duly appointed CITY Officer and/or employee or agent of CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials. At all relevant times, Defendant GARCIA acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, the FPD, and under the color of the statutes and regulations of the State of California. At all relevant times, Defendant GARCIA acted within the course and scope of his employment as a CITY

police officer. On information and belief, Defendant GARCIA is and was at all relevant times a resident of this judicial district.

21. At all relevant times, Defendant DANIEL PRECIE ("PRECIE") was a duly appointed CITY Officer and/or employee or agent of CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials. At all relevant times, Defendant PRECIE acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, the FPD, and under the color of the statutes and regulations of the State of California. At all relevant times, Defendant PRECIE acted within the course and scope of his employment as a CITY police officer. On information and belief, Defendant PRECIE is and was at all relevant times a resident of this judicial district.

22. At all relevant times, Defendant BRIAN ZOZAYA ("ZOZAYA") was a duly appointed CITY Officer and/or employee or agent of CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials. At all relevant times, Defendant ZOZAYA acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, the FPD, and under the color of the statutes and regulations of the State of California. At all relevant times, Defendant ZOZAYA acted within the course and scope of his employment as a CITY police officer. On information and belief, Defendant ZOZAYA is and was at all relevant times a resident of this judicial district.

23. At all relevant times, Defendant DOES 1-8 ("DOE Officers"), inclusive, were duly appointed FPD Officers, Sergeants, Lieutenants, and employees and agents of Defendant CITY (regardless of rank or title), subject to the oversight and supervision by Defendant CITY'S elected and non-elected officials and acted within the course and scope of their employment and under color of law, to wit, under the color of statutes, ordinances, regulations,

policies, customs, and usage of Defendant CITY, FPD, and under color of the statutes and regulations of the State of California. At all relevant times, Defendant DOE Officers were the agents of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each Defendant. At all relevant times, Defendant DOE Offices acted with the complete authority and ratification of their principal, Defendant CITY.

24. Defendant DOES 9-10 ("DOE Supervisors"), inclusive, are managerial, supervisorial, or policymaking employees of the Defendant CITY who were acting under color of law within the course and scope of their duties as supervisorial officials for the FPD. Defendant DOE Supervisors were acting with the complete authority of their principal, Defendant CITY.

25. Plaintiffs are ignorant of the true names and capacities of Defendant DOES 1-10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend the complaint to allege the true names and capacities of those Defendants when the same has been ascertained. Plaintiffs are informed and believe, and on that basis alleges, that DOES 1-10, inclusive, and each of them, are responsible in some manner for the occurrences alleged herein and proximately caused Plaintiffs' and Decedents' damages.

26. According to information and belief, Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive, were at all relevant times residents of the County of San Bernardino.

27. Plaintiffs are informed and believe, and on that basis alleges, that Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants, or representatives of each other and, in doing the activities alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

28. Plaintiffs are informed and believe, and on that basis alleges, that at all times mentioned herein all individual Defendants acted under the color of law, statute, ordinance, regulations, customs and usages of the State of California and the Defendant CITY.

29. Pursuant to Cal. Govt. Code §815.2(a), Defendant CITY is vicariously liable for the nonfeasance and malfeasance of the individual Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive, as alleged by Plaintiffs' state law claims. ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive, are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code §820(a). Defendant CITY is also liable pursuant to Cal. Govt. Code §815.6.

30. All Defendants who are natural persons are sued individually and/or in his/her capacity as officers, supervisors, agents, policy makers, and representatives (regardless of rank or title) of Defendant CITY and the FPD; and punitive damages are only being requested as to these Defendants, and not Defendant CITY.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

31. Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 30, inclusive, as if fully set forth herein.

32. On February 3, 2024, at approximately 10:44 p.m., Defendant CITY Officers in patrol vehicles approached and stopped Decedents.

33. Upon information and belief, prior to arrival on scene, Defendant CITY Officers did not have reasonable suspicion to believe Decedents had

committed or were about to commit a serious or violent crime and did not have reasonable suspicion to believe that Decedents were an armed threat to the officers or any other person. Defendant CITY Officers did not have probable cause to arrest Decedents as they had no information that a crime was in progress related to Decedents.

34. Upon information and belief, nevertheless, at or around the area of Valley Boulevard and east of Cypress Avenue, Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers escalated the situation when they unreasonably used their patrol vehicles to forcibly strike the vehicle occupied by but not driven by Decedents.

35. At all relevant times based on information and belief, Decedents were not an immediate threat of death or serious bodily injury. No person or officer was in the path of the vehicle at the time of the force. No person or officer was about to be struck, hit, or run over by the vehicle at the time.

36. Upon information and belief, Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers did not have any information that any person was harmed or about to be harmed by Decedents; had no information that Decedents had verbally threatened any person; had no information that a crime was being or about to be committed by Decedents; and had no information that Decedents were armed with a gun or weapon of any kind.

37. Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers either used deadly force in their improper tactics and by vehicle intervention techniques, failed to intervene in the use of force against Decedents, and/or integrally participated in the use of force against Decedents, including by escalating the situation by unreasonably using patrol vehicle intervention techniques.

38. Based on information and belief, the use of deadly force and negligent conduct against Decedents by Defendants BAUTISTA; GARCIA;

PRECIE; ZOZAYA; and DOE Officers was unnecessary, excessive, and unreasonable under the totality of the circumstances, because no verbal warning had been given to Decedents, despite it being feasible to do so; Defendants had less-intrusive options available to them; Defendants failed to attempt using their less-intrusive options, despite it being feasible to do so; Decedents did not pose an immediate threat of death or serious bodily injury to any person or officer at the time of the force; and Defendants used the highest, most intrusive level of force possible.

39. The conduct of Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers as alleged herein, including the unreasonable detention and use of excessive and unreasonable force against Decedents, was a cause and substantial factor in causing Decedents fear, anxiety, pain, suffering, serious bodily injury, and death.

40. The conduct of Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers as alleged herein, including the unreasonable detention and use of excessive and unreasonable force against Decedents, was a cause and substantial factor in causing Plaintiffs the lifelong loss of their respective sons.

41. Upon information and belief, no officer or official, including Defendants, and no person was harmed other because of Decedents' conduct yet officers, Plaintiffs, and Decedents were harmed by Defendants' conduct as alleged herein.

42. The Defendant FPD Officers violated their own policies and basic officer training when they used force, including deadly force against Decedents, indicating a deficiency in their policies and training for such a serious public issue.

/ / /

## DAMAGES

43. As a direct and proximate result of the intentional conduct, negligent conduct, reckless disregard, deliberate indifference and otherwise wrongful conduct of Defendants, Plaintiffs suffered and continue to suffer the lifelong loss of their respective sons, resulting in Plaintiffs' economic and non-economic damage including for the past and future loss of their Decedents' love, companionship, comfort, care, assistance, attention, protection, affection, society, moral support, instruction, training, advice, guidance, gifts or benefits, funeral and burial expenses, household services, and future financial support in amounts to be proven at the time of trial (hereinafter called "wrongful death damages").

44. As a direct and proximate result of the intentional conduct, negligent conduct, reckless disregard, deliberate indifference and otherwise wrongful conduct of Defendants, Decedents endured severe pre-death pain and suffering, loss of life, and loss of opportunity and enjoyment of life, for which Plaintiffs bring and can recover as the successors in interest to their Decedents (hereinafter called "survival damages").

45. The conduct of the individual Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and Decedents in that Plaintiffs' and Decedents' constitutional rights were intentionally deprived and violated, and/or there was reckless disregard for the constitutional rights of Plaintiffs and Decedents. As such, their conduct as alleged herein entitles Plaintiffs and Decedents an award of exemplary and punitive damages from the individual Defendants. Plaintiffs bring no action for punitive damages against Defendant CITY.

46. Pursuant to 42 U.S.C. §1988(b), Plaintiffs and Decedents are entitled to recover reasonable attorney fees, costs, and interests incurred herein. Pursuant to Cal. Civ. Code §52.1, Plaintiffs and Decedents are entitled

to recover civil penalty, costs, and reasonable attorney fees including treble damages. Pursuant to Cal. Code of Civ. Pro. §1021.5, Plaintiffs seek reasonable attorneys' fees.

## FIRST CLAIM FOR RELIEF

**Violation of the Fourth Amendment—Unreasonable Search and Seizure—Excessive Force (42 U.S.C. §1983)**

(By Plaintiffs against Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers)

47. Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 46, inclusive, as if fully set forth herein.

48. At all relevant times Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive, acted under the color of state law and within the course and scope of their employment with Defendant CITY.

49. The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by Officers.

50. At all relevant times, upon information and belief, Decedents did not verbally threaten any officer or person and were not attempting to inflict harm on any officer or person. Defendants were not responding to a serious or violent crime, Defendants had no information that any person was harmed or that Decedents had harmed any person, and Defendants did not see a crime in progress upon arrival. Nevertheless, Defendants used force, including deadly force, against Decedents, including by using their vehicles to cause the vehicle in which Decedents occupied to crash and causing their deaths.

51. Defendants used force, including deadly force against Decedents, while no officer or person was about to be struck or run over by the vehicle, Decedents were not an immediate threat to the safety of others, were not an

immediate threat of death or serious bodily injury, no warning was given that force would be used, and there were several less-intrusive alternatives to the use of deadly force available to the Defendant officers at the time.

52. Upon information and belief, the Defendant officers were equipped with less intrusive options that could have been employed instead of lethal force. Further, the Defendant officers should have given the Decedents time to comply after less intrusive force was used instead of escalating the situation to using deadly force. Defendant officers are trained that they should consider the least intrusive force option, and to only use deadly force when necessary to prevent an immediate threat to the life of a person. The Defendant officers had the time and ability to attempt voluntary compliance without resorting to physical force through de-escalation and tactical communication but failed to do so.

53. Upon information and belief, the Defendant officers had the opportunity to provide a verbal warning to Decedents but failed to do so prior to the use of deadly force against Decedents. Their tactics and force violated FPD officer training and standard law enforcement training, including violating training with respect to the use of deadly force.

54. Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive, caused various injuries as mentioned herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Defendants' acts and omissions deprived Decedents of their right to be secure in their persons against unreasonable searches and seizures as guaranteed to Decedents under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

55. As a direct result of the aforesaid acts and omissions of Defendants, Decedents suffered great physical and mental injury prior to their deaths, loss of life, and loss of enjoyment of life.

56. The conduct of Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive, alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedents and warrants the imposition of exemplary and punitive damages in an amount according to proof.

57. Plaintiffs seek survival damages, including but not limited to Decedents' pre-death pain and suffering, loss of life, and loss of enjoyment of life, under this claim. Plaintiffs also seek reasonable attorneys' fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

**Violation of the Fourteenth Amendment—Substantive Due Process—Interference with Familial Relationship (42 U.S.C. §1983)**

(By Plaintiffs against Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers)

58. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth herein.

59. At all relevant times Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

60. The Substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from unlawful state interference with their familial relations.

61. A parent, such as each Plaintiff, has a fundamental liberty interest in the companionship and society of their child and the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. §1983. *See Lee v. County of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001); *Kelson v. County of Springfield*, 767 F.2d 651, 654-55 (9th Cir. 1985).

62. Plaintiffs and Decedents had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' relationship with her respective son.

63. By engaging in the conduct alleged herein, Defendants deprived Plaintiffs of their right to a familial relationship with their respective son in such a manner as to shock the conscience, including by unlawfully seizing Decedents, and using excessive force against Decedents as alleged herein, which caused Decedents' death and Plaintiffs' life-long loss. This conduct violated Plaintiffs' and Decedents' rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

64. Upon information and belief, Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive, intentionally used force, or failed to intervene in the intentional use of force against Decedents, causing their deaths, when they were not an immediate threat of death or serious bodily injury to any person at the time. Upon information and belief, Defendants failed to give Decedents a verbal warning before they used deadly force against them and took their lives. There were less-intrusive means available to the FPD officer besides the use of deadly force, including de-escalation and tactical communication to attempt voluntary compliance, and upon

information and belief, the FPD officer failed to deploy these less-intrusive techniques and/or failed to allow Decedents the time to comply thereafter.

65. By engaging in the foregoing conduct, Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers were integral participants and acted with deliberate indifference to the constitutional rights of Decedents and Plaintiffs, and with the purpose to harm unrelated to any legitimate law enforcement objective. Defendant DOES 1-8 are liable to Plaintiffs and Decedents for interference with their familial relationship.

66. As a result of their misconduct, Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers are liable to Plaintiffs, either because they were integral participants in the deliberate indifference to Plaintiffs' rights, or because they failed to intervene to prevent the denial of Plaintiffs' rights.

67. As a direct and proximate result of the wrongful conduct of Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, Plaintiffs have been deprived of the lifelong love, companionship, comfort, support, society, care, and sustenance of their Decedents, and will continue to be so deprived for the remainder of their natural life. Further, Decedents suffered pre-death pain and suffering, loss of enjoyment of life, and loss of life.

68. The use of excessive and objectively unreasonable deadly force by Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive, as alleged above, shocks the conscience, was in deliberate indifference and reckless disregard for Decedents' and Plaintiffs' rights, and displayed a purpose to harm Decedents unrelated to a legitimate law enforcement objective. In so doing, Defendants' conduct constitutes a violation of Plaintiffs' and Decedents' Fourteenth Amendment Substantive

Case 5:25-cv-00207-JGB-SHK Document 1 Filed 01/24/25 Page 18 of 36 Page ID #:18

Due Process right to be free from unlawful state interference with their familial relationship with their respective son and beloved family members.

69. Defendants' conduct was malicious, oppressive and in reckless disregard for the rights and safety of Decedents and Plaintiffs and warrants the imposition of exemplary and punitive damages as to Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers.

70. As a direct result of the death of Decedents, Plaintiffs have suffered the loss of their Decedents' love, care, comfort, society, companionship, assistance, protection, affection, moral support, financial support, and loss of services of their Decedents. Plaintiffs seeks wrongful death damages under this claim.

71. Plaintiffs bring this claim individually and seeks wrongful death damages under this claim for their past and future loss of their Decedents' love, companionship, comfort, care, assistance, attention, protection, affection, society, moral support, instruction, training, advice, guidance, gifts or benefits, funeral and burial expenses, household services, and future financial support, and punitive damages.

72. Plaintiffs also seeks attorneys' fees pursuant to 42 U.S.C. §1988 and costs of suit.

## THIRD CLAIM FOR RELIEF

**Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. §1983)**

(By Plaintiffs against Defendant CITY and DOES 9-10, inclusive)

73. Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 72, inclusive, as if fully set forth herein.

74. At all relevant times Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

75. Defendant Officers intentionally used deadly force against and killed Decedents without there being an immediate threat of death or serious bodily injury, thereby using excessive and unreasonable force against Decedents. Upon information and belief, at all relevant times no person was about to be struck or harmed by the vehicle Decedents occupied, the FPD Officers were not responding to a serious or violent crime, had no information that a crime was in progress by Decedents' when the FPD Officers arrived, Decedents did not verbally threaten any person or officer, and did not harm any person or officer.

76. Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, acted pursuant to an expressly adopted or fiscal policy or longstanding practice or custom of the Defendant CITY, and DOES 9-10, inclusive.

77. According to information and belief, Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive, were not disciplined, reprimanded, retrained, provided additional training, suspended, or otherwise penalized in connection with the deprivation of Plaintiffs' or Decedents' rights.

78. Defendants CITY, and DOES 9-10, inclusive, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive and objectively unreasonable force, including deadly force on unarmed persons who do not pose a risk of immediate death or serious bodily injury to others.

(b) Providing inadequate training regarding the use of force, including the use of less-lethal force, and deadly force.

(c) Employing and retaining as Officers, individuals such as Defendant, who upon information and belief, Defendant CITY, and DOES 9-10, inclusive, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force.

(d) Inadequately supervising, training, controlling, assigning, and disciplining CITY law enforcement Officers, and other personnel, including Defendant, who CITY knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits.

(e) Maintaining inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by law enforcement Officers of the CITY.

(f) Announcing that unjustified uses of force are "within policy."

(g) Even where uses of force are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the Officers involved.

(h) Failing to adequately discipline CITY law enforcement Officers for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

(i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or

simply "code of silence," pursuant to which Officers do not report other Officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

(j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of law enforcement use of deadly force, including failing to discipline, retrain, investigate, terminate, and recommend Officers for criminal prosecution who participate in deadly force encounters.

79. On information and belief, the CITY has deficient policies and failed to train it Officers with respect to unreasonable seizures of persons, unreasonable use of vehicle intervention techniques, and unreasonable and unjustifiable use of deadly force against individuals who do not pose an immediate threat of death or serious bodily injury to anyone person. As a result of these deficient polices and training, the Officer Defendants used deadly force against Decedents while Decedents were in vehicle, while no Officer or person was about to be struck or run over by the vehicle, and while Decedents were not an immediate threat of death or serious bodily injury, resulting in the injuries claimed in this lawsuit.

80. Defendants CITY and DOES 9-10, inclusive, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

81. By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOES 9-10, inclusive, acted with intentional, reckless, and callous disregard for the Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendants CITY and DOES 9-10, inclusive, were affirmatively linked to and were a significantly influential force behind Plaintiff's' and Decedents' injuries.

82. The acts of each of Defendant DOES 9-10, inclusive, were willful, wanton, oppressive, malicious, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to DOES 9-10, inclusive.

83. By reason of the aforementioned acts and omissions, and as a direct and proximate result of the aforementioned unconstitutional policies and customs, Decedents endured substantial pain and suffering, loss of enjoyment of life, and loss of life, and Plaintiffs have suffered the loss of their sons, and will continue to be deprived for the remainder of their natural lives.

84. The acts of each of Defendants DOES 9-10, inclusive, were willful, wanton, oppressive, malicious, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to Defendant DOES 9-10, inclusive.

85. Accordingly, Defendants CITY and DOES 9-10, inclusive, each are liable for compensatory damages under 42 U.S.C. §1983.

86. Plaintiffs bring this claim individually and as successor-in-interest to Decedents and seeks both survival and wrongful death damages. Plaintiffs also seek reasonable attorneys' fees and costs under this claim.

/ / /

## FOURTH CLAIM FOR RELIEF

**Municipal Liability—Failure to Train (42 U.S.C. §1983)**

(By Plaintiffs against Defendant CITY and DOES 9-10, inclusive)

87. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 86 of this Complaint with the same force and effect as if fully set forth herein.

88. At all relevant times Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

89. The acts of Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive, as described herein, deprived Decedents and Plaintiffs of their particular rights under the United States Constitution, including when they unreasonably seized Decedents, and used unreasonable force against Decedents without justification, causing his death.

90. On information and belief, Defendant CITY failed to properly and adequately train FPD Officers, including Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive, to handle the usual and recurring situations with which they must deal, including with regard to the use of force and deadly force generally, use of force against a person in a vehicle, unreasonable stop of a vehicle without reasonable suspicion or probable cause, de-escalation techniques, tactical communication, and tactical positions. The training policies of Defendants CITY and DOES 9-10, inclusive, were not adequate to train its Officers to handle the usual and recurring situations with which they must deal.

91. On information and belief, the Defendant CITY failed to train its Officers not to use deadly force against a person who is not an immediate threat of death or serious bodily injury and failed to train their Officers in the appropriate tactics prior to and in an effort to eliminate the use of force. As a

result of this deficient policy and deficient training, the Officer Defendants used deadly force against Decedents, resulting in the injuries claimed in this lawsuit.

92. Defendant CITY and DOES 9-10, inclusive, were deliberately indifferent to the obvious consequences of its failure to train its Officers adequately as described herein.

93. The failure of Defendant CITY and DOES 9-10, inclusive, to provide adequate training caused the deprivation of Plaintiffs' and Decedents' rights by Defendant DOES 1-8, inclusive; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiffs' and Decedents' rights as to be the moving force that caused the ultimate injury.

94. As a direct and proximate result of the aforementioned conduct, Decedents endured severe pain and suffering, loss of enjoyment of life, and loss of life. Further, as a direct and proximate result of the aforementioned conduct, Plaintiffs endured the loss of her son, including being deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedents, and will continue to be so deprived for the remainder of their natural lives.

95. Accordingly, Defendant CITY and DOES 9-10, inclusive, are liable to Plaintiffs for compensatory damages under 42 U.S.C. §1983.

96. Plaintiffs bring this claim individually and as successor-in-interest to Decedents and seeks both survival and wrongful death damages. Plaintiffs also seek reasonable attorneys' fees and costs under this claim.

/ / /

/ / /

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(By Plaintiffs against Defendant CITY and DOES 9-10, inclusive)

97. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 96 of this Complaint with the same force and effect as if fully set forth herein.

98. At all relevant times Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

99. The acts of Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive, as described herein, deprived Decedents and Plaintiffs of their particular rights under the United States Constitution, including when they intentionally used deadly force against Decedents without justification, causing his death, deprived Plaintiffs of their familial relationship with their respective son, and unreasonably seized Decedents in his vehicle.

100. Upon information and belief, a final policymaker, acting under color of law, has a history of ratifying the unconstitutional and unreasonable uses of force, including deadly force.

101. Upon information and belief, a final policymaker for the Defendant CITY, acting under color of law, who had final policymaking authority concerning the acts of Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive, and the bases for them, ratified the acts and omissions of Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive, and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of Defendants' acts, specifically approving the FPD Officers'

unlawful and excessive and unreasonable use of deadly force Decedents when they were not an immediate threat of death or serious bodily injury.

102. On information and belief, the official policies with respect to the incident are that FPD Officers are not to use deadly force against an individual unless the individual poses an immediate risk of death or serious bodily injury to the Officers or others. The FPD Officers' actions deviated from these official policies because Decedents did not pose an immediate threat of death or serious bodily injury to the involved Officers or anyone else.

103. Upon information and belief, a final policymaker(s) has determined (or will determine) that the acts of Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, were "within policy."

104. By reason of the aforementioned acts and omissions, Defendants CITY and DOES 9-10, inclusive, are liable to Plaintiffs for compensatory damages under 42 U.S.C. §1983.

105. Plaintiffs bring this claim individually and as successor-in-interest to Decedents and seek both survival and wrongful death damages. Plaintiffs also seek reasonable attorneys' fees and costs under this claim.

## SIXTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code §§815, 820 and California Common Law)**

(Survival/Wrongful Death)

(By Plaintiffs against Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, directly; and CITY and DOES 9-10 vicariously)

106. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 105 of this Complaint with the same force and effect as if fully set forth herein.

107. At all relevant times Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

108. When Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive, were detaining Decedents, Decedents were not threatening any person, and Decedents never verbally threatened any Defendant Officers.

109. Upon information and belief, Decedents were not attempting, willing, or intending to inflict harm on anyone. Defendants were not responding to a serious or violent crime, Defendants did not witness a serious or violent crime in progress upon arrival, Defendants had no information that anyone had been hurt or injured or that Decedents had hurt or injured someone. Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers used force against Decedents without justification, and used unreasonable vehicle intervention techniques.

110. The use of force, including deadly force, was excessive and objectively unreasonable, especially because throughout the incident, Decedents presented no immediate threat to the safety of the Officers or others, including not an immediate threat of death or serious bodily injury to any Officer or other person. Further, Defendants' use of deadly force, and use of force violated their training, standard law enforcement training, and generally accepted law enforcement standards.

111. Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers had no legal justification for using force against Decedents, and the use of force was unreasonable and non-privileged. Moreover, Decedents did not knowingly or voluntarily consent to the use of force against them.

112. Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers caused various injuries as mentioned herein and are liable either

because they directly harmed Decedents or by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Defendants' acts and omissions resulted in harmful and offensive touching of Decedents.

113. As a direct and proximate result of the aforesaid acts and omissions of Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, Decedents suffered great physical and mental injury, as well as fear and emotional distress related to their physical injuries, pain and suffering, humiliation, anguish, and death.

114. The conduct of Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedents, entitling Plaintiffs to an award of exemplary and punitive damages, which Plaintiffs seek under this claim.

115. Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers are directly liable for their actions and inactions pursuant to Cal. Govt. Code §820(a).

116. The Defendant CITY is vicariously liable for the wrongful acts and omissions of Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

117. Plaintiffs seek compensatory damages and brings this wrongful death claim as successor-in-interest to Decedents against Defendants and seek survival and wrongful death damages under this claim. Plaintiffs also seek reasonable costs and funeral and burial expenses on this claim.

## SEVENTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code §§815, 820 and California Common Law)**

(Survival/Wrongful Death)

(By Plaintiffs against Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, directly; and CITY and DOES 9-10 vicariously)

118. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 117 of this Complaint with the same force and effect as if fully set forth herein.

119. At all relevant times Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers acted under the color of state law and within the course and scope of their employment with Defendant CITY.

120. Peace officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes but is not limited to the following: using appropriate tactics, giving appropriate commands, giving warnings, allowing time for the subject to understand and comply with appropriate commands and warnings, not using any force unless necessary, using less-intrusive options, acting objectively reasonable when using deadly force, and only using deadly force as a last resort. Defendants breached this duty of care.

121. The actions and inactions of Defendants were negligent and reckless, including but not limited to:

a) Defendants' failure to constitutionally respond to Decedents.

b) Defendants' failure to properly and adequately assess the need to stop Decedents.

c) Defendants' failure to properly and adequately assess the need to use vehicle intervention techniques against Decedents.

d) Defendants' failure to properly and adequately assess the need to use force against Decedents.

e) Defendants' negligent tactics and handling of the situation with Decedents, including the failure to de-escalate the situation.

f) Defendants' negligent use of force against Decedents.

g) Negligent tactics and handling of the situation with Decedents, including pre-force negligence and the failure to give appropriate commands and warnings.

h) Defendants' failure to properly train and supervise employees.

i) Defendants' failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedents.

j) Defendants' failure to properly report the incident.

k) Defendants' failure to de-escalate the situation and use proper communication and commands.

122. As a result of their misconduct, Defendants are liable for Plaintiffs' and Decedents' injuries on this claim, either because they were integral participants in the aforementioned conduct, or because they failed to intervene to prevent these violations.

123. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedents sustained injuries and died from those injuries. Also, as a direct and proximate result of Defendants' conduct as alleged herein, Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedents, and will continue to be so deprived for the remainder of their natural lives.

124. Pursuant to Cal. Gov't Code §820(a), "a public employee is liable for injury caused by his act or omission to the same extent as a private person."

125. A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his

employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code §815.2(a). Defendant CITY is vicariously liable under California law and the doctrine of *respondeat superior*.

126. Pursuant to Cal. Code. of Civ. Pro. §§377.20, 377.30, 377.34, Plaintiffs brings this survival action for compensation of Decedents' pre-death pain and suffering, and disfigurement, and for punitive damages.

127. Pursuant to Cal. Code. of Civ. Pro. §§377.60, 377.61, Plaintiffs brings this wrongful death action for compensation of her past and future loss of Decedents' love, companionship, comfort, care, assistance, attention, protection, affection, society, moral support, instruction, training, advice, guidance, gifts or benefits, funeral and burial expenses, household services, and future financial support.

128. Plaintiffs seeks attorneys' fees under this claim pursuant to Cal. Code of Civ. Pro. §1021.5 for enforcement of the important rights effecting the public interest that Plaintiffs, Decedents, and those similarly situated have to a right to familial relationship without unreasonable interference, the right of privacy of their own home and prevention of government entry without a warrant, and the right to be free from intimidation and physical assault.

129. Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers are directly liable for their actions and inactions pursuant to Cal. Govt. Code §820(a).

130. Plaintiffs seek compensatory damages and brings this wrongful death claim as successor-in-interest to Decedents against Defendants and seeks survival and wrongful death damages under this claim. Plaintiffs also seek reasonable costs and funeral and burial expenses on this claim.

/ / /

**EIGHTH CLAIM FOR RELIEF**

**Violation of the Bane Act (Cal. Civil Code § 52.1)**

(By Plaintiffs against Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, directly; and CITY and DOES 9-10 vicariously)

131. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 130 of this Complaint with the same force and effect as if fully set forth herein.

132. At all relevant times Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers acted under the color of state law and within the course and scope of their employment with Defendant CITY.

133. California Civil Code, Section 52.1, prohibits any person, including a police officer and/or Police Officer, from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion, including using unconstitutionally excessive force. Conduct that violates the Fourth Amendment, including the use of excessive force, violates the Bane Act when performed with specific intent to deprive others of their civil rights, which can be inferred by a reckless disregard for the person's civil rights.

134. Upon information and belief, Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers while working for the Defendant CITY and acting within the course and scope of their duties as Officers and under color of law, intentionally committed, and attempted to commit acts of violence against Decedents, including by intentionally used force against Decedents and otherwise using unreasonable force against Decedents. This use of deadly force was excessive and objectively unreasonable and especially reckless because Decedents was not armed with a firearm, was not attempting to harm any person, was not being assaultive or resistive, and Decedents did not pose an immediate threat of death or serious bodily injury to any person.

Further, the Defendants' use of force violated basic law enforcement training, and generally accepted law enforcement standards. Defendants used deadly force against and killed Decedents without any legal justification.

135. When Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers used deadly force against Decedents while Decedents were not an immediate threat of death or serious bodily injury, they interfered with Decedents' constitutional right to be free from unreasonable searches and seizures to equal protection of the laws, to be free from state actions that shock the conscience, and to life, liberty, and property.

136. On information and belief, Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers intentionally, and spitefully committed the above acts to discourage or prevent Decedents from exercising their civil rights, or from enjoying such rights, which they were and are fully entitled to enjoy. Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers intentionally interfered with the above constitutional rights of Decedents, and as alleged herein, which can be demonstrated by Defendants' reckless disregard for Decedents' constitutional rights.

137. On information and belief, Decedents reasonably believed and understood that the violent acts committed by Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers were intended to discourage them from exercising the above civil rights, to retaliate against them for invoking such rights, or to prevent them from exercising such rights.

138. The conduct of Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers was a substantial factor in causing Decedents' harm, loss, injury, damages, and death.

139. The Defendant CITY is vicariously liable for the wrongful acts of Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers pursuant to section 815.2(a) of the California Government Code, which

provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

140. Defendants CITY and DOES 9-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

141. The conduct of Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedents' rights, justifying an award of exemplary and punitive damages as to Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers.

142. Plaintiffs seek compensatory damages for the violations of Decedents' rights, including for his pre-death pain and suffering, loss of enjoyment of life, and loss of life. Plaintiffs also seek punitive damages, costs, and attorney's fees under California Civil Code section 52 *et seq.* as to this claim.

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs DIANA RIAS, individually and as successor-in-interest to ROBERT RIAS; TATANISHA PITTS, individually and as successor-in-interest to OMARI PITTS; and DOMINIC ADAMS Sr., and BRITTANY MASON both individually and as successors-in-interest to DOMINIC ADAMS Jr. request entry of judgment in their favor against Defendants CITY OF FONTANA; Defendants BAUTISTA; GARCIA; PRECIE; ZOZAYA; and DOE Officers, inclusive, as follows:

1. For general and special compensatory damages, according to proof at trial, under Federal and State law.

2. For punitive and exemplary damages against the individual Defendants in an amount to be proven at trial.

3. For statutory damages and civil penalties.

4. For reasonable attorneys' fees including litigation expenses and treble damages under Federal and State law.

5. For costs of suit and interest incurred herein.

6. For such further relief at law or equity as the Court or jury may deem just and appropriate.

DATED: January 24, 2025

**LAW OFFICES OF DALE K. GALIPO**
**SHOJAI LAW FIRM**

/s/ *Dale K. Galipo*
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq.
Neema Shojai, Esq.
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby submit this demand that this action be tried in front of a jury.

DATED: January 24, 2025

**LAW OFFICES OF DALE K. GALIPO**
**SHOJAI LAW FIRM**

/s/ *Dale K. Galipo*
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq.
Neema Shojai, Esq.
*Attorneys for Plaintiffs*

**Fontana Police Department**
17005 Upland Ave
Fontana, CA 92335
(909) 350-7740

**Confidential Incident Report**
**240001556** Supplement No: **ORIG**
Reported Date/Time: 02/03/2024 22:44:52

**Event**

| Location | Beat | From Date/Time | To Date/Time |
|---|---|---|---|
| VALLEY BL & CATAWBA AV, FON, CA 92335 | 3 | 02/03/2024 22:44:52 | |

**Offense(s)**

| | | | |
|---|---|---|---|
| 1 | COMPLETED | 2800.4 VC - EVADING A PEACE OFFICER:WRONG WAY DRIVER | FELONY |

**Digital**

| | |
|---|---|
| ZOZAYA, BRIAN O 1330 | BWC VIDEO (VISUAL LABS) - BWC VIDEO OF PURSUIT |

**Narrative(s)**

ZOZAYA, BRIAN O 1330

## Assignment:

I am employed as a Police Officer for the City of Fontana, currently assigned to the Patrol Division as a Patrol Officer. I was on duty on Saturday February 3, 2024, assigned as 5P45, wearing full police uniform and driving a marked police vehicle (F-14) with a solid forward facing red light and siren. I function tested my lights and siren prior to the start of my shift to ensure they were in proper working order. Officer D. Precie was my partner for the duration of the shift. The City of Fontana is located in the County of San Bernardino. The following report is a summary of the events and statements which occurred during this incident.

## Details:

At approximately 2244 hours, I was conducting routine patrol in the area of Catawba and Valley. While driving eastbound on Valley approaching Catawba, I observed a white sedan, later identified as a 2022 Nissan CA Lic: 8ZZG454. As I drove behind the vehicle, I observed one of the vehicles occupants hanging out of the rear passenger side window. The subject's complete torso was outside of the vehicle, and it was apparent that the subject was not wearing a seatbelt, in violation of VC27315. As I approached closer to the vehicle, I observed the vehicle make an unsafe turn from the number 1 lane of Valley into the number 2 lane, passing in front of another motorist without using a signal, in violation of VC22108.

Based on the above CVC violations I attempted to conduct a traffic enforcement stop on the vehicle. It shall be noted at this time the road was wet due to rain, and based on the weather, road conditions, and traffic conditions, the unsafe lane change and a passenger without a seatbelt posed a threat to not only the subjects in the vehicle but the public as well.

## Vehicle Pursuit:

**Fontana Police Department**
17005 Upland Ave
Fontana, CA 92335
(909) 350-7740



I was behind the vehicle as we approached a solid red light in the eastbound lanes of Valley at Catawba. Once the light turned green I initiated my overhead emergency lights, which included a forward facing solid red light, flashing white / blue lights and activated my police siren I observed the vehicle quickly accelerated from the number 2 lane into the number 1 lane in front of another motorist, eastbound Valley from Catawba. A vehicle pursuit was initiated at this time. I was the primary officer in the pursuit.

It shall be noted that traffic conditions were moderate throughout the entire pursuit and weather conditions were wet and there was a moderate sprinkle. Additionally, as detailed below, the driver committed numerous vehicle code violations throughout this pursuit that endangered many lives in an attempt to evade officers.

The driver traveled eastbound on Valley from Catawba at speeds in excess of 60 miles per hour. It was apparent based on the driver's driving; he was not going to stop for officers. The driver continued driving eastbound on Valley in the number 1 lane through Citrus at speeds in excess of 80 miles per hour.

The driver continued eastbound on Valley through Citrus and approached Oleander at speeds in excess of 80 miles per hour. At this time, I broadcasted to dispatch that I was in pursuit. The driver continued to pass motorists at high speeds, with the roads wet and the light rain, the driver's actions posed a major threat to the injury of motorists the driver was passing at high speeds.

The driver continued eastbound in the number 1 lane as he approached Cypress. The driver continued through Cypress at speeds in excess of 80 miles per hour. After passing Cypress the driver began veering into westbound lanes of Valley. The driver veered into the westbound lanes of Valley and collided with a responding Fontana Police Vehicle.

The vehicle became disabled following the collision. I immediately broadcasted there had been a traffic collision and called for fire and paramedics. Additional officers began responding to assist with the collision.

**Additional Information:**

Following the conclusion of the pursuit San Bernardino County Sheriff's Department Major Accident Investigation Team responded and assumed the investigation. I was removed from the scene following the collision.

**Observations:**

Based on the totality of the above observations, erratic / dangerous driving, speeds in excess of 80mph, and numerous vehicle code violations conducted by the driver of the vehicle, it was apparent that he was attempting to flee from officers without due regard for

the safety of other drivers on the roadway.

**Additional Information:**

The total mileage of the pursuit (Valley Blvd from Citrus to Cypress) was approximately .65 miles. A CHP187A (Pursuit Form) was completed and attached to this report.

**Evidence:**

The following items were booked as evidence at Fontana Police Property Division and/or uploaded into the Visual Labs system.

1) BWC Video

**Disposition:**

Pending

| OFFICER | |
|---|---|
| Involvement<br>REPORTING | Officer<br>ZOZAYA, BRIAN O 1330 |

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

**SHOJAI LAW FIRM**
Neema Shojai, Esq. (SBN 321833)
neema@shojaifirm.com
8880 Rio San Diego, Suite 800
San Diego, California 92108
Telephone: (619) 777-0383
Facsimile: (619) 775-1383

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIANA RIAS; TATANISHA PITTS; DOMINIC ADAMS Sr.; and BRITTANY MASON,<br>Plaintiffs,<br>vs.<br>CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,<br>Defendants. | Case No. 5:25-cv-00207-JGB-SHK<br>[*Honorable Jesus G. Bernal*]<br>Magistrate Judge Shashi H. Kewalramani<br>**PLAINTIFF DIANA RIAS RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF FONTANA'S INTERROGATORIES (Set 1)**<br>FPTC: Not Set.<br>Trial: Not Set. |

ROPOUNDING PARTY: Defendant, CITY OF FONTANA

PLAINTIFFS: Plaintiff, DIANA RIAS

SET NUMBER: One (1)

## I. PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action and are made on the basis of information which is presently known by and available to Responding Party. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

Responding Party has not yet completed their investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed discovery in this action; and has not yet completed their preparation for trial. Consequently, the following responses are given without prejudice to Responding Party's right to amend or supplement these responses at a later date. No admissions of any nature whatsoever are implied or should be inferred. Nothing herein should be construed as an admission or acceptance by Responding Party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Responding Party reserves the right to continue investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case. In addition, Responding Party reserves the right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through his continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

## II. GENERAL OBJECTIONS

1. Responding Party objects to the Interrogatories, as a whole, to the extent that they request information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine and/or any other applicable

privilege or immunity.

2. Responding Party objects to each Interrogatory to the extent that it seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of their records, or to create a summary or compilation other than as maintained in the regular course of business. Responding Party further objects to each Interrogatory to the extent that it seeks to require Responding Party to provide information not in their possession, custody or control.

3. Responding Party objects to each and every Interrogatory to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Responding Party objects to each and every Interrogatory to the extent that such discovery is overly broad, vague, and ambiguous.

5. Responding Party objects to each and every Interrogatory to the extent that it seeks information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

6. Responding Party objects on the grounds that Responding Party has not completed factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Responding Party as well as their present analysis of the case. However, information that may be responsive may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Responding Party reserves the right to amend and/or supplement these responses as and when additional information is discovered. Additionally, because Responding Party's responses are based upon information that they recall and have identified to date, they do not preclude Responding Party from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

## III. PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF FONTANA'S INTERROGATORIES

**INTERROGATORY NO. 1:**

State, in specific detail, all facts known to You regarding the Incident that You contend support Your claim that the County, or any law enforcement officer or other person employed by the County, violated any of Decedent's constitutional, civil, statutory, or other legal rights during any part of the Incident – including but not limited to all of Your contentions as to how Decedent had Excessive Force used upon him, and/or otherwise was subject to any unlawful seizures or other violations of Decedent's constitutional or legal rights.

**RESPONSE to INTERROGATORY No. 1:**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, compound, assumes facts, calls for narrative, and vague and overbroad as phrased. Vague and unintelligible as phrased as Responding Party is not aware of any "County" defendant. Further, vague and ambiguous as to the differentiation between "constitutional" and "civil" and well as "statutory" and "other legal rights" as phrased, as Responding Party does not know what Requesting Party is referring to specifically or generally in context in order to respond. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of interrogatory in order to respond. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." These interrogatories request several subparts and will be viewed as such, including (1) all facts related to "County" violation of "constitutional" or "civil rights," or how Decedent had Excessive Force used upon him by "County," and any "other violations of Decedent's constitutional or legal rights" assuming Requesting Party views these as the same; (2) all facts related to "County" violation of "statutory" or "other legal rights"; (3) how

Decedent was otherwise subject to any unlawful seizure; (4)-(6) same with the substitution of Officer Edward Bautista for "County"; (7)-(9) same with the substitution of Officer Jesus Garcia; (10)-(12) same with the substitution of Officer Daniel Pricie, and (13)-(15) same with the substitution of Officer Brian Zozaya. Pursuant to FRCP 26, this request is not proportional to the needs of the case. Responding Party objects that this Interrogatory is calls for an invasion of privacy, privilege, and is overbroad, harassing and oppressive. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that these interrogatories call for speculation, lacks foundation, calls for the entire universe of facts – some of which is outside of Responding Party's personal knowledge at this time and some of which Requesting Party has greater access to. Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants have superior access and documents which were requested by Responding Party and to which Defendants have failed to produce. This contention interrogatory is unduly burdensome and oppressive on its face. *Aldapa v. Fowler Packing Co., Inc*., 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome."); *In re Convergent Techs. Sec. Litig*., 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions...is sufficiently likely to be productive to justify the burden that responding can entail"); *see also id.* at 339 (the "filing of sets of contention

interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse"); *Tubbs v. Sacramento Cnty. Jail*, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories."); *Aldapa*, 310 F.R.D. at 591 ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case…."); *Mach Sols. Inc. v. Doosan Infracore Am. Corp*., 323 F.R.D. 522, 528 (D.S.C. 2018) (Contention interrogatories "are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case…") (quoting *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006))).

Without waiving and subject to the aforementioned objections, the Responding Party responds as follows:

The answer to these Interrogatories may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Responding Party specifies the following records for Requesting Parties review which are in Requesting Parties custody and control: Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers.

**INTERROGATORY NO. 2:**

Identify all Witnesses known to You whom You contend can testify from Personal Knowledge about any of the acts, omissions, circumstances, or events that You contend occurred during any part of the Incident.

///

following records for Requesting Parties review which are in Requesting Parties custody and control: Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers.

**INTERROGATORY NO. 6:**

State, in specific detail, all facts known to You that You contend support Your claim that the City (as opposed to any individual City employee or peace officer) is directly liable (as opposed to vicariously liable) to You in this action – including but not limited to stating all facts known to You supporting Your allegations of municipal and/or *Monell*-type liability.

**RESPONSE to INTERROGATORY No. 6:**

Objections: Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Plaintiff objects on the grounds that responses to this interrogatory given all of the multiple discrete subparts improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. These Interrogatory requests: (1) City liability for unconstitutional customs, policies or practices; (2) City liability for failure to train; and (3) City liability for ratification. Responding Party objections on the ground that this Interrogatory is overly broad, oppressive, harassing, and unduly burdensome as it is asking Responding Party to respond in interrogatory to "state, in specific detail, all facts known" related to three different "Monell-type" claims. Further, this interrogatory is too vague and ambiguous to enable Responding Party to determine the scope of the interrogatory, and thus is improper. The plain language of a request generally speaking and literally translated, includes nearly the entire universe of information in this case. Accordingly, as phrased, the request is also overbroad and

unduly burdensome. Literally interpreted, the request also seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

The answer to these Interrogatories may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Responding Party specifies the following records for Requesting Parties review which are in Requesting Parties custody and control: Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers.

**INTERROGATORY NO. 7:**

State all facts known to You Identifying each and every employment that Decedent has had for any length of time for the period beginning five (5) years prior to date of the Incident, including specifying the Address of each employer Identified, the telephone number of each employer Identified, the dates of such employment by each employer Identified, and the job/duties that such person performed for each employer Identified.

**RESPONSE to INTERROGATORY No. 7:**

Objections: Pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to

**RESPONSE to INTERROGATORY No. 19:**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, assumes facts, calls for narrative, and vague and overbroad as phrased. Pursuant to FRCP 26, this request is not proportional to the needs of the case. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." This interrogatory obviously exceeds that number. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects that this Interrogatory to the extent that it calls for an invasion of privacy, privilege, and is overbroad.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows to the best of the Responding Party's information and recollection and understanding:

We Facetimed on Friday night before I went to bed. We were texting Saturday, but he hadn't called yet because he wasn't home from Dave & Busters. June was the last time I was able to hug my son and put him on a plane when he flew first class to stay with his grandmother while I was in concussion therapy.

**INTERROGATORY NO. 20:**

State in specific detail all facts known to YOU about the vehicle collision that resulted in Decedent's death.

**RESPONSE to INTERROGATORY No. 20**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, compound, assumes facts, calls for narrative, and vague and overbroad as phrased. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of interrogatory in order to respond. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more

than 25 written interrogatories, including all discrete subparts." Pursuant to FRCP 26, this request is not proportional to the needs of the case. Responding Party objects that this Interrogatory is calls for an invasion of privacy, privilege, and is overbroad, harassing and oppressive. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that these interrogatories call for speculation, lacks foundation, calls for the entire universe of facts – some of which is outside of Responding Party's personal knowledge at this time and some of which Requesting Party has greater access to. Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants have superior access and documents which were requested by Responding Party and to which Defendants have failed to produce. This contention interrogatory is unduly burdensome and oppressive on its face. *Aldapa v. Fowler Packing Co., Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome."); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions...is sufficiently likely to be productive to justify the burden that responding can entail"); *see also id.* at 339 (the "filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse"); *Tubbs v. Sacramento Cnty. Jail*, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to

present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories."); *Aldapa*, 310 F.R.D. at 591 ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case…."); *Mach Sols. Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 528 (D.S.C. 2018) (Contention interrogatories "are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case…") (quoting *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006))).

Without waiving and subject to the aforementioned objections, the Responding Party responds as follows:

The answer to these Interrogatories may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Responding Party specifies the following records for Requesting Parties review which are in Requesting Parties custody and control: Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers.

DATED: July 28, 2025

**LAW OFFICES OF DALE K. GALIPO**

By: ______________________________

Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiffs*

PROOF OF SERVICE

STATE OF CALIFORNIA, CITY OF LOS ANGELES

I, Stefany Anderson, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On July 28, 2025, I served the foregoing document described as: **PLAINTIFF DIANA RIAS RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF FONTANA'S INTERROGATORIES (SET 1)** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

METHOD OF SERVICE

☒ (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the addresses as indicated on the attached service list.

☐ I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

☒ I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

☐ (BY FEDERAL EXPRESS) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses as indicated on the attached service list. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 28, 2025, at Woodland Hills, California.

/s/*Stefany Anderson*

Stefany Anderson

SERVICE LIST

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
Eugene P. Ramirez (State Bar No. 134865)
Kayleigh Andersen (State Bar No. 306442)
Eugene Hanrahan (State Bar No. 185826)
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
E-mail:
*eugene.ramirez@manningkass.com*
*kayleigh.andersen@manningkass.com*
*eugene.hanrahan@manningkass.com*
*athena.reddersen@manningkass.com*
*delia.flores@manningkass.com*
*yury.kolesnikov@manningkass.com*
*candice.raub@manningkass.com*
*sandra.alarcon@manningkass.com*

Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

# VERIFICATION

Case Name: Rias; Pitts & Adams v. City of Fontana
Case No.: 5:25-cv-002077-JGB-SHKx

I, the undersigned, declare:

I am one of the plaintiffs in the foregoing matter and I am making this verification for that reason. I have read **PLAINTIFF DIANA RIAS RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF FONTANA'S INTERROGATORIES, SET ONE** and know their content, and the same is true to my knowledge, or on my information and belief and on that ground allege that the matters stated in those discovery responses are true.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct, and that this declaration is executed on 7/28/2025, at Rialto, California.

DocuSigned by:
054906FADFBC421...

Diana Rias

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

**SHOJAI LAW FIRM**
Neema Shojai, Esq. (SBN 321833)
neema@shojaifirm.com
8880 Rio San Diego, Suite 800
San Diego, California 92108
Telephone: (619) 777-0383
Facsimile: (619) 775-1383

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DIANA RIAS; TA-TANESHA GALBURTH; DOMINIC ADAMS Sr.; and BRITTANY MASON,

Plaintiffs,

vs.

CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,

Defendants.

Case No. 5:25-cv-00207-JGB-SHK

[*Honorable Jesus G. Bernal*]
Magistrate Judge Shashi H. Kewalramani

**PLAINTIFF TA-TANESHA GALBURTH'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF FONTANA'S INTERROGATORIES (Set 1)**

FPTC: Not Set.
Trial: Not Set.

PROPOUNDING PARTY: Defendant, CITY OF FONTANA

PLAINTIFFS: Plaintiff, TA-TANESHA GALBURTH

SET NUMBER: One (1)

## I. PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action and are made on the basis of information which is presently known by and available to Responding Party. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

Responding Party has not yet completed their investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed discovery in this action; and has not yet completed their preparation for trial. Consequently, the following responses are given without prejudice to Responding Party's right to amend or supplement these responses at a later date. No admissions of any nature whatsoever are implied or should be inferred. Nothing herein should be construed as an admission or acceptance by Responding Party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Responding Party reserves the right to continue investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case. In addition, Responding Party reserves the right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through his continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

## II. GENERAL OBJECTIONS

1. Responding Party objects to the Interrogatories, as a whole, to the extent that they request information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine and/or any other applicable

privilege or immunity.

2. Responding Party objects to each Interrogatory to the extent that it seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of their records, or to create a summary or compilation other than as maintained in the regular course of business. Responding Party further objects to each Interrogatory to the extent that it seeks to require Responding Party to provide information not in their possession, custody or control.

3. Responding Party objects to each and every Interrogatory to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Responding Party objects to each and every Interrogatory to the extent that such discovery is overly broad, vague, and ambiguous.

5. Responding Party objects to each and every Interrogatory to the extent that it seeks information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

6. Responding Party objects on the grounds that Responding Party has not completed factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Responding Party as well as their present analysis of the case. However, information that may be responsive may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Responding Party reserves the right to amend and/or supplement these responses as and when additional information is discovered. Additionally, because Responding Party's responses are based upon information that they recall and have identified to date, they do not preclude Responding Party from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

## III. PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF FONTANA'S INTERROGATORIES

**INTERROGATORY NO. 1:**

State, in specific detail, all facts known to You regarding the Incident that You contend support Your claim that the County, or any law enforcement officer or other person employed by the County, violated any of Decedent's constitutional, civil, statutory, or other legal rights during any part of the Incident – including but not limited to all of Your contentions as to how Decedent had Excessive Force used upon him, and/or otherwise was subject to any unlawful seizures or other violations of Decedent's constitutional or legal rights.

**RESPONSE to INTERROGATORY No. 1:**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, compound, assumes facts, calls for narrative, and vague and overbroad as phrased. Vague and unintelligible as phrased as Responding Party is not aware of any "County" defendant. Further, vague and ambiguous as to the differentiation between "constitutional" and "civil" and well as "statutory" and "other legal rights" as phrased, as Responding Party does not know what Requesting Party is referring to specifically or generally in context in order to respond. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of interrogatory in order to respond. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." These interrogatories request several subparts and will be viewed as such, including (1) all facts related to "County" violation of "constitutional" or "civil rights," or how Decedent had Excessive Force used upon him by "County," and any "other violations of Decedent's constitutional or legal rights" assuming Requesting Party views these as the same; (2) all facts related to "County" violation of "statutory" or "other legal rights"; (3) how

Decedent was otherwise subject to any unlawful seizure; (4)-(6) same with the substitution of Officer Edward Bautista for "County"; (7)-(9) same with the substitution of Officer Jesus Garcia; (10)-(12) same with the substitution of Officer Daniel Pricie, and (13)-(15) same with the substitution of Officer Brian Zozaya. Pursuant to FRCP 26, this request is not proportional to the needs of the case. Responding Party objects that this Interrogatory is calls for an invasion of privacy, privilege, and is overbroad, harassing and oppressive. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that these interrogatories call for speculation, lacks foundation, calls for the entire universe of facts – some of which is outside of Responding Party's personal knowledge at this time and some of which Requesting Party has greater access to. Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants have superior access and documents which were requested by Responding Party and to which Defendants have failed to produce. This contention interrogatory is unduly burdensome and oppressive on its face. *Aldapa v. Fowler Packing Co., Inc*., 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome."); *In re Convergent Techs. Sec. Litig*., 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions...is sufficiently likely to be productive to justify the burden that responding can entail"); *see also id.* at 339 (the "filing of sets of contention

interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse"); *Tubbs v. Sacramento Cnty. Jail*, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories."); *Aldapa*, 310 F.R.D. at 591 ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case…."); *Mach Sols. Inc. v. Doosan Infracore Am. Corp*., 323 F.R.D. 522, 528 (D.S.C. 2018) (Contention interrogatories "are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case…") (quoting *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006))).

Without waiving and subject to the aforementioned objections, the Responding Party responds as follows:

The answer to these Interrogatories may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Responding Party specifies the following records for Requesting Parties review which are in Requesting Parties custody and control: Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers.

**INTERROGATORY NO. 2:**

Identify all Witnesses known to You whom You contend can testify from Personal Knowledge about any of the acts, omissions, circumstances, or events that You contend occurred during any part of the Incident.

///

Without waiving and subject to the aforementioned objections, the Responding Party responds as follows:

The answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Responding Party specifies the following records for Requesting Parties review which are in Requesting Parties custody and control: Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers.

**INTERROGATORY NO. 6:**

State, in specific detail, all facts known to You that You contend support Your claim that the City (as opposed to any individual City employee or peace officer) is directly liable (as opposed to vicariously liable) to You in this action – including but not limited to stating all facts known to You supporting Your allegations of municipal and/or *Monell*-type liability.

**RESPONSE to INTERROGATORY No. 6:**

Objections: Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Plaintiff objects on the grounds that responses to this interrogatory given all of the multiple discrete subparts improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. These Interrogatory requests: (1) City liability for unconstitutional customs, policies or practices; (2) City liability for failure to train; and (3) City liability for ratification. Responding Party objections on the ground that this Interrogatory is overly broad, oppressive, harassing, and unduly burdensome as it is

asking Responding Party to respond in interrogatory to "state, in specific detail, all facts known" related to three different "*Monell*-type" claims. Further, this interrogatory is too vague and ambiguous to enable Responding Party to determine the scope of the interrogatory, and thus is improper. The plain language of a request generally speaking and literally translated, includes nearly the entire universe of information in this case. Accordingly, as phrased, the request is also overbroad and unduly burdensome. Literally interpreted, the request also seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

The answer to these Interrogatories may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Responding Party specifies the following records for Requesting Parties review which are in Requesting Parties custody and control: Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers.

**INTERROGATORY NO. 7:**

State all facts known to You Identifying each and every employment that Decedent has had for any length of time for the period beginning five (5) years prior to date of the Incident, including specifying the Address of each employer Identified, the telephone number of each employer Identified, the dates of such

Without waiving and subject to the aforementioned objections, Responding Party responds as follows to the best of Responding Party's information and recollection:

On the day Omari left the house, I was sitting downstairs with a friend. Omari came down to talk with us. He was excited and shared that he wanted to join the football team at Carter High School. I told him how proud I was of him for bringing his grades up, and I was also sharing that pride with my friend. She complimented Omari, telling him how big and handsome he had gotten, which made all of us laugh because she was cracking jokes.

Omari then got a text message and told us he was going to hang out with friends and attend a party that night. He went upstairs to get dressed. When he came back down, he wanted us to see his outfit. We told him he looked really handsome. My friend joked again, saying, "Omari, you've gotten so big! I remember when you were a baby and you used to holler all the time—I used to call you 'Hollering Jack.'" We all laughed again.

Shortly after that, he received another text saying his friends were outside. I told him to be safe, and he told me he would. I also reminded him not to come back too late.

That was the last time I spoke with my son.

**INTERROGATORY NO. 20:**

State in specific detail all facts known to YOU about the vehicle collision that resulted in Decedent's death.

**RESPONSE to INTERROGATORY No. 20**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, compound, assumes facts, calls for narrative, and vague and overbroad as phrased. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of interrogatory in order to respond. Federal Rules of Civil

Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Pursuant to FRCP 26, this request is not proportional to the needs of the case. Responding Party objects that this Interrogatory is calls for an invasion of privacy, privilege, and is overbroad, harassing and oppressive. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that these interrogatories call for speculation, lacks foundation, calls for the entire universe of facts – some of which is outside of Responding Party's personal knowledge at this time and some of which Requesting Party has greater access to. Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants have superior access and documents which were requested by Responding Party and to which Defendants have failed to produce. This contention interrogatory is unduly burdensome and oppressive on its face. *Aldapa v. Fowler Packing Co., Inc*., 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome."); *In re Convergent Techs. Sec. Litig*., 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions...is sufficiently likely to be productive to justify the burden that responding can entail"); *see also id.* at 339 (the "filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse"); *Tubbs v. Sacramento Cnty. Jail*,

2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories."); *Aldapa*, 310 F.R.D. at 591 ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case…."); *Mach Sols. Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 528 (D.S.C. 2018) (Contention interrogatories "are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case…") (quoting *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006))).

Without waiving and subject to the aforementioned objections, the Responding Party responds as follows:

The answer to these Interrogatories may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Responding Party specifies the following records for Requesting Parties review which are in Requesting Parties custody and control: Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers.

DATED: July 28, 2025

**LAW OFFICES OF DALE K. GALIPO**

By: ______________________

Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiffs*

PROOF OF SERVICE

STATE OF CALIFORNIA, CITY OF LOS ANGELES

I, Alejandro Monguia, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On July 28, 2025, I served the foregoing document described as: **PLAINTIFF TA-TANESHA GALBURTH'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF FONTANA'S INTERROGATORIES (SET 1)** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

METHOD OF SERVICE

☒ (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the addresses as indicated on the attached service list.

☐ I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

☒ I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

☐ (BY FEDERAL EXPRESS) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses as indicated on the attached service list. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 28, 2025, at Woodland Hills, California.

*/s/ Alejandro Monguia*
Alejandro Monguia

SERVICE LIST

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
Eugene P. Ramirez (State Bar No. 134865)
Kayleigh Andersen (State Bar No. 306442)
Eugene Hanrahan (State Bar No. 185826)
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
E-mail:
*eugene.ramirez@manningkass.com*
*kayleigh.andersen@manningkass.com*
*eugene.hanrahan@manningkass.com*
*athena.reddersen@manningkass.com*
*delia.flores@manningkass.com*
*yury.kolesnikov@manningkass.com*
*candice.raub@manningkass.com*
*sandra.alarcon@manningkass.com*

Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

# VERIFICATION

Case Name: Rias; Pitts & Adams v. City of Fontana
Case No.: 5:25-cv-002077-JGB-SHKx

I, the undersigned, declare:

I am one of the plaintiffs in the foregoing matter and I am making this verification for that reason. I have read **PLAINTIFF TA-TANESHA GALBURTH'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF FONTANA'S INTERROGATORIES, SET ONE** and know their content, and the same is true to my knowledge, or on my information and belief and on that ground allege that the matters stated in those discovery responses are true.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct, and that this declaration is executed on 7/28/2025, at Rialto, California.

DocuSigned by:
39C0502680B4400...

Ta-Tanesha Galburth

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

**SHOJAI LAW FIRM**
Neema Shojai, Esq. (SBN 321833)
neema@shojaifirm.com
8880 Rio San Diego, Suite 800
San Diego, California 92108
Telephone: (619) 777-0383
Facsimile: (619) 775-1383

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DIANA RIAS; TATANISHA PITTS; DOMINIC ADAMS Sr.; and BRITTANY MASON,

Plaintiffs,

vs.

CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,

Defendants.

Case No. 5:25-cv-00207-JGB-SHK

[*Honorable Jesus G. Bernal*]
Magistrate Judge Shashi H. Kewalramani

**PLAINTIFF DOMINIC ADAMS, SR. RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF FONTANA'S INTERROGATORIES (SET 1)**

FPTC: Not Set.
Trial: Not Set.

PROPOUNDING PARTY: Defendant, CITY OF FONTANA

PLAINTIFFS: Plaintiff, DOMINIC ADAMS, SR.

SET NUMBER: One (1)

## I. PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action and are made on the basis of information which is presently known by and available to Responding Party. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

Responding Party has not yet completed their investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed discovery in this action; and has not yet completed their preparation for trial. Consequently, the following responses are given without prejudice to Responding Party's right to amend or supplement these responses at a later date. No admissions of any nature whatsoever are implied or should be inferred. Nothing herein should be construed as an admission or acceptance by Responding Party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Responding Party reserves the right to continue investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case. In addition, Responding Party reserves the right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through his continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

## II. GENERAL OBJECTIONS

1. Responding Party objects to the Interrogatories, as a whole, to the extent that they request information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine and/or any other applicable

privilege or immunity.

2. Responding Party objects to each Interrogatory to the extent that it seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of their records, or to create a summary or compilation other than as maintained in the regular course of business. Responding Party further objects to each Interrogatory to the extent that it seeks to require Responding Party to provide information not in their possession, custody or control.

3. Responding Party objects to each and every Interrogatory to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Responding Party objects to each and every Interrogatory to the extent that such discovery is overly broad, vague, and ambiguous.

5. Responding Party objects to each and every Interrogatory to the extent that it seeks information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

6. Responding Party objects on the grounds that Responding Party has not completed factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Responding Party as well as their present analysis of the case. However, information that may be responsive may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Responding Party reserves the right to amend and/or supplement these responses as and when additional information is discovered. Additionally, because Responding Party's responses are based upon information that they recall and have identified to date, they do not preclude Responding Party from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

## III. PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF FONTANA'S INTERROGATORIES

**INTERROGATORY NO. 1:**

State, in specific detail, all facts known to You regarding the Incident that You contend support Your claim that the County, or any law enforcement officer or other person employed by the County, violated any of Decedent's constitutional, civil, statutory, or other legal rights during any part of the Incident – including but not limited to all of Your contentions as to how Decedent had Excessive Force used upon him, and/or otherwise was subject to any unlawful seizures or other violations of Decedent's constitutional or legal rights.

**RESPONSE to INTERROGATORY No. 1:**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, compound, assumes facts, calls for narrative, and vague and overbroad as phrased. Vague and unintelligible as phrased as Responding Party is not aware of any "County" defendant. Further, vague and ambiguous as to the differentiation between "constitutional" and "civil" and well as "statutory" and "other legal rights" as phrased, as Responding Party does not know what Requesting Party is referring to specifically or generally in context in order to respond. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of interrogatory in order to respond. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." These interrogatories request several subparts and will be viewed as such, including (1) all facts related to "County" violation of "constitutional" or "civil rights," or how Decedent had Excessive Force used upon him by "County," and any "other violations of Decedent's constitutional or legal rights" assuming Requesting Party views these as the same; (2) all facts related to "County" violation of "statutory" or "other legal rights"; (3) how

Decedent was otherwise subject to any unlawful seizure; (4)-(6) same with the substitution of Officer Edward Bautista for "County"; (7)-(9) same with the substitution of Officer Jesus Garcia; (10)-(12) same with the substitution of Officer Daniel Pricie, and (13)-(15) same with the substitution of Officer Brian Zozaya. Pursuant to FRCP 26, this request is not proportional to the needs of the case. Responding Party objects that this Interrogatory is calls for an invasion of privacy, privilege, and is overbroad, harassing and oppressive. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that these interrogatories call for speculation, lacks foundation, calls for the entire universe of facts – some of which is outside of Responding Party's personal knowledge at this time and some of which Requesting Party has greater access to. Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants have superior access and documents which were requested by Responding Party and to which Defendants have failed to produce. This contention interrogatory is unduly burdensome and oppressive on its face. Aldapa v. Fowler Packing Co., Inc., 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome."); In re Convergent Techs. Sec. Litig., 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions...is sufficiently likely to be productive to justify the burden that responding can entail"); see also id. at 339 (the "filing of sets of contention

interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse"); Tubbs v. Sacramento Cnty. Jail, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories."); Aldapa, 310 F.R.D. at 591 ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case…."); Mach Sols. Inc. v. Doosan Infracore Am. Corp., 323 F.R.D. 522, 528 (D.S.C. 2018) (Contention interrogatories "are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case…") (quoting Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006))).

Without waiving and subject to the aforementioned objections, the Responding Party responds as follows:

The answer to these Interrogatories may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Responding Party specifies the following records for Requesting Parties review which are in Requesting Parties custody and control: Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers.

**INTERROGATORY NO. 2:**

Identify all Witnesses known to You whom You contend can testify from Personal Knowledge about any of the acts, omissions, circumstances, or events that You contend occurred during any part of the Incident.

///

San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers.

**INTERROGATORY NO. 6:**

State, in specific detail, all facts known to You that You contend support Your claim that the City (as opposed to any individual City employee or peace officer) is directly liable (as opposed to vicariously liable) to You in this action – including but not limited to stating all facts known to You supporting Your allegations of municipal and/or *Monell*-type liability.

**RESPONSE to INTERROGATORY No. 6:**

Objections: Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Plaintiff objects on the grounds that responses to this interrogatory given all of the multiple discrete subparts improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. These Interrogatory requests: (1) City liability for unconstitutional customs, policies or practices; (2) City liability for failure to train; and (3) City liability for ratification. Responding Party objections on the ground that this Interrogatory is overly broad, oppressive, harassing, and unduly burdensome as it is asking Responding Party to respond in interrogatory to "state, in specific detail, all facts known" related to three different "Monell-type" claims. Further, this interrogatory is too vague and ambiguous to enable Responding Party to determine the scope of the interrogatory, and thus is improper. The plain language of a request generally speaking and literally translated, includes nearly the entire universe of information in this case. Accordingly, as phrased, the request is also overbroad and unduly burdensome. Literally interpreted, the request also seeks information protected from disclosure by the attorney-client privilege and the attorney work

product doctrine. Pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

The answer to these Interrogatories may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Responding Party specifies the following records for Requesting Parties review which are in Requesting Parties custody and control: Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers.

**INTERROGATORY NO. 7:**

State all facts known to You Identifying each and every employment that Decedent has had for any length of time for the period beginning five (5) years prior to date of the Incident, including specifying the Address of each employer Identified, the telephone number of each employer Identified, the dates of such employment by each employer Identified, and the job/duties that such person performed for each employer Identified.

**RESPONSE to INTERROGATORY No. 7:**

Objections: Pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request on the basis that it seeks information protected from disclosure by the right

respectful young man.

**INTERROGATORY NO. 19:**

State in specific detail the last interaction YOU had with the Decedent, including but not limited to the substance of the contact, the date/time of the contact, and location of the contact.

**RESPONSE to INTERROGATORY No. 19:**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, assumes facts, calls for narrative, and vague and overbroad as phrased. Pursuant to FRCP 26, this request is not proportional to the needs of the case. Federal Rules of Civil Procedure, Rule 33 provides that “a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.” This interrogatory obviously exceeds that number. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects that this Interrogatory to the extent that it calls for an invasion of privacy, privilege, and is overbroad.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows to the best of Responding Party’s information and recollection:

I saw my son two days before he passed. I picked him up to come over. He wanted to go visit his cousin, I dropped him off for a couple of hours and I picked him back up. We went to a movie, and I dropped him back home to his mom afterward.

**INTERROGATORY NO. 20:**

State in specific detail all facts known to YOU about the vehicle collision that resulted in Decedent’s death.

**RESPONSE to INTERROGATORY No. 20**

Objections: Responding Party objects on the grounds that this Interrogatory

calls for speculation, compound, assumes facts, calls for narrative, and vague and overbroad as phrased. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of interrogatory in order to respond. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Pursuant to FRCP 26, this request is not proportional to the needs of the case. Responding Party objects that this Interrogatory is calls for an invasion of privacy, privilege, and is overbroad, harassing and oppressive. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that these interrogatories call for speculation, lacks foundation, calls for the entire universe of facts – some of which is outside of Responding Party's personal knowledge at this time and some of which Requesting Party has greater access to. Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants have superior access and documents which were requested by Responding Party and to which Defendants have failed to produce. This contention interrogatory is unduly burdensome and oppressive on its face. *Aldapa v. Fowler Packing Co., Inc*., 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome."); *In re Convergent Techs. Sec. Litig*., 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of

questions...is sufficiently likely to be productive to justify the burden that responding can entail"); *see also id.* at 339 (the "filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse"); *Tubbs v. Sacramento Cnty. Jail*, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories."); *Aldapa*, 310 F.R.D. at 591 ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case…."); *Mach Sols. Inc. v. Doosan Infracore Am. Corp*., 323 F.R.D. 522, 528 (D.S.C. 2018) (Contention interrogatories "are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case…") (quoting *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006))).

Without waiving and subject to the aforementioned objections, the Responding Party responds as follows:

The answer to these Interrogatories may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Responding Party specifies the following records for Requesting Parties review which are in Requesting Parties custody and control: Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers.

///

DATED: July 28, 2025

**LAW OFFICES OF DALE K. GALIPO**
**SHOJAI LAW FIRM**

By: ______________________________

Dale K. Galipo
Marcel F. Sincich
Neema Shojai
*Attorneys for Plaintiffs*

PROOF OF SERVICE

STATE OF CALIFORNIA, CITY OF LOS ANGELES

I, Stefany Anderson, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On July 28, 2025, I served the foregoing document described as: **PLAINTIFF DOMINIC ADAMS, SR. RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF FONTANA'S INTERROGATORIES (SET 1)** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

METHOD OF SERVICE

☒ (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the addresses as indicated on the attached service list.

☐ I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

☒ I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

☐ (BY FEDERAL EXPRESS) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses as indicated on the attached service list. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 28, 2025, at Woodland Hills, California.

*/x/Stefany Anderson*
Stefany Anderson

SERVICE LIST

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
Eugene P. Ramirez (State Bar No. 134865)
Kayleigh Andersen (State Bar No. 306442)
Eugene Hanrahan (State Bar No. 185826)
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
E-mail:
*eugene.ramirez@manningkass.com*
*kayleigh.andersen@manningkass.com*
*eugene.hanrahan@manningkass.com*
*athena.reddersen@manningkass.com*
*delia.flores@manningkass.com*
*yury.kolesnikov@manningkass.com*
*candice.raub@manningkass.com*
*sandra.alarcon@manningkass.com*

Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

# VERIFICATION

Case Name: Rias; Pitts & Adams v. City of Fontana
Case No.: 5:25-cv-002077-JGB-SHKx

I, the undersigned, declare:

I am one of the plaintiffs in the foregoing matter and I am making this verification for that reason. I have read **PLAINTIFF DOMINIC ADAMS, SR. RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF FONTANA'S INTERROGATORIES, SET ONE** and know their content, and the same is true to my knowledge, or on my information and belief and on that ground allege that the matters stated in those discovery responses are true.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct, and that this declaration is executed on 7/28/2025, at 4655 Minnier Ave #37a Riverside Ca 92505, California.

Signed by:
Dominic Adams Sr.
9BE4F8FC161045D...

Dominic Adams, Sr.

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

**SHOJAI LAW FIRM**
Neema Shojai, Esq. (SBN 321833)
neema@shojaifirm.com
8880 Rio San Diego, Suite 800
San Diego, California 92108
Telephone: (619) 777-0383
Facsimile: (619) 775-1383

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DIANA RIAS; TATANISHA PITTS; DOMINIC ADAMS Sr.; and BRITTANY MASON,

Plaintiffs,

vs.

CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,

Defendants.

Case No. 5:25-cv-00207-JGB-SHK

[*Honorable Jesus G. Bernal*]
Magistrate Judge Shashi H. Kewalramani

**PLAINTIFF BRITTANY MASON RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF FONTANA'S INTERROGATORIES (Set 1)**

FPTC: Not Set.
Trial: Not Set.

PROPOUNDING PARTY: Defendant, CITY OF FONTANA

PLAINTIFFS: Plaintiff, BRITTANY MASON

SET NUMBER: One (1)

## I. PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action and are made on the basis of information which is presently known by and available to Responding Party. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

Responding Party has not yet completed their investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed discovery in this action; and has not yet completed their preparation for trial. Consequently, the following responses are given without prejudice to Responding Party's right to amend or supplement these responses at a later date. No admissions of any nature whatsoever are implied or should be inferred. Nothing herein should be construed as an admission or acceptance by Responding Party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Responding Party reserves the right to continue investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case. In addition, Responding Party reserves the right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through his continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

## II. GENERAL OBJECTIONS

1. Responding Party objects to the Interrogatories, as a whole, to the extent that they request information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine and/or any other applicable

privilege or immunity.

2. Responding Party objects to each Interrogatory to the extent that it seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of their records, or to create a summary or compilation other than as maintained in the regular course of business. Responding Party further objects to each Interrogatory to the extent that it seeks to require Responding Party to provide information not in their possession, custody or control.

3. Responding Party objects to each and every Interrogatory to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Responding Party objects to each and every Interrogatory to the extent that such discovery is overly broad, vague, and ambiguous.

5. Responding Party objects to each and every Interrogatory to the extent that it seeks information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

6. Responding Party objects on the grounds that Responding Party has not completed factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Responding Party as well as their present analysis of the case. However, information that may be responsive may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Responding Party reserves the right to amend and/or supplement these responses as and when additional information is discovered. Additionally, because Responding Party's responses are based upon information that they recall and have identified to date, they do not preclude Responding Party from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

## III. PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF FONTANA'S INTERROGATORIES

**INTERROGATORY NO. 1:**

State, in specific detail, all facts known to You regarding the Incident that You contend support Your claim that the County, or any law enforcement officer or other person employed by the County, violated any of Decedent's constitutional, civil, statutory, or other legal rights during any part of the Incident – including but not limited to all of Your contentions as to how Decedent had Excessive Force used upon him, and/or otherwise was subject to any unlawful seizures or other violations of Decedent's constitutional or legal rights.

**RESPONSE to INTERROGATORY No. 1:**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, compound, assumes facts, calls for narrative, and vague and overbroad as phrased. Vague and unintelligible as phrased as Responding Party is not aware of any "County" defendant. Further, vague and ambiguous as to the differentiation between "constitutional" and "civil" and well as "statutory" and "other legal rights" as phrased, as Responding Party does not know what Requesting Party is referring to specifically or generally in context in order to respond. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of interrogatory in order to respond. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." These interrogatories request several subparts and will be viewed as such, including (1) all facts related to "County" violation of "constitutional" or "civil rights," or how Decedent had Excessive Force used upon him by "County," and any "other violations of Decedent's constitutional or legal rights" assuming Requesting Party views these as the same; (2) all facts related to "County" violation of "statutory" or "other legal rights"; (3) how

Decedent was otherwise subject to any unlawful seizure; (4)-(6) same with the substitution of Officer Edward Bautista for "County"; (7)-(9) same with the substitution of Officer Jesus Garcia; (10)-(12) same with the substitution of Officer Daniel Pricie, and (13)-(15) same with the substitution of Officer Brian Zozaya. Pursuant to FRCP 26, this request is not proportional to the needs of the case. Responding Party objects that this Interrogatory is calls for an invasion of privacy, privilege, and is overbroad, harassing and oppressive. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that these interrogatories call for speculation, lacks foundation, calls for the entire universe of facts – some of which is outside of Responding Party's personal knowledge at this time and some of which Requesting Party has greater access to. Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants have superior access and documents which were requested by Responding Party and to which Defendants have failed to produce. This contention interrogatory is unduly burdensome and oppressive on its face. Aldapa v. Fowler Packing Co., Inc., 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome."); In re Convergent Techs. Sec. Litig., 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions...is sufficiently likely to be productive to justify the burden that responding can entail"); see also id. at 339 (the "filing of sets of contention

interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse"); Tubbs v. Sacramento Cnty. Jail, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories."); Aldapa, 310 F.R.D. at 591 ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case…."); Mach Sols. Inc. v. Doosan Infracore Am. Corp., 323 F.R.D. 522, 528 (D.S.C. 2018) (Contention interrogatories "are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case…") (quoting Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006))).

Without waiving and subject to the aforementioned objections, the Responding Party responds as follows:

The answer to these Interrogatories may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Responding Party specifies the following records for Requesting Parties review which are in Requesting Parties custody and control: Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers.

**INTERROGATORY NO. 2:**

Identify all Witnesses known to You whom You contend can testify from Personal Knowledge about any of the acts, omissions, circumstances, or events that You contend occurred during any part of the Incident.

///

Without waiving and subject to the aforementioned objections, the Responding Party responds as follows:

The answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Responding Party specifies the following records for Requesting Parties review which are in Requesting Parties custody and control: Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers.

**INTERROGATORY NO. 6:**

State, in specific detail, all facts known to You that You contend support Your claim that the City (as opposed to any individual City employee or peace officer) is directly liable (as opposed to vicariously liable) to You in this action – including but not limited to stating all facts known to You supporting Your allegations of municipal and/or *Monell*-type liability.

**RESPONSE to INTERROGATORY No. 6:**

Objections: Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Plaintiff objects on the grounds that responses to this interrogatory given all of the multiple discrete subparts improperly introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it; thus, each subpart is considered a separate interrogatory for purposes of numerical limitation on interrogatories, no matter how it is designated. These Interrogatory requests: (1) City liability for unconstitutional customs, policies or practices; (2) City liability for failure to train; and (3) City liability for ratification. Responding Party objections on the ground that this Interrogatory is overly broad, oppressive, harassing, and unduly burdensome as it is

asking Responding Party to respond in interrogatory to "state, in specific detail, all facts known" related to three different "Monell-type" claims. Further, this interrogatory is too vague and ambiguous to enable Responding Party to determine the scope of the interrogatory, and thus is improper. The plain language of a request generally speaking and literally translated, includes nearly the entire universe of information in this case. Accordingly, as phrased, the request is also overbroad and unduly burdensome. Literally interpreted, the request also seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

The answer to these Interrogatories may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Responding Party specifies the following records for Requesting Parties review which are in Requesting Parties custody and control: Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers.

**INTERROGATORY NO. 7:**

State all facts known to You Identifying each and every employment that Decedent has had for any length of time for the period beginning five (5) years prior to date of the Incident, including specifying the Address of each employer Identified, the telephone number of each employer Identified, the dates of such

the other boys or their parents.

**INTERROGATORY NO. 19:**

State in specific detail the last interaction YOU had with the Decedent, including but not limited to the substance of the contact, the date/time of the contact, and location of the contact.

**RESPONSE to INTERROGATORY No. 19:**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, assumes facts, calls for narrative, and vague and overbroad as phrased. Pursuant to FRCP 26, this request is not proportional to the needs of the case. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." This interrogatory obviously exceeds that number. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects that this Interrogatory to the extent that it calls for an invasion of privacy, privilege, and is overbroad.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows to the best of Responding Party's information and recollection:

The last interaction I had with Domonic was across the street at our neighbor's house. He came across about an hour after me and his brother did. He hung out for a bit, ate some pizza, and headed back home. I followed shortly after. Before I went to bed, he texted me asking what's for dinner. I was surprised he was still hungry, but I told him there were leftovers in the fridge or he could make himself noodles.

**INTERROGATORY NO. 20:**

State in specific detail all facts known to YOU about the vehicle collision that resulted in Decedent's death.

**<u>RESPONSE to INTERROGATORY No. 20</u>**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, compound, assumes facts, calls for narrative, and vague and overbroad as phrased. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of interrogatory in order to respond. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Pursuant to FRCP 26, this request is not proportional to the needs of the case. Responding Party objects that this Interrogatory is calls for an invasion of privacy, privilege, and is overbroad, harassing and oppressive. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that these interrogatories call for speculation, lacks foundation, calls for the entire universe of facts – some of which is outside of Responding Party's personal knowledge at this time and some of which Requesting Party has greater access to. Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants have superior access and documents which were requested by Responding Party and to which Defendants have failed to produce. This contention interrogatory is unduly burdensome and oppressive on its face. *Aldapa v. Fowler Packing Co., Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome."); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("at least in cases where

defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions...is sufficiently likely to be productive to justify the burden that responding can entail"); *see also id.* at 339 (the "filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse"); *Tubbs v. Sacramento Cnty. Jail*, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories."); *Aldapa*, 310 F.R.D. at 591 ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case…."); *Mach Sols. Inc. v. Doosan Infracore Am. Corp*., 323 F.R.D. 522, 528 (D.S.C. 2018) (Contention interrogatories "are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case…") (quoting *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006))).

Without waiving and subject to the aforementioned objections, the Responding Party responds as follows:

The answer to these Interrogatories may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Responding Party specifies the following records for Requesting Parties review which are in Requesting Parties custody and control: Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers.

DATED: July 28, 2025

**LAW OFFICES OF DALE K. GALIPO**

By: ______________________________

Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiffs*

PROOF OF SERVICE

STATE OF CALIFORNIA, CITY OF LOS ANGELES

I, Alejandro Monguia, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On July 28, 2025, I served the foregoing document described as: **PLAINTIFF BRITTANY MASON RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF FONTANA'S INTERROGATORIES (SET 1)** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

METHOD OF SERVICE

☒ (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the addresses as indicated on the attached service list.

☐ I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

☒ I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

☐ (BY FEDERAL EXPRESS) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses as indicated on the attached service list. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 28, 2025, at Woodland Hills, California.

*/s/ Alejandro Monguia*

Alejandro Monguia

SERVICE LIST

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
Eugene P. Ramirez (State Bar No. 134865)
Kayleigh Andersen (State Bar No. 306442)
Eugene Hanrahan (State Bar No. 185826)
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
E-mail:
*eugene.ramirez@manningkass.com*
*kayleigh.andersen@manningkass.com*
*eugene.hanrahan@manningkass.com*
*athena.reddersen@manningkass.com*
*delia.flores@manningkass.com*
*yury.kolesnikov@manningkass.com*
*candice.raub@manningkass.com*
*sandra.alarcon@manningkass.com*

Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

# VERIFICATION

Case Name: Rias; Pitts & Adams v. City of Fontana
Case No.: 5:25-cv-002077-JGB-SHKx

I, the undersigned, declare:

I am one of the plaintiffs in the foregoing matter and I am making this verification for that reason. I have read **PLAINTIFF BRITTANY MASON RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF FONTANA'S INTERROGATORIES, SET ONE** and know their content, and the same is true to my knowledge, or on my information and belief and on that ground allege that the matters stated in those discovery responses are true.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct, and that this declaration is executed on 7/28/2025, at Fontana, California.

Signed by:
20319F9F2C0246B...

Brittany Mason