Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
*kayleigh.andersen@manningkass.com*
Eugene Hanrahan (State Bar No. 185826)
*Eugene.Hanrahan@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

MANNING | KASS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DIANA BIAS; TATANISHA PITTS; DOMINIC ADAMS Sr., and BRITTANY MASON,

Plaintiffs,

v.

CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,

Defendants.

Case No. 5:25−cv−00207−JGB−ACCV
District Judge, Jesus G. Bernal
Magistrate Judge, Angela C. C. Viramontes

***EX PARTE* APPLICATION FOR RELIEF TO RE-FILE SUMMARY JUDGMENT MOTION; MEMORANDUM OF POINTS AND AUTHORITIES**

*Filed concurrently with Declaration and Kayleigh Andersen and Proposed Order*

Judge: Jesus G. Bernal
Crtrm: 1 (second Floor)

**TO THE COURT AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to applicable federal laws including but not limited to Federal Rules of Civil Procedure 7, 16, and 40, and United States District Court, Central District of California Local Rules 7-19, 7-19.1, 16-14, 40-1, 40-1.1, and 40.1.2, as well as the applicable Orders of the Court, City of Fontana, Edward Bautista, Jesus Garcia, Daniel Precie, and Brian Zozaya (“Defendants”)

hereby move the Court *ex parte* for an Order granting relief to **permit Defendants to re-file the previously filed Summary Judgment Motion with compliant chambers' copies.**[1] In accordance with and in order to effectuate this allowance, Defendants request that the Court make any additional orders regarding the deadlines to file dispositive motions, hear dispositive motions, and any accompanying motion practice deadlines as are necessary and reasonable to the Court, if any.

This application is made on the following grounds:

*Ex parte* relief is warranted because Defendants will be irreparably harmed but for *ex parte* relief and because Defendants are without fault in creating the need for *ex parte* relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Without the requested relief, Defendants will suffer harm in several ways. Defendants have already completed the summary judgment motion and it has been in Plaintiffs' possession timely since September 7, 2026. The need for *ex parte* relief is necessary because the current final date to file motions was September 7, 2026 [or September 8, 2026 due to the holiday] and Defendants timely filed; however the Court recently struck the entire motion in its latest September 9, 2026 Order due to a chambers' copies creation issue whereby the motion was not indexed appropriately in said chambers copies. Dkt No. 35. Because Defendants received this Order after any cognizable final date to file, relief is necessary. Otherwise Defendants will be unable to have their originally timely-filed, case-determining motion heard, including the dispositive fact and qualified immunity issues, should the court not allow for re-filing. Specifically:

1. **Defendants Have Completed The Summary Judgment Motion**: Defendants filed the summary judgment motion one day ahead of time on September 7, 2026. [See Dkt. No. 33]. Without relief, the costs of motion creation will be borne

[1] Defendants will amend the captions to reflect the 10/19/2026 hearing date set forth by the Court in its Order Dkt. No. 34



MANNING | KASS

by Defendants without corresponding disposition of the matter based on the motion.

2. **Defendants Would Not Have a Chance To Timely Re-File**: The Court did not Order its strike of the entire motion until sometime on September 9, 2026. At that time, Defendants would be out of the filing window for dispositive motions. Therefore, in order to have the issues within the motion heard and the defenses ruled upon, Defendants now need the Court to accept the re-submission and compliant chambers' copies which Defendants submit concurrently with this *ex parte*.

3. **The Content Of The Joint Motion Indicates That Summary Adjudication Is Warranted**: Defendants' Summary Judgment Motion is meritorious. Defendants argue against the applicability of any claims to certain named defendants who should be removed from this case altogether. Defendants also argue against the ability for the allegations in the Complaint and through discovery to form actionable claims at all under the legal theories espoused at the outset, even before evidence and fact arguments are brought to bear. On the substance of the claims, Defendants have argued not only for the lack of any facts to support the claims but have asserted state and federal immunities, chiefly qualified immunity as a defense. If the Court agreed with Defendants on any of its arguments, the entire Complaint will be disposed of (with all claims therein). From the evidence available in this case now that discovery is closed, it is anticipated parties will draw from largely the same evidence. Moreover, the evidence in this case lends itself towards a decision from this Court regarding the lack of any legal framework to underpin the claims and the application of several immunities, chief among them qualified immunity. These are legal questions ripe for summary adjudication.

4. **Plaintiffs are Not Prejudiced By a Re-File of the Summary Judgment Motion**: Defendants timely filed their summary judgment motion. Parties have met and conferred on the issues and, moreover, Defendants have already granted Plaintiffs (via stipulation) *an additional week of extra time* to oppose the summary judgment motion. See Dkt. No 34. Plaintiffs have in their possession the complete



MK MANNING | KASS

summary judgment motion with all exhibits and have had this in their possession since Monday September 7, 2026 (lodged exhibits sine the following day). Defendants are not augmenting or adding any additional arguments, information, or exhibits. All Defendants are doing is re-submitting the now stricken motion and fixing the court's noted issue with the defects in Defendants' previously submitted chambers' copies.

Therefore, no party will be prejudiced as all parties have timely and advanced notice of the motion, its contents, and all exhibits. The Court has already extended the hearing date as well. Thus, Defendants motion does not extend beyond the hearing and submission dates laid out in the local rules.

5. **Defendants Will Suffer Prejudice If No Relief Is Granted**: Defendants will be unfairly prejudiced if this Court, having struck the motion, does not allow Defendants' re-submission to stand. Because Defendants had a defect in their chambers' copies that led to the entire motion being struck based on procedure, disallowing Defendants from re-filing and resubmitting chambers copies would rob Defendants of their ability to bring the motion at all, dispose of a case which has, as argued in summary judgment, no legal basis, and would disallow Defendants from bringing qualified immunity and benefiting from the chief allowance qualified immunity provides: forgoing trial if qualified immunity applies. Legal precedent favors deciding issues capable of being summarily adjudicated before trial and directs courts to interpret summary judgment "to accomplish [the] purpose" of dispose of factually unsupported claims. *Celotex Corp. v. Catreett*, 477 U.S. 317, 323-4 (1986).

Therefore, Defendants will be severely and irreparably harmed by wasted costs and fees, the inability to have its very meritorious and likely case-determinative motion due to procedural defects as they tried to comply with the standing order, and by losing their ability to assert and utilize the main benefit of qualified immunity as well as being forced to go to trial on issues that will likely be decided on summary judgment. This *ex parte* application is based on this notice, all pleadings, papers, and records in this action, the attached memorandum of points and authorities, and the

attached declaration of Kayleigh A. Andersen and exhibits.

NOTICE OF COURT ORDER RE *EX PARTES* & OPPOSITIONS:

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Court's Procedures and Schedules available at www.cacd.uscourts.gov: (1) *ex partes* will be decided on the papers and are not usually set for hearing

PARTIES & COUNSEL: The following information was and is provided pursuant to C.D. Cal. L.R. 7-19, 7-19.1, and 7-3 on September 10, 2026 with follow-up the next day regarding the *ex parte* with an alternative request for stipulation – as specified in the supporting attorney declaration. [Andersen Decl., ¶ 2]. Plaintiffs' Counsel has considered stipulation but parties could not come to an agreement before end of business; Plaintiffs' counsel could not reply to Defense counsel in an expedient fashion so, to maintain their ability to request relief in an efficient manner, Defendants had no choice but to bring this instant motion. At time of filing, Plaintiffs did not provide Defendants with their position regarding *ex parte* though Defense counsel asked several times; therefore, Defendants are unable to accurate include the responsive parties' position in this application. The contact information for plaintiff's counsel is as follows:

**LAW OFFICES OF DALE GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
*Attorneys for Plaintiffs*

Defendant's counsel's contact information is as follows:

Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
*kayleigh.andersen@manningkass.com*
Eugene Hanrahan (State Bar No. 185826)
*Eugene.Hanrahan@manningkass.com*

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
*Attorneys for Defendants*

DATED: September 11, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: *_/s/ Kayleigh A. Andersen_*
Eugene P. Ramirez
Kayleigh A. Andersen
Eugene P. Hanrahan
Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants respectfully request this Court permit them to re-file the previously filed and now stricken summary judgment motion on the next available business day, September 14, 2026, or any day this Court deems fit and to accept compliant chambers' copies, filed and delivered per the time set forth in the Standing Orders. In accordance with and in order to effectuate this allowance, Defendants request that the Court make any additional orders regarding the deadline to file dispositive motions, hear dispositive motions, and accompanying motion practice deadlines as are necessary and reasonable to the Court. Summary adjudication of all claims in Plaintiff's complaint is appropriate because the claims fail as a matter of law for lack of cognizable legal theories and otherwise fail under the undisputed evidence.

Defendants previously timely filed on September 7, 2026 in compliance with the deadline. Defendants submitted chambers' copies thereafter but received notice thereafter that the chambers' copies were defect as noncompliant with parts of the standing order; this Court struck the motion for this defect.

Defendants previously timely filed and make no changes to their summary judgment motion[2]. Defendants have already turned over the identical moving papers and exhibits to Plaintiffs and will give them renewed copies. Defendants seek relief to re-submit the motion that has been struck and to provide compliant chambers copies without any chambers to the remaining date and deadlines except as the Court sees fit and reasonable to effectuate this allowance. See *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1135-1136 (9th Cir. 1975) ("Summary judgment has, as one of its most important goals, the elimination of waste of the time and resources of both litigants and the courts in cases where a trial would be a useless formality."

[2] Defendants have fixed a clerical error in the hearing date in the Captions



MK MANNING | KASS

## II. GOOD CAUSE EXISTS FOR RELIEF TO ALLOW DEFENDANTS' TO FILE THE SUMMARY JUDGMENT MOTION

Plaintiffs filed their complaint on January 24, 2025 [Dkt. No. 1]. Parties are in the midst of an upcoming mediation as well as this pending motion practice. [Dkt. No. 32] This Court recently granted parties stipulation wherein they kept the due date of September 7, 2026 the same for filing Defendants' motion but provided Plaintiffs with additional time to oppose. [*Id.*] Parties stipulation encompassed the motion practice schedule. [*Id.*] It was not anticipated by Defendants (or presumably Plaintiffs) that they would have a procedural defect in their chambers' copies at all, let alone one that would result in a strike of the summary judgment motion in total without any order or chance to remedy the chambers' copies.

**Summary Judgment Motion Is Complete**

There is good cause to allow Defendants to file this motion. First, the motion is complete and Plaintiffs have received it timely. Further, this motion has merit. There are several legal theories and immunities set forth in this motion that require summary adjudication, including state immunities, qualified immunity, and for this Court to rule that there are no cognizable theories of recovery based on the allegations within the Complaint at all. The questions in this case include legal bars, immunities, and applications of logic which will dispose of the complaint before trial even begins.

**Irreparable Harm**

Further, Defendants adhered to its good faith and reasonable understanding of the deadlines as well as standing order. Defendants will be irreparably harmed, including losing its legal rights, if the Court disallows it from filing this Motion. "[F]airness to defendants is as much a policy of Rule 56 as are fairness to plaintiffs and the convenience to the district court…." *In re School Asbestos Litig.*, 977 F.2d 764, 794 (3d Cir. 1992).

Defendants procedural error born out of a communication breakdown, if used as a bar to Defendants' Motion, will rob Defendants of being able to meaningfully

litigate its case and close its ability to bring a summary judgment motion even with good faith attempts to adhere to the Court's Standing Order. "Under the policy of Rule 56, movants are entitled to avoid the expense and tribulations of trial if they can prove that there is no triable issue." *Id.* (citing Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)). Indeed, the main benefit of qualified immunity will be lost and claims that can be decided as lacking legal grounds by this Court at the outset will go through the possible formality of trial. Defendants will suffer waste, costs, be robbed of its ability to summarily adjudicate the issues, and lose the primary benefit of its specific immunities should it be forced to go to trial on them.

**No Prejudice In Allowing Summary Judgment**

Finally, good cause exists because there is no prejudice to either party in this case. Plaintiffs have already timely received the motion and have been provided additional time to review and Oppose the same pursuant to Defendants good faith stipulation ahead of the upcoming mediation. To the contrary, Defendants will be extremely prejudiced if the Court, having stricken its summary judgment motion, disallows a re-file. Disallowing a resubmission with compliant chambers copies would rob Defendants of their ability to bring the motion at all, dispose of a case which has, as argued in summary judgment, no legal basis, and would disallow Defendants from bringing qualified immunity and benefiting from the chief allowance qualified immunity provides: forgoing trial if qualified immunity applies.

Parties were working towards a stipulation to allow Defendants to re-file their motion but Plaintiffs' counsel could not respond to Defendants request to stipulate by end of business. Nor could Plaintiffs' counsel provide their position as to whether or not they were going to oppose, despite Defendants request for this information.

## III. THE COURT HAS DISCRETION TO GRANT THE REQUESTED RELIEF

"[R]esort to summary judgment is 'a salutary procedural device,' utilization of which should be encouraged rather than discouraged by appellate courts."

*Northwestern Nat'l Ins. Co. v. Corley*, 503 F.2d 224, 230 (7th Cir. 1974) Whether to continue or move a deadline or strike portions of an Order is within the Court's authority and it may revise or clarify as it sees fit. Consistent with this principle, the Ninth Circuit has held that "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). This authority encompasses procedural orders addressing briefing structure, and it permits the Court to provide the relief Defendants seek to avoid prejudice, uphold fairness, and to allow for the court to decide the issues presented in the summary judgment motion.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request relief from the Court by allowing Defendants to re-file the previously stricken moving papers and deliver compliant chambers' copies, along with any additional orders the Court deems necessary or appropriate. Allowing this motion will correct previous errors, uphold fairness to the parties, avoid prejudice, and allow for the disposition of unnecessary or meritless issues prior to trial.

DATED: September 11, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: *\/s/ Kayleigh A. Andersen*

Eugene P. Ramirez
Kayleigh A. Andersen
Eugene P. Hanrahan
Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA



MANNING | KASS

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St., 15th Floor, Los Angeles, CA 90017-3012.

On September 11, 2026, I served true copies of the following document(s) described as ***EX PARTE* APPLICATION FOR RELIEF TO RE-FILE SUMMARY JUDGMENT MOTION; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

- **Kayleigh Ann Andersen**
  kayleigh.andersen@manningkass.com,delia.flores@manningkass.com
- **Richard T Copeland**
  rtc@conflict-solution.com
- **Dale K Galipo**
  dalekgalipo@yahoo.com,dgilbert@galipolaw.com,blevine@galipolaw.com,evalenzuela@galipolaw.com,bjohnson@galipolaw.com,rvalentine@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,msincich@galipolaw.com,ldeleon@galipolaw.com,amonguia@galipolaw.com,coopermayne@recap.email,hlee@galipolaw.com
- **Eugene Paul Hanrahan**
  eugene.hanrahan@manningkass.com,sandra.alarcon@manningkass.com,katherine.hwang@manningkass.com
- **Eugene P Ramirez**
  Eugene.Ramirez@manningkass.com,delia.flores@manningkass.com
- **Marcel F Sincich**
  msincich@galipolaw.com,amonguia@galipolaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 11, 2026, at Los Angeles, California.

/s/ Sandra Alarcon
Sandra Alarcon

MK MANNING | KASS