**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**SHOJAI LAW FIRM**
Neema Shojai, Esq. (SBN 321833)
neema@shojaifirm.com
8880 Rio San Diego, Suite 800
San Diego, California 92108
Telephone: (619) 777-0383
Facsimile: (619) 775-1383

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DIANA RIAS; TA-TANESHA GALBURTH; DOMINIC ADAMS Sr.; and BRITTANY MASON,

Plaintiffs,

v.

CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,

Defendants.

Case No. 5:25-cv-00207-JGB-ACCV

[*Honorable Jesus G. Bernal*]
Magistrate Judge Angela C. C. Viramontes

**PLAINTIFFS' OBJECTIONS TO EXHIBITS PRESENTED IN DEFENDANTS' SEPARATE STATEMENT**

[*Filed concurrently with* Plaintiffs' Opposition to Defendants' Motion for Summary Judgment; Memorandum of Points and Authorities in support thereof; Declaration of Marcel F. Sincich and exhibits thereto; Declaration of Roger Clark; Declaration of Felix Lee; Plaintiffs' Statement of Genuine Disputes and Additional Material Facts]

Hearing: October 19, 2026
Time: 09:00 a.m.
Crtrm: 1

Trial Date: December 1, 2026

**PLAINTIFFS' OBJECTIONS TO EXHIBITS AND "FACTS" PRESENTED IN DEFENDANTS' SEPARATE STATEMENT**

**Section I: Plaintiffs Object to Defendants Hearsay Post-Incident Reports**: (i) Def. Exh. B, Zozaya's Incident Report; (ii) Def. Exh. I, San Bernardino County MAIT Report; (iii) Def. Exh. S, Fontana Police Department Policy Manual; (iv) Def. Exh. T, Wobrock Rule 26 Expert Report; (v) Def. Exh. U, Martin Rule 26 Initial Expert Report; and (vi) Def. Exh. V, Martin Rule 26 Rebuttal Expert Report. .......... 2

**Section II: Plaintiffs Object to Garcia's Testimony for Lack of Recollection and Request for Inference in Plaintiffs' Favor**. .......... 5

**Section III: Plaintiffs Objections to Defendants' Purportedly Undisputed Facts**. .......... 10

Respectfully Submitted,

DATED: September 21, 2026

**LAW OFFICES OF DALE K. GALIPO**
**SHOJAI LAW FIRM**

By: */s/ Marcel F. Sincich*
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq.
Neema Shojai, Esq.
*Attorneys for Plaintiffs*

# I. Objections To Defense Exhibits

Defendants repeatedly cite irrelevant exhibits that the Ninth Circuit and Supreme Court have clearly stated cannot be considered in determining the reasonableness of an officer's use of deadly force. These objections apply uniformly to each of the several Defendants' Separate Statement paragraphs cited herein.

Objection to Defendants' **Exhibit B** – Fontana Police Department Confidential Incident Report by Officer Brian Zozaya (COF 302-305), on the grounds that it is hearsay without exception, includes after acquired information unknown to officers, includes legal conclusions, and it is inappropriate to file documents and pages of documents that are not used to support a contentions. This exhibit should not be considered because it is irrelevant, unduly prejudicial, and hearsay. Fed. R. Evid. 401, 402, 403, 801.

Further, Defendants failed to properly pinpoint cite their evidence. Instead, they repeatedly site two pages of information in the report per proposed fact. Pursuant to Local Rule 56-1, "Each such fact must be numbered and must be supported by pinpoint citations (including page and line numbers, if available) to evidence in the record." Defendants' failure to follow the Local Rule and this Court's Order makes it difficult and unduly prejudicial to both Plaintiffs and this Court to verify Defendants allegedly uncontroverted facts. Plaintiffs contend that this exhibit should not be considered at all in evaluating Defendants' Motion.

Objection to Defendants' **Exhibit I** – San Bernardino County Sheriff's Department Major Incident Investigation Team ("MAIT") Report (COF 11-151), which is 118-pages of a collection of several post-incident reports authored by several Sheriff's Deputies. Object on the grounds that this Report is information unknown to the Defendant officers at the time of their conduct and use of force. This exhibit should not be considered because it is irrelevant and unduly prejudicial, includes layers of hearsay, lacks foundation, and includes impermissible character evidence. Fed. R. Evid. 401, 402, 403, 404. This report contains sketches, diagrams

and markings, and conclusions without foundation, without establishing sufficient facts and data and without establishing a reliable methodology in determining these expert opinions. This report contains hearsay summary of statements by involved officers, that were not under oath, supposedly were recorded yet recordings were never produced to Plaintiffs. Thus, objection as to several layers of hearsay, speculation, and improper expert opinion without foundation. Fed. R. Evid. 602, 702, 801.

Further, Defendants cite only approximately 24 pages of the 118-page report. Therefore, Defendants include information that was not relied upon and should be stricken from the record. Further, Defendants failed to properly pinpoint cite their evidence. Instead, they repeatedly site multiple pages of information in the report for one proposed fact. Pursuant to Local Rule 56-1, "Each such fact must be numbered and must be supported by pinpoint citations (including page and line numbers, if available) to evidence in the record." Defendants' failure to follow the Local Rule and this Court's Order makes it difficult and unduly prejudicial to both Plaintiffs and this Court to verify Defendants allegedly uncontroverted facts. Plaintiffs contend expert conclusions and hearsay statements in this exhibit should not be considered at all in evaluating Defendants' Motion.

Objection to Defendants' **Exhibit S** – 99 pages of the Fontana Police Department Policy Manual, and several selected slides from FPD training. Object on the grounds that these are overbroad, cumulative, includes irrelevant information, and includes information that is too vague and ambiguous to consider. Fed. R. Evid. 401, 403. Further, these policies and slides include conclusions without foundation, without establishing sufficient facts and data and without establishing a reliable methodology in determining these expert opinions. This report contains hearsay, speculation, and improper expert opinion without foundation. FRE. 602, 702, 801.

Objection to Defendants' **Exhibit T** (Wobrock Rule 26 Expert Report), **Exhibit U** (Martin Rule 26 Initial Expert Report), and **Exhibit V** (Martin Rule 26

Rebuttal Expert Report) on the grounds that these exhibits, which were undeniably created after the use of force incident, contain information unknown to officers at the time of the incident. This exhibit should not be considered because they are unsupported by declaration of the experts, irrelevant and unduly prejudicial, includes layer of hearsay, lacks foundation, and includes impermissible character evidence. Fed. R. Evid. 401, 402, 403, 404, 801. Defendants' experts provide opinions without sufficient facts and data, outside their expertise, and opinions based on an unreliable method. Fed. R. Evid. 702. Citations to these reports cannot be used to establish a fact or whether there is a dispute of fact. The factual information contained in their reports are not evidence or opinions, they are hearsay and only included to establish a basis for opinions. For Exhibit T, Defendants repeatedly and only cite to pages 9-18 (five times), which is 10 pages of irrelevant information and/or merely identifying information from the MAIT Report, and 4 opinions that are not cited to or relied upon by Defendants. For Exhibits U and V, Martins reports are not cited to or relied upon at all by Defendants. Thus, must be stricken from record.

This is a §1983 civil rights and state tort case arising from the Officers reckless conduct in causing a collision and killing three innocent boys. The analysis is limited to information known to Officers at the time and cannot be based on improper expert opinion.

Plaintiffs object on the grounds that Defendants' exhibits cited do not establish the absence of a genuine dispute. Pursuant to Local Rule 56-1, these exhibits do not present material facts. A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *See Tennessee v. Garner*, 471 U.S. 1, 26 (1985) ("The clarity of hindsight cannot provide the standard for judging the reasonableness of

police decisions made in uncertain and often dangerous circumstances."); *Glenn v. Washington Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."). Irrelevant evidence is not admissible. Federal Rule of Evidence 401, 402. The inquiry here is limited to the information known to the officer at the time of the officer conduct. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). Adhering to these parameters is of the utmost importance because it maintains an essential balance and protects both law enforcement officers and the public. *See Id.* at 25-26; *United States v. Place*, 462 U.S. 696, 703 (1983).

This exact issue was recently addressed by the Honorable Judge Consuelo B. Marshall in the court's October 14, 2025 Order re. Evidentiary Objections re Defendants' Motion for Summary Judgment, in the matter of *E.V., et al v. City of Covina, et al*., Case No. 5:23-cv-1562-CBM-SHK. (Attached hereto as **Exhibit A**, where defendants also attempted to submit department incident reports, as well as other information unknown). Therefore, Plaintiffs respectfully request that these exhibits be stricken from the record, not considered in evaluating Defendants' Motion, and that any "fact" cited by defendants that is supported by any of these exhibits also be stricken and not considered for determining this dispositive motion.

## II. Objections To Officer Garcia Statements

Objection to any statement or report made by Defendant Officer Garcia related to the collision. Garcia claims to have memory loss and cannot recall the collision. On a dispositive motion, Defendants cannot infer a lack of recollection in their favor. Defendants' arguments regarding Garcia are not facts and contradicted by objective evidence and other testimony. A jury could find that Garcia hid damaging testimony behind the veil of an inability to recollect and can choose not to

believe anything Garcia testified to. Thus, Defendants' arguments based on Garcia's subjective statements about the collision are unsupported by objective evidence and a credibility question for the jury. Garcia authored no report related to the incident. (Exh. 3, Garcia Depo at 12:17-18.) The hearsay investigator summary of Garcia's statement given a month and a half after the incident was a third of a page with limited detail written in third person without any quotations and supposedly was not audio recorded—yet even there it was recorded that "Garcia did not recall the collision." (Def Exh. I at COF 29.) Further, Garcia's deposition testimony was riddled with an inability to recollect, including the date of the incident (Exh. 3, Garcia Depo at 5:17-19, 11:4-6).

Therefore, Plaintiffs request an order that for every question Garcia could not answer at deposition for lack of recollection, the answer be inferred in the light most favorable to Plaintiffs for the purposes of analyzing this dispositive motion.

The following responses Garcia could not recall–see **Exh. 3, Garcia Depo** at:

1. Claims memory loss as a result of the incident. (9:23-10:13.)
2. Claims trouble recalling things and loses his train of thought. (10:14-20.)
3. The time of the incident just that it was at night. (11:7-9.)
4. How many pages of reports he reviewed in preparation for deposition. (13:5-9.)
5. How many videos he saw in preparation for his deposition. (13:10-12.)
6. If he reviewed any video of the collision itself. (14:7-9.)
7. If he heard any other audio besides the radio traffic. (14:15-20.)
8. If his recollection of the pursuit policy number is correct. (14:21-23.)
9. If he reviewed any other evidence. (14:24-25.)
10. Only vaguely recalls speaking with investigators. (15:5-8.)
11. When he spoke to investigators. (15:9-13.)
12. The investigator's name. (15:17-18.)
13. How long the interview lasted. (15:19-20.)
14. If he ever reviewed a transcript or audio of the interview. (15:21-24.)
15. If he had a department rep at the interview. (16:19-23.)
16. If he reviewed reports or video prior to the interview. (16:24-17:1.)
17. Being present for any tactical debrief, which is normally done. (17:12-14.)

18. Being disciplined by the department related to the incident. (18:1-5.)

19. Any retraining related to the incident. (18:7-9.)

20. Is "foggy" as to who is immediate supervisor was on that shift. (19:7-10.)

21. How long he had his current job. (20:9-11.)

22. How long he stayed with FPD after the incident. (20:18-22.)

23. Claims that he does not recall ever meeting or interacting with any occupant of the Nissan prior to the incident (despite not even knowing who they were at the time). (23:16-19.)

24. Receiving any information that the Nissan occupants ever physically injured anyone. (24:6-9.)

25. If he received any information that the Nissan occupants ever threatened any person. (24:10-12.)

26. When he learned why the initial encounter with Zozaya began. (25:1-5.)

27. Seeing any collision between the Nissan and any other vehicle prior to his collision with the Nissan. (25:16-19.)

28. Hearing any radio traffic as to a collision during the pursuit. (25:25-26:3.)

29. Whether anyone requested air support. (26:4-6.)

30. Whether he ever activated his body-worn camera. (29:1-2.)

31. The make and model of the subject vehicle. (29:20-24.)

32. Garcia stated, "I don't remember the collision itself." (29:25-30:2.)

33. If he was breaking or accelerating at the time of the collision. (30:16-24.)

34. What lane he was in at the time of the collision. (31:5-8.)

35. Trying to turn at all immediately prior to the collision. (31:13-15.)

36. Trying to avoid the collision. (31:16-18.)

37. Trying to honk his horn. (31:19-20.)

38. Trying to hit the brakes. (31:21-23.)

39. Seeing any occupants of the Nissan before the collision. (33:6-8.)

40. Seeing any movement inside the Nissan prior to the collision. (33:9-11.)

41. Seeing the Nissan turning prior to the collision. (33:12-14.)

42. Being in westbound Lane 1 because his "memory is a little foggy on that" but has tried to "piece[] together" what happened after the fact. (34:9-14.)

43. The Nissan trying to avoid the collision by braking or swerving. (34:16-19.)

44. Hearing any noise immediately prior to the collision, such as a honking horn. (34:20-25.)

45. Hearing any squealing or screeching tires or brakes prior to the collision. (35:14-17.)

46. Seeing any skid marks on the road. (35:18-20.)

47. How long after the incident he went to the hospital. (39:17-19.)

48. Being outside his vehicle after the incident. (39:23-40:3.)

49. Walking around after the incident. (40:4-5.)

50. Exactly what his injuries were related to the incident. (40:6-23.)

51. If he broke any bones. (40:25-41:1.)

52. How long after the incident he felt comfortable driving. (41:5-7.)

53. His partner's injuries. (41:16-20, 42:8-17.)

54. If he was wearing a seatbelt during the incident. (42:19-21.)

55. If his partner was wearing a seatbelt during the incident. (42:22-24.)

56. Garcia claims he does not recall hearing the radio broadcast. (45:5-13.)

57. Receiving any new information prior to turning on to Valley. (47:9-11.)

58. Which officer was giving updates over the radio. (47:19-21.)

59. Receiving any communication from Zozaya regarding the speed of the pursuit. (47:25-48:2.)

60. Hearing any updates about the location of the pursuit. (48:3-5.)

61. Hearing that the pursuit was initiated passing Catawba. (48:14-18.)

62. If he heard that the pursuit was initiated passing Catawba prior to him starting to respond. (48:20-22.)

63. Hearing Zozaya stating the pursuit was high speed. (48:23-25.)

64. Hearing Zozaya state that the pursuit was passing Oleander. (49:1-3.)

65. Zozaya state that the pursuit was approaching Cypress. (49:4-6.)

66. Having any communication with a supervisor from the time of the first broadcast to the collision. (50:3-8.)

67. Having any communication with Zozaya or Precie other than radio communication. (50:9-12.)

68. Communicating with dispatch at all. (51:10-12.)

69. Putting any out on his computer. (51:17-19.)

70. Is not sure if he had any communication with Terwilliger. (51:23-52:1.)

71. Whether he stopped at the apron. (52:11-13.)

72. Seeing vehicles coming from the east. (53:4-6.)

73. Bautista communicating over the radio. (53:7-9.)

74. Seeing any computer update related to Bautista. (53:10-13.)

75. Seeing any vehicles at the intersection of Valley and Cypress. (53:14-17.)

76. Why he decided not to activate his body-worn camera. (54:13-17.)

77. If turning on the BWC requires pushing the button once or twice. (55:3-5.)

78. Activating his sirens prior to the collision. (55:10-12.)

79. Activating his emergency lights prior to the collision. (55:13-15.)

80. Whether he saw video showing his emergency lights activated prior to the collision. (55:16-19.)

81. Activating his headlights prior to turning on to Valley. (55:23-25.)

82. If there were any safety concerns during the incident where he would want to have his headlights off while responding. (59:8-13.)

83. If he had a reason to drive without his headlights on any prior pursuit. (59:19-21.)

84. If he was trying to be inconspicuous after the call came out prior to the collision. (61:3-6.)

85. Using a blinker when turning left on to Valley. (62:9-11.)

86. Having to pass double-yellow lines on Valley. (62:12-16.)

87. The layout of the painted lines indicating a center turning lane. (63:3-14.)

88. Name of the policy where safe driving techniques are discussed. (69:4-6.)

89. The wording in the training or policy regarding intersections having a heightened risk of collision. (74:10-15.)

90. The wording in the policy regarding officers wearing seatbelts. (76:16-22.)

91. If anyone specifically asked for additional units to respond to the pursuit. (78:20-22.)

92. Making a request to join the pursuit. (78:23-79:1.)

93. Hearing anybody else make a request to join the pursuit. (79:2-3.)

94. Training in defensive driving related to the term "space cushion." (79:4-6.)

95. Hearing Zozaya say, "Eastbound Valley, passing Oleander" over the radio. (84:20-25.)

96. If he started to turn when the Nissan was in the intersection. (92:9-13.)

97. If he was on the south side or the north side of the double yellow lines at the time of the collision. (98:24-99:2.)

98. Where in the parking lot he and Bautista were parked. (101:7-10.)

99. Whether he contacted dispatch or any other vehicle to let them know he was going to join the pursuit. (105:7-12.)

100. If he was intending to conduct a pursuit intervention technique. (107:9-16.)

101. If he was attempting to conduct a blocking, boxing, PIT, ramming, roadblock, or tire deflation technique. (107:20-25.)

102. If he saw the Nissan when he was in the driveway. (109:22-24.)

103. If he immediately saw a vehicle when he started his turn. (111:16-19.)

104. If ever informed where the collision point of impact was. (113:10-12.)

105. If he heard anything about weapons involved. (114:19-21.)

106. Hearing any actions by the Nissan towards any person, vehicle, or structure. (114:22-25.)

107. Whether there was any report of the Nissan driving erratically other than taking off on the officers. (115:10-12.)

## III. Objections to Defendants Statement of Facts

| Ds' SUF No. | Defendants' Facts | Plaintiffs' Objections |
|---|---|---|
| **1.** | On February 3, 2024, officer Brian Zozaya ("Zozaya") and Daniel Precie ("Precie") were conducting routine patrol at or around the area of Catawba and Valley in Fontana, CA. (Ex. B at 1-2; Ex. R at 17:12-21:9; Ex. W at 12:3-13:18, 14:21-19:10) | **Objection to Def Exh. B** (see Section I). |
| **2.** | Around 10:44 p.m., Zozaya caught sight of a 2022 Nissan license plate 8ZZG454 ("vehicle"). (Ex. B at 1) | **Objection to Def Exh. B** (see Section I). |
| **3.** | It was later determined that minor Giovanni Bonilla ("Bonilla") was operating the vehicle. (Ex. I at COF 11, COF 1150-20; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]; Ex. L) | **Objection to Def Exh. I** (see Section I).<br>**Objection to Def Exh. L** (see Section I). |
| **4.** | Zozaya noted that one of the rear passengers was hanging out of the rear window in a way that made it apparent he was not wearing a seatbelt. (Ex. B at 1-2; Ex. W at 18:6-18) | **Rule 403/602/611**: Compound, Speculation, Lacks Foundation. |
| **5.** | Officers witnessed this window hanging as violative of VC27315. (Ex. B at 1-2) | **Objection to Def Exh. B** (see Section I).<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading. |

| Ds' SUF No. | Defendants' Facts | Plaintiffs' Objections |
|---|---|---|
| | | **Rule 403/602/611**: Compound. |
| **6.** | Officers approached closer and saw the vehicle make an "unsafe turn from" the current lane to the second lane in front of another driver without using a turn signal. (Ex. B at 1-2; Ex. W at 18:6-19:16) | **Objection to Def Exh. B** (see Section I).<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. |
| **7.** | Officers witnessed this lane change as violative of VC22108. (Ex. B at 1-2) | **Objection to Def Exh. B** (see Section I).<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. |
| **8.** | At this time, the road was wet due to rain, thereby rendering the two violations to be a greater safety threat. (Ex. B at 1-2; Ex. W at 25:15-27:16) | **Objection to Def Exh. B** (see Section I).<br>**Objection to Def Exh. W** (see Section I); at 25:15-27:16: irrelevant, not supporting the "fact". FRE 401, 403.<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Evidence, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. |
| **9.** | Officers then attempted to conduct a traffic stop on the vehicle at a solid red light in the eastbound lanes of Catawba. (Ex. B at 1-2; Ex. W at 12:6-13:18, 14:21-19:10) | **Objection to Def Exh. B** (see Section I).<br>**Objection to Def Exh. W** (see Section I); at 12:6-13:6: refers to initiation of the vehicle pursuit not the traffic stop; at 14:21-19:10: overbroad, does not establish the proposed fact.<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Argumentative, Unduly Prejudicial, Confuses the Issues, Misleading. |

| Ds' SUF No. | Defendants' Facts | Plaintiffs' Objections |
|---|---|---|
| | | **Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Violation of Local Rule 7-6** requiring factual contentions in any motion shall be presented upon evidence. |
| **10.** | Officers activated all of the following: their emergency lights with forward facing solid red lights, flashing white and blue lights, and sirens. (Ex. B at 1-2; Ex. W at 12:6-13:18) | **Objection to Def Exh. B** (see Section I).<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misleading.<br>**Rule 403/602/611**: Compound, Lacks Foundation.<br>**Violation of Local Rule 56-1** requiring "Each such fact … must be supported by pinpoint citations … to evidence in the record" and **Standing Order** at 7:27-8:4 "Judges are not like pigs, hunting for truffles buried in briefs"<br>**Violation of Local Rule 7-6** lacks evidence. |
| **11.** | In response, the vehicle accelerated away, going westbound on Valley street from Catawba street. (Ex. B at 1-2; Ex. R at 24:23-26:1; Ex. W at 12:6-13:18) | **Objection to Def Exh. B** (see Section I).<br>**Rule 403/611**: Compound.<br>**Violation of Local Rule 56-1** pinpoint citation |
| **12.** | Zozaya initiated a vehicle pursuit, taking position as the primary officer. (Ex. B at 1-2; Ex. R at 24:23-26:1; Ex. W at 12:6-13:18; 42:5-7) | **Objection to Def Exh. B** (see Section I).<br>**Rule 403**: Argumentative, Misstates Evidence, Misleading.<br>**Rule 403/611**: Compound.<br>**Violation of Local Rule 56-1** pinpoint citation |
| **13.** | At all relevant times, Valley Road had a speed limit of 45 miles per hour. (Ex. I at COF 00040; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]) | **Objection to Def Exh. I** (see Section I), also Ex. I at COF 40 was a report by Reyes.<br>**Objection to Def Exh. J** at 9:9-21, 11:13-12:3, 19:14-20:3 as showing that |

| Ds' SUF No. | Defendants' Facts | Plaintiffs' Objections |
|---|---|---|
| | | Wolff did not author the entire MAIT report, did not establish the speed limit and did not establish a foundation for determining the speed limit listed on COF 40.<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Evidence, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound. |
| **14.** | The vehicle drove eastbound on Valley (from Catawba) going over 60 miles per hour. (Ex. B at 1-2; Ex. R at 24:23-26:1; Ex. W at 12:6-13:18; 46:7-27:5) | **Objection to Def Exh. B** (see Section I).<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Evidence, Misleading.<br>**Rule 403/602/611**: Compound, Lacks Foundation. |
| **15.** | The vehicle did not show any signs that its driver was going to stop in response to officers' emergency lights or signals of pursuit. (Ex. B at 1-2; Ex. W at 12:6-13:18; 26:7-27:5) | **Objection to Def Exh. B** (see Section I).<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Facts, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Speculation, Lacks Foundation. |
| **16.** | Zozaya broadcasted to dispatch that he was in pursuit. (Ex. B at 1-2; Ex. G; Ex. W at 12:6-13:18) | **Objection to Def Exh. B** (see Section I).<br>**Objection to Def Exh. G** no pinpoint citation in violation of LR 56-1.<br>**Rule 403/602/611**: Compound, Overbroad. |
| **17.** | The vehicle drove eastbound on Valley, through Citrus, approaching Oleander at over 80 miles per hour. (Ex. B at 1-2; Ex. I at COF 000028; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]; Ex. W at 12:3-13:18, 14:21-19:10) | **Objection to Def Exh. B** (see Section I).<br>**Objection to Def Exh. I** (see Section I); COF 28 as it does not establish the facts and only includes hearsay summary of statements of two officers who were not involved in the pursuit.<br>**Objection to Def Exh. J** at 9:9-21, 11:13-12:3; 19:14-20:3 as it does not |

| Ds' SUF No. | Defendants' Facts | Plaintiffs' Objections |
|---|---|---|
| | | establish the proposed fact.<br>**Objection to Def Exh. W** (see Section I); also at 12:3-13:18, 14:21-19:10 as it does not establish the proposed fact.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. |
| **18.** | Officers' determined the vehicle's high speeds on the wet roads, and passage of other motorists, posed a major threat of injury to the public. (Ex. B at 1-2) | **Objection to Def Exh. B** (see Section I).<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Law, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. |
| **19.** | Officer Jesus Garcia ("Garcia") and Edward Bautista ("Bautista") were positioned in their respective patrol vehicles within a parking lot on the southernly side of Valley between Cypress and Juniper. (Ex. K at 42:25-43:19, 44:7-13) | **Objection to Def Exh. K** (Section II)<br>**Rule 403/602/611**: Overbroad, Speculation, Lacks Foundation. |
| **20.** | Garcia and Baustista heard the broadcasts from Zozaya indicating that a pursuit was happening. (Ex. K at 45:1-15) | **Objection to Def Exh. K** (see Section II); 45:1-15 as it does not establish what Bautista heard and does not establish what Garcia knew at the time but merely what he heard in the recording after the incident.<br>**Rule 403/602/611**: Compound, Vague and Ambiguous as Phrased. |
| **21.** | Garcia and Bautista responded as supporting/backing units. (Ex. B at 1-2; Ex. K at 42:25-43:19, 44:7-45:15) | **Objection to Def Exh. B** (see Section I).<br>**Objection to Def Exh. K** (Section II)<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. |

| Ds' SUF No. | Defendants' Facts | Plaintiffs' Objections |
|---|---|---|
| **22.** | Meanwhile, the pursuit eastbound continued through Cypress in speeds over 80 miles per hour. (Ex. B at 1-2; Ex. H; Ex. I at COF 28, COF 139-143; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]; Ex. W at 12:3-13:18, 14:21-19:10, 43:4-44:7) | **Objection to Def Exh. B** (see Section I).<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Violation of Local Rule 56-1** pinpoint citation |
| **23.** | At no point in time did vehicle or the passengers comply with officers' attempts to get them to pull over or otherwise stop their flight. (Ex. B at 1-2) | **Objection to Def Exh. B** (see Section I).<br>**Rule 401/402**: Relevance, Information Unknown.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Violation of Local Rule 7-6** lacks evidence. |
| **24.** | Baustista exited the parking lot turning left onto the westbound lane of Valley towards Cypress. (Ex. B at 1-2; Ex. H at 00:30-00:50; Ex. K at 53:14-54:17) | **Objection to Def Exh. B** (see Section I).<br>**Objection to Def Exh. K** (Section II)<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. |
| **25.** | Behind him, Garcia exited the parking lot with a left turn out onto Valley. (Ex. B at 1-2; Ex. H at 00:30-00:50; Ex. K at 49:8-22, 52:5-54:17, 98:13-23, 112:6-113:9) | **Objection to Def Exh. B** (see Section I).<br>**Objection to Def Exh. K** (see Section II); at 52:11-54:17, 98:13-23, 112:6-113:9: *as not establishing the proposed facts and even contradicting it*.<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading, Misstates Facts, Argument.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Violation of Local Rule 7-6** lacks evidence. |

| Ds' SUF No. | Defendants' Facts | Plaintiffs' Objections |
|---|---|---|
| **26.** | Garcia moved his patrol vehicle into about the northerly end of the middle dividing lane. (Ex. B at 1-2; Ex. H at 00:30-00:50; Ex. K at 49:8-22, 52:5-54:17, 98:13-23, 112:6-113:9) | **Objection to Def Exh. B** (see Section I).<br>**Objection to Def Exh. H** at 00:30-00:50 as argued by Defendants as it does not establish Defendants' proposed fact and in fact disputes/contradicts it.<br>**Objection to Def Exh. K** (see Section II); at 52:11-54:17, 98:13-23, 112:6-113:9: *as not establishing the proposed facts and even contradicting it*.<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading, Misstates Facts, Argument.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Violation of Local Rule 7-6** lacks evidence. |
| **27.** | Garcia did not intend to position his car physically in the way of the vehicle decedents were in. (Ex. K at 37:17-39:5, 106:9-108:1) | **Objection to Def Exh. K** (Section II)<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Violation of Local Rule 7-6** lacks evidence. |
| **28.** | Garcia did not perform any maneuvers with his patrol unit in an effort to terminate the pursuit. (Ex. K at 106:9-108:1) | **Objection to Def Exh. K** (Section II)<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Violation of Local Rule 7-6** lacks evidence. |

| Ds' SUF No. | Defendants' Facts | Plaintiffs' Objections |
|---|---|---|
| **29.** | Almost immediately after Garcia moved into or about the middle dividing lane, decedents' vehicle collided with Garcia. (Ex. B at 1-2; Ex. H at 00:30-00:50; Ex. K at 30:16-32:24, 52:5-54:17, 98:13-23, 112:6-113:9; Ex. I COF 000018-22; See Ex. J at 83:5-86:21, [9:9-21, 11:13-12:3; 19:14-20:3]) | **Objection to Def Exh. B** (see Section I).<br>**Objection to Def Exh. H** at 00:30-00:50 as argued by Defendants as it does not establish Defendants' proposed fact and in fact disputes/contradicts it.<br>**Objection to Def Exh. I** (see Section I); at COF 000018-22 as calling for expert opinion, lacks foundation, calls for speculation, argumentative, misstates facts, confuses the issues, and hearsay. FRE 401, 403, 602, 611, 702, 801.<br>**Objection to Def Exh. K** (see Section II)<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Misstates Facts, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Violation of Local Rule 7-6** lacks evidence. |
| **30.** | From this collision, three of the passengers eventually died, with only Bonilla, Garcia, and his partner alive but seriously injured. (Ex. B at 1-2; Ex. I COF 000016, 36, 59, 61; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]; Ex. T at 9-18) | **Objection to Def Exh. B** (see Section I).<br>**Objection to Def Exh. I** (see Section I).<br>**Objection to Def Exh. T** (see Section I); 9-18 as this is an overbroad 10-page citation that is hearsay, copying hearsay, containing information that is not relevant to this fact, information outside the expertise of Dr. Wobrock, improper expert opinions, and based on speculation and lacks foundation. FRE 410, 403, 602, 611, 702, 801.<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues.<br>**Rule 403/602/611**: Compound, |

| Ds' SUF No. | Defendants' Facts | Plaintiffs' Objections |
|---|---|---|
| | | Speculation, Lacks Foundation.<br>**Violation of Local Rule 7-6** lacks evidence. |
| **31.** | At over 100 miles per hour, decedents' vehicle decelerated approximately sharply over ten (10) miles per hour to between 80 and 90 mph just prior to hitting Garcia. (Ex. I COF 139; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]; Ex. T at 9-18) | **Objection to Def Exh. I** (see Section I).<br>**Objection to Def Exh. T** (see Section I); 9-18 as this is an overbroad 10-page citation that is hearsay, copying hearsay, containing information that is not relevant to this fact, information outside the expertise of Dr. Wobrock, improper expert opinions, and based on speculation and lacks foundation. FRE 410, 403, 602, 611, 702, 801.<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Violation of Local Rule 56-1** pinpoint citation<br>**Violation of Local Rule 7-6** lacks evidence. |
| **32.** | Detective analysis of the vehicle's CDR proffered that about "…[1.5 seconds prior to the collision] that [the vehicle] rotated counter clockwise. (Ex. I COF 139; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]; Ex. T at 9-18) | **Objection to Def Exh. I** (see Section I).<br>**Objection to Def Exh. T** (see Section I); 9-18 as this is an overbroad 10-page citation that is hearsay, copying hearsay, containing information that is not relevant to this fact, information outside the expertise of Dr. Wobrock, improper expert opinions, and based on speculation and lacks foundation. FRE 410, 403, 602, 611, 702, 801.<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues.<br>**Rule 403/602/611**: Compound, |

| Ds' SUF No. | Defendants' Facts | Plaintiffs' Objections |
|---|---|---|
| | | Speculation, Lacks Foundation.<br>**Violation of Local Rule 7-6** lacks evidence. |
| **33.** | Garcia's recollection is that he completed his left turn before seeing headlights coming at him. (Ex. K at 33:15-34:19, 53:14-54:17) | **Objection to Def Exh. K** (Section II)<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Misstates Facts, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Violation of Local Rule 7-6** lacks evidence. |
| **34.** | Garcia's vehicle made it over the southern double yellow line of the center median before the collision. (Ex. H at ; Ex. I COF 18-22; See Ex. J at 83:5-86:21, [9:9-21, 11:13-12:3; 19:14-20:3]; Ex. K at 30:16-32:24, 52:5-54:17, 98:13-23, 112:6-113:9) | **Objection to Def Exh. H** as argued by Defendants as it does not establish Defendants' proposed fact and in fact disputes/contradicts it.<br>**Objection to Def Exh. I** (see Section I).<br>**Objection to Def Exh. K** (Section II)<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Misstates Facts, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Rule 702**: Calls for expert opinion.<br>**Rule 801**: Hearsay<br>**Violation of Local Rule 56-1** pinpoint citation |
| **35.** | Decedents' vehicle, which was in the eastbound lane closest to median, veered leftward into about the middle-diver lane. (Ex. H at ; Ex. I COF 18-22; See Ex. J at 47:8-49:12, 83:5-86:21, [9:9-21, 11:13-12:3; 19:14-20:3]; Ex. K at 30:16-32:24, 52:5-54:17, 98:13-23, 112:6-113:9; Ex. R at 26:13-21, 36:7- | **Objection to Def Exh. H** as argued by Defendants as it does not establish Defendants' proposed fact and in fact disputes/contradicts it.<br>**Objection to Def Exh. I** (see Section I).<br>**Objection to Def Exh. K** (Section II)<br>**Objection to Def Exh. T** (see Section I); 9-18 as this is an overbroad 10-page |

| Ds' SUF No. | Defendants' Facts | Plaintiffs' Objections |
|---|---|---|
| | 38:15; Ex. T at 9-18) | citation that is hearsay, copying hearsay, containing information that is not relevant to this fact, information outside the expertise of Dr. Wobrock, improper expert opinions, and based on speculation and lacks foundation. FRE 410, 403, 602, 611, 702, 801.<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Misstates Facts, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Violation of Local Rule 56-1** pinpoint citation |
| **36.** | After impact, decedents' vehicle continued northeast where it collided with other parked and unoccupied vehicles. (Ex. B at 1-2; Ex. I COF 16-22, 36-39; See Ex. J at 71:5-75:16, [9:9-21, 11:13-12:3; 19:14-20:3]; Ex. T at 9-18) | **Objection to Def Exh. B** (see Section I).<br>**Objection to Def Exh. T** (see Section I); 9-18 as this is an overbroad 10-page citation that is hearsay, copying hearsay, containing information that is not relevant to this fact, information outside the expertise of Dr. Wobrock, improper expert opinions, and based on speculation and lacks foundation. FRE 410, 403, 602, 611, 702, 801.<br>**Objection to Def Exh. I** (see Section I).<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Misstates Facts, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Violation of Local Rule 56-1** pinpoint citation |
| **37.** | Officers arrived to assist, investigating injuries and casualties but not moving anyone inside the cars due to the risk of potential | **Objection to Def Exh. I** (see Section I).<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses |

| Ds' SUF No. | Defendants' Facts | Plaintiffs' Objections |
|---|---|---|
| | spine injuries. (Ex. I COF 27; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]; Ex. Q) | the Issues, Misstates Facts. **Rule 403/602/611**: Compound, Speculation, Lacks Foundation. **Violation of Local Rule 56-1** pinpoint citation **Violation of Local Rule 7-6** lacks evidence. |
| **38.** | Bonilla and decedent Pitts were transported to Arrowhead Regional Medical Center (ARMC) and Loma Linda University Medical Center (LLUMC) while decedent Rias and Adams were pronounced deceased at the scene. (Ex. B at 1-2; Ex. I COF 16, 26, 36, 59, 61; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]) | **Objection to Def Exh. B** (see Section I). **Objection to Def Exh. I** (see Section I). **Rule 401/402**: Relevance. **Rule 403/602/611**: Compound, Speculation, Lacks Foundation. |
| **39.** | Pitts was pronounced dead the next day. (Ex. I COF 71; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]) | |
| **40.** | Following this incident, Bonilla was convicted of violation VC22356(B) exceeding 70 miles per hour. (Ex. L) | |
| **41.** | Officers' POST and training profiles with FPD include course trainings for use of force, driving and pursuit policy, response to calls. (Ex. M at pp 1-4; Ex. N at pp 1-4; Ex. O at pp 1-4; Ex. P at pp 1-4; Ex. S at COF 613-674, 714-1145, 1424-1426, 1511-1512) | **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Confuses the Issues. **Rule 403/602/611**: Compound, Speculation, Lacks Foundation. **Violation of Local Rule 56-1** pinpoint citation |
| **42.** | FPD policy contains provisions which sets forth all of the following with respect to vehicle use and pursuits: (1) the circumstances in which to initiate pursuits; (2) numeric limits on number of | **Objection to Def Exh. S** (see Section I) **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading. **Rule 403/602/611**: Compound, Vague |

| Ds' SUF No. | Defendants' Facts | Plaintiffs' Objections |
|---|---|---|
| | pursuit vehicles; (3) communication procedures for pursuits; (4) the role of supervisors to manage and control pursuits; (5) circumstances in which to use laid out driving tactics; (6) authorized intervention tactics (including blocking, ramming, boxing, and roadblocks) and when to employ them; (7) factors necessary to choose speeds encompassing public, officer, and suspect safety; (8) air support role when available; (9) factors to consider to decide pursuit termination or discontinuance; (10) post-vehicle-pursuit apprehension procedures; (11) determination of effective coordination, management, and control of interjurisdictional pursuits; (12) post-pursuit reporting and analysis. (Ex. S at COF 702-713, 995, 1346-1355) | and Ambiguous, Lacks Foundation. |
| **43.** | FPD also has its policy, including portions specifically related to pursuits, signed as received and acknowledged by officers. (Ex. S at COF 1568-1650; Ex. M at COF 1849, 1853, 1845, 1841; Ex. N at COF 1829, 1825, 1833; Ex. O at COF 179, 1780, 1784, 1788, 1792, 1796, 1800, 1801, 1805, 1809, 1813; Ex. P at COF 1964, 1958) | **Objection to Def Exh. S** (see Section I); COF 1568-1650 as not part of FPD policy. It is a power point presentation that appears to be training with no specified course number or date to establish if any officer has ever been trained on these slides.<br><br>**Objection to Def Exh. M** at COF 1849 as training that took place after the incident, 1845 and 1853 as the exact same document reproduced as if a separate course.<br><br>**Objection to Def Exh. N** at COF 1829 as training that took place after the incident. |

| Ds' SUF No. | Defendants' Facts | Plaintiffs' Objections |
|---|---|---|
| | | **Objection to Def Exh. O** at COF 179 as not included by Defendants and 1813 as training that took place after the incident. **Objection to Def Exh. P** at COF 1964 as not included by Defendants. **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading. **Rule 403/602/611**: Compound, Speculation, Lacks Foundation. **Rule 801**: Hearsay **Violation of Local Rule 7-6** lacks evidence. |
| **44.** | FPD also has a pursuit-specific yearly training refreshers. (Ex. S at COF 1568-1650) | **Objection to Def Exh. S** (see Section I) **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading. **Rule 602/611**: Lacks Foundation. **Rule 801**: Hearsay. |
| **45.** | Plaintiffs defer to the following records as showcasing the facts they know and the facts upon which their claims are based: "Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers." (Ex. C, No. 1, 6, 20; Ex. D, No. 1, 6, 20; Ex. E, No. 1, 6, 20; Ex. F, No. 1, 6, 20) | **Rule 401/402**: Relevance. **Rule 403**: Confuses the Issues, Misleading. **Rule 602/611**: Compound, Vague and Ambiguous, Incomplete. |
| **46.** | Plaintiffs allege that Officers "used deadly force in their improper tactics and by vehicle intervention | **Rule 401/402**: Relevance. **Rule 403**: Confuses the Issues, Misleading. |

| Ds' SUF No. | Defendants' Facts | Plaintiffs' Objections |
|---|---|---|
| | techniques." (Ex. A, ¶ 34, 50-52; Ex. C, No. 1, 6; Ex. D, No. 1, 6; Ex. E, No. 1, 6; Ex. F, No. 1, 6) | **Rule 602/611**: Compound, Vague and Ambiguous, Incomplete. |
| **47.** | To support their first claim, Plaintiffs specifically claim that Officers "escalated the situation when they unreasonably used their patrol vehicles to forcibly strike the vehicle occupied by but not driven by Decedents." (Ex. A, ¶ 34, 50-52; Ex. C, No. 1; Ex. D, No. 1; Ex. E, No. 1; Ex. F, No. 1) | **Rule 401/402**: Relevance.<br>**Rule 403**: Confuses the Issues, Misleading.<br>**Rule 602/611**: Compound, Vague and Ambiguous, Incomplete. |
| **48.** | To support their second claim, Plaintiffs specifically claim that Officers "intentionally used force…against Decedents, causing their deaths" and failed to give verbal warnings. (Ex. A, ¶ 34, 62-64; Ex. C, No. 1; Ex. D, No. 1; Ex. E, No. 1; Ex. F, No. 1) | **Rule 401/402**: Relevance.<br>**Rule 403**: Confuses the Issues, Misleading.<br>**Rule 602/611**: Compound, Vague and Ambiguous, Incomplete. |
| **49.** | To support their third claim for *Monell* policy liability, Plaintiffs allege that the City has policies including using excessive force on unarmed, non-risk suspects, failing to train or discipline Officers, and maintaining a policy of inaction. (Ex. A, ¶ 34, 76-81; Ex. C, No. 6, 20; Ex. D, No. 6, 20; Ex. E, No. 6, 20; Ex. F, No. 6, 20) | **Rule 401/402**: Relevance.<br>**Rule 403**: Confuses the Issues, Misleading.<br>**Rule 602/611**: Compound, Vague and Ambiguous, Incomplete. |
| **50.** | To support their fourth claim for *Monell* failure to train liability, Plaintiffs allege the City failed to train Officers on how to handle use of force in particular against persons in a vehicle, unreasonable stop of a vehicle, and tactical communication and position. (Ex. | **Rule 401/402**: Relevance.<br>**Rule 403**: Confuses the Issues, Misleading.<br>**Rule 602/611**: Compound, Vague and Ambiguous, Incomplete. |

| Ds' SUF No. | Defendants' Facts | Plaintiffs' Objections |
|---|---|---|
| | A, ¶ 34, 90-91; Ex. C, No. 6, 20; Ex. D, No. 6, 20; Ex. E, No. 6, 20; Ex. F, No. 6, 20) | |
| **51.** | To support their fifth claim for *Monell* ratification, Plaintiffs allege a final policymaker determined that acts of the Officers were within policy and that a policymaker has a history of ratifying unconstitutional use of force. (Ex. A, ¶ 34, 99-101, 103; Ex. C, No. 6, 20; Ex. D, No. 6, 20; Ex. E, No. 6, 20; Ex. F, No. 6, 20) | **Rule 401/402**: Relevance.<br>**Rule 403**: Confuses the Issues, Misleading.<br>**Rule 602/611**: Compound, Vague and Ambiguous, Incomplete. |
| **52.** | Plaintiffs sixth, seventh, and eighth claims stem from the same allegations and injury underlying the first and second causes of action. (Ex. A, ¶ 34, 109-112, 120-123, 133-137; Ex. C, No. 1, 20; Ex. D, No. 1, 20; Ex. E, No. 1, 20; Ex. F, No. 1, 20) | **Rule 401/402**: Relevance.<br>**Rule 403**: Confuses the Issues, Misleading.<br>**Rule 602/611**: Compound, Vague and Ambiguous, Overbroad, Incomplete. |