**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**SHOJAI LAW FIRM**
Neema Shojai, Esq. (SBN 321833)
neema@shojaifirm.com
8880 Rio San Diego, Suite 800
San Diego, California 92108
Telephone: (619) 777-0383
Facsimile: (619) 775-1383

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DIANA RIAS; TA-TANESHA GALBURTH; DOMINIC ADAMS Sr.; and BRITTANY MASON,

Plaintiffs,

vs.

CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,

Defendants.

Case No. 5:25-cv-00207-JGB-ACCV

[*Honorable Jesus G. Bernal*]
Magistrate Judge Angela C. C. Viramontes

**DECLARATION OF <u>FELIX LEE</u>**

# DECLARATION OF FELIX LEE

I, Felix Lee, declare as follows:

1. I am a competent adult and personally familiar with the facts contained herein and would and could competently testify thereto if called upon to do so.

2. I am the Principal Engineer at Collision Reconstruction Consulting. I hold a Master of Science in Mechanical Engineering from the University of California, Los Angeles (UCLA) and am a licensed Professional Engineer in the state of California. I specialize in motor vehicle accident reconstruction and have investigated and reconstructed collisions involving passenger cars, commercial trucks, vans, buses, motorcycles, bicycles, and pedestrians since 2012. In my professional career, I have investigated over 1,200 traffic accidents and conducted engineering assessments of those accidents. In addition, I have qualified in California State Superior Courts and United States Federal Courts as an accident reconstruction expert witness.

3. My accident reconstruction analysis of a motor vehicle incident is based on review of the following materials: San Bernardino County Sheriff's Department MAIT Accident Investigation Report, Fontana Police Department Initial Incident Report, Supplement Incident Report by Computer Forensics Technician Kurt Wagner, Surveillance footage from intersection camera – Valley/Cypress, 122 color photographs taken at-scene by police, 4 color photographs taken at-scene by Visual Labs, Bodyworn camera footage from Officers Brian Zozaya, Daniel Precie, and Edward Bautista, Crash Data Retrieval (CDR) data downloaded from a 2020 Ford Explorer Police by SBSD MAIT, and Crash Data Retrieval (CDR) data downloaded from a 2020 Nissan Sentra by SBSD MAIT.

4. The steering input recorded for the Nissan is inaccurate, impossible, and unreliable.

5. The reconstruction indicates the police-determined area of impact in the two-way turn lane is incorrect. Based on objective evidence, Garcia could not have

completed the turn, Garcia was not facing west at the time of the collision, was not in the center lane or westbound lanes. The reconstructed area of impact was in the left portion of the eastbound #1 lane of Valley Boulevard. It is physically impossible for Officer Garcia's vehicle to collide with the Nissan at the police area of impact and then move southeast to its rest position. Officer Garcia's Ford traveling approximately 20 mph and facing northwest colliding with the Bonilla Nissan traveling 80 to 85 mph and facing northeast would cause the Ford to move in a northeast direction to rest, rather than southeast. According to my reconstruction of the incident, the area of impact between the Nissan and Ford was around 550' away from the west crosswalk of the Cypress Avenue intersection. Considering the distance travelled over time according to the Nissan EDR data, the Nissan would have crossed the west crosswalk at 3.5 to 4 seconds before impact. Then considering the distance travelled over time according to the Ford EDR data, the Ford would have been just behind the driveway apron at 3.5 to 4 seconds before impact. The Ford does not enter the roadway until 1.5 to 2 seconds later. The evidence does not support Officer Garcia's vehicle traveling north across the southern lanes when the Bonilla Nissan entered the Cypress Avenue intersection. By the time Officer Garcia's vehicle entered the roadway, the Nissan was less than 300' away from Officer Garcia's vehicle and the Nissan had already crossed the Cypress Avenue intersection.

6. Garcia slowed to the apron of the driveway but did not come to a full stop.

7. The vehicle damage supports an initial collision between the front of the Ford Explorer and right front of the Nissan Sentra. This offset broadside collision would induce a clockwise rotation of the Ford Explorer and counterclockwise rotation of the Nissan Sentra, resulting in a "secondary slap" between the right rear of the Nissan Sentra and left front of the Ford Explorer.

8. EDR data from the Ford Explorer indicates the police vehicle was traveling 16 mph at 5 seconds before impact (with the Nissan). The Ford then decelerated to 5 mph at 3.6 seconds before impact. Thereafter, full acceleration was applied (100% of full capacity) up to impact, where the Ford reached an impact speed of around 19 mph.

9. The simulation indicates the Nissan was traveling around 82 mph during impact with the Ford Explorer traveling around 20 mph.

10. The Ford entered the roadway at around 2 seconds before impact with the Nissan, after the Nissan had crossed the Cypress Avenue intersection.

11. If Officer Garcia had utilized his headlights, the motion of his vehicle illuminating the roadway ahead would significantly increase its conspicuity, and alert others (including Mr. Bonilla) that there is a vehicle approaching the driveway apron and intersecting roadway. This would enable Mr. Bonilla to detect and recognize the presence of Officer Garcia's vehicle earlier than he did in the subject incident, and provides additional time for Mr. Bonilla to apply evasive maneuvers, therefore potentially changing the outcome of the collision sequence.

12. Officer Garcia's conduct was a substantial contribution to the cause of this collision. Officer Garcia initiated an unsafe left turn across the eastbound lanes of Valley Boulevard and failed to yield the right of way to the eastbound Bonilla Nissan. Officer Garcia failed to stop and clear eastbound traffic before turning left. Had Officer Garcia stopped and properly yielded to the Nissan, the outcome would have been different. Not only did Officer Garcia fail to come to a complete stop before entering the intersecting roadway, but he applied full throttle once he reached the base of the driveway apron, when the Nissan was already in the Cypress Avenue intersection approaching the collision site. If Officer Garcia had stopped at the driveway apron and scanned to his left, he had opportunity to see the Nissan approaching in the intersecting roadway. Finally, Officer Garcia's failure to use headlights and a left turn signal as a contributing factor in the subject collision.

Headlights and blinkers are designed to signal the vehicle presence and anticipated direction of movement to other drivers.

13. Filed concurrently as "**Exhibit 28**" is a true and correct copy of my Rule 26 Initial Expert Report in this matter, including my Curriculum Vitae setting forth my qualifications to provide expert testimony, both of which I incorporate herein.

14. Filed concurrently as "**Exhibit 29**" is a true and correct copy of my Rule 26 Rebuttal Expert Report in this matter.

15. Filed concurrently as "**Exhibit 30**" is a true and correct copy of an animation of the incident based on my findings, from the perspective of the Nissan driver.

16. Filed concurrently as "**Exhibit 31**" is a true and correct copy of an animation of the incident based on my findings, from a perspective behind the Nissan.

17. Filed concurrently as "**Exhibit 32**" is a true and correct copy of an animation of the incident based on my findings, from the perspective of the officer driver.

18. Filed concurrently as "**Exhibit 33**" is a true and correct copy of an animation of the incident based on my findings, from an overhead perspective of the collision scene.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 21st day of September, 2026.

Felix Lee

Felix Lee, Declarant