UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-0207 JGB (ACCVx)** | Date | September 21, 2026 |
| Title | ***Diana Rias, et al. v. City of Fontana, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **Order (1) DENYING Defendants' Motion to Amend Answer to Complaint (Dkt. No. 29); (2) STRIKING Defendants' Amended Answer (Dkt. No. 30); and (3) VACATING the September 28, 2026 Hearing (IN CHAMBERS)**

Before the Court is the Motion to Amend Answer to Complaint filed by Defendants City of Fontana, Edward Bautista, Jesus Garcia, Daniel Precie, and Brian Zozaya ("Defendants"). ("Motion," Dkt. No. 29.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court **DENIES** the Motion.

## I. BACKGROUND

On January 24, 2025, Plaintiffs Diana Rias, Tatanisha Pitts, Dominic Adams Sr., and Brittany Mason ("Plaintiffs") filed a complaint against Defendants pursuant to 42 U.S.C. § 1983 and California state law. ("Complaint," Dkt. No. 1.) Defendants filed their answer to the Complaint on February 24, 2025. ("Answer," Dkt. No. 15.)

The Court issued a scheduling order on July 11, 2025. (Dkt. No. 22.) On June 23, 2026, the Court granted a joint stipulation to modify the scheduling order as to discovery cut-off dates, expert disclosure deadlines, and the last day to complete mediation. (Dkt. No. 28.) On September 8, 2026, the Court granted the parties' joint stipulation to modify the scheduling order as to summary judgment deadlines and the expert discovery cut-off date. (Dkt. No. 34.)

On August 25, 2026, Defendants filed this Motion, requesting leave to amend their Answer. (Motion.) On the same day, Defendants filed an amended answer. ("Amended Answer," Dkt. No. 30.) On September 4, 2026, Plaintiffs opposed the Motion. (Dkt. No. 31.)

## II. LEGAL STANDARD

A party seeking to amend its pleading after the date specified in the scheduling order must first show "good cause" for amendment under Federal Rule of Civil Procedure 16(b); then, if good cause is shown, the party must demonstrate the amendment is proper under Federal Rule of Civil Procedure 15. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (citing Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

Rule 16(b)(4) allows a case management schedule to be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. The inquiry focuses on the moving party's reasons for seeking modification. Id. A party demonstrates good cause by showing that, even with due diligence, it could not meet the scheduling deadlines. Id.

## III. DISCUSSION

Pursuant to this Court's scheduling order, the deadline to amend pleadings was October 20, 2025. (Dkt. No. 22.) Now, almost a year after that deadline, Defendants move to amend their answer to add "a facially applicable defense" under California Vehicle Code §§ 21052 and 21055. (Motion at 4.) Defendants fail to provide good cause to amend their answer, let alone any reason for seeking such modification beyond the fact that the defense would be "facially applicable." (See Motion.) Defendants also fail to provide any reason they could not meet the deadline to amend their pleadings. See Johnson, 975 F.2d at 609. The Court finds Defendants failed to show good cause for modifying the scheduling order, as required under Rule 16(b). Therefore, the Court will not consider whether Defendants' amendment is proper under Rule 15.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion (Dkt. No. 29) and **VACATES** the September 28, 2026 hearing. The Court **STRIKES** Defendants' Amended Answer (Dkt. No. 30) because it was filed without this Court's leave to amend, as required by Rule 15. See Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED.**