Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
*kayleigh.andersen@manningkass.com*
Eugene Hanrahan (State Bar No. 185826)
*Eugene.Hanrahan@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| DIANA BIAS; TATANISHA PITTS; DOMINIC ADAMS Sr., and BRITTANY MASON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:25−cv−00207−JGB−ACCV<br>District Judge, Jesus G. Bernal<br>Magistrate Judge, Angela C. C. Viramontes<br><br>**DEFENDANTS' REPLY IN SUPPORT OF [AMENDED] MOTION FOR SUMMARY JUDGMENT**<br><br>Filed concurrently with:<br>1. Response to Plaintiffs' Statement of Genuine Disputes of Material Fact<br>2. Response to Plaintiffs' Objection to Defendants' Evidence<br>3. Legal and Evidentiary Objections to Plaintiffs' Additional Facts<br>4. Response to Plaintiffs' Additional Facts<br>5. Objections to Plaintiffs' Evidence<br><br>Date: 10/19/2026<br>Time: 9 a.m.<br>Crtrm.: 1 (2nd Floor) |

///

///

MANNING | KASS

Table of Contents

I. INTRODUCTION .......... 6
II. ARGUMENT .......... 8
A. Plaintiffs' Additional Material Facts Should Be Rejected .......... 8
B. Bautista and Precie Are Entitled to Summary Judgment On All of Plaintiffs' Claims as Plaintiffs' Forfeited, Abandoned Them .......... 8
C. The Individual Officers Are Entitled To Qualified Immunity .......... 9
1. No Disputed Issue of Material Fact Exists; Plaintiffs' Version of Events Is Clearly Contradicted By Video Evidence .......... 9
2. There Is No Constitutional Violation .......... 13
D. All State Law Claims Against the City Are Foreclosed Due to Immunity Pursuant to California Vehicle Code § 17004.7 .......... 16
E. Defendants Are Entitled To Judgment On Plaintiffs' State Law Claims .......... 17
1. Immunity for Discretionary Acts Warrants Summary Judgment as to the State Law Claims for Both the Individual Officers and the City .......... 17
2. Battery, Negligence and Bane Act Claims Fail .......... 18
F. The City Is Entitled to Summary Judgment on Plaintiffs' *Monell* Claims .......... 19
G. Punitive Damages Are Unwarranted .......... 20
III. CONCLUSION .......... 21

# TABLE OF AUTHORITIES

**Page**

**.FEDERAL CASES**

*Brower v. County of Inyo*, 489 U.S. 593 (1989) ........ 12, 15

*Buckner v. Kilgore*, 36 F.3d 536 (6th Cir. 1994) ........ 13

*Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110 (E.D. Cal. 2006) ........ 8

*California v. Hodari, D.,* 499 U.S. 621 (1991) ........ 14

*City of Los Angeles v. Heller,* 475 U.S. 799 ........ 19

*City of Springfield v. Kibbe*, 480 U.S. 257 (1987) ........ 13

*Cnty. of Sacramento v. Lewis* 523 U.S. 833 (1998) ........ 15

*Corbera v. Taylor*, 2022 WL 17741089 (E.D. Cal. 2022) ........ 16

*County of Sacramento v. Lewis,* 523 U.S. 833 (1998) ........ 16

*Cruz-Sanchez v. Nat'l R.R. Passenger Corp.,* 2018 WL 6017034 (C.D. Cal. June 8, 2018) ........ 8, 18

*Dang v. Cross,* 422 F.3d 800 (9th Cir. 2005) ........ 20

*Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052 (9th Cir. 2003) ........ 13

*Est. of Shapiro v. United States,* 634 F.3d 1055 (9th Cir. 2011) ........ 9

*Estate of Chavez v. Santa Ana Police Department*, 804 F. Supp. 3d 1056 (C.D. Cal. 2025) ........ 13

*Fuhr v. City of Seattle*, 175 F.4th 1081 (9th Cir. 2026) ........ 11

*Harper v. City of Los Angeles*, 533 F.3d 1010 (9th Cir. 2008) ........ 14

*Hawkins v. City of Farmington*, 189 F.3d 695 (8th Cir. 1999) ........ 13

*Hughes v. Rodriguez*, 31 F.4th 1211 (9th Cir. 2022) ........ 9

*Johnson v. Cnty. of L.A.*, 340 F.3d 787 (9th Cir. 2003) ........ 18

*Latits v. Phillips*, 878 F.3d 541 (6th Cir. 2017) ........ 13

*Mendez v County of Los Angeles*, 897 F.3d at 1076 (9th Cir. 2018) ........ 14

*Monzon v. City of Murrieta,* 978 F.3d 1150 (9th Cir. 2020) .............................. 18, 19

*Moss v. Technicolor, Inc.*, 2001 WL 1472673 (C.D. Cal. May 4, 2001) ............. 9, 18

*Nelson v. City of Davis,* 685 F.3d 867 (9th Cir. 2012) ........................................ 15

*Plumhoff v. Rickard*, 572 U.S. 765 (2014) ............................................................ 12

*Quintanilla v. City of Downey,* 84 F.3d 353 (9th Cir. 1996) ................................... 19

*Reese v. Cnty. of Sacramento*, 888 F.3d 1030 (9th Cir. 2018) ................................ 18

*Sabbe v. Washington County Board of Commissioners*, 84 F.4th 807 (9th Cir. 2023) ................................................................................................ 12, 14

*Sanderlin v. Dwyer,* 116 F.4th 905 (9th Cir. 2024) ................................................ 15

*Scott v. Harris*, 550 U.S. 372 (2007) ................................................................... 9, 12

*Seidner v. de Vries*, 39 F.4th 591 (9th Cir. 2022) .................................................. 11

*Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008) ...................................................... 9

*Smith v. Agdeppa*, 81 F.4th 994 (9th Cir. 2023) ..................................................... 11

*Villanueva v. California*, 986 F.3d 1158 (9th Cir. 2021) ........................................ 12

*Walker v. Davis*, 649 F.3d 502 (6th Cir. 2011) ........................................................ 13

*Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033 (9th Cir. 2006) ............................ 9

*Williamson v. City of Nat'l City,* 23 F.4th 1146 (9th Cir. 2022) ......................... 16, 18

*Zorn v. Linton*, 146 S. Ct. 926 (2026) ..................................................................... 11

**<u>STATE CASES</u>**

*Brown v. Ransweiler,* 171 Cal.App.4th 516 (2009) .......................................... 18, 19

*Flores v. City of San Diego,* 83 Cal. App. 5th 360 (2022) ...................................... 17

*Ladd v. County of San Mateo,* 12 Cal.4th 913 (1996) ............................................. 19

*Ramirez v. City of Gardena,* 5 Cal.5th 995 (2018) ................................................. 17

*Sluman v. State*, 3 Wash. App. 2d 656 (2018) ......................................................... 13

*Zelig v. County of Los Angeles* 27 Ca1.4th 1112 (2007) ........................................................................ 7, 18

**STATUTES**

Cal. Code Civ. Pro. § 3294(c) ........ 20
Cal. Gov. Code § 820.2 ........ 7, 18
Cal. Gov. Code § 820.25 ........ 7, 18
Cal. Gov. Code § 820.6 ........ 7, 18
Cal. Gov. Code § 820.8 ........ 7, 18
Cal. Gov. Code § 821.8 ........ 7, 18
Cal. Veh. Code § 17004.7 ........ 17

MANNING | KASS

MANNING | KASS

## I. INTRODUCTION

The Defendants are entitled to summary judgment on all causes of action as no reasonable juror could return a verdict for the Plaintiffs. The uncontroverted facts, established by uncontradicted video evidence, demonstrates that the Nissan caused the collision because the driver of Nissan chose to speed in extreme excess of the speed limit, endangering both themselves, the public, and the officers who acted reasonably under the circumstances to try and prevent injury to the public.

Plaintiffs' opposition papers failed to meet their burden to identify a genuine dispute of material fact. Rather, this is a situation of Plaintiff manufacturing facts in order to comport with favorable law rather than concede that the facts of this case do not warrant proceeding past the summary judgment stage. Plaintiffs are not entitled to damages for an accident not caused by any of the officers. In their attempt to manufacture facts to create a disputed issue of fact, Plaintiffs' opposition is a taxing exercise on all parties and the Court as it needlessly disguises legal arguments as facts and presents needlessly cumulative facts supported by improper excludable evidence.

As set forth in the Defendants' moving papers, there are no facts here that give rise to liability at all; nor are there facts in existence capable of demonstrating that any officers caused Plaintiffs' injuries. No reasonable juror could believe Plaintiffs' fabricated version of events when uncontroverted video evidence shows otherwise.

All of the individual Defendants are entitled to qualified immunity as to Plaintiffs' federal claims. There is no disputed issue of fact here. Also, Plaintiffs abandoned their claims as to Bautista and Precie by not raising claims in opposition. As to the federal claims against Officers Garcia and Zozaya, no case law has been identified by the Plaintiffs where officers acting under similar circumstances were held to have violated the Constitution.

Then, even viewing the facts in light most favorable to the Plaintiffs, the

undisputed facts show that Garcia and Zozaya are entitled to qualified immunity as there was no constitutional violation under either the Fourth or Fourteenth Amendments. Rather, the undisputed facts show that there can be no claim of seizure or excessive force under the Fourth Amendment especially since there was no stop and Garcia did not intend to use his vehicle to stop the white Nissan. Then, the undisputed facts show that Plaintiffs' claims under the Fourteenth Amendment fail as there can be no claim of deliberate indifference to the risk of harm or with purpose to harm.

The City is also entitled to summary judgment as to the *Monell* claims as Plaintiffs failed to meet their burden to produce sufficient evidence with respect to their claims of unconstitutional policy, training, and ratification.

All Defendants are entitled to summary judgment on Plaintiffs' state law claims. The City is entitled to immunity under the Vehicle Code § 17004.7(b)(2). The individual officers are entitled to immunity under the California Government Code, *see* Cal. Gov. Code §§ 820.2, 820.25, 820.6, 820.8, 821.8; *Zelig v. County of Los Angeles*, 27 Ca1.4th 1112 (2007), and Plaintiffs' failure to address these immunities constitutes forfeiture, warranting summary judgment in favor of all individual defendants. As there is no liability by any of the individual officers, summary judgment is warranted to the City.

Furthermore, Plaintiffs have not produced sufficient evidence to meet each and every element of their claims for battery, negligence, and the Bane Act, or claim for punitive damages. The undisputed evidence shows that the driver of the Nissan caused the accident, and all of the individual officers acted reasonably under the circumstances, and therefore there is no causation, and no malice, oppression, or fraud. Accordingly, there is no claim for which the City can be held vicariously liable for.

Defendants respectfully request the Court grant their motion for summary judgment in its entirety.

MANNING | KASS

## II. ARGUMENT

### A. Plaintiffs' Additional Material Facts Should Be Rejected

As a preliminary matter, Plaintiffs' Additional Facts attempt to restate their version of facts unnecessarily in order to further Plaintiffs' subjective and unsupported narrative without many of these facts being genuinely disputed. *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006)(commenting on how attorneys raise objections without regard to whether the objections are necessary or useful given the facts of their cases.) The result is an unnecessary duplication of facts which need not be represented with Plaintiffs' subjective lens given that much of the evidence that Plaintiffs cite to do not support their version of their facts. Finally, Plaintiffs' additional facts do not render Defendants' stated facts untrue and are immaterial to the resolution of the motion. Fed. R. Civ. P. 56(e).

Also, Plaintiffs' Additional Facts cannot be characterized as facts by any means as they are mostly legal arguments purporting to be facts and entirely improper in a statement of additional facts. L.R. 56-2; *Burch*, 433 F. Supp. 2d at 1119 ("statements in declaration based on speculation or improper legal conclusions, or argumentative statements, are not *facts* and likewise will not be considered on a motion for summary judgment") (emphasis in original). A clear example of this are Plaintiffs' headings, i.e. "Zozaya's Reckless Pursuit", and "Garcia Inconspicuously Staged" whereby Plaintiffs' unnecessary use of adjectives is a clear marker of legal argument, not fact.

### B. Bautista and Precie Are Entitled to Summary Judgment On All of Plaintiffs' Claims as Plaintiffs' Forfeited, Abandoned Them

Plaintiffs failed to meet their burden with respect to any of their claims against Bautista and Precie and thus, both Bautista and Precie are entitled to summary judgment. *Cruz-Sanchez v. Nat'l R.R. Passenger Corp.,* 2018 WL 6017034 at *11 (C.D. Cal. June 8, 2018) (granting the defendant's motion for summary judgment on

premises liability claim where the plaintiff "offer[ed] no arguments as to why [the defendant] may be liable on a premises liability theory" and the plaintiff's "failure to respond … warrants granting the [defendant's] [m]otion as to the premises liability claim"); *Moss v. Technicolor, Inc.*, 2001 WL 1472673, at *16 (C.D. Cal. May 4, 2001) ("Plaintiffs failed to oppose Defendants' various attacks on these claims. As such, Plaintiffs' [sic] failed to meet their burden on summary judgment of either affirmatively demonstrating that there is a genuine issue of material fact or that the law is in their favor … Plaintiffs have conceded this issue."), *aff'd*, 48 F. App'x 638 (9th Cir. 2002).

Plaintiffs also abandoned these claims by failing to raise the claims in opposition to Bautista and Precie. *Est. of Shapiro v. United States,* 634 F.3d 1055, 1060 (9th Cir. 2011) (affirming summary judgment on a claim because the plaintiff "abandoned th[e] claim by failing to raise it in opposition to the [defendant's] motion for complete summary judgment"); *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (same); *Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("no reason to consider" a party's contentions when that party "effectively abandoned the claim").

**C. <u>The Individual Officers Are Entitled To Qualified Immunity</u>**

**1. No Disputed Issue of Material Fact Exists; Plaintiffs' Version of Events Is Clearly Contradicted By Video Evidence**

Here, there is no disputed fact that precludes the granting of qualified immunity to the individual officers. A non-movant's versions of events need not be accepted when it is "clearly contradicted by the record. *Hughes v. Rodriguez*, 31 F.4th 1211, 1218 (9th Cir. 2022). Where the record tells two different stories, one blatantly contradicted by the evidence, the court is not required to adopt that version of the facts when ruling on summary judgment. *Scott v. Harris*, 550 U.S. 372 (2007). Here, Plaintiffs' fabricated version of events is clearly contradicted by video evidence and thus, the Court need not adopt the Plaintiffs' version of facts.



MK MANNING | KASS

*See* Defendants' Exhibit H in support.

The video shows:

- one police vehicle with Bautista driving (Vehicle 1) turns from the parking lot onto Valley (22.45.08.878[1]);
- Garcia, in his vehicle ("Garcia's Vehicle") follows the same path at Vehicle 1, except before he turns onto Valley, he comes to the stop (22.45.15.619);
- the white Nissan crosses the intersection with a police vehicle (Vehicle 2) travelling behind it (22.45.16.020);
- then as Garcia's Vehicle is pulling onto Valley, the white Nissan simultaneously speeds closer to it (22.45.16.583-22:45.17.619);
- then Garcia's Vehicle (as seen by the white, driver's side of the car [and distinguished from the sidewalk] exits the parking lot onto Valley while the white Nissa (as seen by its rear red lights) simultaneously travels closer to Garcia's Vehicle (22.45.18.00);
- as Garcia's Vehicle continues onto Valley (and beyond the view of the video) (22.45.18.385), the white Nissan (as seen by its rear red lights) is simultaneously reaching the same point;
- then, Vehicle 2 (by its red and blue flashing lights), already having slowed down, slows down even further (at the top left hand corner of the video) (22.45.20.925), indicating the crash already occurred; and
- when the trajectory of the video turns with a more expansive view of Cypress, you can see that Vehicle 1 and Vehicle 2 have ceased to move (22.45.29.434), because they stopped at the crash site.

*See* Defendants' Exhibit H.

The video evidence shows that Garcia did not intend to position his car physically in the way of the white Nissan, and did not perform any maneuvers with his patrol unit in an effort to terminate the pursuit. (UF 27-8) Rather, immediately after Garcia's Vehicle moved into or about the middle lane, the white Nissan

---

[1] References are to the timestamp on the video.

collided with Garcia's Vehicle. (UF 28-29) There is only result that can be reached by a reasonable juror after viewing this video: that the white Nissan, speeding at extreme speeds, caused the accident.

**No Case Law Sets Forth That the Right Was Clearly Established for the Facts Here**

Qualified immunity is a "demanding" requirement and "protects 'all but the plainly incompetent or those who knowingly violate the law[.]'" *Smith v. Agdeppa*, 81 F.4th 994, 1001 (9th Cir. 2023). Here, by no stretch of the imagination do Garcia's actions meet this standard. Defendants' Exhibit H. Rather, Plaintiffs' entire opposition is premised on an attempt to manufacture facts to comport with caselaw where liability may be found; rather than accurately apply the existing caselaw to existing facts. The uncontroverted facts, here, simply do not support Plaintiffs' version of events and should be rejected outright.

Here, the facts are as follows: (1) officers attempted to make a traffic stop on a suspect car which was never actually completed, (2) the driver of the suspect car speed away in speeds in excess of the speed limit, (3) one patrol vehicle followed the suspect car; and (4) when a patrol vehicle attempted to respond; (5) the suspect car switched lanes, causing the collision. None of the cases cited by Plaintiffs set forth clearly established law for these facts, and accordingly, Garcia and Zozaya are entitled to qualified immunity. *See Zorn v. Linton*, 146 S. Ct. 926, 930 (2026) (requiring the denial of qualified immunity to be based on a case where officer acting under similar circumstances was held to have violated the Constitution); *Fuhr v. City of Seattle*, 175 F.4th 1081, 1086 (9th Cir. 2026).).

Plaintiffs' cited cases do not meet the standard set forth in *Zorn* requiring a high degree of specificity. 146 S. Ct. at 930. As set forth below, Plaintiffs' cited cases are easily distinguishable:

- The plaintiff in *Seidner v. de Vries*, 39 F.4th 591 (9th Cir. 2022) was riding a bicycle and claimed excessive force when the defendant officer's patrol car

was used as a roadblock.

- The plaintiff in *Brower v. County of Inyo*, 489 U.S. 593 (1989), involved the death of a driver of a stolen car who drove at high speeds to elude pursuing police and crashed into a police roadblock consisting of an 18-wheel tractor-trailer across both lanes of two-way highway, and concealed the roadblock by placing it behind a curve and leaving it unilluminated, and positioning a police car, with its headlights on, between the driver's oncoming vehicle and the truck so that the driver would be blinded on approach.

- The driver in *Scott*, 550 U.S. 372, drove a vehicle down a two-lane road in the dead of night at "shockingly" fast speeds, swerving around more than a dozen cars, crossing the double-yellow line, and forcing cars traveling in both directions to their respective shoulders to avoid being it, running multiple red lights, and travel for considerable periods of time and the officer's actions were found to be reasonable to terminate the chase and force the driver off the road.

- *Villanueva v. California*, 986 F.3d 1158, 1170 (9th Cir. 2021) involved an allegation of excessive use of force when officers shot at a vehicle when the driver of a vehicle who slowed to below the speed limit and then came to a stop before performing a three-point turn performed cautiously about 15 to 20 feet away from the officers.

- *Plumhoff v. Rickard*, 572 U.S. 765 (2014) involved a claim of excessive use of force involving a shooting whereby the drive drove in excess of 100 miles per hour over five minutes, passing more than two dozen other vehicles, several of which were forced to alter course, collided with a police car and came temporarily to near standstill, then resumed maneuvering his car, threw his vehicle in reverse when one of his front bumpers was flush with a police cruiser, and almost hit a police officer, resulting in the officers firing more than 12 shots.

- *Sabbe v. Washington County Board of Commissioners*, 84 F.4th 807 (9th Cir. 2023) involved a suspect of a truck who created a disturbance by driving his truck erratically while drunk and in possession of a firearm; prompting a neighbor to call the police to report that the river was drunk, belligerent, and may have a rifle. When the police responded, they made their presence known, and as pertinent to this case, used a V150 to execute PIT maneuvers, the second of which was used to drive into the passenger side of the suspect's car ***after*** it had come to a complete stop and after the suspect was trying to exit the truck from the driver's door.

- *Estate of Chavez v. Santa Ana Police Department*, 804 F. Supp. 3d 1056, 1077 (C.D. Cal. 2025) involved a driver of a van fleeing the scene of a two-car collision in his van (a felony hit and run), a broadcast that the driver might be armed, led the police on a chase for 13 minute vehicle pursuit, ignored their commands, ignored their warnings regarding the release of a K9, and less lethal launchers to detain the motorist.

- *Walker v. Davis*, 649 F.3d 502 (6th Cir. 2011); *Latits v. Phillips*, 878 F.3d 541 (6th Cir. 2017); *Hawkins v. City of Farmington*, 189 F.3d 695 (8th Cir. 1999); *Buckner v. Kilgore*, 36 F.3d 536 (6th Cir. 1994); and *Sluman v. State*, 3 Wash. App. 2d 656 (2018) are all out of circuit or out of state and therefore not precedential authority for the denial of qualified immunity here.

- While Plaintiff is correct that training on use of force can provide notice that force was reasonable (*see* Opposition, p. 17:3-4, citing to *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1062 (9th Cir. 2003), Plaintiff incorrect relies on the *Drummond* ruling as the case is inapposite. *Drummond* involved the dangers of asphyxia in what the court called an "obvious" case because of the facts, local newspapers publicizing cases of compression asphyxia, prior federal cases describing the dangers of pressure on a prone, bound, and agitated detainee, in addition to training. *Id.* Training was not the only factor that provided notice that force was reasonable. *Id.* Finally, no argument was made as to the specific training set forth here, but only a reference to the a national model in an inapposite case and a footnote in a dissent. *City of Springfield v. Kibbe*, 480 U.S. 257, 272 (1987).

As Plaintiffs have failed to meet their burden on the second prong of qualified immunity, the Court need not proceed to analyze the first prong, and Garcia and Zozaya should be granted qualified immunity[2]. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)(court may address either prong first, and the failure to establish either prong results in qualified immunity being entered in favor of defendants).

**2. There Is No Constitutional Violation**

**(a) Without Causation, Plaintiffs' Section 1983 Action Fails**

---

[2] Should the Court hold that Plaintiffs did not abandon their claims against Bautista and Precie, then so Bautista and Precie would also be entitled to qualified immunity.



MK MANNING | KASS

Plaintiffs claim both seizure and excessive use of force, and both claims fail. As more fully set forth above in Section C.1, above, the video evidence shows that the driver of the vehicle was responsible for the crash and therefore breaks the chain of causation needed for a federal claim. *Sabbe,* 84 F.4th at 816; *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). Plaintiffs thus failed to produce sufficient evidence to raise a dispute issue of material fact as to causation, and thus the Defendants are entitled to summary judgment.

**(b) Plaintiff's Fourth Amendment Claims Fail**

Garcia and Zozaya are entitled to summary judgment as to Plaintiffs' Fourth Amendment claim as to both seizure as well as excessive force.

As to Zozaya, first, Plaintiffs concede that Zozaya committed no constitutional violation for the purported seizure because they concede that no traffic stop occurred. *California v. Hodari, D.,* 499 U.S. 621, n. 2 (1991), noting that an "attempted" seizure may be unlawful under common law, it does not arise it does not arise to a constitutional violation. Plaintiffs Statement of Genuine Disputes as to UF No. 9 conceded that the traffic stop was "supposed" only. Plaintiffs' Statement of Genuine Disputes, No. 9. Thus, as a matter of law, there can be no constitutional violation under the Fourth Amendment for unlawful seizure.

Then, to the extent Plaintiffs' claim that Zozaya is liable for excessive force, Zozaya would still be entitled to summary judgment because Plaintiffs' cannot establish causation and proximate cause. *Mendez v County of Los Angeles*, 897 F.3d at 1076 (9th Cir. 2018). Plaintiffs' arguments regarding Zozaya being an "integral participant" are completely ridiculous as by no stretch of the imagination is it foreseeable that the stop would result in white Nissan acting unlawfully and continue to evade police at high speeds and then crash into another police vehicle. *Compare id.* with Plaintiffs' opposition at p. 14:22-15:18.

Then, as to Garcia, Plaintiffs' claims of both seizure and excessive use of force also fail. As more fully set forth in Defendants' moving papers, there is no

Fourth Amendment seizure here, where any contact is the result of an accident, and there is no intent by Garcia to crash into the white Nissan. *Brower v. County of Inyo,* 489 U.S. 593 (1989) (seizure occurs when there is a "termination of freedom of movement through means intentionally applied"). The *Brower* court specifically distinguished between an accidental crash and an intentional sideswipe resulting in the stop of the suspect, with only the latter resulting in a seizure. *Id.* at 597); *see also Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843–45 (1998). Here, the undisputed facts show that there was no intent by Garcia to make any maneuver to crash into the driver of the Nissan to stop it, that the collision was the result of an accident caused by the driver of the Nissan. (UF 22-35) Plaintiffs cited cases are completely inapposite as *Nelson v. City of Davis,* 685 F.3d 867 (9th Cir. 2012) (officers used pepper ball projectiles) and *Sanderlin v. Dwyer,* 116 F.4th 905 (9th Cir. 2024) (foam baton rounds used) did not involve automobile accidents. Accordingly, Plaintiffs' continued repeating of "intentionally" should be ignored, as Plaintiffs' misinterpret the law as to intent, and the Court should hold that Garcia is entitled to summary judgment as to Plaintiffs' seizure claim under the Fourth Amendment.

As to Plaintiffs' claims of excessive use of force as against Garcia also fail as they are predicated on both misinterpretation of the facts as well as misapplication of the law. As set forth above, Garcia did not cause the accident – the white Nissan did -- and therefore Garcia never applied any use of force, and the Plaintiffs' claim fails as a non-starter. Then, Plaintiffs rely heavily on *Villaneuva*, 986 F.3d 1158, which is inapposite, because as set forth above, it involved an officer discharging bullets into a moving vehicle. Plaintiffs would like the Court to incorrectly analogize the circumstances to *Villanueva,* where a suspect is using a vehicle as a dangerous weapon and officers shoot in response, and the Court should not. The Court should apply the applicable law and hold that there was no constitutional violation as either Garcia's driving of his vehicle never constituted a use of force



MK MANNING | KASS

and, additionally, even if there was, Garcia's actions were reasonable under the circumstances when the white Nissan continued to evade detention at high speeds, endangering the public. *See Williamson v. City of Nat'l City,* 23 F.4th 1146 (9th Cir. 2022).

**(c) Plaintiffs' Fourteenth Amendment Claims Fail**

As already set forth in Defendants' moving papers, there is not even an iota of evidence that any of the officers intended to harm decedents in this case or that they acted with deliberate indifference to the risk of harm to decedents. Plaintiffs argue that Garcia deliberated and acted on his intent to harm (*see* Plaintiffs' opp, p. 13:8), but that is unsupported by the uncontroverted evidence to the opposite. Then, Plaintiffs falsely argue that Defendants deliberately violated several policies, training guidelines, and Vehicle Codes in order to ram his SUV into the side of the white Nissan (*see* Plaintiffs' opp., p. 13:9-22) in responding to a non-emergency, citing to *Corbera v. Taylor*, 2022 WL 17741089 (E.D. Cal. 2022) and other cases (Plaintiffs' opp. at p. 13:24-14:5). However, *Corbera* and Plaintiffs' other cited cases are inapplicable as they either are out of Circuit or involved non-emergencies.

Plaintiffs' claims of Zozaya's violating Plaintiffs' substantive due process rights equally fail. *See* Plaintiffs' opposition at p. 15:18-21. Assuming *arguendo* that Plaintiffs' established causation (which they have not), the law is unequivocal that a police officer does not violate substantive due process rights by causing death through deliberate or reckless indifference to life in a high-speed automobile chance aimed at apprehending a suspected offender. *County of Sacramento v. Lewis,* 523 U.S. 833 (1998). *Est. of Soakai v. Abdelaziz*, 137 F.4th 969 (9th Cir. 2025), cited by the Plaintiffs, is inapplicable here as the plaintiffs in that case were claiming failure to render aid or call for help. *Id.* at 984. That is not the case here (and also not one of Plaintiffs' causes of action). *See* Dkt. 1.

**D. <u>All State Law Claims Against the City Are Foreclosed Due to Immunity Pursuant to California Vehicle Code § 17004.7</u>**



MANNING | KASS

Immunity to the City under Vehicle Code Section 17004.7 ("Section 17004.7") absolutely applies here because the Defendants have demonstrated by undisputed fact, that they met the requirements for the immunity to apply, including the one-hour minimum time requirement. *Ramirez v. City of Gardena,* 5 Cal.5th 995, 999 (2018); *Flores v. City of San Diego,* 83 Cal. App. 5th 360, 384-7 (2022) (one hour requirement is pursuant to Cal. Code Regulations, title 11, section 1081).

As set forth in Defendants' moving papers, the white Nissan caused the collision, not Garcia. *See* Section 17004.7(b). Then, as set forth in our moving papers, the City adopted, promulgated, and provided an annual training regarding a vehicle pursuit policy that complies with the requirements laid out in the referenced subdivisions (c) and (d) of Section 17004.7. (UF 42-44). The City's training includes one hour of training in accordance with Cal. Code Regulations, title 11, section 1081. *See* Dkt. 40-1, Defendants' Exhibit M, pp. 387 (showing "Hrs" means "Hours completed in course") and pp. 388, 398, 399, 407, 408, 409, 411, 430, 431, and 432 (Pursuit Policy is one hour in length); *see* Defendants' Response to Plaintiffs' Additional Facts.

Next, compliance with Section 17004.7 automatically complies with California Penal Code section 13519.8 and the guidelines developed by the Commission on Peace Officer Standards and Training. *See* Section 17004.7(e). Finally, in accordance with subdivision (2) of the Cal. Vehicle Code, the City's pursuit policy required (and received) written signatures from the Officers. (*Id.*) Cal. Veh. Code § 17004.7(b)(2).

Contra to Plaintiffs' baseless argument, immunity does not depend on the finding of no liability by an individual officer. *See* Section 17004.7.

**E. <u>Defendants Are Entitled To Judgment On Plaintiffs' State Law Claims</u>**

**1. Immunity[3] for Discretionary Acts Warrants Summary Judgment as to the State Law Claims for Both the Individual Officers and the City**

[3] Plaintiffs' claim that Defendants are claiming qualified immunity does not extend

As set forth in the moving papers, the individual officers have immunity, especially because the driver of the white Nissan caused the accident. Cal. Gov. Code §§ 820.2, 820.25, 820.6, 820.8 (no liability for the acts or omissions of another), 821.8; *Zelig v. County of Los Angeles*, 27 Ca1.4th 1112 (2007). Accordingly, the City is immune as there is no liability for which the City may be vicariously liable for.

Plaintiffs' failure to address the immunities under the Government Code asserted by the Defendants constitute forfeitures, warranting summary judgment in favor of all Defendants on Plaintiffs' state law claims. *Cruz-Sanchez,* 2018 WL 6017034 at *11; *Moss v. Technicolor, Inc.*, 2001 WL 1472673, at *16.

**2. Battery, Negligence and Bane Act Claims Fail**

Plaintiffs' battery claim fails because it is well established that a battery claim fails when they are based on the same underlying facts as their claims of constitutional violations, and the underlying constitutional harm fails. *Johnson v. Cnty. of L.A.*, 340 F.3d 787, 794 (9th Cir. 2003). As the undisputed facts show that the officers' actions were reasonable and no force was used, Plaintiffs' claims fail. *Monzon v. City of Murrieta,* 978 F.3d 1150, 1164 (9th Cir. 2020); *Brown v. Ransweiler,* 171 Cal.App.4th 516, 527 (2009).

Similarly, without any underlying constitutional harm, Plaintiffs' Bane Act claim fails. *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1155 (9th Cir. 2022). Furthermore, the Bane Act also requires "specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043–45 (9th Cir. 2018), which cannot be established here, and therefore, this is another basis for the Court to grant the Defendants' summary judgment.

In addition, Plaintiffs cannot establish negligence. Plaintiffs' allegations

---

to state tort claims (*see* Plaintiffs' opposition, p. 21:19-20 and generally in section VI. A), but Defendants never argued that in the moving papers. This is another attempt by Plaintiffs to confuse the issues with their faulty version of facts.

against Zozaya and Garcia (*see* Plaintiffs' opp. at 22) fail. No claim of disputed issue of fact is sufficient to overcome what a reasonable juror can only conclude from uncontroverted video evidence, that the white Nissan caused the accident. As set forth above, there was no use of force, and therefore, the analysis can stop here. And then even if there was a use of force, the analysis of the totality of the circumstances results in the finding of no negligence by the officers who acted reasonably under the circumstances. *Hayes v. County of San Diego,* 57 Cal. 4th 622, 637-8 (2013); *Brown,* 171 Cal. App.4th at 528. Ultimately, however, negligence turns on a finding of causation, and here, not only does the white Nissan's individual act break the chain of causation for Zozaya's alleged unlawful actions, but also because the white Nissan was the cause in fact, and proximate cause for the accident. *Ladd v. County of San Mateo,* 12 Cal.4th 913, 917 (1996) (proximate cause required).

As there is no underlying tort, there is no vicarious liability for which the City can be held liable for.

**F. <u>The City Is Entitled to Summary Judgment on Plaintiffs' *Monell* Claims</u>**

Plaintiffs' fail to produce sufficient evidence to raise a disputed issue of fact that the City is entitled to summary judgment on their *Monell* violation. First, Plaintiffs fail to establish the necessary prerequisite for a Monell claim, a constitutional violation. *See* Section C.3, above. On that ground alone, the Plaintiffs' claim fails. *See Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996); *see also City of Los Angeles v. Heller*, 475 U.S. at 799 (1986).

Assuming arguendo that the Plaintiffs even established a constitutional violation, which they cannot, Plaintiffs have failed to provide sufficient facts constituting unconstitutional policy, ratification or training. Plaintiffs' opposition papers failed to even argue unconstitutional policy and ratification, and thus they forfeit those arguments. *Monzon v. City of Murrieta,* 978 F.3d 1150, 1164 (9th Cir. 2020); *Brown v. Ransweiler,* 171 Cal.App.4th 516, 527 (2009). Then, Plaintiff points to certain documents as evidencing the purported *Monell* violation, but the evidence



MK MANNING | KASS

does not raise a disputed issue of material fact that there was any failure to train (or even unconstitutional policy or ratification).

As more fully set forth in the Defendants' moving papers, the undisputed facts show that policies on use of force, pursuits, aid, de-escalation, and various other relevant police practices exist and that all individual defendants received training thereon. (UF 41-46). There is no evidence showcasing the officers lacked training. (UF 45, 50). The Officers received training on use of force, de-escalation, vehicle pursuits, responding to calls, and collisions. (UF 42-44)

There are no gaps Plaintiffs can point to, let alone ones that would amount to deliberate indifference. There is no evidence that a policy maker has approved of misconduct. There was no praise, no formal or informal plan, and no any mention of official decisions on Officers' conduct beyond the specter Plaintiffs' 'foresee' may occur in the future. Additionally, insofar as Plaintiffs hinge their claim internal investigations turning up no constitutional violation, this would not amount to ratification for *Monell* purposes.

The City is entitled to summary judgment on the *Monell* claim.

**G. <u>Punitive Damages Are Unwarranted</u>**

As more fully set forth in Defendants' moving papers, the undisputed evidence shows that the Defendants are entitled to summary judgment on Plaintiffs' claims of punitive damages. By no stretch of the imagination can a reasonable juror conclude that the individual officers acted with malice, oppression or fraud. *Dang v. Cross,* 422 F.3d 800, 810 (9th Cir. 2005); Cal. Code Civ. Pro. § 3294(c) ("malice", "oppression" and "fraud" denied). As the Plaintiffs' cannot prevail on their Bane Act claim, so they are not entitled to punitive damages. The officers behaved reasonably and lawfully, giving chase to the white Nissan that was speeding away at extreme speeds, endangering themselves, the public, and the officers. Then Garcia attempted to respond, the white Nissan collided with Garcia's patrol unit. Plaintiffs have not produced sufficient evidence of an intent to cause injury with "willful and conscious



MK MANNING | KASS

disregard", "despicable conduct" or "misrepresentation, deceit, or concealment of a material fact." *See id.*

## III. CONCLUSION

For the reasons set forth herein, the Court should grant the Defendants' motion in its entirety.

DATED: September 28, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Eugene Ramirez*
Eugene P. Ramirez
Kayleigh A. Andersen
Eugene P. Hanrahan
Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA



MANNING | KASS

**COMPLIANCE STATEMENT REGARDING LOCAL RULE 11-6.2**

The undersigned, counsel of record for Defendants, certifies that this brief contains 5,193 words, which complies with Local Rule 11-6.1.

DATED: September 28, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: *\/s/ Eugene Ramirez*
Eugene Ramirez

MANNING | KASS