Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
*kayleigh.andersen@manningkass.com*
Eugene Hanrahan (State Bar No. 185826)
*Eugene.Hanrahan@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

MANNING | KASS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DIANA BIAS; TATANISHA PITTS; DOMINIC ADAMS Sr., and BRITTANY MASON,

Plaintiffs,

v.

CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,

Defendants.

Case No. 5:25−cv−00207−JGB−ACCV
District Judge, Jesus G. Bernal
Magistrate Judge, Angela C. C. Viramontes

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

Filed concurrently with:
1. Defendants' Reply In Support of Amended Motion for Summary Judgment
2. Response to Plaintiffs' Objection to Defendants' Evidence
3. Legal and Evidentiary Objections to Plaintiffs' Additional Facts
4. Response to Plaintiffs' Additional Facts
5. Objections to Plaintiffs' Evidence

Date: 10/19/2026
Time: 9 a.m.
Crtrm: 1 (2nd floor)

Pursuant to Federal Rule of Civil Procedure 56, Civil Local Rule 56-1, and this Court's Standing Order at No. 12, Defendants CITY OF FONTANA; EDWARD

BAUTISTA; JESUS GARCIA; DANIEL PRECIE; and BRIAN ZOZAYA submit their Response to Plaintiffs' Statement of Genuine Disputes of Material Fact, with references to evidence, in support of Summary Judgment.

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| 1 | On February 3, 2024, officer Brian Zozaya ("Zozaya") and Daniel Precie ("Precie") were conducting routine patrol at or around the area of Catawba and Valley in Fontana, CA. | Ex. B at 1-2<br>Ex. R at 17:12-21:9<br>Ex. W at 12:3-13:18, 14:21-19:10 | Undisputed. |
| 2 | Around 10:44 p.m., Zozaya caught sight of a 2022 Nissan license plate 8ZZG454 ("vehicle"). | Ex. B at 1 | Undisputed. |
| 3 | It was later determined that minor Giovanni Bonilla ("Bonilla") was operating the vehicle. | Ex. I at COF 000011, COF 0001150-20 See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]<br>Ex. L | Undisputed. |
| 4 | Zozaya noted that one of the rear passengers was hanging out of the rear window in a way that made it apparent he was not wearing a seatbelt. | Ex. B at 1-2<br>Ex. W at 18:6-18 | Disputed that the rear passenger was ever hanging out of the rear window as described by officers. Officer Precie claims that the juvenile was hanging from the window for approximately 20 seconds (Exh. 2, Precie Depo at 21:2-9) starting from Valley and Catawba (Exh. 2, Precie Depo at 17:10-18, 17:24- 18:8). There are several videos of that timeframe including the |



MK MANNING | KASS

MK MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | moment when the pullover was initiated indicated by Zozaya turning on his overheard emergency lights. None of the videos show a passenger hanging out of the window. (Exh. 17, Valley/Cherry Video at 00:00-00:33; Exh. 18, Valley/Cherry Video at 00:00-10:09; Exh. 19, Valley Poplar Video at 00:02-00:04; Exh. 20, Valley/Catawba Video at 00:01-00:06; Exh. 21, Valley/Catawba Video at 00:01-00:03; Exh. 22, Valley/Citrus Video at 00:51-00:55; Exh. 23, Valley/Citrus Video at 01:00-01:04; Exh. 24, Valley/Citrus Video at 00:11-00:16; Exh. 25, Valley/Cypress Video at 00:34-00:38.) No juvenile is seen on any video hanging out of the Nissan window including in the video depicting the moment Zozaya activated his emergency lights. (Exh. 2, Precie Depo at 69:14-19, 70:5-13, 71:4-6, 71:13-17, 73:2-4, 73:10-16, 74:20-22.) Further, Zozaya's story as to initiating the pullover |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | lacks credibility. Zozaya was not eastbound on Valley in front of Catawba behind the Nissan when he first observed the Nissan and supposedly when the subject was handing out of the window. Instead, Zozaya was westbound on Valley at the Cherry stoplight when Zozaya saw the Nissan passing him, Zozaya attempted to flash his spotlight at the vehicle, then made a U-Turn to follow the Nissan. No passenger was hanging from the Nissan window at the time. (Exh. 17, Valley/Cherry Video at 00:00-00:25). |

**Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12.

Plaintiffs' dispute as to the use of "officers" has no basis in law as under the collective knowledge doctrine, the courts may impute police officers' collective knowledge to the officer conducting a stop search or arrest. *U.S. v. Villasenor,* 608 F.3d 467 (9th Cir. 2010).

*Scott v. Harris*, 550 U.S. 372 (2007) stands for the proposition that the court may reject a party's account when it is blatantly contradicted by the record such that no reasonable jury could believe. Plaintiff improperly treats video recordings as if they provide a complete, objective and omniscient account of an event, when they are not, and here, do not clearly contradict Defendants' fact.



MK MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| The remainder of Plaintiffs' Response should be disregarded as it has nothing to do with this SUF, i.e., "the moment Zozaya activated his emergency lights", "Zozaya's story as to initiating the pullover", etc. | | | |
| 5 | Officers witnessed this window hanging as violative of VC27315. | Ex. B at 1-2 | Disputed that the rear passenger was ever hanging out of the rear window as described by officers. Officer Precie claims that the juvenile was hanging from the window for approximately 20 seconds (Exh. 2, Precie Depo at 21:2-9) starting from Valley and Catawba (Exh. 2, Precie Depo at 17:10-18, 17:24- 18:8). There are several videos of that timeframe including the moment when the pullover was initiated indicated by Zozaya turning on his overheard emergency lights. None of the videos show a passenger hanging out of the window. (Exh. 17, Valley/Cherry Video at 00:00-00:33; Exh. 18, Valley/Cherry Video at 00:00-10:09; Exh. 19, Valley Poplar Video at 00:02-00:04; Exh. 20, Valley/Catawba Video at 00:01-00:06; Exh. 21, Valley/Catawba Video |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | at 00:01-00:03; Exh. 22, Valley/Citrus Video at 00:51-00:55; Exh. 23, Valley/Citrus Video at 01:00-01:04; Exh. 24, Valley/Citrus Video at 00:11-00:16; Exh. 25, Valley/Cypress Video at 00:34-00:38.) No juvenile is seen on any video hanging out of the Nissan window including in the video depicting the moment Zozaya activated his emergency lights. (Exh. 2, Precie Depo at 69:14-19, 70:5-13, 71:4-6, 71:13-17, 73:2-4, 73:10-16, 74:20-22.) Further, Zozaya's story as to initiating the pullover lacks credibility. Zozaya was not eastbound on Valley in front of Catawba behind the Nissan when he first observed the Nissan and supposedly when the subject was handing out of the window. Instead, Zozaya was westbound on Valley at the Cherry stoplight when Zozaya saw the Nissan passing him, Zozaya attempted to flash his spotlight at the vehicle, then made a U-Turn to follow the |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | Nissan. No passenger was hanging from the Nissan window at the time. (Exh. 17, Valley/Cherry Video at 00:00-00:25). |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12.<br><br>*Scott v. Harris*, 550 U.S. 372 (2007) stands for the proposition that the court may reject a party's account when it is blatantly contradicted by the record such that no reasonable jury could believe. Plaintiff improperly treats video recordings as if they provide a complete, objective and omniscient account of an event, when they are not, and here, do not clearly contradict Defendants' fact.<br><br>The remainder of Plaintiffs' Response should be disregarded as it has nothing to do with this SUF, i.e., "the moment Zozaya activated his emergency lights", "Zozaya's story as to initiating the pullover", etc. | | | |
| 6 | Officers approached closer and saw the vehicle make an "unsafe turn from" the current lane to the second lane in front of another driver without using a turn signal. | Ex. B at 1-2<br>Ex. W at 18:6-19:16 | Disputed that they approached closer. Zozaya testified that he was already two to three car lengths behind the Nissan when he first saw it. (Exh. 1, Zozaya Depo at 14:21-15:9.) No video shows Zozaya approaching closer. (Exh. 17, Valley/Cherry Video at 00:00-00:33; Exh. 18, Valley/Cherry Video at 00:00-10:09; Exh. 19, Valley Poplar Video at 00:02-00:04; Exh. 20, Valley/Catawba |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | Video at 00:01-00:06; Exh. 21, Valley/Catawba Video at 00:01-00:03; Exh. 22, Valley/Citrus Video at 00:51-00:55; Exh. 23, Valley/Citrus Video at 01:00-01:04; Exh. 24, Valley/Citrus Video at 00:11-00:16; Exh. 25, Valley/Cypress Video at 00:34-00:38.)<br><br>Disputed that there was an unsafe turn as opposed to merely changing lanes without signaling.<br><br>Disputed that there was any changing lanes. Zozaya also claims that the Nissan was in Lane 1 the majority of the pursuit and only left Lane 1 prior to the collision after passing Cypress. (Exh. 1. Zozaya Depo at 46:6-15.) There are several videos of the incident including from when Zozaya claims to have seen the lane change, and none show a lane change as described. (Exh. 17, Valley/Cherry Video at 00:00-00:33; Exh. 18, Valley/Cherry Video at 00:00-10:09; |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | Exh. 19, Valley Poplar Video at 00:02-00:04; Exh. 20, Valley/Catawba Video at 00:01-00:06; Exh. 21, Valley/Catawba Video at 00:01-00:03; Exh. 22, Valley/Citrus Video at 00:51-00:55; Exh. 23, Valley/Citrus Video at 01:00-01:04; Exh. 24, Valley/Citrus Video at 00:11-00:16; Exh. 25, Valley/Cypress Video at 00:34-00:38.)<br><br>Disputed that the lane change was from "the current lane to the second lane." Zozaya testified that he "observed the sedan made a unsafe turning movement from the Number 2 lane not the 1 lane, and then back into the Number 2 lane." (Exh. 1, Zozaya Depo at 18:13-18.) Yet Zozaya also claims that the Nissan was in Lane 1 the majority of the pursuit and only left Lane 1 prior to the collision after passing Cypress. (Exh. 1, Zozaya Depo at 46:6-15.) |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12. Plaintiffs also fail to proffer evidence in support of a dispute, so the Court will deem the fact undisputed for purposes of the motion. *Id.*<br><br>*Scott v. Harris*, 550 U.S. 372 (2007) stands for the proposition that the court may reject a party's account when it is blatantly contradicted by the record such that no reasonable jury could believe. Plaintiff improperly treats video recordings as if they provide a complete, objective and omniscient account of an event, when they are not, and here, do not clearly contradict Defendants' fact. | | | |
| 7 | Officers witnessed this lane change as violative of VC22108. | Ex. B at 1-2 | Disputed that there was any changing lanes. Zozaya also claims that the Nissan was in Lane 1 the majority of the pursuit and only left Lane 1 prior to the collision after passing Cypress. (Exh. 1. Zozaya Depo at 46:6-15.) There are several videos of the incident including from when Zozaya claims to have seen the lane change, and none show a lane change as described. (Exh. 17, Valley/Cherry Video at 00:00-00:33; Exh. 18, Valley/Cherry Video at 00:00-10:09; Exh. 19, Valley Poplar Video at 00:02-00:04; Exh. 20, Valley/Catawba Video at 00:01-00:06; Exh. 21, Valley/Catawba Video at 00:01-00:03; |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | Exh. 22, Valley/Citrus Video at 00:51-00:55; Exh. 23, Valley/Citrus Video at 01:00-01:04; Exh. 24, Valley/Citrus Video at 00:11-00:16; Exh. 25, Valley/Cypress Video at 00:34-00:38.)<br><br>Disputed as to "officers". It is undisputed that Garcia did not witness any such event. Further, Defendants only cite Zozaya's post-incident report to establish what Zozaya supposedly saw, no other officer.<br><br>Undisputed that Bonilla's claimed failure to use a turn signal in violation of VC22108 would be a minor traffic violation that resulted in no harm to others. |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12.<br><br>Plaintiffs' dispute as to the use of "officers" has no basis in law as under the collective knowledge doctrine, the courts may impute police officers' collective knowledge to the officer conducting a stop search or arrest. *U.S. v. Villasenor,* 608 F.3d 467 (9th Cir. 2010). | | | |



MK MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| *Scott v. Harris*, 550 U.S. 372 (2007) stands for the proposition that the court may reject a party's account when it is blatantly contradicted by the record such that no reasonable jury could believe. Plaintiff improperly treats video recordings as if they provide a complete, objective and omniscient account of an event, when they are not, and here, do not clearly contradict Defendants' fact. | | | |
| 8 | At this time, the road was wet due to rain, thereby rendering the two violations to be a greater safety threat. | Ex. B at 1-2<br>Ex. W at 25:15-27:16 | Undisputed that the road was wet due to light rain which created a greater safety threat weighing against initiating a vehicle pursuit.<br><br>Disputed that the wet roads made the minor traffic violations a greater safety threat. Zozaya testified as to the assessment needed to initiate a pursuit not an assessment of whether the supposed violations were a greater safety threat. Further, Zozaya testified that the Nissan was driven safely prior to initiating the traffic stop. (Exh. 1, Zozaya Depo at 43:13-20.) |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12.<br><br>*Scott v. Harris*, 550 U.S. 372 (2007) stands for the proposition that the court may reject a party's account when it is blatantly contradicted by the record such that no reasonable jury could believe. Plaintiff improperly treats video recordings as if they provide a complete, objective and omniscient account of an event, when they are not, and here, do not clearly contradict Defendants' fact. | | | |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| Ex. B at p. 1 clearly states "Based on the above CVC violations I attempted to conduct a traffic enforcement stop on the vehicle. It shall be noted at this time the road was wet due to rain … [the two violations] posed a threat …" | | | |
| 9 | Officers then attempted to conduct a traffic stop on the vehicle at a solid red light in the eastbound lanes of Catawba | Ex. B at 1-2<br>Ex. W at 12:6-13:18, 14:21-19:10 | Disputed that the traffic stop occurred at a solid red light. (Exh. 20, Valley/Catawba Video at 00:01-00:06)<br><br>Disputed as to "Officers." This supposed traffic stop was made by Zozaya and the only evidence cited was by Zozaya and no other officer to support the claim. |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12.<br><br>Plaintiffs' dispute as to the use of "officers" has no basis in law as under the collective knowledge doctrine, the courts may impute police officers' collective knowledge to the officer conducting a stop search or arrest. *U.S. v. Villasenor,* 608 F.3d 467 (9th Cir. 2010).<br><br>*Scott v. Harris*, 550 U.S. 372 (2007) stands for the proposition that the court may reject a party's account when it is blatantly contradicted by the record such that no reasonable jury could believe. Plaintiff improperly treats video recordings as if they provide a complete, objective and omniscient account of an event, when they are not, and here, do not clearly contradict Defendants' fact. | | | |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| 10 | Officers activated all of the following: their emergency lights with forward facing solid red lights, flashing white and blue lights, and sirens. | Ex. B at 1-2<br>Ex. W at 12:6-13:18 | Undisputed as to Zozaya only.<br><br>Disputed that Garcia activated emergency lights with forward facing solid red lights, flashing white and blue lights, and sirens. (Exh. 25, Valley/Cypress Video at 00:34-00:38) |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12. | | | |
| 11 | In response, the vehicle accelerated away, going westbound on Valley street from Catawba street. | Ex. B at 1-2<br>Ex. R at 24:23-26:1<br>Ex. W at 12:6-13:18 | Disputed as to the speculated state of mind of Bonilla stating, "in response."<br><br>Disputed that Bonilla accelerated westbound on Valley instead of east. (Exh. 1, Zozaya Depo at 12:7-15) |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12. Plaintiffs also fail to proffer evidence in support of a dispute, so the Court will deem the fact undisputed for purposes of the motion. *Id.* | | | |
| 12 | Zozaya initiated a vehicle pursuit, taking position as the primary officer. | Ex. B at 1-2<br>Ex. R at 24:23-26:1<br>Ex. W at 12:6-13:18; 42:5-7 | Undisputed that Zozaya immediately initiated a vehicle pursuit without consideration of the factors required for initiation. |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | Undisputed that Zozaya's unit was the primary unit and only unit in pursuit. |
| **Defendants' Response:** The Defendants' fact remains undisputed. Plaintiff is not disputing anything.<br><br>Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). | | | |
| 13 | At all relevant times, Valley Road had a speed limit of 45 miles per hour. | Ex. I at COF 00040 See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3] | Disputed to the extent that Defendants fail to establish what Zozaya believed the speed limit to be. Zozaya did not report what the speed limit was (see defense Exhibit B). Further, Zozaya believed the speed limit was 50 or 55 mph. (Exh. 1, Zozaya Depo at 29:24-30:1.) |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12. | | | |
| 14 | The vehicle drove eastbound on Valley (from Catawba) going over 60 miles per hour. | Ex. B at 1-2<br>Ex. R at 24:23-26:1<br>Ex. W at 12:6-13:18; 46:7-27:5 | Undisputed for the purpose of this Motion. |
| 15 | The vehicle did not show any signs that its driver was going to stop in response to officers' emergency lights or signals of pursuit. | Ex. B at 1-2<br>Ex. W at 12:6-13:18; 26:7-27:5 | Disputed. The pursuit lasted only approximately 23 seconds (Exh. 1, Zozaya Depo at 53:2-8) and was interrupted by Garcia's |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | intervention. (Exh. 25, Valley/Cypress Video at 00:34-00:38.) Further disputed as Defendants did not establish this proposed fact by evidence. |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12.<br><br>*Scott v. Harris*, 550 U.S. 372 (2007) stands for the proposition that the court may reject a party's account when it is blatantly contradicted by the record such that no reasonable jury could believe. Plaintiff improperly treats video recordings as if they provide a complete, objective and omniscient account of an event, when they are not, and here, do not clearly contradict Defendants' fact.<br><br>As the Court can see, Defendants' fact is plainly supported by evidence. | | | |
| 16 | Zozaya broadcasted to dispatch that he was in pursuit. | Ex. B at 1-2<br>Ex. G<br>Ex. W at 12:6-13:18 | Disputed that Zozaya only broadcasted to dispatch. Zozaya testified that as the primary vehicle, it was important for him to give other officers and dispatch pertinent information including the direction, location and speed of the pursuit. (Exh. 1, Zozaya Depo at 52:4-18.)<br><br>Undisputed that Zozaya broadcasted he was in pursuit. |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence | | | |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12.<br><br>Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). The fact is not that Zozaya broadcasted he was in pursuit, but that Zozaya broadcasted to dispatch that he was in pursuit. | | | |
| 17 | The vehicle drove eastbound on Valley, through Citrus, approaching Oleander at over 80 miles per hour. | Ex. B at 1-2<br>Ex. I at COF 000028<br>See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]<br>Ex. W at 12:3-13:18, 14:21-19:10 | Undisputed that Garcia knew through radio broadcasts that the Nissan drove eastbound on Valley, through Citrus and Oleander.<br><br>Disputed as phrased and unsupported as to the speed at that time. Defendants' proposed fact is merely copied from Zozaya's hearsay after-incident report and is not established by admissible evidence. |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12.<br><br>Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* No. 12). The facts are "The vehicle drove eastbound on Valley, through Citrus, approaching Oleander at over 80 miles per hour" and not, as Plaintiff improperly rephrased them to be.<br><br>Plaintiffs set forth legal and evidentiary objections in violation of this Court's Standing Order (*See* Standing Order No. 12). | | | |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| 18 | Officers' determined the vehicle's high speeds on the wet roads, and passage of other motorists, posed a major threat of injury to the public. | Ex. B at 1-2 | Disputed as phrased and unsupported. Defendants' proposed fact is merely copied from Zozaya's hearsay after-incident report and is not established by admissible evidence.<br><br>Disputed as to "officers". It is undisputed that Garcia did not determine any such event. Further, Defendants only cite Zozaya's post-incident report to establish what Zozaya supposedly saw, no other officer. |
| Defendants' Response: This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12.<br><br>Plaintiffs set forth legal and evidentiary objections in violation of this Court's Standing Order (*See* Standing Order No. 12).<br><br>Plaintiffs' dispute as to the use of "officers" has no basis in law as under the collective knowledge doctrine, the courts may impute police officers' collective knowledge to the officer conducting a stop search or arrest. *U.S. v. Villasenor,* 608 F.3d 467 (9th Cir. 2010). | | | |
| 19 | Officer Jesus Garcia ("Garcia") and Edward Bautista ("Bautista") were positioned in their respective patrol vehicles within a parking lot on the southernly side of Valley | Ex. K at 42:25-43:19, 44:7-13 | Undisputed that Garcia and Bautista were in a thrift store parking lot which was at the southeast corner of Valley and Cypress. |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | between Cypress and Juniper. | | |
| **Defendants' Response:** This fact remains undisputed.[1] | | | |
| 20 | Garcia and Baustista heard the broadcasts from Zozaya indicating that a pursuit was happening. | Ex. K at 45:1-15 | Undisputed that Garcia knew there was a pursuit in progress initiated by Zozaya. |
| **Defendants' Response:** This fact remains undisputed.[2] | | | |
| 21 | Garcia and Bautista responded as supporting/backing units. | Ex. B at 1-2<br>Ex. K at 42:25-43:19, 44:7-45:15 | Disputed as to the intent of Bautista. This proposed fact is not established by Zozaya's hearsay Report or Garcia's testimony.<br><br>Undisputed that Garcia responded. |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion.<br><br>Plaintiffs set forth legal and evidentiary objections in violation of this Court's Standing Order (*See* Standing Order No. 12).<br><br>Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). Specifically, this fact says nothing about "intent". | | | |
| 22 | Meanwhile, the pursuit eastbound continued | Ex. B at 1-2<br>Ex. H | Undisputed that the pursuit was eastbound |

[1] It is unclear whether the Plaintiffs meant to dispute any portion of this fact given that they have qualified only a portion of the fact with "Undisputed" without stating disputed as to the remainder, so in the abundance of caution, the Defendants' confirm that this fact remains undisputed.

[2] Same as fn. 1

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | through Cypress in speeds over 80 miles per hour. | Ex. I at COF 000028, COF 000139-143<br>See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]<br>Ex. W at 12:3-13:18, 14:21-19:10, 43:4-44:7 | on Valley, through Cypress, and Zozaya and Bonilla drove in excess of 80 mph which Garcia was still in the parking lot. |
| **Defendants' Response:** This fact remains undisputed.[3]<br><br>Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* No. 12). Specifically, this fact states nothing about Zozaya, Bonilla, or Garcia. | | | |
| 23 | At no point in time did vehicle or the passengers comply with officers' attempts to get them to pull over or otherwise stop their flight | Ex. B at 1-2 | Disputed. The three minor passengers were not in control of the Nissan and there is no evidence that they did not attempt to comply. In fact, based on Defendants' disputed facts, the rear right passenger was once out of the window and complied with police presence by going back inside the vehicle. Defendant Zozaya's 2-page hearsay report does not describe in detail everything that did and did not happen nor does it establish whether Bonilla attempted to comply or not. The |

[3] Same as fn. 1

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | pursuit lasted only approximately 23 seconds (Exh. 1, Zozaya Depo at 53:2-8) and was interrupted by Garcia's intervention. (Exh. 25, Valley/Cypress Video at 00:34-00:38.) Further disputed as Defendants did not establish this proposed fact by evidence. |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12. Plaintiffs also fail to proffer evidence in support of a dispute, so the Court will deem the fact undisputed for purposes of the motion. *Id.*<br><br>Plaintiffs set forth legal and evidentiary objections in violation of this Court's Standing Order (*See* No. 12).<br><br>Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). | | | |
| 24 | Baustista exited the parking lot turning left onto the westbound lane of Valley towards Cypress. | Ex. B at 1-2<br>Ex. H at 00:30-00:50<br>Ex. K at 53:14-54:17 | Undisputed that Bautista properly stopped on the apron, properly waited for traffic to pass in order to safely make a turn, properly cleared the intersection of oncoming traffic, properly yielded the right of way, properly had his headlights on, then turned left safely into the westbound lane of |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | Valley, unlike Garcia. |
| **Defendants' Response:** This fact remains undisputed.[4]<br><br>Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* No. 12). | | | |
| 25 | Behind him, Garcia exited the parking lot with a left turn out onto Valley. | Ex. B at 1-2<br>Ex. H at 00:30-00:50<br>Ex. K at 49:8-22, 52:5-54:17, 98:13-23, 112:6-113:9 | Disputed as phrased. Garcia did not exit the parking lot immediately behind Bautista. (Exh. 25, Valley/Cypress Video at 00:34-00:38.) Garcia did not complete a left turn onto Valley. (Lee Decl ¶5, Exhs. 30, 31, 32, and 33.) |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12; and Defendants' Objection to the Plaintiffs' Evidence (including the Lee Decl.), filed concurrently.<br><br>*Scott v. Harris*, 550 U.S. 372 (2007) stands for the proposition that the court may reject a party's account when it is blatantly contradicted by the record such that no reasonable jury could believe. Plaintiff improperly treats video recordings as if they provide a complete, objective and omniscient account of an event, when they are not, and here, do not clearly contradict Defendants' fact.<br><br>Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). | | | |
| 26 | Garcia moved his patrol vehicle into about the | Ex. B at 1-2<br>Ex. H at 00:30- | Disputed. Garcia did not move his vehicle into the |

[4] Same as fn. 1

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | northerly end of the middle dividing lane. | 00:50<br>Ex. K at 49:8-22, 52:5-54:17, 98:13-23, 112:6-113:9 | middle dividing lane at all and certainly not the northerly end of it. The area of impact was Lane 1 eastbound Valley where Bonilla had the right-of-way. (Exh. 25, Valley/Cypress Video at 00:34-00:38; Lee Decl ¶5, Exhs. 30, 31, 32, and 33; Exh. 9, Scene Photos at 1-3.) Precie never saw the Nissan go into westbound traffic before the collision. (Exh. 2, Precie Depo at 37:17-19). Precie never saw the Nissan slide before the collision. (Exh. 2, Precie Depo at 38:9-11). Precie never saw the Nissan moving sideways towards Garcia's vehicle. (Exh. 2, Precie Depo at 38:12-15). The Nissan did not swerve, slide sideways, hydroplane or skid; it was going straight. (Exh. 1, Zozaya Depo at 48:16-49:4;<br>Exh. 4, Terwilliger Depo at 23:4-5, 24:9-15) |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12; and Defendants' Objection to the Plaintiffs' Evidence (including the Lee Decl.), filed concurrently. | | | |



MK MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12).<br><br>*Scott v. Harris*, 550 U.S. 372 (2007) stands for the proposition that the court may reject a party's account when it is blatantly contradicted by the record such that no reasonable jury could believe. Plaintiff improperly treats video recordings as if they provide a complete, objective and omniscient account of an event, when they are not, and here, do not clearly contradict Defendants' fact. | | | |
| 27 | Garcia did not intend to position his car physically in the way of the vehicle decedents were in. | Ex. K at 37:17-39:5, 106:9-108:1 | Disputed. Defendants cannot establish a position on the matter from Garcia's testimony because of his lack of memory. (Exh. 3, Garcia Depo at 9:23-10:5; see also Plaintiffs' Objections Section II.) Garcia does not recall if he was intending to conduct a pursuit intervention technique. (Id. at 107:9-16.) Garcia does not recall if he was attempting to conduct a blocking, boxing, PIT, ramming, roadblock, or tire deflation technique. (Id. at 107:20-25.) Thus, he cannot contend otherwise.<br><br>Disputed. Under Plaintiffs' facts and all reasonable inferences therefrom and in light of the objective video and |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | physical evidence, a jury can find that Garcia intentionally attempted rammed into the Nissan with his patrol SUV: Garcia testified that he intended "[t]o assist" the pursuit (Id. at 37:17-19), which he did by using excessive force to stop the pursuit. Garcia "was attempting to respond to the pursuit" (Id. at 38:5-9).<br>Garcia knew the pursuit was going eastbound on Valley (Id. at 38:10-12). Garcia knew an option was to wait in the parking lot to see in which direction the pursuit went before leaving the parking lot (Id. at 38:20-23). Garcia knew the Nissan was approaching Cypress a high speeds being pursued by Zozaya, failed to come to a complete stop at the apron, failed to clear the intersection, failed to yield the right of way, failed to use his turn signal, failed to activate his headlights in a continuous event of trying to be inconspicuous, saw the |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | Nissan's headlights approaching, intentionally took his foot off the brake, intentionally put his foot on the accelerator, intentionally depressed the accelerator to 100% - gunning it – and turning slightly to the left timed perfectly for the front of his SUV to violently collide into the right side of the Nissan, in a T-Bone/Ram-like maneuver, colliding with the Nissan in the Number 1 lane of Valley eastbound. (PAMF 54-68.) |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12. It is also illogical for Plaintiffs to attack Garcia's testimony because of his lack of memory but then also use his testimony as evidence in support of their dispute.<br><br>Plaintiffs set forth legal and evidentiary objections in violation of this Court's Standing Order (*See* Standing Order No. 12). Plaintiffs' disputes are more appropriate for their memorandum of points and authorities.<br><br>Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). | | | |
| 28 | Garcia did not perform any maneuvers with his patrol unit in an effort to terminate the pursuit. | Ex. K at 106:9-108:1 | Disputed. Defendants cannot establish a position on the matter from Garcia's testimony |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | because of his lack of memory. (Exh. 3, Garcia Depo at 9:23- 10:5; see also Plaintiffs' Objections Section II.) Garcia does not recall if he was intending to conduct a pursuit intervention technique. (Id. at 107:9-16.) Garcia does not recall if he was attempting to conduct a blocking, boxing, PIT, ramming, roadblock, or tire deflation technique. (Id. at 107:20-25.) Thus, he cannot contend otherwise.<br><br>Disputed. Under Plaintiffs' facts and all reasonable inferences therefrom and in light of the objective video and physical evidence, a jury can find that Garcia intentionally attempted rammed into the Nissan with his patrol SUV: Garcia testified that he intended "[t]o assist" the pursuit (Id. at 37:17-19), which he did by using excessive force to stop the pursuit. Garcia "was attempting to respond to the pursuit" (Id. at 38:5-9). Garcia knew the pursuit was going |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | eastbound on Valley (Id. at 38:10-12). Garcia knew an option was to wait in the parking lot to see in which direction the pursuit went before leaving the parking lot (Id. at 38:20-23). Garcia knew the Nissan was approaching Cypress a high speeds being pursued by Zozaya, failed to come to a complete stop at the apron, failed to clear the intersection, failed to yield the right of way, failed to use his turn signal, failed to activate his headlights in a continuous event of trying to be inconspicuous, saw the Nissan's headlights approaching, intentionally took his foot off the brake, intentionally put his foot on the accelerator, intentionally depressed the accelerator to 100% - gunning it – and turning slightly to the left timed perfectly for the front of his SUV to violently collide into the right side of the Nissan, in a T-Bone/Ram-like maneuver, colliding with |



MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | the Nissan in the Number 1 lane of Valley eastbound. (PAMF 54-68.) |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12. It is also illogical for Plaintiffs to attack Garcia's testimony because of his lack of memory but then also use his testimony as evidence in support of their dispute.<br><br>Plaintiffs set forth legal and evidentiary objections in violation of this Court's Standing Order (*See* Standing Order No. 12). Plaintiffs' disputes are more appropriate for their memorandum of points and authorities.<br><br>Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). | | | |
| 29 | Almost immediately after Garcia moved into or about the middle dividing lane, decedents' vehicle collided with Garcia. | Ex. B at 1-2<br>Ex. H at 00:30-00:50<br>Ex. K at 30:16-32:24, 52:5-54:17, 98:13-23, 112:6-113:9<br>Ex. I COF 000018-22<br>See Ex. J at 83:5-86:21, [9:9-21, 11:13-12:3; 19:14-20:3] | Disputed. Garcia did not move his vehicle into the middle dividing lane at all and certainly not the northerly end of it. The area of impact was Lane 1 eastbound Valley where Bonilla had the right-of-way. (Exh. 25, Valley/Cypress Video at 00:34-00:38; Lee Decl ¶5, Exhs. 30, 31, 32, and 33; Exh. 9, Scene Photos at 1-3.) Precie never saw the Nissan go into westbound traffic before the collision. (Exh. 2, Precie Depo at 37:17-19). Precie never saw the Nissan slide before the |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | collision. (Exh. 2, Precie Depo at 38:9-11). Precie never saw the Nissan moving sideways towards Garcia's vehicle. (Exh. 2, Precie Depo at 38:12-15). The Nissan did not swerve, slide sideways, hydroplane or skid; it was going straight. (Exh. 1, Zozaya Depo at 48:16-49:4; Exh. 4, Terwilliger Depo at 23:4-5, 24:9-15)<br><br>Disputed that the vehicle belonged to the three passenger decedents. It is undisputed that the Nissan was driven by and belongs to Bonilla and did not belong to decedents.<br><br>Disputed as phrased that the Nissan collided with Garcia. Garcia was not on foot and did not personally get impacted by the Nissan.<br><br>Disputed that the Nissan collided with Garcia's vehicle. Garcia used his SUV to collide into the Nissan. (Exh. 25, Valley/Cypress Video at 00:34-00:38; Lee Decl |



MK MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | ¶¶7-8, Exhs. 30, 31, 32, and 33.) (PAMF 54-68.)<br><br>Disputed. Defendants cannot establish a position on the matter from Garcia's testimony because of his lack of memory. (Exh. 3, Garcia Depo at 9:23- 10:5; see also Plaintiffs' Objections Section II.) Garcia does not recall if he was intending to conduct a pursuit intervention technique. (Id. at 107:9-16.) Garcia does not recall if he was attempting to conduct a blocking, boxing, PIT, ramming, roadblock, or tire deflation technique. (Id. at 107:20-25.) Thus, he cannot contend otherwise. |

**Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12; and Defendants' Objection to the Plaintiffs' Evidence (including the Lee Decl.), filed concurrently. Plaintiffs also fail to proffer evidence in support of a dispute, so the Court will deem the fact undisputed for purposes of the motion. *Id.* It is also illogical for Plaintiffs to attack Garcia's testimony because of his lack of memory but then also use his testimony as evidence in support of their dispute.

Plaintiffs set forth legal and evidentiary objections in violation of this Court's Standing Order (*See* Standing Order No. 12).

Plaintiffs improperly insert new facts here, which is both improper in a statement of

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). | | | |
| 30 | From this collision, three of the passengers eventually died, with only Bonilla, Garcia, and his partner alive but seriously injured. | Ex. B at 1-2<br>Ex. I COF 000016, 36, 59, 61<br>See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]<br>Ex. T at 9-18 | Undisputed, that three teenage passengers of the Nissan died as a result of the collision caused by Garcia, and that Bonilla and Terwilliger were seriously injured.<br><br>Disputed as to the seriousness of Garcia's injury. Garcia was walking around immediately after the incident. Defendants do not establish whether Garcia was seriously injured. The hearsay investigation report merely states that he had back pain and concussion. (Def Exh. I at COF 16.) |
| Defendants' Response: This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12.<br><br>Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). Specifically, this fact is "From this collision, three of the passengers eventually died, with only Bonilla, Garcia, and his partner alive but seriously injured" and does not say anything with respect to the cause of the crash.<br><br>Plaintiffs set forth legal and evidentiary objections in violation of this Court's Standing Order (*See* Standing Order No. 12). | | | |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| A concussion is a serious bodily injury as a matter of law. *See* Cal. Penal Code § 243(4) ("Serious bodily injury" means a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement.) | | | |
| 31 | At over 100 miles per hour, decedents' vehicle decelerated approximately sharply over ten (10) miles per hour to between 80 and 90 mph just prior to hitting Garcia. | Ex. I COF 000139<br>See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]<br>Ex. T at 9-18 | Disputed that the vehicle belonged to the three passenger decedents. It is undisputed that the Nissan was driven by and belongs to Bonilla and did not belong to decedents.<br><br>Undisputed to the extent that Bonilla attempted to avoid being struck by Garcia by slamming on the brakes once he was able to finally see the hidden and inconspicuously driven Garcia SUV which accelerated quickly from the apron directly into the side of Bonilla's vehicle. |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12. Plaintiffs also fail to proffer evidence in support of a dispute, so the Court will deem the fact undisputed for purposes of the motion. *Id.*<br><br>Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). The fact is "At over 100 miles per hour, decedents' | | | |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| vehicle decelerated approximately sharply over ten (10) miles per hour to between 80 and 90 mph just prior to hitting Garcia". | | | |
| 32 | Detective analysis of the vehicle's CDR proffered that about "…[1.5 seconds prior to the collision] that [the vehicle] rotated counter clockwise. | Ex. I COF 000139<br>See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]<br>Ex. T at 9-18 | Disputed. First the steering input recorded for the Nissan is inaccurate, impossible, and unreliable. (Lee Decl ¶4.) The recorded data would indicate that Bonilla had his steering wheel steadily at 250 degrees for at least 4 seconds within the 5 seconds prior to the impact which would mean the Nissan would be turning in circles prior to even entering the Valley and Cypress intersection. Any reliance on the recorded steering impute is an unreliable methodology and insufficient facts and data to render an opinion. Defendants cite the deposition of person most knowledgeable of the investigation, Wolff, yet no citation having anything to do with the collection, accuracy, analysis, or opinion of the crash data. Defendants rely entirely on Dr. Wobrock who merely copied from the inaccurate MAIT Report |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | without any consideration of its reliability. Further, Dr. Wobrock provides no opinion as to whether the Nissan rotated counterclockwise 1.5 seconds prior to the collision. The MAIT report indicates only that at approximately 1.5 seconds prior to the collision; Bonilla activated the brakes and slowed from approximately 108.7 mph to 83.3 mph. (Exh. 8, MAIT Report at COF 139.)<br>Precie never saw the Nissan go into westbound traffic before the collision. (Exh. 2, Precie Depo at 37:17-19).<br>Precie never saw the Nissan slide before the collision. (Exh. 2, Precie Depo at 38:9-11). Precie never saw the Nissan moving sideways towards Garcia's vehicle. (Exh. 2, Precie Depo at 38:12-15). The Nissan did not swerve, slide sideways, hydroplane or skid; it was going straight. (Exh. 1, Zozaya Depo at |





MK MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | 48:16-49:4; Exh. 4, Terwilliger Depo at 23:4-5, 24:9-15) |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12; and Defendants' Objection to the Plaintiffs' Evidence (including the Lee Decl.), filed concurrently.<br><br>Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). | | | |
| 33 | Garcia's recollection is that he completed his left turn before seeing headlights coming at him. | Ex. K at 33:15-34:19, 53:14-54:17 | Disputed. Defendants cannot establish a position on the matter from Garcia's testimony because of his lack of memory. (Exh. 3, Garcia Depo at 9:23-10:5; see also Plaintiffs' Objections Section II.) All of Garcia's recollection and testimony are subject to credibility determination by the jury. Nevertheless, Garcia does not recall what lane he was in at the time of the collision. (Exh. 3, Gacia Depo at 31:5-8.) Garcia does not recall trying to turn at all immediately prior to the collision. (Id. at 31:13-15.) Garcia does not recall seeing the Nissan turning prior to the |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | collision. (Id. at 33:12-14.) Garcia does not recall being in the Number 1 westbound lane because his "memory is a little foggy on that" but has tried to "piece[] together" what happened after the fact. (Id. at 34:9-14.) Based on objective evidence, Garcia could not have completed the turn, Garcia was not facing west at the time of the collision, was not in the center lane or westbound lanes because the point of impact was in the Number 1 eastbound lane (Exh. 25, Valley/ Cypress Video at 00:34-00:38; Lee Decl ¶5, Exhs. 30, 31, 32, and 33.) Garcia saw the Nissan when he was at the apron of the driveway 1-2 seconds prior to the collision (Exh. 3, Garcia Depo at 32:2-4, 32:18-24; Exh. 4, Terwilliger Depo at 16:11-15, 21:16-25). Further, disputed that the Nissan was coming at him—Garcia intentionally drove into the Nissan (PAMF 54-107.) |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12; and Defendants' Objection to the Plaintiffs' Evidence (including the Lee Decl.), filed concurrently. It is also illogical for Plaintiffs to attack Garcia's testimony because of his lack of memory but then also use his testimony as evidence in support of their dispute.<br><br>Plaintiffs set forth legal and evidentiary objections in violation of this Court's Standing Order (*See* Standing Order No. 12). Plaintiffs' disputes are more appropriate for their memorandum of points and authorities.<br><br>*Scott v. Harris*, 550 U.S. 372 (2007) stands for the proposition that the court may reject a party's account when it is blatantly contradicted by the record such that no reasonable jury could believe. Plaintiffs improperly treats video recordings as if they provide a complete, objective and omniscient account of an event, when they are not, and here, do not clearly contradict Defendants' fact.<br><br>Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). | | | |
| 34 | Garcia's vehicle made it over the southern double yellow line of the center median before the collision. | Ex. H at<br>Ex. I COF 000018-22<br>See Ex. J at 83:5-86:21, [9:9-21, 11:13-12:3; 19:14-20:3]<br>Ex. K at 30:16-32:24, 52:5-54:17, 98:13-23, 112:6-113:9 | Disputed. Defendants cannot establish a position on the matter from Garcia's testimony because of his lack of memory. (Exh. 3, Garcia Depo at 9:23-10:5; see also Plaintiffs' Objections Section II.) All of Garcia's recollection and testimony are subject to credibility determination by the jury. Nevertheless, Garcia does not recall what lane he was in at the time of |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | the collision. (Exh. 3, Gacia Depo at 31:5-8.) Garcia does not recall trying to turn at all immediately prior to the collision. (Id. at 31:13-15.) Garcia does not recall seeing the Nissan turning prior to the collision. (Id. at 33:12-14.) Garcia does not recall being in the Number 1 westbound lane because his "memory is a little foggy on that" but has tried to "piece[] together" what happened after the fact. (Id. at 34:9-14.) Based on objective evidence, Garcia could not have completed the turn, Garcia was not facing west at the time of the collision, was not in the center lane or westbound lanes because the point of impact was in the Number 1 eastbound lane (Exh. 25, Valley/ Cypress Video at 00:34-00:38; Lee Decl ¶5, Exhs. 30, 31, 32, and 33; Exh. 9, Scene Photos at 1-3.) Precie never saw the Nissan go into westbound traffic before the collision. (Exh. 2, Precie Depo at 37:17- |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | 19). Precie never saw the Nissan slide before the collision. (Exh. 2, Precie Depo at 38:9-11). Precie never saw the Nissan moving sideways towards Garcia's vehicle. (Exh. 2, Precie Depo at 38:12-15). The Nissan did not swerve, slide sideways, hydroplane or skid; it was going straight. (Exh. 1, Zozaya Depo at 48:16-49:4; Exh. 4, Terwilliger Depo at 23:4-5, 24:9-15) |

**Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12; and Defendants' Objection to the Plaintiffs' Evidence (including the Lee Decl.), filed concurrently. It is also illogical for Plaintiffs to attack Garcia's testimony because of his lack of memory but then also use his testimony as evidence in support of their dispute.

Plaintiffs set forth legal and evidentiary objections in violation of this Court's Standing Order (*See* Standing Order No. 12). Plaintiffs' disputes are more appropriate for their memorandum of points and authorities.

*Scott v. Harris*, 550 U.S. 372 (2007) stands for the proposition that the court may reject a party's account when it is blatantly contradicted by the record such that no reasonable jury could believe. Plaintiff improperly treats video recordings as if they provide a complete, objective and omniscient account of an event, when they are not, and here, do not clearly contradict Defendants' fact.

Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12).

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| 35 | Decedents' vehicle, which was in the eastbound lane closest to median, veered leftward into about the middle-diver lane. | Ex. H at<br>Ex. I COF 000018-22<br>See Ex. J at 47:8-49:12, 83:5-86:21, [9:9-21, 11:13-12:3; 19:14-20:3]<br>Ex. K at 30:16-32:24, 52:5-54:17, 98:13-23, 112:6-113:9<br>Ex. R at 26:13-21, 36:7-38:15<br>Ex. T at 9-18 | Disputed that the vehicle belonged to the three passenger decedents. It is undisputed that the Nissan was driven by and belongs to Bonilla and did not belong to decedents.<br><br>Disputed that the Nissan veered into the middle lane. The Nissan was not in the painted median. Based on objective evidence, Garcia could not have completed the turn, Garcia was not facing west at the time of the collision, was not in the center lane because the point of impact was in the Number 1 eastbound lane (Exh. 25, Valley/ Cypress Video at 00:34-00:38; Lee Decl ¶5, Exhs. 30, 31, 32, and 33; Exh. 9, Scene Photos at 1-3.) Precie never saw the Nissan go into westbound traffic before the collision. (Exh. 2, Precie Depo at 37:17-19). Precie never saw the Nissan slide before the collision. (Exh. 2, Precie Depo at 38:9-11). Precie never saw the Nissan moving sideways |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | towards Garcia's vehicle. (Exh. 2, Precie Depo at 38:12-15). The Nissan did not swerve, slide sideways, hydroplane or skid; it was going straight. (Exh. 1, Zozaya Depo at 48:16-49:4; Exh. 4, Terwilliger Depo at 23:4-5, 24:9-15.) Garcia saw the Nissan when he was at the apron of the driveway 1-2 seconds prior to the collision (Exh. 3, Garcia Depo at 32:2-4, 32:18-24; Exh. 4, Terwilliger Depo at 16:11-15, 21:16-25). Further, Garcia intentionally drove into the Nissan (PAMF 54-107.) |

**Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12; and Defendants' Objection to the Plaintiffs' Evidence (including the Lee Decl.), filed concurrently. Plaintiffs also fail to proffer evidence in support of a dispute, so the Court will deem the fact undisputed for purposes of the motion. *Id.*

Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12).

*Scott v. Harris*, 550 U.S. 372 (2007) stands for the proposition that the court may reject a party's account when it is blatantly contradicted by the record such that no reasonable jury could believe. Plaintiffs improperly treats video recordings as if they provide a complete, objective and omniscient account of an event, when they are not,

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| and here, do not clearly contradict Defendants' fact. | | | |
| 36 | After impact, decedents' vehicle continued northeast where it collided with other parked and unoccupied vehicles. | Ex. B at 1-2<br>Ex. I COF 000016-22, 36-39<br>See Ex. J at 71:5-75:16, [9:9-21, 11:13-12:3; 19:14-20:3]<br>Ex. T at 9-18 | Disputed that the vehicle belonged to the three passenger decedents. It is undisputed that the Nissan was driven by and belongs to Bonilla and did not belong to decedents.<br><br>Disputed as phrased. Garcia's SUV colliding with the Nissan propelled the Nissan northeast into an unoccupied parked car. (Exhs. 30, 31, 32, and 33.) |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12. Plaintiffs also fail to proffer evidence in support of a dispute, so the Court will deem the fact undisputed for purposes of the motion. *Id.*<br><br>Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). The fact is "After impact, decedents' vehicle continued northeast where it collided with other parked and unoccupied vehicles". | | | |
| 37 | Officers arrived to assist, investigating injuries and casualties but not moving anyone inside the cars due to the risk of potential spine injuries. | Ex. I COF 000027<br>See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]<br>Ex. Q | Undisputed that officers arrived to assist Garcia and Terwilliger.<br><br>Disputed as to "Officers" given that these citations only apply to Zozaya. |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | Further, as seen throughout Zozaya's BWC video (Def Exh. Q at 00:00-03:48), no officers assisted decedents, no officer took decedents' vital signs, no officer attempted to talk to decedents, and no officer investigated decedents' injuries. Instead, at 00:18-00:20, after Zozaya failed to evaluate decedents, Zozaya instructed anther officer to go evaluate Garcia because the occupants of the Nissan were "unresponsive." No officer attempted to render medical aid to the kids, no officer attempted to check their pulse or assess the kids, and the only medical aid rendered was by the fire department and ambulance. (Exh. 2, Precie Depo at 55:5-23.) |

**Defendants' Response:** This fact remains undisputed. Plaintiffs' cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12.

*Scott v. Harris*, 550 U.S. 372 (2007) stands for the proposition that the court may reject a party's account when it is blatantly contradicted by the record such that no reasonable jury could believe. Plaintiff improperly treats video recordings as if they provide a complete, objective and omniscient account of an event, when they are not,

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| and here, do not clearly contradict Defendants' fact.<br><br>Plaintiffs are also improperly inserting new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). | | | |
| 38 | Bonilla and decedent Pitts were transported to Arrowhead Regional Medical Center (ARMC) and Loma Linda University Medical Center (LLUMC) while decedent Rias and Adams were pronounced deceased at the scene. | Ex. B at 1-2<br>Ex. I COF 000016, 26, 36, 59, 61<br>See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3] | Undisputed. |
| 39 | Pitts was pronounced dead the next day. | Ex. I COF 000071<br>See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3] | Undisputed. |
| 40 | Following this incident, Bonilla was convicted of violation VC22356(B) exceeding 70 miles per hour. | Ex. L | Disputed as information unknown., improper character evidence, irrelevant, and unduly prejudicial, and lacks foundation. This proposed fact is not established by admissible evidence. |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs also fail to properly dispute a fact by properly offering evidence to contradict the fact, so the Court should deem the fact undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12.<br><br>Plaintiffs set forth legal and evidentiary objections in violation of this Court's Standing Order (*See* Standing Order No. 12). | | | |
| 41 | Officers' POST and | Ex. M at pp 1-4 | Disputed to the extent |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | training profiles with FPD include course trainings for use of force, driving and pursuit policy, response to calls. | Ex. N at pp 1-4<br>Ex. O at pp 1-4<br>Ex. P at pp 1-4<br>Ex. S at COF 000613-674, 714-1145, 1424-1426, 1511-1512 | that these records do not demonstrate the adequacy of the training, Defendants do not point out how long the course was, what type of course it was, whether it was a pass/fail or graded testing course, or whether the courses took place before or after the incident. Nevertheless, as demonstrated by the Officers' conduct, they received inadequate training; as demonstrated by the Officers' responses at deposition, they received inadequate training. For instance, it appears that in 2023, Zozaya spent merely 1 hour training on the pursuit policy and 4 hours training on the PIT maneuver, and again only 1 hour training on the pursuit policy in 2022. (Def Exh. M at COF 1858). Further, despite having an 8 hour course in Driver Awareness just 3 months prior to the incident (Def Exh. P at COF 1975), Garcia still violated basic officer training, drove without due regard, and used |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | excessive force with his vehicle. There is evidence of inadequate training. (PAMF 74-107.) |
| **Defendants' Response:** This fact remains undisputed. Plaintiff also fails to properly dispute a fact by properly offering evidence to contradict the fact, so the Court should deem the fact undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12.<br><br>Plaintiffs set forth legal and evidentiary objections in violation of this Court's Standing Order (*See* Standing Order No. 12). Plaintiffs' disputes are more appropriate for their memorandum of points and authorities.<br><br>Plaintiffs are also improperly inserting new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). | | | |
| 42 | FPD policy contains provisions which sets forth all of the following with respect to vehicle use and pursuits: (1) the circumstances in which to initiate pursuits; (2) numeric limits on number of pursuit vehicles; (3) communication procedures for pursuits; (4) the role of supervisors to manage and control pursuits; (5) circumstances in which to use laid out driving tactics; (6) authorized intervention tactics (including blocking, ramming, boxing, and roadblocks) and when to employ them; (7) factors necessary to choose speeds | Ex. S at COF 000702-713, 995, 1346-1355 | Disputed. Fontana Vehicle Pursuits Policy does not meet the statutory requirements and Defendants have not made a showing that it does. For instance, amongst other items, Defendants policy has no information on determining driving tactics and circumstances which the tactics may be appropriate; has no information for determining procedures for apprehending an offender following a pursuit; and safe driving tactics information. The |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | encompassing public, officer, and suspect safety; (8) air support role when available; (9) factors to consider to decide pursuit termination or discontinuance; (10) post-vehicle-pursuit apprehension procedures; (11) determination of effective coordination, management, and control of interjurisdictional pursuits; (12) post-pursuit reporting and analysis. | | is no mention of a requirement to drive with due regard and no definition or means to determine what due regard includes in vehicle pursuits. Further, COF 995 is not part of the vehicle pursuit policy where the statutory requirement calls for the policy for safe conduct of motor vehicle pursuits to contain information to determine the role of air support. On its face it does not. Further, Defendants make no showing of proof that COF 1346-55 is policy but a Memorandum of Understanding with no showing that it is every read or trained upon and therefore cannot be incorporated into the requirement related to the policy. Further, there is no indication by Defendants as to what any annual training covers either from policy or training documents and no evidence that the PowerPoint provided is trained on any kind of regular basis. Finally, even where the policy |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | mentions something as required under the code, it does not do so adequately. As a policy is does not provide the necessary information for any reasonable officer to make a safe and informed decision. The policy at times merely restates the sentence of what the statute requires but does not give a policy for the material including "the importance of protecting the public and balancing the known or reasonably suspected offense, and the apparent need for immediate capture against the risks to peace officers, innocent motorists, and others to protect the public." The statute requires the policy to "address" these issues not merely copy and paste it the issue into the policy. There is no policy for this balancing test. There is evidence of unconstitutional custom, policy, practice. (PAMF 113-125.) |

**Defendants' Response:** This fact remains undisputed. Plaintiff also fails to properly dispute a fact by properly offering evidence to contradict the fact, so the Court should deem the fact undisputed for purposes of the motion. *See* Fed. R.

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12.<br><br>Plaintiffs set forth legal and evidentiary objections in violation of this Court's Standing Order (*See* Standing Order No. 12). Plaintiffs' disputes are more appropriate for their memorandum of points and authorities.<br><br>Plaintiffs are also improperly inserting new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). | | | |
| 43 | FPD also has its policy, including portions specifically related to pursuits, signed as received and acknowledged by officers. | Ex. S at COF 001568-1650<br>Ex. M at COF 001849, 1853, 1845, 1841<br>Ex. N at COF 001829, 1825, 1833<br>Ex. O at COF 00179, 1780, 1784, 1788, 1792, 1796, 1800, 1801, 1805, 1809, 1813<br>Ex. P at COF 001964, 1958 | Disputed, given that this proposed fact is unintelligible and Plaintiffs cannot respond appropriately.<br><br>Undisputed that Defendant Officers were supposed to know their Department policy and training. See also Plaintiffs Dispute of Defendants Fact No. 42. |
| **Defendants' Response:** This fact remains undisputed. Plaintiff also fails to properly dispute a fact by properly offering evidence to contradict the fact, so the Court should deem the fact undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12.<br><br>Plaintiffs improperly insert new facts here, which is both improper in a statement of genuine dispute of material facts and in violation of this Court's Standing Order (*See* Standing Order No. 12). Specifically, the fact is "FPD also has its policy, including portions specifically related to pursuits, signed as received and acknowledged by officers." | | | |
| 44 | FPD also has a pursuit-specific yearly training refreshers. | Ex. S at COF 001568-1650 | Disputed to the extent that there is no indication the record that |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | Def Exh. S at 1568-1650 is an annual refresher training. Interestingly, 82 slides as an annual 1-hour refresher would indicate approximately 43 seconds per slide. Thus, less than 5 minutes per year officers are trained specifically on vehicle pursuits. Some of the slides also appear to have videos embedded with unknown lengths. Plaintiffs contend this is inadequate training which had a direct result on the Defendants lack of understanding and inability to follow basic officer training. This annual training also does not cover any use of force related pursuit intervention techniques. In other words, inadequate training. The annual pursuit-specific training fails to meet the minimum guidelines established by Penal Code §13519.8. This training does not cover the number of units permitted; does not cover the responsibilities of the involve units; does not cover driving |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | | | with due regard (only that it is important); does not cover driving helicopter assistance; does not cover communication; does not cover capture of suspects; supervisor responsibilities; does not cover blocking, ramming, boxing, and roadblock procedures; does not cover speed limits; does not cover interjurisdictional considerations; and does not cover reporting and post-pursuit analysis. Thus, Defendants policy and training is inadequate, unconstitutional, and insufficient to support immunity. |
| **Defendants' Response:** This fact remains undisputed. Plaintiff also fails to properly dispute a fact by properly offering evidence to contradict the fact, so the Court should deem the fact undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12.<br><br>Plaintiffs set forth legal and evidentiary objections in violation of this Court's Standing Order (*See* Standing Order No. 12). Plaintiffs' disputes are more appropriate for their memorandum of points and authorities. | | | |
| 45 | Plaintiffs defer to the following records as showcasing the facts they know and the facts upon which their claims are based: "Defendants' | Ex. C, No. 1, 6, 20<br>Ex. D, No. 1, 6, 20<br>Ex. E, No. 1, 6, 20<br>Ex. F, No. 1, 6, 20 | Undisputed that this was part of Plaintiffs' responses to Defendants' extreme overbroad and vague discovery requests. |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| | Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers." | | |
| **Defendants' Response:** This fact remains undisputed.<br><br>Plaintiffs set forth legal and evidentiary objections in violation of this Court's Standing Order (*See* Standing Order No. 12). Plaintiffs' disputes are more appropriate for their memorandum of points and authorities.(and also because the extreme overbroad and vague characterization of a discovery request have nothing to do with a motion for summary judgment). | | | |
| 46 | Plaintiffs allege that Officers "used deadly force in their improper tactics and by vehicle intervention techniques." | Ex. A, ¶ 34, 50-52<br>Ex. C, No. 1, 6<br>Ex. D, No. 1, 6<br>Ex. E, No. 1, 6<br>Ex. F, No. 1, 6 | Undisputed as a portion of Plaintiffs' allegations. |
| **Defendants' Response:** This fact remains undisputed.[5] | | | |
| 47 | To support their first claim, Plaintiffs specifically claim that Officers "escalated the situation when they unreasonably used their patrol vehicles to forcibly strike the vehicle occupied by but not driven by Decedents." | Ex. A, ¶ 34, 50-52<br>Ex. C, No. 1<br>Ex. D, No. 1<br>Ex. E, No. 1<br>Ex. F, No. 1 | Undisputed as a portion of Plaintiffs' allegations.<br><br>Disputed that this is limited to Plaintiffs' first claim only. |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs also fail to properly dispute a fact by properly offering evidence to contradict the fact, so the Court should deem the fact undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12. | | | |

[5] Same as fn. 1

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| 48 | To support their second claim, Plaintiffs specifically claim that Officers "intentionally used force…against Decedents, causing their deaths" and failed to give verbal warnings. | Ex. A, ¶ 34, 62-64<br>Ex. C, No. 1<br>Ex. D, No. 1<br>Ex. E, No. 1<br>Ex. F, No. 1 | Undisputed as a portion of Plaintiffs' allegations.<br><br>Disputed that this is limited to Plaintiffs' second claim only. |
| **Defendants' Response:** This fact remains undisputed. Plaintiffs also fail to properly dispute a fact by properly offering evidence to contradict the fact, so the Court should deem the fact undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12. | | | |
| 49 | To support their third claim for *Monell* policy liability, Plaintiffs allege that the City has policies including using excessive force on unarmed, non-risk suspects, failing to train or discipline Officers, and maintaining a policy of inaction. | Ex. A, ¶ 34, 76-81<br>Ex. C, No. 6, 20<br>Ex. D, No. 6, 20<br>Ex. E, No. 6, 20<br>Ex. F, No. 6, 20 | Undisputed as a portion of Plaintiffs' allegations. |
| **Defendants' Response:** This fact remains undisputed.[6] | | | |
| 50 | To support their fourth claim for *Monell* failure to train liability, Plaintiffs allege the City failed to train Officers on how to handle use of force in particular against persons in a vehicle, unreasonable stop of a vehicle, and tactical communication and position. | Ex. A, ¶ 34, 90-91<br>Ex. C, No. 6, 20<br>Ex. D, No. 6, 20<br>Ex. E, No. 6, 20<br>Ex. F, No. 6, 20 | Undisputed as a portion of Plaintiffs' allegations. |

[6] Same as fn. 1

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| **Defendants' Response:** This fact remains undisputed.[7] | | | |
| 51 | To support their fifth claim for *Monell* ratification, Plaintiffs allege a final policymaker determined that acts of the Officers were within policy and that a policymaker has a history of ratifying unconstitutional use of force. | Ex. A, ¶ 34, 99-101, 103<br>Ex. C, No. 6, 20<br>Ex. D, No. 6, 20<br>Ex. E, No. 6, 20<br>Ex. F, No. 6, 20 | Undisputed as a portion of Plaintiffs' allegations. |
| **Defendants' Response:** This fact remains undisputed.[8] | | | |
| 52 | Plaintiffs sixth, seventh, and eighth claims stem from the same allegations and injury underlying the first and second causes of action. | Ex. A, ¶ 34, 109-112, 120-123, 133-137<br>Ex. C, No. 1, 20<br>Ex. D, No. 1, 20<br>Ex. E, No. 1, 20<br>Ex. F, No. 1, 20 | Undisputed as claims having similar factual allegations all from the same incident.<br><br>Disputed as overbroad, incomplete and calling for legal conclusion. |
| **Defendants' Response:** This fact remains undisputed. Plaintiff also fails to properly dispute a fact by properly offering evidence to contradict the fact, so the Court should deem the fact undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3; this Court's Standing Order at No. 12. | | | |

[7] Same as fn. 1

[8] Same as fn. 1

DATED: September 28, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Eugene Ramirez*

Eugene P. Ramirez
Kayleigh A. Andersen
Eugene P. Hanrahan
Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA