Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
*kayleigh.andersen@manningkass.com*
Eugene Hanrahan (State Bar No. 185826)
*Eugene.Hanrahan@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St., 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

DIANA BIAS; TATANISHA PITTS; DOMINIC ADAMS Sr., and BRITTANY MASON,

Plaintiffs,

v.

CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,

Defendants.

Case No. 5:25−cv−00207−JGB−ACCV
District Judge, Jesus G. Bernal
Magistrate Judge, Angela C. C. Viramontes

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE AND STATEMENTS OF UNCONTROVERTED FACTS**

Filed concurrently with:
1. Defendants' Reply In Support of [Amended] Motion for Summary Judgment;
2. Response to Plaintiffs' Statement of Genuine Disputes of Material Fact
3. Legal and Evidentiary Objections to Plaintiffs' Additional Facts
4. Response to Plaintiff's Additional Facts
5. Objections to Plaintiffs' Evidence

Date: 10/19/2026
Time: 9 a.m.
Crtrm: 1 (2nd floor)

Pursuant to Federal Rule of Civil Procedure 56 and Civil Local Rule 56-1, Defendants CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA;

DANIEL PRECIE; and BRIAN ZOZAYA submit their Response to Plaintiffs' Objections to Defendants' Evidence and legal and evidentiary objections to Defendants' Statement of Uncontroverted Facts in support of Summary Judgment.

**Responses to Plaintiffs' Objections to Defendants' Evidence**

| EVIDENCE OBJECTED TO BY PLAINTIFFS | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE |
| --- | --- | --- |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| **Def. Exh. B, Zozaya's Incident Report** | Fontana Police Department Confidential Incident Report by Officer Brian Zozaya (COF 302-305), on the grounds that it is hearsay without exception, includes after acquired information unknown to officers, includes legal conclusions, and it is inappropriate to file documents and pages of documents that are not used to support a contentions. This exhibit should not be considered because it is irrelevant, unduly prejudicial, and hearsay. Fed. R. Evid. 401, 402, 403, 801.<br><br>Further, Defendants failed to properly pinpoint cite their evidence. Instead, they repeatedly site two pages of information in the report per proposed fact. Pursuant to Local Rule 56-1, "Each such fact must be numbered and must be supported by pinpoint citations (including page and line numbers, if available) to evidence in the record." Defendants' failure to follow the Local Rule and this Court's Order makes it difficult and unduly prejudicial to both Plaintiffs and this Court to verify Defendants allegedly uncontroverted facts. Plaintiffs contend that this exhibit should not be considered at all in evaluating Defendants' Motion. | The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); duplicative of the summary judgment standard itself (*Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Plaintiffs do not actually dispute the contents of the Incident Report and their objections to the report that it includes information unknown to the officer is completely indicative of the fact that this a boilerplate objection given that this document is a business record. *United States v. Pazsint*, 703 F.2d 420, 424 (9th Cir. 1983) ("entries in a police report which result from the officer's own observations and knowledge may be admitted"); Business records are admissible under FRE 803 because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985) |

| | | |
|---|---|---|
| | | Plaintiffs' objection that this was not used to support a contention is again a boilerplate objection as Exhibit B supports several of Defendants' uncontroverted facts.<br><br>Plaintiffs' objection regarding pinpoint citations should be overruled as there are no line numbers and Plaintiffs' citation and quoting of Local Rule 56-1 should make it perfectly obvious to Plaintiffs that the Local Rules are quite reasonable regarding citing to line numbers when the line numbers are not available such that the lack of line numbers do not violate a Local Rule. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| **Def. Exh. I, San Bernardino County MAIT Report** | Object on the grounds that this Report is information unknown to the Defendant officers at the time of their conduct and use of force. This exhibit should not be considered because it is irrelevant and unduly prejudicial, includes layers of hearsay, lacks foundation, and includes impermissible character evidence. Fed. R. Evid. 401, 402, 403, 404. This report contains sketches, diagrams and markings, and conclusions without foundation, without establishing sufficient facts and data and without establishing a reliable methodology in determining these expert opinions. This report contains hearsay summary of statements by involved officers, that were not under oath, supposedly were recorded yet recordings were never produced to Plaintiffs. Thus, objection as to several layers of hearsay, speculation, and improper expert opinion without foundation. Fed. R. Evid. 602, 702, 801.<br><br>Defendants cite only approximately 24 pages of the 118-page report. Therefore, Defendants include information that was not relied upon and should be stricken from the record. Further, Defendants | The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); duplicative of the summary judgment standard itself (*Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Plaintiffs do not actually dispute the contents of the MAIT Report.<br><br>Plaintiff's contention that the Report is violative of the Federal Rules of Evidence with respect to expert reports and that the report is information unknown to the Defendant officers at the time of their conduct and use of force is further evidence of the fact that it is boilerplate. This is not an expert report and the Plaintiffs' do not contend that this was an expert report produced in compliance with FRCP; and Defendants' statement of uncontroverted facts supported by this exhibit have no bearing on whether the Defendants' use of force was excessive (which it was not).<br><br>Plaintiffs' objection regarding pinpoint citations should be |

| | | |
|---|---|---|
| | failed to properly pinpoint cite their evidence. Instead, they repeatedly site multiple pages of information in the report for one proposed fact. Pursuant to Local Rule 56-1, "Each such fact must be numbered and must be supported by pinpoint citations (including page and line numbers, if available) to evidence in the record." Defendants' failure to follow the Local Rule and this Court's Order makes it difficult and unduly prejudicial to both Plaintiffs and this Court to verify Defendants allegedly uncontroverted facts. Plaintiffs contend expert conclusions and hearsay statements in this exhibit should not be considered at all in evaluating Defendants' Motion. | overruled as there are no line numbers and Plaintiffs' citation and quoting of Local Rule 56-1 help this Court to discredit its own objection as the Local Rule is very reasonable regarding citing to line numbers and requires it only if the line numbers are available.<br><br>Notably, Plaintiffs actually cite to this report in support of their Additional Facts, *see* Dkt. 43-1 at PSUF Nos. 4, 66, 68, and 72. Thus, Plaintiffs cannot have it both ways; they cannot both discredit this Exhibit simultaneous with using it as evidence in support of their Additional Facts. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| **Def. Exh. S, Fontana Police Department Policy Manual** | Object on the grounds that these are overbroad, cumulative, includes irrelevant information, and includes information that is too vague and ambiguous to consider. Fed. R. Evid. 401, 403. Further, these policies and slides include conclusions without foundation, without establishing sufficient facts and data and without establishing a reliable methodology in determining these expert opinions. This report contains hearsay, speculation, and improper expert opinion without foundation. FRE. 602, 702, 801. | The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); duplicative of the summary judgment standard itself (*Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Plaintiffs' contentions that there is no reliable methodology is further evidence of this being boilerplate as this is obviously not an expert opinion and therefore all objections based on FRE 602, 702, and 801 are baseless.<br><br>This Exhibit is admissible under FRE 803 as a public record. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| **Def. Exh. T, Wobrock Rule 26 Expert Report;**<br><br>**Def. Exh. U, Martin Rule 26 Initial Expert Report;**<br><br>**Def. Exh. V, Martin Rule 26 Rebuttal Expert Report** | These exhibits, which were undeniably created after the use of force incident, contain information unknown to officers at the time of the incident. This exhibit should not be considered because they are unsupported by declaration of the experts, irrelevant and unduly prejudicial, includes layer of hearsay, lacks foundation, and includes impermissible character evidence. Fed. R. Evid. 401, 402, 403, 404, 801.<br><br>Defendants' experts provide opinions without sufficient facts and data, outside their expertise, and opinions based on an unreliable method. Fed. R. Evid. 702. Citations to these reports cannot be used to establish a fact or whether there is a dispute of fact. The factual information contained in their reports are not evidence or opinions, they are hearsay and only included to establish a basis for opinions. For Exhibit T, Defendants repeatedly and only cite to pages 9-18 (five times), which is 10 pages of irrelevant information and/or merely identifying information from the MAIT Report, and 4 opinions that are not cited to or relied upon by Defendants. For Exhibits U and V, Martins reports are not cited to or relied upon at all by Defendants. | The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); duplicative of the summary judgment standard itself (*Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Plaintiffs' contention that these were created after the use of force incident and known to the officers at the time of the incident is evidence of the fact that this is a boilerplate objection.<br><br>Expert opinions, and underlying facts or data, are permitted under the Federal Rules of Evidence; and the probative value outweighs the prejudicial value. FRE 702, 703, 705. Plaintiffs do not actually specify how or why each experts' opinions are without sufficient facts or data, outside their expertise, and are opinions based on an unreliable method. As fully set forth in each of the Defendants' experts' reports, each expert based their opinions on sufficient facts and data; make opinions that are within their expertise; and their opinions are based on reliable methods. |

| | | |
|---|---|---|
| | Thus, must be stricken from record.<br><br>This is a §1983 civil rights and state tort case arising from the Officers reckless conduct in causing a collision and killing three innocent boys. The analysis is limited to information known to Officers at the time and cannot be based on improper expert opinion.<br><br>Plaintiffs object on the grounds that Defendants' exhibits cited do not establish the absence of a genuine dispute. Pursuant to Local Rule 56-1, these exhibits do not present material facts. A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *See Tennessee v. Garner*, 471 U.S. 1, 26 (1985) ("The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances."); *Glenn v. Washington Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition | To the extent that any pages are not cited to in support of a fact, the Court is aware that it has the discretion to exclude them as irrelevant; or review them as relevant in the context of the larger report and the bases of each experts' opinions.<br><br>Plaintiffs' paragraph starting with "This is a § 1983 action …" and ending with "cannot be based on improper expert opinion" should be disregarded since there is no legal basis for this blanket statement. |

MANNING | KASS

| | | |
|---|---|---|
| | against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."). Irrelevant evidence is not admissible. Federal Rule of Evidence 401, 402. The inquiry here is limited to the information known to the officer at the time of the officer conduct. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). Adhering to these parameters is of the utmost importance because it maintains an essential balance and protects both law enforcement officers and the public. *See Id*. at 25-26; *United States v. Place*, 462 U.S. 696, 703 (1983).<br><br>This exact issue was recently addressed by the Honorable Judge Consuelo B. Marshall in the court's October 14, 2025 Order re. Evidentiary Objections re Defendants' Motion for Summary Judgment, in the matter of E.V., et al v. City of Covina, et al., Case No. 5:23-cv-1562-CBM-SHK. (Attached hereto as Exhibit A, where defendants also attempted to submit department incident reports, as well as other information unknown). | |

MANNING | KASS

| | | |
|---|---|---|
| | Therefore, Plaintiffs respectfully request that these exhibits be stricken from the record, not considered in evaluating Defendants' Motion, and that any "fact" cited by defendants that is supported by any of these exhibits also be stricken and not considered for determining this dispositive motion. | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



MANNING | KASS

MANNING | KASS

| | | |
|---|---|---|
| **Garcia's Testimony (Deposition of Garcia attached as Exhibit K to Defendants' Exhibits In Support of [Amended] Motion for Summary Judgment]** | Objection to any statement or report made by Defendant Officer Garcia related to the collision. Garcia claims to have memory loss and cannot recall the collision. On a dispositive motion, Defendants cannot infer a lack of recollection in their favor. Defendants' arguments regarding Garcia are not facts and contradicted by objective evidence and other testimony. A jury could find that Garcia hid damaging testimony behind the veil of an inability to recollect and can choose not to believe anything Garcia testified to. Thus, Defendants' arguments based on Garcia's subjective statements about the collision are unsupported by objective evidence and a credibility question for the jury. Garcia authored no report related to the incident. (Exh. 3, Garcia Depo at 12:17-18.) The hearsay investigator summary of Garcia's statement given a month and a half after the incident was a third of a page with limited detail written in third person without any quotations and supposedly was not audio recorded—yet even there it was recorded that "Garcia did not recall the collision." (Def Exh. I at COF 29.) Further, Garcia's deposition testimony was riddled with an inability to | "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).<br><br>Plaintiffs agree that "Garcia's subjective statements … [is] a credibility question for the jury" and thus, admits that their objection is not proper on a motion for summary judgment. |

| | | |
|---|---|---|
| | recollect, including the date of the incident (Exh. 3, Garcia Depo at 5:17-19, 11:4-6).<br><br>[omitting Plaintiffs' 107 citations to the Garcia deposition] | |

**RESPONSES TO PLAINTIFFS' LEGAL AND EVIDENTIARY OBJECTIONS TO DEFENDANTS' STATEMENT OF FACTS**

| D's SUF No. | Defendants' Facts | Plaintiffs' Objections | Defendants' Responses to Plaintiffs' Objections |
|---|---|---|---|
| **1** | On February 3, 2024, officer Brian Zozaya ("Zozaya") and Daniel Precie ("Precie") were conducting routine patrol at or around the area of Catawba and Valley in Fontana, CA. (Ex. B at 1-2; Ex. R at 17:12-21:9; Ex. W at 12:3-13:18, 14:21-19:10) | (see Section I). | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, above. |
| **2** | Around 10:44 p.m., Zozaya caught sight of a 2022 Nissan license plate 8ZZG454 ("vehicle"). (Ex. B at 1) | (see Section I). | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, above. |
| **3** | It was later determined that minor Giovanni Bonilla ("Bonilla") was operating the vehicle. (Ex. I at COF 11, COF 1150-20; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]; Ex. L) | **Objection to Def Exh. I** (see Section I)<br><br>**Objection to Def Exh. L** (see Section I). | *See* Defendants' Response to Plaintiffs' Objection to Exhibit I, L, above |



MANNING | KASS

| | | | |
|---|---|---|---|
| **4** | Zozaya noted that one of the rear passengers was hanging out of the rear window in a way that made it apparent he was not wearing a seatbelt. (Ex. B at 1-2; Ex. W at 18:6-18) | **Rule 403/602/611**: Compound, Speculation, Lacks Foundation. | The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Exhibit B is admissible under **FRE 803** as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985) |



MANNING | KASS

MANNING | KASS

| | | | |
|---|---|---|---|
| **5** | Officers witnessed this window hanging as violative of VC27315. (Ex. B at 1-2) | (see Section I).<br><br>**Rule 401/402:** Relevance.<br><br>**Rule 403:** Unduly Prejudicial, Confuses the Issues, Misleading. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, above.<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to the Plaintiffs' claim regarding a purported seizure under the Fourth Amendment. |
| **6.** | Officers approached closer and saw the vehicle make an "unsafe turn from" the current lane to the second lane in front of another driver without using a turn signal. (Ex. B at 1-2; Ex. W at 18:6-19:16) | **Objection to Def Exh. B** (see Section I).<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, above.<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 |

| | | | |
|---|---|---|---|
| | | | (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to the Plaintiffs' claim regarding a purported seizure under the Fourth Amendment.<br><br>Exhibit B is admissible under **FRE 803** as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985) |
| **7.** | Officers witnessed this lane change as violative of VC22108. (Ex. B at 1-2) | **Objection to Def Exh. B** (see Section I).<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Confuses the Issues, | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and |

| | | | |
|---|---|---|---|
| | | Misleading.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. | blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to the Plaintiffs' claim regarding a purported seizure under the Fourth Amendment.<br><br>Exhibit B is admissible under **FRE 803** as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. |





MANNING | KASS

MK MANNING | KASS

| | | | |
|---|---|---|---|
| | | | *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985) |
| **8.** | At this time, the road was wet due to rain, thereby rendering the two violations to be a greater safety threat. (Ex. B at 1-2; Ex. W at 25:15-27:16) | **Objection to Def Exh. B** (see Section I).<br><br>**Objection to Def Exh. W** (see Section I); at 25:15-27:16: irrelevant, not supporting the "fact". FRE 401, 403.<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Evidence, Confuses the Issues, Misleading.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to the Plaintiffs' claim regarding a purported seizure under the Fourth Amendment. |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | | Exhibit B is admissible under **FRE 803** as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985)<br><br>Exhibit W is Zozaya's deposition testimony, made upon personal knowledge. **FRE 602.** |
| **9.** | Officers then attempted to conduct a traffic stop on the vehicle at a solid red light in the eastbound lanes of Catawba. (Ex. B at 1-2; Ex. W at 12:6-13:18, 14:21-19:10) | **Objection to Def Exh. B** (see Section I).<br><br>**Objection to Def Exh. W** (see Section I); at 12:6-13:6: refers to initiation of the vehicle pursuit not the traffic stop; at 14:21-19:10: overbroad, does not establish the proposed fact. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, W above.<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | **Rule 401/402**: Relevance.<br><br>**Rule 403**: Argumentative, Unduly Prejudicial, Confuses the Issues, Misleading.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 7-6** requiring factual contentions in any motion shall be presented upon evidence. | Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to the Plaintiffs' claim regarding a purported seizure under the Fourth Amendment.<br><br>Exhibit B is admissible under **FRE 803** as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985)<br><br>Exhibit W is Zozaya's deposition testimony, |

| | | | |
|---|---|---|---|
| | | | made upon personal knowledge. **FRE 602.**<br><br>The evidence supports the factual contention and therefore does not violate Local Rule. |
| **10.** | Officers activated all of the following: their emergency lights with forward facing solid red lights, flashing white and blue lights, and sirens. (Ex. B at 1-2; Ex. W at 12:6-13:18) | **Objection to Def Exh. B** (see Section I).<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Argumentative, Unduly Prejudicial, Misleading.<br><br>**Rule 403/602/611**: Compound, Lacks Foundation.<br><br>**Violation of Local Rule 56-1** requiring "Each such fact ... must be supported by pinpoint citations ... to evidence in the record" and Standing Order at 7:27-8:4 "Judges are not like pigs, hunting for truffles buried in briefs" Violation of Local Rule 7-6 lacks evidence. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to |

| | | | |
|---|---|---|---|
| | | | the Plaintiffs' claim regarding excessive use of force under the Fourteenth Amendment.<br><br>Exhibit B is admissible under **FRE 803** as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985)<br><br>Exhibit W is Zozaya's deposition testimony, made upon personal knowledge. **FRE 602.**<br><br>The evidence supports the factual contention and therefore does not violate Local Rule.<br><br>Pinpoint citations are included and Local Rule 56-1 and Standing Order is complied with. |

| | | | |
|---|---|---|---|
| **11.** | In response, the vehicle accelerated away, going westbound on Valley street from Catawba street. (Ex. B at 1-2; Ex. R at 24:23-26:1; Ex. W at 12:6-13:18) | **Objection to Def Exh. B** (see Section I).<br><br>**Rule 403/611**: Compound.<br><br>**Violation of Local Rule 56-1** pinpoint citation | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non-applicable.<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to the Plaintiffs' claim regarding excessive use of force under the |

| | | | |
|---|---|---|---|
| | | | Fourteenth Amendment.<br><br>Pinpoint citations are included and therefore Local Rule 56-1 is complied with. |
| **12.** | Zozaya initiated a vehicle pursuit, taking position as the primary officer. (Ex. B at 1-2; Ex. R at 24:23-26:1; Ex. W at 12:6-13:18; 42:5-7) | **Objection to Def Exh. B** (see Section I).<br><br>**Rule 403**: Argumentative, Misstates Evidence, Misleading.<br><br>**Rule 403/611:** Compound.<br><br>**Violation of Local Rule 56-1** pinpoint citation | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to |

| | | | |
|---|---|---|---|
| | | | the Plaintiffs' claim regarding excessive use of force under the Fourteenth Amendment.<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non-applicable.<br><br>Exhibit B is admissible under **FRE 803** as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985)<br><br>Exhibit R and W consist of deposition testimony, made upon personal knowledge. **FRE 602.**<br><br>Pinpoint citations included and therefore Local Rule 56-1 is complied with. |

MANNING | KASS

| | | | |
|---|---|---|---|
| **13.** | At all relevant times, Valley Road had a speed limit of 45 miles per hour. (Ex. I at COF 00040; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]) | **Objection to Def Exh. I** (see Section I),<br>also Ex. I at COF 40 was a report by Reyes.<br><br>**Objection to Def Exh. J** at 9:9-21, 11:13-12:3, 19:14-20:3 as showing that Wolff did not author the entire MAIT report, did not establish the speed limit and did not establish a foundation for determining the speed limit listed on COF 40.<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Evidence, Confuses the Issues, Misleading<br><br>**Rule 403/602/611**: Compound. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit I, J above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Exhibit J is Zozaya's deposition testimony, made upon personal knowledge. **FRE 602**. Plaintiffs' basis of objection is also inapplicable as the MAIT report is not required for Wolff to testify as to the speed limit; Wolff does not have to establish the speed limit in order to testify what the speed |

| | | | |
|---|---|---|---|
| | | | limit was.<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant as to the fact that the driver of the Nissan was driving in excess of the speed limit and caused the crash and relevant to Plaintiffs' claims of excessive use of force under the Fourteenth Amendment.<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non-applicable. |
| **14** | The vehicle drove eastbound on Valley (from Catawba) going over 60 miles per hour. (Ex. B at 1-2; Ex. R at 24:23-26:1; Ex. W at 12:6-13:18; 46:7-27:5) | **Objection to Def Exh. B** (see Section I).<br><br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Evidence, Misleading.<br><br>**Rule 403/602/611**: Compound, Lacks Foundation. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. |

| | | | |
|---|---|---|---|
| | | | Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant as to the fact that the driver of the Nissan was driving in excess of the speed limit and caused the crash.<br><br>Exhibit B is admissible under **FRE 803** as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. United States v. Miller, 771 F.2d 1219, 1237 (9th Cir. 1985)<br><br>Exhibit R and W is |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | | deposition testimony, made upon personal knowledge. **FRE 602.** |
| **15** | The vehicle did not show any signs that its driver was going to stop in response to officers' emergency lights or signals of pursuit. (Ex. B at 1-2; Ex. W at 12:6-13:18; 26:7-27:5) | **Objection to Def Exh. B** (see Section I).<br><br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Facts, Confuses the Issues, Misleading.<br><br>**Rule 403/602/611**: Speculation, Lacks Foundation. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and |

| | | | |
|---|---|---|---|
| | | | Plaintiffs' claims of excessive use of force under the Fourteenth Amendment.<br>Exhibit B is admissible under **FRE 803** as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985).<br><br>Exhibit W is Zozaya's deposition testimony, made upon personal knowledge. **FRE 602.** |
| **16** | Zozaya broadcasted to dispatch that he was in pursuit. (Ex. B at 1-2; Ex. G; Ex. W at 12:6-13:18) | **Objection to Def Exh. B** (see Section I).<br><br>**Objection to Def Exh. G** no pinpoint citation in violation of LR 56-1.<br><br>**Rule 403/602/611**: Compound, Overbroad | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | | analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment.<br><br>Exhibit B, G is admissible under **FRE 803** as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept |

| | | | |
|---|---|---|---|
| | | | in the course of regularly conducted business activity. *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985).<br><br>Exhibit W is Zozaya's deposition testimony, made upon personal knowledge. **FRE 602.**<br><br>Pinpoint citations included and therefore Local Rule 56-1 is complied with. |
| **17** | The vehicle drove eastbound on Valley, through Citrus, approaching Oleander at over 80 miles per hour. (Ex. B at 1-2 Ex. I at COF 000028 See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3] Ex. W at 12:3-13:18, 14:21-19:10) | **Objection to Def Exh. B** (see Section I).<br><br>**Objection to Def Exh. I** (see Section I); COF 28 as it does not establish the facts and only includes hearsay summary of statements of two officers who were not involved in the pursuit.<br><br>**Objection to Def Exh. J** at 9:9-21, 11:13-12:3; 19:14-20:3 as it does not establish the proposed fact. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, I, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form |

| | | | |
|---|---|---|---|
| | | **Objection to Def Exh. W** (see Section I); also at 12:3-13:18, 14:21-19:10 as it does not establish the proposed fact.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. | (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment.<br><br>Exhibit B, I is admissible under **FRE 803** as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985)<br><br>Exhibit J, W is deposition testimony, made upon personal |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | | knowledge. **FRE 602**. |
| **18.** | Officers' determined the vehicle's high speeds on the wet roads, and passage of other motorists, posed a major threat of injury to the public. (Ex. B at 1-2) | **Objection to Def Exh. B** (see Section I).<br><br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Law, Confuses the Issues, Misleading.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and |





MANNING | KASS

| | | | |
|---|---|---|---|
| | | | Plaintiffs' claims of excessive use of force under the Fourteenth Amendment.<br><br>Exhibit B is admissible under **FRE 803** as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985) |
| **19.** | Officer Jesus Garcia ("Garcia") and Edward Bautista ("Bautista") were positioned in their respective patrol vehicles within a parking lot on the southernly side of Valley between Cypress and Juniper. (Ex. K at 42:25-43:19, 44:7-13) | **Objection to Def Exh. K** (Section II)<br><br>**Rule 403/602/611**: Overbroad, Speculation, Lacks Foundation. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit K, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | | does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment.<br><br>Exhibit K is deposition testimony, made upon personal knowledge. FRE 602. |
| **20.** | Garcia and Baustista heard the broadcasts from Zozaya indicating that a pursuit was happening. (Ex. K at 45:1-15) | **Objection to Def Exh. K** (see Section II); 45:1-15 as it does not establish what Bautista heard and does not establish what Garcia knew at the time but merely what he heard in the recording after the | *See* Defendants' Response to Plaintiffs' Objection to Exhibit K, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific |

| | | | |
|---|---|---|---|
| | | incident.<br><br>**Rule 403/602/611**: Compound, Vague and Ambiguous as Phrased. | analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment.<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non-applicable.<br><br>Exhibit K is deposition testimony, made upon personal knowledge. FRE 602. Garcia's testimony |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | | was that it was broadcast over the radio that the vehicle pursuit had occurred (Ex. K at p. 45:1-4). When asked, "what information did you have from the initial broadcast", Garcia answered that question honestly; however, it does not negate the fact that he testified that he received information from the broadcast over the radio that the vehicle pursuit had occurred. FRE 602. |
| **21.** | Garcia and Bautista responded as supporting/backing units. (Ex. B at 1-2; Ex. K at 42:25-43:19, 44:7-45:15) | **Objection to Def Exh. B** (see Section I).<br><br>**Objection to Def Exh. K** (Section II)<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, K above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment |

| | | | |
|---|---|---|---|
| | | | state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment.<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non-applicable.<br><br>Exhibits B, K are deposition testimony, made upon personal knowledge. FRE 602. |
| **22.** | Meanwhile, the pursuit eastbound continued through Cypress in speeds over 80 miles per hour. (Ex. B at 1-2; Ex. H; Ex. I at COF 28, COF 139-143; See Ex. J at [9:9-21, 11:13-12:3; | **Objection to Def Exh. B** (see Section I).<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, above<br><br>The Court should deny Plaintiffs' objections on the |

| | | | |
|---|---|---|---|
| | 19:14-20:3]; Ex. W at 12:3-13:18, 14:21-19:10, 43:4- 44:7) | Prejudicial, Confuses the Issues, Misleading.<br><br>**Violation of Local Rule 56-1** pinpoint citation | grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment.<br><br>Pinpoint citations included and therefore Local Rule 56-1 is complied with. |

MANNING | KASS

| | | | |
|---|---|---|---|
| **23.** | At no point in time did vehicle or the passengers comply with officers' attempts to get them to pull over or otherwise stop their flight. (Ex. B at 1-2) | **Objection to Def Exh. B** (see Section I).<br><br>**Rule 401/402**: Relevance, Information Unknown.<br><br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br><br>**Violation of Local Rule 7-6** lacks evidence. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment. |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | | The evidence supports the factual contention and therefore does not violate Local Rule 7-6. |
| **24.** | Baustista exited the parking lot turning left onto the westbound lane of Valley towards Cypress. (Ex. B at 1-2; Ex. H at 00:30-00:50; Ex. K at 53:14-54:17) | **Objection to Def Exh. B** (see Section I).<br><br>**Objection to Def Exh. K** (Section II)<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, K, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was |

| | | | |
|---|---|---|---|
| | | | reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment.<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non-applicable.<br><br>Exhibit H is admissible under **FRE 803** as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985)<br><br>Exhibits B, K are deposition testimony, made upon personal knowledge. FRE 602. |

| | | | |
|---|---|---|---|
| **25.** | Behind him, Garcia exited the parking lot with a left turn out onto Valley. (Ex. B at 1-2; Ex. H at 00:30-00:50; Ex. K at 49:8-22, 52:5-54:17, 98:13-23, 112:6-113:9) | **Objection to Def Exh. B** (see Section I).<br><br>**Objection to Def Exh. K** (see Section II); at 52:11-54:17, 98:13-23, 112:6-113:9: *as not establishing the proposed facts and even contradicting it.*<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading, Misstates Facts, Argument.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 7-6** lacks evidence. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, K, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment. This |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | | evidence is relevant to Plaintiffs' causes of action to show Garcia's position relative to the Nissan and to refute Plaintiffs' contentions that there was any maneuver.<br><br>Garcia specifically testifies that his recollection was that he completed the left hand turn prior to the collision (Ex. K at p. 54:7-9).<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non-applicable.<br><br>The evidence supports the factual contention and therefore does not violate Local Rule 7-6. |
| **26.** | Garcia moved his patrol vehicle into about the northerly end of the middle dividing lane. (Ex. B at 1-2; Ex. H at 00:30-00:50; Ex. K at 49:8-22, 52:5-54:17, 98:13-23, 112:6-113:9) | **Objection to Def Exh. B** (see Section I).<br><br>**Objection to Def Exh. H** at 00:30-00:50 as argued by Defendants as it does not establish Defendants' proposed fact and | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, K, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections |

| | | | |
|---|---|---|---|
| | | in fact disputes/contradicts it.<br><br>**Objection to Def Exh. K** (see Section II); at 52:11-54:17, 98:13-23, 112:6-113:9: *as not establishing the proposed facts and even contradicting it*.<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading, Misstates Facts, Argument.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 7-6** lacks evidence. | without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment. This evidence is relevant to Plaintiffs' causes of action to show Garcia's position relative to the Nissan and refutes Plaintiffs' contentions that there was any maneuver.<br><br>Exhibit H is admissible under FRE |

| | | | |
|---|---|---|---|
| | | | 803 as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985)<br><br>The evidence supports the factual contention and therefore does not violate Local Rule 7-6. |
| **27.** | Garcia did not intend to position his car physically in the way of the vehicle decedents were in. (Ex. K at 37:17-39:5, 106:9-108:1) | **Objection to Def Exh. K** (Section II)<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 7-6** lacks | *See* Defendants' Response to Plaintiffs' Objection to Exhibit K, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the |

| | | | |
|---|---|---|---|
| | | evidence. | summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment.<br>This evidence is relevant to Plaintiffs' causes of action to show Garcia's position relative to the Nissan and refutes Plaintiffs' contentions that there was any maneuver.<br><br>**Exhibit K** is deposition testimony, made upon personal knowledge. **FRE 602**.<br><br>Plaintiffs' objection to this fact as "Compound" should |





MK MANNING | KASS

| | | | |
|---|---|---|---|
| | | | be disregarded as non-applicable.<br><br>The evidence supports the factual contention and therefore does not violate Local Rule 7-6. |
| **28.** | Garcia did not perform any maneuvers with his patrol unit in an effort to terminate the pursuit. (Ex. K at 106:9-108:1) | **Objection to Def Exh. K** (Section II)<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Confuses the Issues.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 7-6** lacks evidence. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit K, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | | show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment.<br>This evidence is relevant to Plaintiffs' causes of action to show Garcia's position relative to the Nissan and refutes Plaintiffs' contentions that there was any maneuver made by Garcia.<br><br>**Exhibit K** is deposition testimony, made upon personal knowledge. **FRE 602**.<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non-applicable.<br><br>The evidence supports the factual contention and therefore does not violate Local Rule 7-6. |

MK MANNING | KASS

MANNING | KASS

| | | | |
|---|---|---|---|
| **29.** | Almost immediately after Garcia moved into or about the middle dividing lane, decedents' vehicle collided with Garcia. (Ex. B at 1-2; Ex. H at 00:30-00:50; Ex. K at 30:16-32:24, 52:5-54:17, 98:13-23, 112:6-113:9; Ex. I COF 000018- 22; See Ex. J at 83:5-86:21, [9:9- 21, 11:13-12:3; 19:14-20:3]) | **Objection to Def Exh. B** (see Section I).<br><br>**Objection to Def Exh. H** at 00:30-00:50 as argued by Defendants as it does not establish Defendants' proposed fact and in fact disputes/contradicts it.<br><br>**Objection to Def Exh. I** (see Section I); at COF 000018-22 as calling for expert opinion, lacks foundation, calls for speculation, argumentative, misstates facts, confuses the issues, and hearsay. FRE 401, 403, 602, 611, 702, 801.<br><br>**Objection to Def Exh. K** (see Section II)<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Misstates Facts, Misleading. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, I, K, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment. |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | **Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 7-6** lacks evidence. | This evidence is relevant to Plaintiffs' causes of action to show Garcia's position relative to the Nissan and refutes Plaintiffs' contentions that there was any maneuver by Garcia.<br><br>**Exhibit K** is deposition testimony, made upon personal knowledge. **FRE 602**.<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non-applicable.<br><br>The evidence supports the factual contention and therefore does not violate Local Rule 7-6. |
| **30.** | From this collision, three of the passengers eventually died, with only Bonilla, Garcia, and his partner alive but seriously injured. (Ex. B at 1-2; Ex. I COF 000016, 36, 59, 61; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]; Ex. T at 9-18) | **Objection to Def Exh. B** (see Section I).<br><br>**Objection to Def Exh. I** (see Section I).<br><br>**Objection to Def Exh. T** (see Section I); 9-18 as this is an overbroad 10-page citation | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, I, and T, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v.* |

| | | | |
|---|---|---|---|
| | | that is hearsay, copying hearsay, containing information that is not relevant to This evidence, information outside the expertise of Dr. Wobrock, improper expert opinions, and based on speculation and lacks foundation. FRE 410, 403, 602, 611, 702, 801.<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Confuses the Issues.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 7-6** lacks evidence. | *Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This is relevant to Plaintiffs' claim for damages.<br><br>**Exhibit K** is deposition testimony, made upon personal knowledge. **FRE 602**.<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non-applicable.<br><br>The evidence supports the factual contention and therefore does not violate Local Rule 7-6. |

MANNING | KASS

| | | | |
|---|---|---|---|
| **31.** | At over 100 miles per hour, decedents' vehicle decelerated approximately sharply over ten (10) miles per hour to between 80 and 90 mph just prior to hitting Garcia. (Ex. I COF 139; See Ex. J at [9:9- 21, 11:13-12:3; 19:14-20:3]; Ex. T at 9-18) | **Objection to Def Exh. I** (see Section I).<br><br>**Objection to Def Exh. T** (see Section I); 9-18 as this is an overbroad 10-page citation that is hearsay, copying hearsay, containing information that is not relevant to This evidence, information outside the expertise of Dr. Wobrock, improper expert opinions, and based on speculation and lacks foundation. FRE 410, 403, 602, 611, 702, 801.<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Confuses the Issues.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 56-1** pinpoint citation | *See* Defendants' Response to Plaintiffs' Objection to Exhibit I, T, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Expert opinions, and underlying facts or data, are permitted under the Federal Rules of Evidence; and the probative value outweighs the prejudicial value. FRE 702, 703, 705. Plaintiffs do not actually specify how or why each experts' opinions are without sufficient facts or |

MK MANNING | KASS

| | | | |
|---|---|---|---|
| | | **Violation of Local Rule 7-6** lacks evidence. | data, outside their expertise, and are opinions based on an unreliable method. As fully set forth in each of the Defendants' experts' reports, each expert based their opinions on sufficient facts and data; make opinions that are within their expertise; and their opinions are based on reliable methods.<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment.<br>This evidence is relevant to Plaintiffs' claims to demonstrate that the driver of the Nissan was the cause of the accident.<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non- |

| | | | |
|---|---|---|---|
| | | | applicable.<br><br>Pinpoint citations included and therefore Local Rule 56-1 is complied with.<br><br>The evidence supports the factual contention and therefore does not violate Local Rule 7-6. |
| **32.** | Detective analysis of the vehicle's CDR proffered that about "...[1.5 seconds prior to the collision] that [the vehicle] rotated counter clockwise. (Ex. I COF 139; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]; Ex. T at 9-18) | **Objection to Def Exh. I** (see Section I).<br><br>**Objection to Def Exh. T** (see Section I); 9-18 as this is an overbroad 10-page citation that is hearsay, copying hearsay, containing information that is not relevant to This evidence, information outside the expertise of Dr. Wobrock, improper expert opinions, and based on speculation and lacks foundation. FRE 410, 403, 602, 611, 702, 801.<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly | *See* Defendants' Response to Plaintiffs' Objection to Exhibit I, T, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Expert opinions, and underlying facts or |





MK MANNING | KASS

| | | | |
|---|---|---|---|
| | | Prejudicial, Confuses the Issues.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation<br><br>**Violation of Local Rule 7-6** lacks evidence. | data, are permitted under the Federal Rules of Evidence; and the probative value outweighs the prejudicial value. FRE 702, 703, 705. Plaintiffs do not actually specify how or why each experts' opinions are without sufficient facts or data, outside their expertise, and are opinions based on an unreliable method. As fully set forth in each of the Defendants' experts' reports, each expert based their opinions on sufficient facts and data; make opinions that are within their expertise; and their opinions are based on reliable methods.<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | | Amendment. This evidence is relevant to Plaintiffs' claims to demonstrate that the driver of the Nissan was the cause of the accident.<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non-applicable.<br><br>The evidence supports the factual contention and therefore does not violate Local Rule 7-6. |
| **33** | Garcia's recollection is that he completed his left turn before seeing headlights coming at him. (Ex. K at 33:15-34:19, 53:14-54:17) | **Objection to Def Exh. K** (Section II)<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Misstates Facts, Misleading.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 7-6** lacks evidence. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit K, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the |

| | | | |
|---|---|---|---|
| | | | evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment. This evidence is relevant to Plaintiffs' claims to demonstrate that the driver of the Nissan was the cause of the accident.<br><br>Exhibit K is deposition testimony, made upon personal knowledge. FRE 602.<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non-applicable.<br><br>The evidence supports the factual contention and therefore does not violate Local Rule 7- |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | | 6. |
| **34** | Garcia's vehicle made it over the southern double yellow line of the center median before the collision.<br>(Ex. H at<br>Ex. I COF 000018-22<br>See Ex. J at 83:5-86:21, [9:9-21, 11:13-12:3; 19:14-20:3]<br>Ex. K at 30:16-32:24, 52:5-54:17, 98:13-23, 112:6-113:9) | **Objection to Def Exh. H** as argued by Defendants as it does not establish Defendants' proposed fact and in fact disputes/contradicts it.<br><br>**Objection to Def Exh. I** (see Section I).<br><br>**Objection to Def Exh. K** (Section II)<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Misstates Facts, Misleading.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit I, K, above.<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Exhibit H, I are admissible under FRE 803 as a business |

| | | | |
|---|---|---|---|
| | | **Rule 702:** Calls for expert opinion.<br><br>**Rule 801:** Hearsay<br><br>**Violation of Local Rule 56-1** pinpoint citation | record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. United States v. Miller, 771 F.2d 1219, 1237 (9th Cir. 1985)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment. This is relevant to show that the driver of the Nissan caused the crash.<br><br>Plaintiffs cannot both contend that the expert opinions are inadmissible and then claim that an expert opinion is required. |

| | | | |
|---|---|---|---|
| | | | Exhibit K is deposition testimony, made upon personal knowledge. FRE 602.<br><br>Pinpoint citations included and therefore Local Rule 56-1 is complied with. |
| **35** | Decedents' vehicle, which was in the eastbound lane closest to median, veered leftward into about the middle-diver lane. (Ex. H at Ex. I COF 000018-22 See Ex. J at 47:8-49:12, 83:5-86:21, [9:9-21, 11:13-12:3; 19:14-20:3] Ex. K at 30:16-32:24, 52:5-54:17, 98:13-23, 112:6-113:9 Ex. R at 26:13-21, 36:7-38:15 Ex. T at 9-18) | **Objection to Def Exh. H** as argued by Defendants as it does not establish Defendants' proposed fact and in fact disputes/contradicts it.<br><br>**Objection to Def Exh. I** (see Section I).<br><br>**Objection to Def Exh. K** (Section II)<br><br>**Objection to Def Exh. T** (see Section I); 9-18 as this is an overbroad 10-page citation that is hearsay, copying hearsay, containing information that is not relevant to This evidence, information outside | *See* Defendants' Response to Plaintiffs' Objection to Exhibits I, K, T, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Exhibit H, I are admissible under FRE 803 as a business |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | the expertise of Dr. Wobrock, improper expert opinions, and based on speculation and lacks foundation. FRE 410, 403, 602, 611, 702, 801.<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Misstates Facts, Misleading.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 56-1** pinpoint citation. | record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. United States v. Miller, 771 F.2d 1219, 1237 (9th Cir. 1985)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment. This evidence is relevant to Plaintiffs' claims to demonstrate that the driver of the Nissan was the cause of the accident.<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non-applicable. |

| | | | |
|---|---|---|---|
| | | | Exhibit K, R, are deposition testimony, made upon personal knowledge. FRE 602.<br><br>Expert opinions, and underlying facts or data, are permitted under the Federal Rules of Evidence; and the probative value outweighs the prejudicial value. FRE 702, 703, 705. Plaintiffs do not actually specify how or why each experts' opinions are without sufficient facts or data, outside their expertise, and are opinions based on an unreliable method. As fully set forth in each of the Defendants' experts' reports, each expert based their opinions on sufficient facts and data; make opinions that are within their expertise; and their opinions are based on reliable methods.<br><br>Pinpoint citations included and therefore Local Rule 56-1 is complied with. |



MANNING | KASS

| | | | |
|---|---|---|---|
| **36.** | After impact, decedents' vehicle continued northeast where it collided with other parked and unoccupied vehicles. (Ex. B at 1-2; Ex. I COF 16-22, 36-39; See Ex. J at 71:5-75:16, [9:9-21, 11:13-12:3; 19:14-20:3]; Ex. T at 9-18) | **Objection to Def Exh. B** (see Section I).<br><br>**Objection to Def Exh. T** (see Section I); 9-18 as this is an overbroad 10-page citation that is hearsay, copying hearsay, containing information that is not relevant to This evidence, information outside the expertise of Dr. Wobrock, improper expert opinions, and based on speculation and lacks foundation. FRE 410, 403, 602, 611, 702, 801.<br><br>**Objection to Def Exh. I** (see Section I).<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Misstates Facts, Misleading.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, I, T, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Exhibit B, I are admissible under FRE 803 as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. |

| | | | |
|---|---|---|---|
| | | **Violation of Local Rule 56-1** pinpoint citation | United States v. Miller, 771 F.2d 1219, 1237 (9th Cir. 1985)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment. This evidence is relevant to show that the officers' response to the speeding vehicle was reasonable under the circumstances and Plaintiffs' claims of excessive use of force under the Fourteenth Amendment. This evidence is relevant to Plaintiffs' claims to demonstrate that the driver of the Nissan was the cause of the accident.<br><br>Exhibit J is deposition testimony, made upon personal knowledge. FRE 602.<br><br>Expert opinions, and |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | | underlying facts or data, are permitted under the Federal Rules of Evidence; and the probative value outweighs the prejudicial value. FRE 702, 703, 705. Plaintiffs do not actually specify how or why each experts' opinions are without sufficient facts or data, outside their expertise, and are opinions based on an unreliable method. As fully set forth in each of the Defendants' experts' reports, each expert based their opinions on sufficient facts and data; make opinions that are within their expertise; and their opinions are based on reliable methods.<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non-applicable.<br><br>Pinpoint citations included and therefore Local Rule 56-1 is complied with. |

| | | | |
|---|---|---|---|
| **37.** | Officers arrived to assist, investigating injuries and casualties but not moving anyone inside the cars due to the risk of potential spine injuries. (Ex. I COF 27; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]; Ex. Q | **Objection to Def Exh. I** (see Section I).<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misstates Facts.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 56-1** pinpoint citation<br><br>**Violation of Local Rule 7-6** lacks evidence. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit I, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant Plaintiffs' claims of deliberate indifference under the Fourteenth Amendment.<br><br>Exhibits I, Q are admissible under **FRE 803** as a business record because (1) the |

| | | | |
|---|---|---|---|
| | | | writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985)<br><br>Exhibit J is deposition testimony, made upon personal knowledge. FRE 602.<br><br>Pinpoint citations included and therefore Local Rule 56-1 is complied with.<br><br>The evidence supports the factual contention and therefore does not violate Local Rule 7-6. |
| **38.** | Bonilla and decedent Pitts were transported to Arrowhead Regional Medical Center (ARMC) and Loma Linda University Medical Center (LLUMC) while decedent Rias and Adams were pronounced deceased at the scene. (Ex. B at 1-2; Ex. I COF | **Objection to Def Exh. B** (see Section I).<br><br>**Objection to Def Exh. I** (see Section I).<br><br>**Rule 401/402**: Relevance. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit B, I, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections |

| | | | |
|---|---|---|---|
| | 16, 26, 36, 59, 61; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]) | **Rule 403/602/611**: Compound, Speculation, Lacks Foundation. | without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant Plaintiffs' claims of deliberate indifference under the Fourteenth Amendment.<br><br>Exhibits B, I are admissible under **FRE 803** as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. *United States v.* |

| | | | |
|---|---|---|---|
| | | | *Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985)<br><br>Exhibit J is deposition testimony, made upon personal knowledge. FRE 602. |
| **39.** | Pitts was pronounced dead the next day. (Ex. I COF 71; See Ex. J at [9:9-21, 11:13-12:3; 19:14-20:3]) | | [No objection included in Plaintiffs' objections so no response required.] |
| **40.** | Following this incident, Bonilla was convicted of violation VC22356(B) exceeding 70 miles per hour. (Ex. L) | | [No objection included in Plaintiffs' objections so no response required.] |
| **41.** | Officers' POST and training profiles with FPD include course trainings for use of force, driving and pursuit policy, response to calls. (Ex. M at pp 1-4; Ex. N at pp 1-4; Ex. O at pp 1-4; Ex. P at pp 1-4; Ex. S at COF 613-674, 714- 1145, 1424-1426, 1511-1512) | **Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Confuses the Issues.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 56-1** pinpoint citation | The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).) |

| | | | |
|---|---|---|---|
| | | | Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to Plaintiffs' Monell claims.<br><br>Exhibits M, N, O, P, and S are admissible under FRE 803 as a business record because (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. United States v. Miller, 771 F.2d 1219, 1237 (9th Cir. 1985); or as a public record.<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non-applicable.<br><br>The evidence supports the factual contention and therefore does not violate Local Rule 7-6. |

MANNING | KASS

MANNING | KASS

| | | | |
|---|---|---|---|
| **42.** | FPD policy contains provisions which sets forth all of the following with respect to vehicle use and pursuits: (1) the circumstances in which to initiate pursuits; (2) numeric limits on number of pursuit vehicles; (3) communication procedures for pursuits; (4) the role of supervisors to manage and control pursuits; (5) circumstances in which to use laid out driving tactics; (6) authorized intervention tactics (including blocking, ramming, boxing, and roadblocks) and when to employ them; (7) factors necessary to choose speeds encompassing public, officer, and suspect safety; (8) air support role when available; (9) factors to consider to decide pursuit termination or discontinuance; (10) post-vehicle- pursuit apprehension procedures; (11) determination of effective coordination, | **Objection to Def Exh. S** (see Section I)<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br><br>**Rule 403/602/611**: Compound, Vague and Ambiguous, Lacks Foundation | *See* Defendants' Response to Plaintiffs' Objection to Exhibit S above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to Plaintiffs' Monell claims.<br><br>Exhibit S is admissible under FRE 803 as a public record.<br><br>Plaintiffs' objection to this fact as |

MANNING | KASS

| | | | |
|---|---|---|---|
| | management, and control of interjurisdictional pursuits; (12) post-pursuit reporting and analysis. (Ex. S at COF 702-<br>713, 995, 1346-1355) | | "Compound" should be disregarded as non-applicable. |
| **43** | FPD also has its policy, including portions specifically related to pursuits, signed as received and acknowledged by officers. (Ex. S at COF 1568-1650; Ex. M at COF<br>1849, 1853, 1845, 1841; Ex. N at COF 1829, 1825, 1833; Ex. O at COF 179, 1780, 1784, 1788, 1792, 1796, 1800, 1801, 1805, 1809, 1813; Ex. P at COF 1964, 1958) | **Objection to Def Exh. S** (see Section I);<br>COF 1568-1650 as not part of FPD policy. It is a power point presentation that appears to be training with no specified course number or date to establish if any officer has ever been trained on these slides.<br><br>**Objection to Def Exh. M** at COF 1849<br>as training that took place after the incident, 1845 and 1853 as the exact same document reproduced as if a separate course.<br><br>**Objection to Def Exh. N** at COF 1829 as training that took place after the incident. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit S, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Exhibits M, N, O, P, and S are admissible under FRE 803 as a business record because (1) the writing is made or |

| | | | |
|---|---|---|---|
| | | **Objection to Def Exh. O** at COF 179 as not included by Defendants and 1813 as training that took place after the incident.<br><br>**Objection to Def Exh. P** at COF 1964 as not included by Defendants.<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br><br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Rule 801:** Hearsay<br><br>**Violation of Local Rule 7-6** lacks evidence. | transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. United States v. Miller, 771 F.2d 1219, 1237 (9th Cir. 1985); or as a public record. Also, the Exhibits clearly show that training was completed before 2024. *See* Ex. M at COF 1858 (training completed in 2023, 2022), Ex. N at COF 1838 (training completed in 2023), Ex. O at COF 1818 (training completed in 2023); and Ex. P at COF 1975 (training completed in 2023).<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. This evidence is relevant to Plaintiffs' Monell claims.<br><br>Plaintiffs' objection to this fact as "Compound" should be disregarded as non- |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | | applicable.<br><br>The evidence supports the factual contention and therefore does not violate Local Rule 7-6. |
| **44.** | FPD also has a pursuit-specific yearly training refreshers. (Ex. S at COF 1568-1650) | **Objection to Def Exh. S** (see Section I)<br><br>**Rule 401/402**: Relevance.<br><br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br><br>**Rule 602/611:** Lacks Foundation.<br><br>**Rule 801**: Hearsay. | *See* Defendants' Response to Plaintiffs' Objection to Exhibit S, above<br><br>The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. Evidence is relevant |

| | | | |
|---|---|---|---|
| | | | to Plaintiffs' Monell claim.<br><br>Exhibit S is admissible under FRE 803 as a public record. |
| **45.** | Plaintiffs defer to the following records as showcasing the facts they know and the facts upon which their claims are based: "Defendants' Disclosures and Discovery Responses; County of San Bernardino investigatory records; California Highway Patrol investigatory records; statements of Defendant Officers." (Ex. C, No. 1, 6, 20; Ex. D, No. 1, 6, 20; Ex. E, No. 1, 6, 20; Ex. F, No. 1, 6, 20) | **Rule 401/402**: Relevance.<br><br>**Rule 403**: Confuses the Issues, Misleading.<br><br>**Rule 602/611:** Compound, Vague and Ambiguous, Incomplete. | The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. Evidence is relevant to Plaintiffs' Monell claim.<br><br>Plaintiffs' objection to this fact as "Compound, Vague |

| | | | |
|---|---|---|---|
| | | | and Ambiguous, Incomplete" should be disregarded as non-applicable. |
| **46.** | Plaintiffs allege that Officers "used deadly force in their improper tactics and by vehicle intervention techniques." (Ex. A, ¶ 34, 90-91; Ex. C, No. 6, 20;<br>Ex. D, No. 6, 20; Ex. E, No. 6, 20;<br>Ex. F, No. 6, 20) | **Rule 401/402**: Relevance.<br><br>**Rule 403**: Confuses the Issues, Misleading.<br><br>**Rule 602/611:** Compound, Vague and Ambiguous, Incomplete. | The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. Evidence is relevant to Plaintiffs' claims.<br><br>Plaintiffs' objection to this fact as "Compound, Vague and Ambiguous, Incomplete" should be |

| | | | |
|---|---|---|---|
| | | | disregarded as non-applicable. |
| **47** | To support their first claim, Plaintiffs specifically claim that Officers "escalated the situation when they unreasonably used their patrol vehicles to forcibly strike the vehicle occupied by but not driven by Decedents." (Ex. A, ¶ 34, 50-52<br>Ex. C, No. 1<br>Ex. D, No. 1<br>Ex. E, No. 1<br>Ex. F, No. 1) | **Rule 401/402**: Relevance.<br><br>**Rule 403**: Confuses the Issues, Misleading.<br><br>**Rule 602/611:** Compound, Vague and Ambiguous, Incomplete | The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. Evidence is related to Plaintiffs' claims.<br><br>Plaintiffs' objection to this fact as "Compound, Vague and Ambiguous, Incomplete" should be disregarded as non-applicable. |

| | | | |
|---|---|---|---|
| | | | |
| **48** | To support their second claim, Plaintiffs specifically claim that Officers "intentionally used force…against Decedents, causing their deaths" and failed to give verbal warnings. (Ex. A, ¶ 34, 62-64 Ex. C, No. 1 Ex. D, No. 1 Ex. E, No. 1 Ex. F, No. 1) | **Rule 401/402**: Relevance.<br><br>**Rule 403**: Confuses the Issues, Misleading.<br><br>**Rule 602/611:** Compound, Vague and Ambiguous, Incomplete | The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. Evidence is related to Plaintiffs' claims.<br><br>Plaintiffs' objection to this fact as "Compound, Vague and Ambiguous, Incomplete" should be disregarded as non-applicable. |





MK MANNING | KASS

| | | | |
|---|---|---|---|
| **49** | To support their third claim for *Monell* policy liability, Plaintiffs allege that the City has policies including using excessive force on unarmed, non-risk suspects, failing to train or discipline Officers, and maintaining a policy of inaction.<br>(Ex. A, ¶ 34, 76-81<br>Ex. C, No. 6, 20<br>Ex. D, No. 6, 20<br>Ex. E, No. 6, 20<br>Ex. F, No. 6, 20) | **Rule 401/402**: Relevance.<br><br>**Rule 403**: Confuses the Issues, Misleading.<br><br>**Rule 602/611:** Compound, Vague and Ambiguous, Incomplete | The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. Evidence is related to Plaintiffs' claims.<br><br>Plaintiffs' objection to this fact as "Compound, Vague and Ambiguous, Incomplete" should be disregarded as non-applicable. |

| | | | |
|---|---|---|---|
| **50** | To support their fourth claim for *Monell* failure to train liability, Plaintiffs allege the City failed to train Officers on how to handle use of force in particular against persons in a vehicle, unreasonable stop of a vehicle, and tactical communication and position. (Ex. A, ¶ 34, 90-91<br>Ex. C, No. 6, 20<br>Ex. D, No. 6, 20<br>Ex. E, No. 6, 20<br>Ex. F, No. 6, 20) | **Rule 401/402**: Relevance.<br><br>**Rule 403**: Confuses the Issues, Misleading.<br><br>**Rule 602/611:** Compound, Vague and Ambiguous, Incomplete | The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. Evidence is related to Plaintiffs' claims.<br><br>Plaintiffs' objection to this fact as "Compound, Vague and Ambiguous, Incomplete" should be disregarded as non-applicable. |

MANNING | KASS

| | | | |
|---|---|---|---|
| **51.** | To support their fifth claim for *Monell* ratification, Plaintiffs allege a final policymaker determined that acts of the Officers were within policy and that a policymaker has a history of ratifying unconstitutional use of force. (Ex. A, ¶ 34, 99-101, 103; Ex. C, No. 6, 20; Ex. D, No. 6, 20; Ex. E, No. 6, 20; Ex. F, No. 6, 20) | **Rule 401/402**: Relevance.<br><br>**Rule 403**: Confuses the Issues, Misleading.<br><br>**Rule 602/611:** Compound, Vague and Ambiguous, Incomplete. | The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. Evidence is related to Plaintiffs' claims.<br><br>Plaintiffs' objection to this fact as "Compound, Vague and Ambiguous, Incomplete" should be disregarded as non-applicable. |

MANNING | KASS

| | | | |
|---|---|---|---|
| **52.** | Plaintiffs sixth, seventh, and eighth claims stem from the same allegations and injury underlying the first and second causes of action. (Ex. A, ¶ 34, 109-112, 120- 123, 133-137; Ex. C, No. 1, 20; Ex. D, No. 1, 20; Ex. E, No. 1, 20; Ex. F, No. 1, 20) | **Rule 401/402**: Relevance.<br><br>**Rule 403**: Confuses the Issues, Misleading.<br><br>**Rule 602/611:** Compound, Vague and Ambiguous, Overbroad, Incomplete. | The Court should deny Plaintiffs' objections on the grounds that they are boilerplate and blanket objections without specific analysis (*C.B. v. Moreno Valley United School District,* 732 F.Supp.3d 1139 (C.D. Cal. 2023)); and because the Court does not, at the summary judgment state, focus on the admissibility of the evidence's form (*Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003).)<br><br>Evidence is relevant and more probative than prejudicial. FRE 401/402/403. Evidence is related to Plaintiffs' claims.<br><br>Plaintiffs' objection to this fact as "Compound, Vague and Ambiguous, Incomplete" should be disregarded as non-applicable. |

DATED: September 28, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Eugene Ramirez*

Eugene P. Ramirez
Kayleigh A. Andersen
Eugene P. Hanrahan
Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

MANNING | KASS