Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
*kayleigh.andersen@manningkass.com*
Eugene Hanrahan (State Bar No. 185826)
*Eugene.Hanrahan@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

MANNING | KASS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

DIANA BIAS; TATANISHA PITTS; DOMINIC ADAMS Sr., and BRITTANY MASON,

Plaintiffs,

v.

CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,

Defendants.

Case No. 5:25−cv−00207−JGB−ACCV
District Judge, Jesus G. Bernal
Magistrate Judge, Angela C. Viramontes

**DEFENDANTS' LEGAL AND EVIDENTIARY OBJECTIONS TO PLAINTIFFS' ADDITIONAL FACTS**

Filed concurrently with:
1. Defendants' Reply In Support of [Amended] Summary Judgment;
2. Response to Plaintiffs' Statement of Genuine Disputes of Material Fact
3. Response to Plaintiffs' Objection to Defendants' Evidence
4. Response to Plaintiff's Additional Facts
5. Objections to Plaintiffs' Evidence

Date: 10/19/2026
Time: 9 a.m.
Crtrm: 1 (2nd floor)

Pursuant to Federal Rule of Civil Procedure 56, Civil Local Rule 56-1, and this Court's Standing Order, No. 12 prohibiting legal and evidentiary objections to a

statement of facts to be included in a response to a statement of facts, Defendants CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; and BRIAN ZOZAYA submit their Legal and Evidentiary Objections to Plaintiffs' Additional Facts in support of Summary Judgment,

## I. INTRODUCTION

As a preliminary matter, Plaintiffs' Additional Facts attempt to restate their version of facts unnecessarily in order to further Plaintiffs' subjective and unsupported narrative without many of these facts being genuinely disputed. *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006)(commenting on how attorneys raise objections without regard to whether the objections are necessary or useful given the facts of their cases.) The result is an unnecessary duplication of facts which need not be represented with Plaintiffs' subjective lens given that much of the evidence that Plaintiffs cite to do not support their version of their facts. Finally, Plaintiffs' additional facts do not render Defendants' stated facts untrue and are immaterial to the resolution of the motion. Fed. R. Civ. P. 56(e).

Also, Plaintiffs' Additional Facts cannot be characterized as facts by any means as they are mostly legal arguments purporting to be facts and entirely improper in a statement of additional facts. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) ("statements in declaration based on speculation or improper legal conclusions, or argumentative statements, are not *facts* and likewise will not be considered on a motion for summary judgment") (emphasis in original). A clear example of this are Plaintiffs' headings, i.e. "Zozoya's Reckless Pursuit", and "Garcia Inconspicuously Staged" whereby Plaintiffs' unnecessary use of adjectives is a clear marker of legal argument, not fact. [Dkt 43-1.]




MANNING | KASS

## II. DEFENDANTS' LEGAL AND EVIDENTIARY OBJECTIONS

| No. | Plaintiffs' Additional Facts | Supporting Evidence | Defendants' Objections |
|---|---|---|---|
| No. 1 | This fatal vehicle collision occurred on February 3, 2024, at approximately 10:44 p.m. | Exh. 1, Zozaya Depo at 6:8–21 Exh. 4, Terwilliger Depo at 8:7– 10, 8:20–22 Exh. 3, Garcia Depo at 11:1–18 | Objection on the grounds that this is needlessly cumulative. FRE 403.<br><br>*See,* Introduction, above. |
| No. 2 | Despite some illumination, it was still dark at the time and roads were wet from light rain. | Exh. 1, Zozaya Depo at 6:22–23, 27:9–10, 27:14–16 Exh. 4, Terwilliger Depo at 8:23–25, 9:1–14 Exh. 3, Garcia Depo at 27:9–13 | Objection on the grounds that this is needlessly cumulative. FRE 403.<br><br>*See,* Introduction, above. |
| No. 3 | Traffic was light during the entire incident and there were no pedestrians around. | Exh. 1, Zozaya Depo at 39:20–25 Exh. 2, Precie Depo at 28:17–18 | Objection on the grounds that this fact is not relevant to the determination of Plaintiffs' claims and should be excluded. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 4 | The subject vehicle was a white Nissan driven by 16–year–old Giovanni Bonilla, with 15–year–old Robert Rias as front passenger, 15–year–old Dominic Adams Jr. as the right–rear passenger, and 14–year–old Omari Pitts as the left–rear passenger. | Exh. 3, Garcia Depo at 29:20–24 Exh. 7, Martin Depo at 40:6–10 Exh. 8, MAIT Report at COF 12, 16 | Objection on the grounds that this fact is not relevant to the determination of Plaintiffs' claims and should be excluded. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |
| No. 5 | Partner Officers Zozaya had one year and two months experience as a police officer at the time while Precie had only been an officer for 6 months and was still on probation. | Exh. 1, Zozaya Depo at 7:8–9, 13:25–14:2 Exh. 2, Precie Depo at 8:25–9:4 | Objection on the grounds that this fact is not relevant to the determination of Plaintiffs' claims and should be excluded. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |
| No. 6 | Zozaya was driving the Ford Explorer, Police Interceptor patrol vehicle and was responsible for radio transmissions. | Exh. 1, Zozaya Depo at 7:2–6, 7:16–22, 18:3–5, 19:16–18 Exh. 2, Precie Depo at 40:13–15 | Objection on the grounds that this fact is not relevant to the determination of Plaintiffs' claims and should be excluded. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 7 | Surveillance video shows the Nissan eastbound on Valley passing Cherry and Zozaya's vehicle westbound on Valley at the Cherry stoplight; when the officers saw the Nissan passing, Zozaya flashed his spotlight, made a U–turn, and sped forward to follow the Nissan. | Exh. 1, Zozaya Depo at 59:11–21, 60:6–19, 61:3–5, 61:13–20, 63:8–11 Exh. 2, Precie Depo at 40:21–25, 66:25–67:16, 68:5–9, 68:20–69:9 Exh. 17, Valley/Cherry Video at 00:00–00:33 | Objection on the grounds that this is needlessly cumulative. FRE 403.<br><br>*See,* Introduction, above. |
| No. 8 | The officers' stories deviate from objective evidence: Zozaya claimed he never used a spotlight when he saw the Nissan, and both officers claimed they first saw the Nissan eastbound on Valley approaching Catawba while they were directly behind it. | Exh. 1, Zozaya Depo at 14:21–15:9, 17:23–25 Exh. 2, Precie Depo at 17:10–18, 17:24–18:8 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 9 | The Nissan was being driven safely and within the speed limit at the time. | Exh. 1, Zozaya Depo at 43:13–20 Exh. 2, Precie Depo at 20:18–23 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |
| No. 10 | Precie claimed to not know the color of the shirt the passenger was wearing and could not identify his race but knew the right–rear passenger was a teenage male juvenile. | Exh. 2, Precie Depo at 19:2–3, 19:11–15, 19:19–24 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |



MK MANNING | KASS

| | | | |
|---|---|---|---|
| No. 11 | Zozaya claimed he could not tell the age, race or gender, or which direction the passenger was looking; he only saw dark clothing and possibly a cell phone, as it was too dark to tell. | Exh. 1, Zozaya Depo at 15:18–20, 15:22–16:4, 16:13–15, 16:24–17:1 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |
| No. 12 | Prior to initiating the stop, Precie told Zozaya about the right–rear juvenile, expressed concern for his safety, and had no other communication besides an agreement to make the traffic stop. | Exh. 2, Precie Depo at 24:10–23 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 13 | Zozaya activated his emergency lights and sirens to initiate the traffic stop eastbound on Valley around Catawba, reportedly for an unrestrained passenger and failure to signal when changing lanes—minor traffic violations. | Exh. 1, Zozaya Depo at 18:6–18, 19:2–10, 26:7–12 Exh. 2, Precie Depo at 23:1–4, 23:8–11 Exh. 7, Martin Depo at 18:20– 19:5, 50:19–23 (no information the vehicle was stolen, no wants or warrants, no serious or violent crime, no information they had weapons) Exh. 20, Valley/Catawba Video at 00:01–00:06 Exh. 21, Valley/Catawba Video at 00:01–00:03 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 14 | The Vehicle Code violations subject to the stop were mere infractions—non–arrestable minor offenses of not signaling and not wearing a seatbelt. | Exh. 2, Precie Depo at 29:4–17 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 15 | Bonilla failed to yield and Zozaya immediately initiated the pursuit while the juvenile was still believed to be unrestrained. | Exh. 1, Zozaya Depo at 12:7–15, 27:1–5, 26:7–12 Exh. 2, Precie Depo at 21:2–9, 21:21–24, 25:1–4 Exh. 7, Martin Depo at 31:12–25 Exh. 20, Valley/Catawba Video at 00:01–00:06 Exh. 21, Valley/Catawba Video at 00:01–00:03 Exh. 22, Valley/Citrus Video at 00:51–00:55 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 16 | Zozaya could have initiated an alternative pursuit mode—"Tracking Mode" or "Surveillance Mode"—which encourages self–termination and safe driving. | Exh. 7, Martin Depo at 58:22–24 Clark Decl ¶ 10 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above.<br><br>*See, also,* Defendants' Objection as to Plaintiffs' Evidence, No. 3, objecting to the Clark Declaration entirely based on lack of qualifications and insufficient bases ( FRE 702, 703); Hearsay (FRE 802); Irrelevance, Lack of Foundation, and Personal Knowledge (FRE 402, 403); Unreliability and Irrelevant (FRE 702, 703). |

| | | | |
|---|---|---|---|
| No. 17 | According to policy, Optional Pursuit Modes, including tracking and surveillance, are intended to enhance safety to the public and officers in a vehicle pursuit by encouraging a fleeing suspect to operate safely and/or terminate the pursuit. | Exh. 1, Zozaya Depo at 41:2–16 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 18 | Optional Pursuit Modes minimize danger by causing the subject to slow down or terminate the pursuit. | Exh. 1, Zozaya Depo at 32:3–8, 41:25–42:4 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 19 | Tracking Mode allows officers to fall back but continue in pursuit with lights and sirens with airship support. | Exh. 1, Zozaya Depo at 38:8–15 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. F RE 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 20 | The purpose of Tracking Mode is to provide a safer option when the subject is driving at unsafe speeds and it is dangerous to follow closely. | Exh. 1, Zozaya Depo at 39:7–16 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 21 | Surveillance Mode allows officers to fall back and terminate pursuit while an airship maintains visual observation on the subject vehicle, broadcasting speed and direction. | Exh. 1, Zozaya Depo at 31:13–22 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 22 | The purpose of Surveillance Mode is that when officers fall back, the subject vehicle will slow down; officers will reengage when safe after a stop with air support assistance. | Exh. 1, Zozaya Depo at 31:23–32:2, 32:9–19, 33:21–34:3 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 23 | Zozaya does not know the policy for initiating Surveillance Mode. | Exh. 1, Zozaya Depo at 33:7–11 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |
| No. 24 | Fontana had automatic license plate readers stationed throughout the City, including on officer vehicles. | Exh. 1, Zozaya Depo at 21:12–17 Exh. 2, Precie Depo at 29:18–30:1 Exh. 6, Macias Depo at 37:13– 15, 37:22–38:2 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |




MANNING | KASS

| | | | |
|---|---|---|---|
| No. 25 | Dispatch could access and manipulate live–feed cameras, including at the intersection of Valley and Cypress. | Exh. 1, Zozaya Depo at 22:19–23:18 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 26 | Zozaya failed to balance pursuit risks against the risks of not apprehending immediately and should not have initiated a vehicle pursuit under the totality of circumstances. | Exh. 1, Zozaya Depo at 26:13:16; 26:17–25; 20:4–8; 28:5–8, 40:1–7 Exh. 7, Martin Depo at 20:2–14, 49:6–14 Clark Decl. ¶ 117–9 (Vehicle pursuits should only occur when their risks are clearly outweighed by the risk of not apprehending the suspect) | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above.<br><br>*See, also,* Defendants' Objection as to Plaintiffs' Evidence, No. 3, objecting to the Clark Declaration entirely based on lack of qualifications and insufficient bases ( FRE 702, 703); Hearsay (FRE 802); Irrelevance, Lack of Foundation, and Personal Knowledge (FRE 402, 403); Unreliability and Irrelevant (FRE 702, 703). |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 27 | As soon as the Nissan took off, Zozaya broadcasted that he initiated a pursuit. | Exh. 1, Zozaya Depo at 12:7–15, 27:1–5 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |
| No. 28 | The Nissan stayed in Lane 1 during the pursuit. | Exh. 1, Zozaya Depo at 40:8–14 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims and is needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 29 | The pursuit increased to unsafe speeds over 80 mph, and Zozaya kept pace. | Exh. 1, Zozaya Depo at 11:10–11, 44:4–14 Exh. 2, Precie Depo at 25:20–23, 26:2–4 Exh. 6, Macias Depo at 36:17–20 Exh. 7, Martin Depo at 53:18–21, 54:25–55:15 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |
| No. 30 | Zozaya had no verbal communication with Precie, Bautista, Terwilliger, Garcia, or the Sergeant, never called for backup, and never asked for assistance. | Exh. 1, Zozaya Depo at 42:8–11, 54:5–19 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 31 | Zozaya was trained to call for air support when initiating a vehicle pursuit but failed to do so, although he knew backup and air support were en route. The pursuit was not dangerous to bystander vehicles, with no collisions and no vehicles having to brake hard, swerve, or honk. | Exh. 1, Zozaya Depo at 30:17–20, 30:21–22; 30:23–31:2, 42:15–17 Exh. 2, Precie Depo at 31:8–12 Exh. 4, Terwilliger Depo at 28:14–16 Exh. 1, Zozaya Depo at 19:11– 13, 19:17–25 Exh. 2, Precie Depo at 26:5–11; 28:25–29:3; 43:7–12; 43:14–21; 28:22–24 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 34 | Zozaya failed to apply the continued balancing test and should have terminated the vehicle pursuit under the totality of the circumstances. | Exh. 7, Martin Depo at 53:18–21, 54:25–55:15, 56:12–20 Clark Decl. 117–9 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above.<br><br>*See, also,* Defendants' Objection as to Plaintiffs' Evidence, No. 3, objecting to the Clark Declaration entirely based on lack of qualifications and insufficient bases ( FRE 702, 703); Hearsay (FRE 802); Irrelevance, Lack of Foundation, and Personal Knowledge (FRE 402, 403); Unreliability and Irrelevant (FRE 702, 703). |

| | | | |
|---|---|---|---|
| No. 35 | Zozaya and Precie never got the license plate and never put out the reason for the stop. | Exh. 1, Zozaya Depo at 24:11–16 Exh. 2, Precie Depo at 31:5–7, 34:1–3 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 36 | It was important for Zozaya, as the primary vehicle, to inform other officers and dispatch of pertinent information about the pursuit, including direction. | Exh. 1, Zozaya Depo at 42:5–7, 52:4–11 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |
| No. 37 | Zozaya broadcasted that the pursuit was on Valley, initiated passing Catawba, was high speed; he was trying to get a plate number and reported starting mileage; he radioed, "Eastbound Valley, passing Oleander," "Coming up to Cypress," and "Eagle 1 launching." | Exh. 1, Zozaya Depo at 52:12–18, 53:9–11. 53:16–18 Exh. 3, Garcia Depo at 82:14–17, 83:9–20, 83:24–84:10, 84:20– 85:1, 85:8–21, 85:25, 86:13–16, 86:20–24, 110:18–24 Exh. 16, Radio Traffic at 00:00–00:33. | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 38 | Only Zozaya's vehicle was in the pursuit, which lasted approximately 23 seconds for 0.65 miles. | Exh. 1, Zozaya Depo at 53:2–8 Exh. 2, Precie Depo at 34:6–16 Exh. 3, Garcia Depo at 36:4–6 Exh. 4, Terwilliger Depo at 13:5–6 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |
| No. 39 | Officers Garcia and Terwilliger were in a two–man vehicle parked at the northeast corner of a thrift store parking lot at the southeast corner of Valley and Cypress, with Officer Bautista in a separate vehicle. | Exh. 3, Garcia Depo at 41:16–20, 42:25–43:7, 44:11–13 Exh. 4, Terwilliger Depo at 15:20–16:1, 18–21–24, 20:7–21; 16:8–9, 26:17–20 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 40 | Garcia was the driver of the Ford Explorer SUV patrol vehicle. | Exh. 3, Garcia Depo at 27:14–20 Exh. 4, Terwilliger Depo at 9:23–25 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |
| No. 41 | From the radio, Garcia knew a high–speed pursuit had been initiated eastbound in the area of Valley and Catawba of a white sedan; that Zozaya was trying to get a plate; traffic was light; air support was responding; and it was moving toward his direction—"Eastbound Valley, passing Oleander" and "Coming up to Cypress." | Exh. 3, Garcia Depo at 36:21–24, 38:10–12, 45:1–13, 82:14–17, 83:9–20, 83:24–84:10, 84:20–85:1, 85:8–21, 85:25, 86:13–16, 86:20–87:8, 110:18–24 Exh. 4, Terwilliger Depo at 16:2–7, 20:22–21:1 Exh. 16, Radio Traffic at 00:00– 00:33 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |
| No. 42 | Approximately 31 seconds elapsed from Zozaya's first broadcast to his broadcast of Garcia's collision with the Nissan. | Exh. 3, Garcia Depo at 83:9–13, 87:12–18 Exh. 16, Radio Traffic at 00:00– 00:33 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>*See,* Introduction, above |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 43 | Approximately 8 seconds elapsed from Zozaya broadcasting "Coming up to Cypress" to broadcasting Garcia's collision with the Nissan. | Exh. 3, Garcia Depo at 86:13–16, 87:12–18 Exh. 16, Radio Traffic at 00:25– 00:33 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>*See,* Introduction, above |
| No. 44 | It is approximately three quarters of a mile from Catawba to Cypress and a quarter of a mile from Oleander to Cypress. | Exh. 4, Terwilliger Depo at 21:7–11, 27:15–17 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>*See,* Introduction, above |
| No. 45 | Garcia had no information that the Nissan was in any collision, and there were no other collisions during the pursuit. | Exh. 1, Zozaya Depo at 46:2–5 Exh. 2, Precie Depo at 28:19–21 Exh. 3, Garcia Depo at 25:24–26:3 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above |
| No. 46 | Garcia had no information about the occupants of the Nissan, did not know what they were thinking, and had no information that they ever physically injured or verbally threatened anybody. | Exh. 3, Garcia Depo at 23:16–19, 23:24–24:12 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above |

| | | | |
|---|---|---|---|
| No. 47 | Garcia did not know what initiated the pullover, assuming only that it was some unknown minor traffic violation. | Exh. 3, Garcia Depo at 24:21–25:8 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above |
| No. 48 | By policy, vehicle pursuits are limited to two officer vehicles (primary and secondary) and a supervisor, unless more are requested. | Exh. 1, Zozaya Depo at 43:3–12 Exh. 2, Precie Depo at 32:3–9 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 49 | Bautista and the Sergeant were en route. | Exh. 2, Precie Depo at 31:13–20 Exh. 4, Terwilliger Depo at 16:8–9 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |
| No. 50 | No officer requested backup for the pursuit, no officer requested Garcia to join, and Garcia did not request to join. | Exh. 4, Terwilliger Depo at 28:20–21, 28:25–29:2 Exh. 2, Precie Depo at 33:7–9 Exh. 3, Garcia Depo at 26:4–6, 26:21–23 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |
| No. 51 | Garcia knew one option was to wait in the parking lot. | Exh. 3, Garcia Depo at 38:20–23 Exh. 7, Martin Depo at 62:6–13 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 52 | Garcia, as a unit not involved in the pursuit, should have remained in his assigned area and should not have become involved unless directed by a supervisor, pursuant to policy. | Clark Decl ¶ 11 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above.<br><br>*See, also,* Defendants' Objection as to Plaintiffs' Evidence, No. 3, objecting to the Clark Declaration entirely based on lack of qualifications and insufficient bases ( FRE 702, 703); Hearsay (FRE 802); Irrelevance, Lack of Foundation, and Personal Knowledge (FRE 402, 403); Unreliability and Irrelevant (FRE 702, 703). |

| | | | |
|---|---|---|---|
| No. 53 | Alternatively, under training in "Parallelling," Garcia could have followed on side streets so he could respond quickly if the pursuit ended. | Exh. 1, Zozaya Depo at 31:3–12 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 54 | Within a few seconds of the initial radio call, Garcia decided to respond without informing dispatch, supervisors, or Zozaya. | Exh. 2, Precie Depo at 33:4–6<br>Exh. 3, Garcia Depo at 47:3–6<br>Exh. 4, Terwilliger Depo at 29:3–6, 29:8–18 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 55 | Garcia made a U–turn, then drove north to the apron of the driveway intending to apprehend the subject vehicle by responding to the area it was going. | Exh. 3, Garcia Depo at 27:3–5, 37:10–19, 37:25–38:9, 49:8–11 Exh. 4, Terwilliger Depo at 13:7–13, 16:9–12 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |
| No. 56 | Bautista's vehicle went north to the driveway apron, stopped, cleared the intersection, yielded to a passing truck, then turned left onto westbound Valley when safe. | Exh. 2, Precie Depo at 61:8–13 Exh. 3, Garcia Depo at 87:19–22, 88:23–89:13, 89:17–20 Exh. 7, Martin Depo at 31:12–25 Exh. 4, Terwilliger Depo at 50:8–15, 50:25–51:5 Exh. 25, Valley/Cypress Video at 00:20–00:33 (22.44.01.411–22.45.13.918) | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 57 | After Bautista was already on westbound Valley, Garcia drove north to the apron of the driveway. | Exh. 2, Precie Depo at 61:19–25 Exh. 3, Garcia Depo at 89:21–90:3 Exh. 4, Terwilliger Depo at 51:6–9 Exh. 25, Valley/Cypress Video at 00:30–00:33 (22.45.11.314–22.45.14.483) | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 58 | Garcia slowed to the apron of the driveway but did not come to a full stop. | Exh. 3, Garcia Depo at 52:11–13, 90:7, 90:12–24, 91:4–14 Exh. 4, Terwilliger Depo at 21:20–22, 25:6–9, 51:13–19, 51:25–52:8 Exh. 20, Valley/Cypress Video at 00:33–00:36 (22.45.14.483–22.45.17.384) Lee Decl 116, 12 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above.<br><br>*See, also,* Defendants' Objection as to Plaintiffs' Evidence, No. 4, objecting to the Lee Declaration entirely based on Unreliable expert testimony with lack of qualifications (F.R.E. 402, 702, 703) Improper expert methodology. (F.R.E. 702, 703); Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146-47 (1997); Hearsay (FRE 802) |

| | | | |
|---|---|---|---|
| No. 59 | When Garcia was still at the apron, the Nissan entered the Valley/Cypress intersection. | Exh. 2, Precie Depo at 62:15–63:2 Exh. 3, Garcia Depo at 91:4–14, 91:23–92:2 Exh. 20, Valley/Cypress Video at 00:34–00:36 (22.45.15.584–22.45.15.784) | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |
| No. 60 | At that moment, Bautista activated his emergency lights. | Exh. 2, Precie Depo at 62:15–18 Exh. 3, Garcia Depo at 92:18–93:1 Exh. 7, Martin Depo at 30:9–12 Exh. 20, Valley/Cypress Video at 00:34 (22.45.15.584) | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |
| No. 61 | Garcia was still at the apron when the Nissan passed the east crosswalk of Cypress in Lane 1. | Exh. 2, Precie Depo at 63:6, 64:1–5 Exh. 3, Garcia Depo at 93:9–14 Exh. 4, Terwilliger Depo at 52:15–18 Exh. 5, Wolff Depo at 43:13–21 Exh. 9, Scene Photos at 1–3 Exh. 20, Valley/Cypress Video at 00:36 (22.45.16.483) | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 62 | To clear an intersection, an officer must check if any cars are immediately preventing a turn. | Exh. 3, Garcia Depo at 52:15–18<br>Exh. 7, Martin Depo at 60:4–12 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 63 | At the apron, Garcia and Terwilliger saw the Nissan east of the Valley/Cypress intersection on a flat, straight road that allowed long–distance visibility. | Exh. 2, Precie Depo at 43:22–44:6 Exh. 3, Garcia Depo at 52:22–23 Exh. 4, Terwilliger Depo at 22:12–13, 23:17–23 Exh. 11, Marked Map at 1. Exh. 20, Valley/Cypress Video at 00:36 (22.45.16.483) | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |
| No. 64 | Seconds before the collision at the apron, Garcia saw the Nissan headlights in Lane 1 and said, "Fuck, there they are." | Exh. 3, Garcia Depo at 32:2–4, 32:18–24 Exh. 4, Terwilliger Depo at 16:11–15, 21:16–25, 25:24–26:3 Exh. 5, Wolff Depo at 189:5–8, 189:11–14 Exh. 11, Marked Map at 1. Exh. 20, Valley/Cypress Video at 00:36–37 (22.45.16.483–22.45.17.284) | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 65 | There was no other communication between Garcia and Terwilliger. | Exh. 4, Terwilliger Depo at 26:10–15, 26:24–27:5 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |
| No. 66 | Garcia intentionally removed his foot from the brakes, placed his foot on the accelerator, and depressed it to 100%, accelerating from 5.2 to 23.9 mph with engine rpm from 812 to 4,788. | Exh. 3, Garcia Depo at 30:16–21, 49:12–17 Exh. 5, Wolff Depo at 119:25– 120:11 Exh. 8, MAIT Report at COF 144 Exh. 20, Valley/Cypress Video at 00:36–37 (22.45.16.483–22.45.17.284) | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 67 | Garcia made no effort to avoid the collision, including by honking or swerving. | Exh. 2, Precie Depo at 38:16–18 Exh. 3, Garcia Depo at 31:13–23, 49:8–10 Exh. 4, Terwilliger Depo at 23:24–24:3 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 68 | Garcia initiated a left turn and then disengaged into a straight path, quickly manipulating the wheel slightly left and right, before colliding the front of his SUV with the Nissan's right passenger side. | Exh. 2, Precie Depo at 49:15–25 Exh. 5, Wolff Depo at 120:16–25; 121:1–8; 121:9–22; 136:12–137:10; 138:25–139:15 Exh. 8, MAIT Report at COF 144 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |
| No. 69 | At impact, Garcia's SUV was generally oriented north and Bonilla's Nissan was still oriented east. | Exh. 2, Precie Depo at 65:24–66:20 Exh. 4, Terwilliger Depo at 49:4–50:3 Exh. 5, Wolff Depo at 156:20–157:2, 189:15–190:25; 191:1–12 Exh. 9, Scene Photos at 1–3 Exh. 10, Wolff Diagram at 1 Exhs. 30, 31, 32, and 33 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 70 | The collision occurred in Lane 1 of eastbound Valley. | Exh. 1, Zozaya Depo at 6:24–7:1 Exh. 2, Precie Depo at 37:9–11 Exh. 3, Garcia Depo at 94:6–9 Exh. 4, Terwilliger Depo at 49:4–50:3; 53:10–13; 53:18–23; 54:5–8 Exh. 5, Wolff Depo at 189:15– 190:25; 191:1–12 Exh. 9, Scene Photos at 1–3 Exh. 20, Valley/Cypress Video at 2024–02–03, 22.45.16.483–22.45.18.620 Exhs. 30, 31, 32, and 33 Lee Decl. 15 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>*See,* Introduction, above.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims, and needlessly cumulative. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above.<br><br>*See, also,* Defendants' Objection as to Plaintiffs' Evidence, No. 4, objecting to the Lee Declaration entirely based on Unreliable |

| | | | |
|---|---|---|---|
| | | | expert testimony with lack of qualifications (F.R.E. 402, 702, 703) Improper expert methodology. (F.R.E. 702, 703); Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146-47 (1997); Hearsay (FRE 802) |
| No. 71 | Garcia's larger, heavier SUV collided so violently with the Nissan that it collapsed and intruded into the passenger compartment and into the two boys on the passenger side, then propelled the Nissan northeast into two parked vehicles. | Exh. 4, Terwilliger Depo at 32:17–22, 160:6–13 Exh. 5, Wolff Depo at 158:14– 19, 162:3–6, 162:17–19, 163:6–8, 164:1–8, 164:23–165:1, 178:10– 17 Exh. 9, Scene Photos at 1–3 Exh. 12, Nissan Photo at 1 Exhs. 30, 31, 32, and 33 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 72 | Thereafter, no officer attempted to render medical aid to the kids or check their pulse or assess the three passenger kids who eventually died. | Exh. 2, Precie Depo at 55:5–11, 55:18–23 Exh. 8, MAIT Report at COF 16 Exh. 12, Nissan Photo at 1 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 73 | Garcia's collision also seriously injured Terwilliger, requiring a year of medical leave and resulting in medical retirement. | Exh. 4, Terwilliger Depo at 17:9–18:14, 35:5–7, 35:22–25 Exh. 7, Martin Depo at 40:11–14 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 74 | Garcia drove recklessly and without due regard, in violation of basic officer training, policy, and the Rules of the Road. | Clark Decl ¶ 116 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above.<br><br>*See, also,* Defendants' Objection as to Plaintiffs' Evidence, No. 3, objecting to the Clark Declaration entirely based on lack of qualifications and insufficient bases ( FRE 702, 703); Hearsay (FRE 802); Irrelevance, Lack of Foundation, and Personal Knowledge (FRE 402, 403); Unreliability and Irrelevant (FRE 702, 703). |

| | | | |
|---|---|---|---|
| No. 75 | Garcia was in control of the speed and direction of movement of his SUV. | Exh. 1, Zozaya Depo at 28:21–25 Exh. 3, Garcia Depo at 73:14–17 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 76 | Officers are required to follow the Vehicle Code unless responding with lights and sirens to an emergency. | Exh. 2, Precie Depo at 28:3–10<br>Exh. 3, Garcia Depo at 69:16–19 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 77 | Having emergency lights on makes the patrol vehicle more visible at night. | Exh. 5, Wolff Depo at 101:17–20 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 78 | Garcia failed to activate his emergency lights and siren. | Exh. 1, Zozaya Depo at 49:20–22 Exh. 3, Garcia Depo at 55:16–19 Exh. 4, Terwilliger Depo at 29:19–30:3, 53:24–54:1 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 79 | Using a blinker communicates a driver's intent to turn and helps others assess whether to slow down or move. | Exh. 5, Wolff Depo at 101:21–102:3 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 80 | Failure to signal is a Vehicle Code violation and an unsafe turning movement worthy of a traffic stop, even absent a collision. | Exh. 1, Zozaya Depo at 18:6–18, 19:2–13 Exh. 2, Precie Depo at 27:25– 28:2 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 81 | Garcia failed to signal, which is a Vehicle Code violation. | Exh. 5, Wolff Depo at 102:4–6<br>Exh. 25, Valley/Cypress Video at 00:30–00:38 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 82 | Garcia failed to come to a complete stop before turning, which is a Vehicle Code violation. | PAMF 58 Clark Decl. 120 Lee Decl. 116, 12 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above.<br><br>*See, also,* Defendants' Objection as to Plaintiffs' Evidence, No. 3, objecting to the Clark Declaration entirely based on lack of qualifications and insufficient bases ( FRE 702, 703); Hearsay (FRE 802); Irrelevance, Lack of Foundation, and Personal Knowledge (FRE 402, 403); Unreliability and Irrelevant (FRE 702, 703).<br><br>*See, also,* Defendants' |

| | | | |
|---|---|---|---|
| | | | Objection as to Plaintiffs' Evidence, No. 4, objecting to the Lee Declaration entirely based on Unreliable expert testimony with lack of qualifications (F.R.E. 402, 702, 703) Improper expert methodology. (F.R.E. 702, 703); Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146-47 (1997); Hearsay (FRE 802) |
| No. 83 | Officers are required to wear a seatbelt in a moving vehicle while on duty. | Exh. 2, Precie Depo at 27:16–18 Exh. 4, Terwilliger Depo at 44:15–25; 45:1–8 Exh. 6, Macias Depo at 30:5–22, 31:15–23 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 84 | Garcia failed to wear a seatbelt and failed to ensure Terwilliger was wearing a seatbelt, violating the Vehicle Code and policy. | Exh. 2, Precie Depo at 27:19–21 Exh. 3, Garcia Depo at 76:16–10 Exh. 4, Terwilliger Depo at 31:22–32:2, 45:9–14 Exh. 6, Macias Depo at 31:24– 32:4 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 85 | The Vehicle Code and policy require officers to drive with due regard for others' safety, including avoiding collisions, driving safely, and not endangering other motorists. | Exh. 1, Zozaya Depo at 55:19–25<br>Exh. 3, Garcia Depo at 72:8–13, 72:18–73:12, 78:2–5, 78:13–19<br>Exh. 4, Terwilliger Depo at 47:25–48:8<br>Exh. 6, Macias Depo at 25:15–20; 25:25–26:4 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 86 | Driving with due regard includes assessing weather conditions and maintaining a larger space between vehicles when roads are wet. | Exh. 4, Terwilliger Depo at 48:9–16 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 87 | Driving with due regard also considers time of day and visibility, requiring a larger safety cushion. | Exh. 4, Terwilliger Depo at 48:17–49:3 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 88 | Defensive driving requires officers to maintain a safe space from other vehicles and a high visual horizon by looking into the distance. | Exh. 3, Garcia Depo at 79:7–80:1 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 89 | Garcia admits that noncompliance with safety and defensive driving rules could lead to a collision. | Exh. 3, Garcia Depo at 76:6–10 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 90 | Making an unsafe left turn into oncoming traffic would violate the Vehicle Code. | Exh. 5, Wolff Depo at 102:10–16 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 91 | To clear for a turn, officers must determine if it is safe to turn without causing traffic disruption or a collision. | Exh. 3, Garcia Depo at 71:16–19 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |





MANNING | KASS

| | | | |
|---|---|---|---|
| No. 92 | Officers must be aware of surroundings and hazards well ahead, including other drivers' actions; situational awareness includes knowing partner locations and subject location. | Exh. 3, Garcia Depo at 69:20–25, 74:23–75:3 Exh. 4, Terwilliger Depo at 43:10–44:3 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 93 | Garcia was responsible for managing space between his SUV and the Nissan. | Exh. 3, Garcia Depo at 71:9–11, 73:18–21 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

MK MANNING | KASS

| | | | |
|---|---|---|---|
| No. 94 | It would be unsafe to turn without enough space because it does not give Bonilla sufficient warning. | Exh. 1, Zozaya Depo at 19:15–16 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |



MANNING | KASS

| | | | |
|---|---|---|---|
| No. 95 | Another consideration is the approximate speed of the Nissan. | Exh. 3, Garcia Depo at 71:12–15 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 96 | If safe, a driver may proceed to turn; if not, the driver must yield the right–of–way to roadway traffic. | Exh. 3, Garcia Depo at 70:9–12, 71:20–72:2 Exh. 5, Wolff Depo at 92:17–24 Exh. 7, Martin Depo at 31:12–25 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 97 | The Nissan had the right–of–way. | Exh. 3, Garcia Depo at 70:20–24 Exh. 5, Wolff Depo at 92:6–12 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 98 | Garcia failed to yield the right–of–way, violating the Vehicle Code and policy. | Clark Decl. 1116, 20 Lee Decl. 112 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above.<br><br>*See, also,* Defendants' Objection as to Plaintiffs' Evidence, No. 3, objecting to the Clark Declaration entirely based on lack of qualifications and insufficient bases ( FRE 702, 703); Hearsay (FRE 802); Irrelevance, Lack of Foundation, and Personal Knowledge (FRE 402, 403); Unreliability and Irrelevant (FRE 702, 703). |

| | | | |
|---|---|---|---|
| No. 99 | Based on training, officers are required to have headlights on while driving at night. | Exh. 2, Precie Depo at 44:13–20 Exh. 3, Garcia Depo at 57:9–11 Exh. 4, Terwilliger Depo at 30:21–23 Exh. 7, Martin Depo at 23:6–15, 32:1–9, 33:17–34:10, 65:14–20 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 100 | Headlights provide road and hazard visibility to the driver and make the vehicle visible to others. | Exh. 3, Garcia Depo at 57:12–25 Exh. 6, Macias Depo at 62:3–63:8 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 101 | Officers may drive at night without headlights only for a safety concern or to be more inconspicuous for tactical reasons. | Exh. 3, Garcia Depo at 58:18–59:7 Exh. 4, Terwilliger Depo at 34:7–19 Exh. 6, Macias Depo at 64:5–16 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 102 | There was no safety concern indicating a need to drive without headlights. | Exh. 3, Garcia Depo at 59:8–13 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 103 | Garcia's headlights were off to "blackout" the SUV and make it less visible—to be inconspicuous. | Exh. 2, Precie Depo at 52:7–10, 58:2–8 Exh. 3, Garcia Depo at 56:6–9, 60:11–62:1 Exh. 4, Terwilliger Depo at 30:4–9 Exh. 5, Wolff Depo at 98:16–23 Exh. 25, Valley/Cypress Video at 00:30–00:38 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 104 | Based on training, driving at night without headlights is dangerous and could cause a collision because the vehicle would be difficult to see. | Exh. 4, Terwilliger Depo at 30:24–31:21 Exh. 5, Wolff Depo at 98:24–99:5 Exh. 6, Macias Depo at 65:23–66:2 Exh. 7, Martin Depo at 59:12–22 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 105 | If Garcia's headlights had been activated, Bonilla could have had an opportunity to brake at a greater distance. | Exh. 5, Wolff Depo at 100:5–12, 100:20–22 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |
| No. 106 | Garcia's failure to use headlights was a Vehicle Code violation. | Exh. 5, Wolff Depo at 102:7–9 Exh. 7, Martin Depo at 66:1–3 | The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403. |

| | | | |
|---|---|---|---|
| No. 107 | Given the lack of headlights and Bautista's blinding emergency lights and headlights, Garcia was difficult to see. | Exh. 1, Zozaya Depo at 51:19–52:3, 57:16–21 Exh. 2, Precie Depo at 39:8–10, 44:10–12, 47:16–18 Exh. 5, Wolff Depo at 100:13–19 Exh. 7, Martin Depo at 34:19–35:2 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 108 | Intentionally using a police SUV to collide with the Nissan—such as blocking or ramming—is use of deadly force and requires supervisor approval. | Exh. 3, Garcia Depo at 76:11–15, 80:24–81:9, 81:23–25, 82:6–13 Exh. 4, Terwilliger Depo at 45:19–21, 46:5–8, 47:17–19 Exh. 7, Martin Depo at 42:12– 43:8, 66:25–67:22 Clark Decl 1112, 13, 15, 22 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above.<br><br>*See, also,* Defendants' Objection as to Plaintiffs' Evidence, No. 3, objecting to the Clark Declaration entirely based on lack of qualifications and insufficient bases ( FRE 702, 703); Hearsay (FRE 802); Irrelevance, Lack of Foundation, and Personal Knowledge (FRE 402, 403); Unreliability and Irrelevant (FRE 702, 703). |

| | | | |
|---|---|---|---|
| No. 109 | Blocking should not be utilized because it is too dangerous; safer techniques include a PIT maneuver and spike strips. | Exh. 4, Terwilliger Depo at 46:9–24 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 110 | Ramming has an even higher standard: all other reasonable alternatives must be exhausted or appear ineffective before use. | Exh. 4, Terwilliger Depo at 47:7–24 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 111 | Officers are trained that deadly force is not authorized merely because a vehicle is fleeing and may only be used when necessary in defense of life. | Exh. 3, Garcia Depo at 81:14–17, 91:18–22 Exh. 4, Terwilliger Depo at 46:25–47:6 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 112 | Garcia's use of deadly force was objectively excessive and unreasonable under training and policy because the Nissan posed no imminent threat of death or serious bodily injury, had not harmed or threatened anyone, and was suspected only of a minor traffic violation. | Exh. 6, Macias Depo at 71:6–18<br>Exh. 7, Martin Depo at 42:12–43:8, 44:16–45:8, 46:19–23, 70:1–5<br>Clark Decl 115 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above.<br><br>*See, also,* Defendants' Objection as to Plaintiffs' Evidence, No. 3, objecting to the Clark Declaration entirely based on lack of qualifications and insufficient bases ( FRE 702, 703); Hearsay (FRE 802); Irrelevance, Lack of Foundation, and Personal Knowledge (FRE 402, 403); Unreliability and Irrelevant (FRE 702, 703). |

| | | | |
|---|---|---|---|
| No. 113 | Officers are required to know their training and policy. | Exh. 1, Zozaya Depo at 54:20–22 Exh. 4, Terwilliger Depo at 11:13–14 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 114 | Training included patrol–vehicle driving tests and certifications, tactical driver training, EVOC, and policy review, all of which are supposed to cover safe driving. | Exh. 3, Garcia Depo at 66:21–24, 67:2–7, 67:12–24, 68:5–10, 68:12–15, 68:16–18 Exh. 4, Terwilliger Depo at 11:4–8 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 115 | Officers must follow the rules of the road like any other California driver unless a specific exception applies or they would be violating the law. | Exh. 1, Zozaya Depo at 36:13–17, 37:19–22 Exh. 3, Garcia Depo at 69:11–19 Exh. 4, Terwilliger Depo at 40:6–12, 41:17–24 Exh. 6, Macias Depo at 22:12–22, 24:12–14, 25:8–14 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 116 | Fontana officers lack necessary training and policy knowledge, including unfamiliarity with key Vehicle Code sections, pursuit termination effects, Code 3 requirements, roadway markings rules, and department policies on headlights, pursuits, due regard, space cushion, and BWC usage. | Exh. 1, Zozaya Depo at 54:23–55:9; 29:10–17; 30:2–11; 35:5–20 and 36:1–6; 56:22–57:11 Exh. 2, Precie Depo at 44:22–24 Exh. 3, Garcia Depo at 66:10–20 Exh. 6, Macias Depo at 45:6–12; 61:14–22; 22:23–23:1; 24:8–11; 26:5–8; 29:16–21, 30:2–3; 39:19–24 Clark Decl \ | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above.<br><br>*See, also,* Defendants' Objection as to Plaintiffs' Evidence, No. 3, objecting to the Clark Declaration entirely based on lack of qualifications and insufficient bases ( FRE 702, 703); Hearsay (FRE 802); Irrelevance, Lack of Foundation, and Personal Knowledge (FRE 402, 403); Unreliability and Irrelevant (FRE 702, 703). |

| | | | |
|---|---|---|---|
| No. 117 | The officers repeatedly violated the Vehicle Code and policy in this incident due to inadequate training and policies, including failing to activate BWCs and lacking clear policy/training on BWC activation and defensive driving. | Exh. 1, Zozaya Depo at 11:3–5 Exh. 3, Garcia Depo at 28:23–29:2, 54:18–21 Exh. 4, Terwilliger Depo at 12:25–13:4; 40:18–22, 43:2–5; 41:25–42:3, 42:8–14 Exh. 6, Macias Depo at 23:2–5; 29:8–15; 31:6–8; 31:9–12; 33:9–34:5; 40:24–41:3; 41:4–7 Exh. 6, Macias Depo at 38:25–39:14 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 118 | There is evidence of a custom and practice of inaction and ratification by inaction, including no tactical debrief, no discipline, no training memo, and no investigation, and never finding officers out of policy for seatbelt or headlights violations. | Exh. 1, Zozaya Depo at 45:12–14<br>Exh. 2, Precie Depo at 16:4–19<br>Exh. 3, Garcia Depo at 17:12–14<br>Exh. 6, Macias Depo at 52:9–53:1, 54:16–24; 53:2–14; 57:14–17; 36:21–37:2; 37:3–6; 65:14–18<br>Exh. 13, City Response to Adams RFA …<br>Exh. 14, City Response to Mason RFA …<br>Exh. 15, City Response to Adams ROGG …<br>Clark Decl 1121–22 PAMF 7–8, 16, 23, 26, 27, 30–32, 34–35, 50–53, 58, 62–63, 65–68, 72, 74–107, 108–112 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above.<br><br>*See, also,* Defendants' Objection as to Plaintiffs' Evidence, No. 3, objecting to the Clark Declaration entirely based on lack of qualifications and insufficient bases ( FRE 702, 703); Hearsay (FRE 802); Irrelevance, Lack of Foundation, and Personal Knowledge (FRE 402, 403); Unreliability and Irrelevant (FRE 702, 703). |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 119 | Fontana failed to investigate this incident and has no procedure to investigate the death of three juveniles from an officer collision. | Exh. 6, Macias Depo at 48:14–25, 49:1–25, 50:24–51:4, 52:5–8; 27:18–24 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 120 | This incident was investigated only by a third party, and Fontana has no procedures to provide disciplinary action on an officer based on those results. | Exh. 6, Macias Depo at 51:10–20 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 121 | The officers gave 10–minute statements at most to investigators over a month after the incident; the statements were not recorded and the reports included inaccuracies. | Exh. 1, Zozaya Depo at 10:20–22 Exh. 2, Precie Depo at 13:11–16, 46:8–13 Exh. 4, Terwilliger Depo at 14:11–15, 15:5–13 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 122 | Garcia did not author a report or conduct a walk–through of the incident with investigators. | Exh. 3, Garcia Depo at 12:17–18, 17:6–8 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |



MANNING | KASS

| | | | |
|---|---|---|---|
| No. 123 | Garcia was involved in another traffic collision in an intersection while driving a patrol vehicle that caused injury. | Exh. 3, Garcia Depo at 5:11–13, 5:22–6:6, 6:13–16, 6:23–7:12 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

| | | | |
|---|---|---|---|
| No. 124 | Causes for discipline include policy or law violations, unsatisfactory performance, ethical breaches, concealing incompetent work, failure to disclose or misrepresentation of material facts, falsification of records, unreasonable force, and failure to observe safety standards. | Exh. 6, Macias Depo at 44:11–47:15 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

MANNING | KASS

| | | | |
|---|---|---|---|
| No. 125 | Garcia was not disciplined or retrained and was allowed to medically retire. | Exh. 3, Garcia Depo at 18:1–9, 21:21–23 | Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>The purported fact should be excluded as it is not relevant to the determination of Plaintiffs' claims. FRE 401, 402, 403.<br><br>Calls for speculation. FRE 403.<br><br>*See,* Introduction, above. |

DATED: September 28, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: *\/s/ Eugene Ramirez*
Eugene P. Ramirez
Kayleigh A. Andersen
Eugene P. Hanrahan
Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA