Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
*kayleigh.andersen@manningkass.com*
Eugene Hanrahan (State Bar No. 185826)
*Eugene.Hanrahan@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| DIANA BIAS; TATANISHA PITTS; DOMINIC ADAMS Sr., and BRITTANY MASON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:25−cv−00207−JGB−ACCV<br>District Judge, Jesus G. Bernal<br>Magistrate Judge, Angela C. Viramontes<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' ADDITIONAL FACTS**<br><br>Filed concurrently with:<br>1. Defendants' Reply In Support of Summary Judgment;<br>2. Response to Plaintiffs' Statement of Genuine Disputes of Material Fact<br>3. Response to Plaintiffs' Objection to Defendants' Evidence<br>4. Legal and Evidentiary Objections to Plaintiffs' Additional Facts<br>5. Objections to Plaintiffs' Evidence<br><br>Date: 10/19/2026<br>Time: 9 a.m.<br>Crtrm: 1 (2nd floor) |

Pursuant to Federal Rule of Civil Procedure 56 and Civil Local Rule 56-1, Defendants CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; and BRIAN ZOZAYA submit this Response to Plaintiffs'

Additional Facts.

## I. INTRODUCTION

As a preliminary matter, Plaintiffs' Additional Facts attempt to restate their version of facts unnecessarily in order to further Plaintiffs' subjective and unsupported narrative without many of these facts being genuinely disputed. *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006)(commenting on how attorneys raise objections without regard to whether the objections are necessary or useful given the facts of their cases.) The result is an unnecessary duplication of facts which need not be represented with Plaintiffs' subjective lens given that much of the evidence that Plaintiffs cite to do not support their version of their facts. Finally, Plaintiffs' additional facts do not render Defendants' stated facts untrue and are immaterial to the resolution of the motion. Fed. R. Civ. P. 56(e).

Also, Plaintiffs' Additional Facts cannot be characterized as facts by any means as they are mostly legal arguments purporting to be facts and entirely improper in a statement of additional facts. L.R. 56-2; *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) ("statements in declaration based on speculation or improper legal conclusions, or argumentative statements, are not *facts* and likewise will not be considered on a motion for summary judgment") (emphasis in original). A clear example of this are Plaintiffs' headings, i.e. "Zozoya's Reckless Pursuit", and "Garcia Inconspicuously Staged" whereby Plaintiffs' unnecessary use of adjectives is a clear marker of legal argument, not fact. [Dkt 43-1.]

MK MANNING | KASS

| No. | Plaintiffs' Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| NO. 1 | This fatal vehicle collision occurred on February 3, 2024, at approximately 10:44 p.m. | Exh. 1, Zozaya Depo at 6:8–21 Exh. 4, Terwilliger Depo at 8:7–10, 8:20–22; Exh. 3, Garcia Depo at 11:1–18 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 2 | Despite some illumination, it was still dark at the time and roads were wet from light rain. | Exh. 1, Zozaya Depo at 6:22–23, 27:9–10, 27:14–16; Exh. 4, Terwilliger Depo at 8:23–25, 9:1–14; Exh. 3, Garcia Depo at 27:9–13 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 3 | Traffic was light during the entire incident and there were no pedestrians around. | Exh. 1, Zozaya Depo at 39:20–25 Exh. 2, Precie Depo at 28:17–18 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Zozaya's testified in response to the question of whether he saw pedestrians was "**<u>Not that I can recall</u>**". (Plaintiffs' Exhibit ("PE") 1, Zozaya Dep.)<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 4 | The subject vehicle was a white Nissan driven by 16–year–old Giovanni Bonilla, with 15–year–old Robert Rias as front passenger, 15–year–old Dominic Adams Jr. as the right–rear passenger, and 14–year–old Omari Pitts as the left–rear passenger. | Exh. 3, Garcia Depo at 29:20–24 Exh. 7, Martin Depo at 40:6–10 Exh. 8, MAIT Report at COF 12, 16 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 5 | Partner Officers Zozaya had one year and two months experience as a police officer at the time while Precie had only been an officer for 6 months and was still on probation. | Exh. 1, Zozaya Depo at 7:8–9, 13:25–14:2 Exh. 2, Precie Depo at 8:25–9:4 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 6 | Zozaya was driving the Ford Explorer, Police Interceptor patrol vehicle and was responsible for radio transmissions. | Exh. 1, Zozaya Depo at 7:2–6, 7:16–22, 18:3–5, 19:16–18 Exh. 2, Precie Depo at 40:13–15 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Vague as to which Ford Explorer and "responsible for radio transmissions".<br><br>Otherwise, undisputed that Zozaya was driving a Ford Explorer Police Interceptor. |

MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 7 | Surveillance video shows the Nissan eastbound on Valley passing Cherry and Zozaya's vehicle westbound on Valley at the Cherry stoplight, and when the officers see the Nissan passing, Zozaya flashed his spotlight then made a U–turn and sped forward to follow the Nissan. | Exh. 1, Zozaya Depo at 59:11–21, 60:6–19, 61:3–5, 61:13–20, 63:8–11; Exh. 2, Precie Depo at 40:21–25, 66:25–67:16, 68:5–9, 68:20–69:9; Exh. 17, Valley/Cherry Video at 00:00–00:33 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Vague as to "officers" and "sped forward".<br><br>This fact violates this Court's Standing Order because it is a compound fact.<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Specifically:<br>1. Zozaya's testimony in response to "Is that your patrol vehicle [stopped westbound on Valley?" is **"No. I couldn't recall if that was our patrol vehicle."** (PE 1 at 60:17-22);<br>2. Zozaya's testimony in response to "Did you ever use your spotlight …" was "**Not that I can recall**" (*Id.* at 60:23-61:2)<br>3. Precie's testimony was similar in response to the same questions, i.e. "**I'm honestly not sure**" regarding the identification of the patrol vehicle in the video (PE 2 at 68:10-11) and "**No, I don't remember**" with respect to the spotlight (*Id.* at 68:12-16);<br>4. Neither Precie and Zozaya positively identified the patrol car in the vehicle as their patrol car (PE 1 at 60:20- |

| | | | |
|---|---|---|---|
| | | | 21; PE 2 at 68:10-11) and therefore would be unable to identify whether they made a U-turn and sped up after the white Nissan. |
| NO. 8 | The officers' stories deviate from objective evidence: Zozaya claimed he never used a spotlight when he saw the Nissan, and both officers claimed they first saw the Nissan eastbound on Valley approaching Catawba while they were directly behind it. | Exh. 1, Zozaya Depo at 14:21–15:9, 17:23–25; Exh. 2, Precie Depo at 17:10–18, 17:24–18:8 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>This fact violates this Court's Standing Order because it is a compound fact.<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Plaintiffs already mischaracterized Zozaya's and Precie's testimony in their Additional Fact No. 7. Then, in this Additional Fact, Plaintiffs' attempt to use Plaintiffs' already mischaracterized testimony against Zozaya and Precie, who never claimed they never used the spotlight, but rather that they did not recall. |

| | | | |
|---|---|---|---|
| NO. 9 | The Nissan was being driven safely and within the speed limit at the time. | Exh. 1, Zozaya Depo at 43:13–20 Exh. 2, Precie Depo at 20:18–23 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Vague with respect to "at the time" and as to being "driven safely".<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Specifically, Zozaya's testified that prior to his initiating his stop, "other than what [he] saw the pedestrian hanging out of window" the subject vehicle was driving safely. PE 1 at 43:13-20. |
| NO. 10 | Precie claimed to not know the color of the passenger's shirt and could not identify his race but knew the right–rear passenger was a teenage male juvenile. | Exh. 2, Precie Depo at 19:2–3, 19:11–15, 19:19–24 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed for the purposes of this motion. |



MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 11 | Zozaya claimed he could not tell the age, race, or gender, or which direction the passenger was looking; he only saw dark clothing and possibly a cell phone in the passenger's hand because it was too dark to tell more. | Exh. 1, Zozaya Depo at 15:18–20, 15:22–16:4, 16:13–15, 16:24–17:1 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 12 | Before initiating the stop, Precie told Zozaya about the right–rear juvenile, expressed concern for his safety, and had no other communication besides agreeing to make the traffic stop. | Exh. 2, Precie Depo at 24:10–23 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 13 | Zozaya activated his emergency lights and sirens to initiate a traffic stop eastbound on Valley around Catawba, reportedly for an unrestrained passenger and failure to signal—minor traffic violations. | Exh. 1, Zozaya Depo at 18:6–18, 19:2–10, 26:7–12; Exh. 2, Precie Depo at 23:1–4, 23:8–11; Exh. 7, Martin Depo at 18:20– 19:5, 50:19–23 (no information the vehicle was stolen, no wants or warrants, no serious or violent crime, no information they had weapons); Exh. 20, Valley/Catawba Video at 00:01–00:06; Exh. 21, Valley/Catawba Video at 00:01–00:03 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Vague as to "activated", "initiate", "reportedly" and "unrestrained" and "minor".<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 14 | The Vehicle Code violations forming the basis of the stop were mere infractions—non–arrestable minor offenses of not signaling and not wearing a seatbelt. | Exh. 2, Precie Depo at 29:4–17 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Vague as to "mere".<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 15 | Bonilla failed to yield and Zozaya immediately initiated the pursuit while the juvenile was still believed to be unrestrained. | Exh. 1, Zozaya Depo at 12:7–15, 27:1–5, 26:7–12; Exh. 2, Precie Depo at 21:2–9, 21:21–24, 25:1–4; Exh. 7, Martin Depo at 31:12–25; Exh. 20, Valley/Catawba Video at 00:01–00:06; Exh. 21, Valley/Catawba Video at 00:01–00:03; Exh. 22, Valley/Citrus Video at 00:51–00:55 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Vague as to "failed", "yield", and "immediately initiated".<br><br>Otherwise, undisputed for the purposes of this motion. |



MK MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 16 | Zozaya could have initiated an alternative pursuit mode—either Tracking Mode or Surveillance Mode—which encourages self–termination and safe driving. | Exh. 7, Martin Depo at 58:22–24 Clark Decl ¶ 10 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Clark's Declaration is not admissible and Martin's testimony at 58:22 discusses an incomplete hypothetical only. |
| NO. 17 | Per policy, Optional Pursuit Modes—tracking and surveillance—are intended to enhance safety for the public and officers in a vehicle pursuit by encouraging a fleeing suspect to operate safely and/or terminate the pursuit. | Exh. 1, Zozaya Depo at 41:2–16 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 18 | Optional Pursuit Modes minimize danger by causing the subject to slow down or terminate the pursuit on their own. | Exh. 1, Zozaya Depo at 32:3–8, 41:25–42:4 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 19 | Tracking Mode allows officers to fall back but continue in pursuit with lights and sirens with airship support. | Exh. 1, Zozaya Depo at 38:8–15 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed for the purposes of this motion. |

MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 20 | The purpose of Tracking Mode is to provide a safer option when the subject is driving at unsafe speeds and it is dangerous to follow closely. | Exh. 1, Zozaya Depo at 39:7–16 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 21 | Surveillance Mode allows officers to fall back and terminate pursuit while an airship maintains visual observation of the subject vehicle, broadcasting speed and direction. | Exh. 1, Zozaya Depo at 31:13–22 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 22 | The purpose of Surveillance Mode is that when officers fall back, the subject vehicle will slow down, and officers will reengage when safe after the subject stops, with air support assistance. | Exh. 1, Zozaya Depo at 31:23–32:2, 32:9–19, 33:21–34:3 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 23 | Zozaya does not know the policy for initiating Surveillance Mode. | Exh. 1, Zozaya Depo at 33:7–11 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Zozaya's testified: "**<u>I couldn't speak to the facts of the exact policy unless I have it in front of me.</u>**" (PE 1 at 33:10-11). |

MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 24 | Fontana had automatic license plate readers stationed around the City, including on officer vehicles. | Exh. 1, Zozaya Depo at 21:12–17 Exh. 2, Precie Depo at 29:18– 30:1; Exh. 6, Macias Depo at 37:13–15, 37:22–38:2 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 25 | Dispatch could access and manipulate live–feed cameras, including at the Valley and Cypress intersection. | Exh. 1, Zozaya Depo at 22:19–23:18 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Zozaya testified that dispatch "would" have access and not "could" have access and also that dispatch can move the camera and zoom in "depending on which camera it is … the quality of the camera and the quality of the video, there is an ability to zoom." |

| | | | |
|---|---|---|---|
| NO. 26 | Zozaya failed to balance the risks of pursuit with the risks of not apprehending immediately and should not have initiated a pursuit under the totality of the circumstances. | Exh. 1, Zozaya Depo at 26:13:16; 26:17–25; 20:4–8; 28:5–8, 40:1–7; Exh. 7, Martin Depo at 20:2–14, 49:6–14; Clark Decl. 117–9 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). |

MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 27 | As soon as the Nissan took off, Zozaya broadcasted that he initiated a pursuit. | Exh. 1, Zozaya Depo at 12:7–15, 27:1–5 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Zozaya testified: "Shortly after the vehicle was traveling eastbound Citrus, that's when I …broadcasted to Dispatch that I was in pursuit and I initiated a pursuit." |

MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 28 | The Nissan stayed in Lane 1 during the pursuit. | Exh. 1, Zozaya Depo at 40:8–14 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Zozaya testified that: "Not that I could recall. Based on my recollection, the pursuit primarily stayed in the Number 1 lane." |
| NO. 29 | The pursuit increased to unsafe speeds over 80 mph, with which Zozaya kept pace. | Exh. 1, Zozaya Depo at 11:10–11, 44:4–14; Exh. 2, Precie Depo at 25:20–23, 26:2–4; Exh. 6, Macias Depo at 36:17–20; Exh. 7, Martin Depo at 53:18– 21, 54:25–55:15 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Vague as to "pursuit increased" and "unsafe" and "pace".<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 30 | Zozaya had no verbal communication with Precie, Bautista, Terwilliger, Garcia, or the Sergeant, never called for backup, and never asked for assistance. | Exh. 1, Zozaya Depo at 42:8–11, 54:5–19 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 31 | Zozaya was trained to call for air support when initiating a vehicle pursuit but failed to do so; nevertheless, he knew that backup and air support were en route. The pursuit was not dangerous to bystander vehicles, with no collisions and no vehicles having to brake hard, swerve, or honk. | Exh. 1, Zozaya Depo at 30:17–20, 30:21–22; 30:23–31:2, 42:15–17; Exh. 2, Precie Depo at 31:8–12; Exh. 4, Terwilliger Depo at 28:14–16; Exh. 1, Zozaya Depo at 19:11–13, 19:17–25; Exh. 2, Precie Depo at 26:5–11; 28:25–29:3; 43:7–12; 43:14–21; 28:22–24 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>This fact violates this Court's Standing Order because it is a compound fact.<br><br>Plaintiffs mischaracterize the facts because Precie testified that they did not contact backup because a helicopter stated that he was en route (PE at 31:8-12).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Zozaya testified as to the bystander vehicles that he did not recall (PE 1, 19:11-25). |

| | | | |
|---|---|---|---|
| NO. 34 | Zozaya failed to apply the continued balancing test and should have terminated the vehicle pursuit under the totality of the circumstances. | Exh. 7, Martin Depo at 53:18–21, 54:25–55:15, 56:12–20; Clark Decl. 117–9; Exh. 1, Zozaya Depo at 24:11–16; Exh. 2, Precie Depo at 31:5–7, 34:1–3 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Plaintiffs' citation to the Martin deposition is based on Martin's responding to a hypothetical; Clark's Declaration is not admissible; and the citations to the Zozaya Deposition and Precie deposition are about obtaining the license plate of the Nissan. |
| NO. 36 | It was important for Zozaya as the primary vehicle to inform other officers and dispatch of pertinent information about the pursuit, including direction. | Exh. 1, Zozaya Depo at 42:5–7, 52:4–11 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed that this was Zozaya's testimony. |

| | | | |
|---|---|---|---|
| NO. 37 | Zozaya broadcasted that the pursuit was on Valley, initiated passing Catawba, was high speed; he was trying to get a plate number and stated starting mileage; broadcasted "Eastbound Valley, passing Oleander," that traffic is light, "Coming up to Cypress," and "Eagle 1 launching." | Exh. 1, Zozaya Depo at 52:12–18, 53:9–11, 53:16–18; Exh. 3, Garcia Depo at 82:14–17, 83:9–20, 83:24–84:10, 84:20–85:1, 85:8–21, 85:25, 86:13–16, 86:20–24, 110:18–24; Exh. 16, Radio Traffic at 00:00–00:33. | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Vague and unintelligible as "initiated passing Catawba".<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 38 | Only Zozaya's vehicle was in the pursuit, which lasted approximately 23 seconds and covered about 0.65 miles. | Exh. 1, Zozaya Depo at 53:2–8; Exh. 2, Precie Depo at 34:6–16; Exh. 3, Garcia Depo at 36:4–6; Exh. 4, Terwilliger Depo at 13:5–6 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed that this was Zozaya's testimony. |

MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 39 | Officers Garcia and Terwilliger were in a two–man vehicle parked at the northeast corner of a thrift store parking lot at the southeast corner of Valley and Cypress, with Officer Bautista in a separate vehicle. | Exh. 3, Garcia Depo at 41:16–20, 42:25–43:7, 44:11–13; Exh. 4, Terwilliger Depo at 15:20–16:1, 18–21–24, 20:7–21; 16:8–9, 26:17–20 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 40 | Garcia was the driver of the Ford Explorer SUV patrol vehicle. | Exh. 3, Garcia Depo at 27:14–20 Exh. 4, Terwilliger Depo at 9:23–25 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 41 | From radio traffic, Garcia knew a high–speed pursuit was initiated eastbound near Valley and Catawba of a white sedan; Zozaya was trying to get a plate; traffic was light; air support was responding; and it was moving toward his direction—"Eastbound Valley, passing Oleander," and "Coming up to Cypress." | Exh. 3, Garcia Depo at 36:21–24, 38:10–12, 45:1–13, 82:14–17, 83:9–20, 83:24–84:10, 84:20–85:1, 85:8–21, 85:25, 86:13–16, 86:20–87:8, 110:18–24; Exh. 4, Terwilliger Depo at 16:2–7, 20:22–21:1; Exh. 16, Radio Traffic at 00:00–00:33 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 42 | It was approximately 31 seconds from Zozaya's first broadcast to broadcasting Garcia's collision with the Nissan. | Exh. 3, Garcia Depo at 83:9–13, 87:12–18; Exh. 16, Radio Traffic at 00:00–00:33 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 43 | It was approximately 8 seconds from the broadcast "Coming up to Cypress" to the broadcast of Garcia's collision with the Nissan. | Exh. 3, Garcia Depo at 86:13–16, 87:12–18; Exh. 16, Radio Traffic at 00:25–00:33 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 44 | It is approximately three quarters of a mile from Catawba to Cypress and a quarter of a mile from Oleander to Cypress. | Exh. 4, Terwilliger Depo at 21:7–11, 27:15–17 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed that this was Terwilliger's testimony. |
| NO. 45 | Garcia had no information that the Nissan was in any collision, and there were no other collisions during the pursuit. | Exh. 1, Zozaya Depo at 46:2–5; Exh. 2, Precie Depo at 28:19–21; Exh. 3, Garcia Depo at 25:24–26:3 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia testifies that law enforcement began engagement with the white Nissan for the Vehicle Code violations but he was not asked about collisions during the pursuit and therefore would not have provided an answer to that question. |





MK MANNING | KASS

MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 46 | Garcia had no information about the occupants of the Nissan, did not know what they were thinking, and had no information that they ever physically injured or verbally threatened anybody. | Exh. 3, Garcia Depo at 23:16–19, 23:24–24:12 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia's testimony was that he did not know what the occupants of the white Nissan were thinking; but he stated "**Not that I recall**" to information about the occupants physically injuring any person or verbally threatening anybody. |
| NO. 47 | Garcia did not know what initiated the pullover besides assuming it was some unknown minor traffic violation. | Exh. 3, Garcia Depo at 24:21–25:8 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia's testimony was that he "**recall[ed] having heard ... that it was for Vehicle Code violations**" and not that he did not know. |

| | | | |
|---|---|---|---|
| NO. 48 | According to policy, vehicle pursuits are limited to two officer vehicles (a primary and secondary) and a supervisor unless more are requested. | Exh. 1, Zozaya Depo at 43:3–12 Exh. 2, Precie Depo at 32:3–9 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Zozaya testifies that the vehicle policy regarding how many vehicles allowed in the vehicle pursuit "**relies on the totality of a lot of circumstances**". |
| NO. 49 | Bautista and the Sergeant were en route. | Exh. 2, Precie Depo at 31:13–20 Exh. 4, Terwilliger Depo at 16:8–9 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Vague as to "Sergeant" and "en route". Vague as to time.<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 50 | No officer requested backup for the pursuit, no officer requested Garcia to join the pursuit, and Garcia did not request to join. | Exh. 4, Terwilliger Depo at 28:20–21, 28:25–29:2; Exh. 2, Precie Depo at 33:7–9; Exh. 3, Garcia Depo at 26:4–6, 26:21–23 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Specifically:<br>1. Terwilliger's testimony was that he did not know if anyone requested backup and he did not recall if he or Officer Garcia requested to join the pursuit.<br>2. Precie's testimony is that he did not **hear** any communications from other officers requesting to join the pursuit.<br>3. Garcia's testimony is "Not specifically" in response to the question "Did you hear anyone request backup for the pursuit." |

MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 51 | Garcia knew one option was to just wait in the parking lot. | Exh. 3, Garcia Depo at 38:20–23 Exh. 7, Martin Depo at 62:6–13 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia testified that it was one option to "see which direction the pursuit went before leaving the parking lot." |
| NO. 52 | Garcia, as a unit not involved in the pursuit, should have remained in his assigned area and should not have become involved unless directed by a supervisor pursuant to policy. | Clark Decl 11 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). |

| | | | |
|---|---|---|---|
| NO. 53 | Alternatively, per training in Parallelling, Garcia could have followed on side streets so he could respond quickly when the pursuit ended. | Exh. 1, Zozaya Depo at 31:3–12 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Zozaya testified as to policy and not with respect to the actions and choices that Garcia "could have" taken with respect to the incident at the subject of the lawsuit. |

MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 54 | Within a few seconds of the initial radio call, Garcia decided to respond without informing dispatch, supervisors, or Zozaya. | Exh. 2, Precie Depo at 33:4–6; Exh. 3, Garcia Depo at 47:3–6; Exh. 4, Terwilliger Depo at 29:3–6, 29:8–18 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Vague as to "respond".<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia's testimony was that a few seconds after receiving the initial radio call, he began to **move** his vehicle. |

MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 55 | Garcia made a U–turn, then drove north to the apron of the driveway intending to apprehend the subject vehicle by responding to the area it was going. | Exh. 3, Garcia Depo at 27:3–5, 37:10–19, 37:25–38:9, 49:8–11; Exh. 4, Terwilliger Depo at 13:7–13, 16:9–12 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia's never testified that he was intending to "apprehend" the vehicle, but only that he was intending to **<u>assist, respond to the pursuit.</u>** |
| NO. 56 | Bautista's vehicle went north to the driveway apron, stopped, cleared the intersection, yielded to a passing truck, then turned left onto westbound Valley when safe. | Exh. 2, Precie Depo at 61:8–13; Exh. 3, Garcia Depo at 87:19–22, 88:23–89:13, 89:17–20; Exh. 7, Martin Depo at 31:12–25; Exh. 4, Terwilliger Depo at 50:8–15, 50:25–51:5; Exh. 25, Valley/Cypress Video at 00:20–00:33 (22.44.01.411–22.45.13.918) | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). See, Introduction, above.<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 57 | After Bautista was already on westbound Valley, Garcia drove north to the apron of the driveway. | Exh. 2, Precie Depo at 61:19–25; Exh. 3, Garcia Depo at 89:21–90:3; Exh. 4, Terwilliger Depo at 51:6–9; Exh. 25, Valley/Cypress Video at 00:30–00:33 (22.45.11.314–22.45.14.483) | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). See, Introduction, above.<br><br>Otherwise, undisputed for the purposes of this motion. |

MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 58 | Garcia slowed at the driveway apron but did not come to a full stop. | Exh. 3, Garcia Depo at 52:11–13, 90:7, 90:12–24, 91:4–14; Exh. 4, Terwilliger Depo at 21:20–22, 25:6–9, 51:13–19, 51:25–52:8; Exh. 20, Valley/Cypress Video at 00:33–00:36 (22.45.14.483–22.45.17.384); Lee Decl 116, 12 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). See, Introduction, above.<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia's testimony was that he **did not recall** exactly having stopped; Terwilliger also testified that he **doesn't remember** if Garcia stopped. |

| | | | |
|---|---|---|---|
| NO. 59 | When Garcia was still at the apron, the Nissan entered the Valley/Cypress intersection. | Exh. 2, Precie Depo at 62:15–63:2; Exh. 3, Garcia Depo at 91:4–14, 91:23–92:2; Exh. 20, Valley/Cypress Video at 00:34–00:36 (22.45.15.584–22.45.15.784) | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). See, Introduction, above.<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 60 | At that moment, Bautista activated his emergency lights. | Exh. 2, Precie Depo at 62:15–18; Exh. 3, Garcia Depo at 92:18–93:1; Exh. 7, Martin Depo at 30:9–12; Exh. 20, Valley/Cypress Video at 00:34 (22.45.15.584) | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). See, Introduction, above.<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 61 | Garcia was still at the apron when the Nissan passed the east crosswalk of Cypress in Lane 1. | Exh. 2, Precie Depo at 63:6, 64:1–5; Exh. 3, Garcia Depo at 93:9–14; Exh. 4, Terwilliger Depo at 52:15–18; Exh. 5, Wolff Depo at 43:13–21; Exh. 9, Scene Photos at 1–3; Exh. 20, Valley/Cypress Video at 00:36 (22.45.16.483) | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 62 | To clear an intersection, an officer must check if any cars are immediately preventing a turn. | Exh. 3, Garcia Depo at 52:15–18; Exh. 7, Martin Depo at 60:4–12 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Vague as to "an officer"<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). See, Introduction, above.<br><br>Otherwise, undisputed that Garcia testified that he believed he checked to see if there were any cars immediately preventing him from turning out. |

| | | | |
|---|---|---|---|
| NO. 63 | At the apron, Garcia and Terwilliger saw the Nissan east of the intersection on Valley, a flat and straight road allowing long–distance visibility. | Exh. 2, Precie Depo at 43:22–44:6; Exh. 3, Garcia Depo at 52:22–23; Exh. 4, Terwilliger Depo at 22:12–13, 23:17–23; Exh. 11, Marked Map at 1; Exh. 20, Valley/Cypress Video at 00:36 (22.45.16.483) | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia's testimony was that he **did not see** any vehicles coming in his direction from the west.<br><br>Otherwise, undisputed that Terwilliger testified that he believed it was past the intersection. |

| | | | |
|---|---|---|---|
| NO. 64 | At the driveway apron seconds before the collision, Garcia saw the Nissan headlights in Lane 1 and said, "Fuck, there they are." | Exh. 3, Garcia Depo at 32:2–4, 32:18–24; Exh. 4, Terwilliger Depo at 16:11–15, 21:16–25, 25:24–26:3; Exh. 5, Wolff Depo at 189:5–8, 189:11–14; Exh. 11, Marked Map at 1; Exh. 20, Valley/Cypress Video at 00:36–37 (22.45.16.483–22.45.17.284) | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia never testified that he was at the driveway apron when he saw the Nissan headlights. Garcia also never testified that he saw the Nissan headlights in Lane 1. Garcia did testify that prior to the collision, he saw the headlights. |

| | | | |
|---|---|---|---|
| NO. 65 | There was no other communication between Garcia and Terwilliger. | Exh. 4, Terwilliger Depo at 26:10–15, 26:24–27:5 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Vague as to timing of the "no other communication."<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Terwilliger's testimony is **"Not that [he could] recall."** |

MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 66 | Garcia intentionally removed his foot from the brakes, placed his foot on the accelerator, and depressed the accelerator to 100%, accelerating from 5.2 to 23.9 mph with engine rpm rising from 812 to 4,788. | Exh. 3, Garcia Depo at 30:16–21, 49:12–17; Exh. 5, Wolff Depo at 119:25–120:11; Exh. 8, MAIT Report at COF 144; Exh. 20, Valley/Cypress Video at 00:36–37 (22.45.16.483–22.45.17.284) | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Vague as to the timing of these purported actions.<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). The citation to COR 144 (the MAIT Report) is with respect to Vehicle #1, not Vehicle #2. According to COR 12 (from the MAIT Report), Vehicle #1 belonged to Bonilla Giovanni. |

| | | | |
|---|---|---|---|
| NO. 67 | Garcia made no effort to avoid the collision, including by honking the horn or swerving. | Exh. 2, Precie Depo at 38:16–18; Exh. 3, Garcia Depo at 31:13–23, 49:8–10; Exh. 4, Terwilliger Depo at 23:24–24:3 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Specifically:<br>1. Precie never testified as to Garcia making no effort to avoid the collision.<br>2. Garcia testified that he did not recall.<br>3. Terwilliger testified that he did not recall if Garcia made any maneuvers; and did not hear "anybody" honk a horn. |



MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 68 | Garcia initiated a left turn then disengaged into a straight path, quickly manipulating the steering wheel slightly left and right, until his SUV's front end collided with the Nissan's right passenger side. | Exh. 2, Precie Depo at 49:15–25; Exh. 5, Wolff Depo at 120:16–25, 121:1–22, 136:12–137:10, 138:25–139:15; Exh. 8, MAIT Report at COF 144 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Vague as to the timing of these purported actions.<br><br>Evidence does not support the facts. Fed. R. Civ. P. 56(e). Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). The citation to COR 144 (the MAIT Report) is with respect to Vehicle #1, not Vehicle #2. According to COR 12 (from the MAIT Report), Vehicle #1 belonged to Bonilla Giovanni. |



MK MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 69 | Garcia's SUV was generally oriented north and Bonilla's Nissan was still oriented east at the time of impact. | Exh. 2, Precie Depo at 65:24–66:20; Exh. 4, Terwilliger Depo at 49:4–50:3; Exh. 5, Wolff Depo at 156:20–157:2, 189:15–190:25, 191:1–12; Exh. 9, Scene Photos at 1–3; Exh. 10, Wolff Diagram at 1; Exhs. 30, 31, 32, and 33 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 70 | The collision occurred in Lane 1 of eastbound Valley. | Exh. 1, Zozaya Depo at 6:24–7:1; Exh. 2, Precie Depo at 37:9–11; Exh. 3, Garcia Depo at 94:6–9; Exh. 4, Terwilliger Depo at 49:4–50:3, 53:10–13, 53:18–23, 54:5–8; Exh. 5, Wolff Depo at 189:15–190:25, 191:1–12; Exh. 9, Scene Photos at 1–3; Exh. 20, Valley/Cypress Video at 2024–02–03, 22.45.16.483–22.45.18.620; Exhs. 30, 31, 32, and 33; Lee Decl. 15 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). For example, Precie testified that the approximate distance from the east side crosswalk to the collision was about 200 feet and that he saw the subject vehicle in Lane 1 just east of Cypress. Wolff testified as to the same, i.e. after crossing the sidewalk, the Nissan was in the Number 1 lane. |

MANNING | KASS

MK MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 71 | Garcia's larger and heavier SUV violently collided into the Nissan, collapsing and intruding into the passenger compartment and into the two boys on the passenger side, then propelling the Nissan northeast into two parked vehicles. | Exh. 4, Terwilliger Depo at 32:17–22, 160:6–13; Exh. 5, Wolff Depo at 158:14–19, 162:3–6, 162:17–19, 163:6–8, 164:1–8, 164:23–165:1, 178:10–17; Exh. 9, Scene Photos at 1–3; Exh. 12, Nissan Photo at 1; Exhs. 30, 31, 32, and 33 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Evidence does not support the facts. Fed. R. Civ. P. 56(e). Wolff specifically stated that the front driver's side of the vehicle struck the passenger side of the Nissan, but does not specify as to the two boys on the passenger side. |
| NO. 72 | After the collision, no officer attempted to render medical aid to the kids or check their pulses or assess the three passenger kids who eventually died. | Exh. 2, Precie Depo at 55:5–11, 55:18–23; Exh. 8, MAIT Report at COF 16; Exh. 12, Nissan Photo at 1 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Plaintiffs' mischaracterize Precie's testimony. Precie stated "**<u>We couldn't get into the vehicle due them being trapped in there.</u>**" |

| | | | |
|---|---|---|---|
| NO. 73 | Garcia's collision also seriously injured Terwilliger, requiring a year of medical leave and leading to medical retirement. | Exh. 4, Terwilliger Depo at 17:9–18:14, 35:5–7, 35:22–25; Exh. 7, Martin Depo at 40:11–14 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed that Terwilliger testified that he was on medical leave for a year after the incident, and medically retired from Fontana. |
| NO. 74 | Garcia drove recklessly and without due regard, violating basic officer training, policy, and the Rules of the Road. | Clark Decl 116 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). |

| | | | |
|---|---|---|---|
| NO. 75 | Garcia was in control of the speed and direction of movement of his SUV. | Exh. 1, Zozaya Depo at 28:21–25; Exh. 3, Garcia Depo at 73:14–17 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Zozaya's testimony and Garcia's testimony was "Generally speaking" the person who's sitting in the driver's seat is the one in control of the steering wheel and accelerator. |

| | | | |
|---|---|---|---|
| NO. 76 | Officers are required to follow the Vehicle Code unless responding with lights and sirens to an emergency situation. | Exh. 2, Precie Depo at 28:3–10; Exh. 3, Garcia Depo at 69:16–19 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Zozaya's testimony and Garcia's testimony is "generally speaking". |
| NO. 77 | Having emergency lights on makes the patrol vehicle more visible at night. | Exh. 5, Wolff Depo at 101:17–20 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 78 | Garcia failed to activate his emergency lights and siren. | Exh. 1, Zozaya Depo at 49:20–22; Exh. 3, Garcia Depo at 55:16–19; Exh. 4, Terwilliger Depo at 29:19–30:3, 53:24–54:1 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Zozaya testified that he did not recall; Garcia testified "not that I recall, and not based off what I remember seeing in the video"; and Terwilliger testified that "not that I recall." |
| NO. 79 | Using a blinker communicates intent to turn and helps other drivers assess whether they need to slow down or move. | Exh. 5, Wolff Depo at 101:21–102:3 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 80 | Failure to signal is a Vehicle Code violation and an unsafe turning movement, worthy of a traffic stop, even when there is no collision. | Exh. 1, Zozaya Depo at 18:6–18, 19:2–13; Exh. 2, Precie Depo at 27:25–28:2 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). The cited testimony refers to failure to signal only and does not mention anything about "unsafe turning movement." |
| NO. 81 | Garcia failed to signal, a Vehicle Code violation. | Exh. 5, Wolff Depo at 102:4–6; Exh. 25, Valley/Cypress Video at 00:30–00:38 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Wolff is no testifying as to Garcia's action specifically. |

| | | | |
|---|---|---|---|
| NO. 82 | Garcia failed to come to a complete stop before turning, which is a Vehicle Code violation. | PAMF 58 Clark Decl. 120 Lee Decl. 116, 12 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). |
| NO. 83 | Officers are required to wear a seatbelt in a moving vehicle while on duty. | Exh. 2, Precie Depo at 27:16–18; Exh. 4, Terwilliger Depo at 44:15–25, 45:1–8; Exh. 6, Macias Depo at 30:5–22, 31:15–23 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |



MK MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 84 | Garcia failed to wear a seatbelt and failed to ensure Terwilliger wore a seatbelt, violating the Vehicle Code and policy. | Exh. 2, Precie Depo at 27:19–21; Exh. 3, Garcia Depo at 76:16–10; Exh. 4, Terwilliger Depo at 31:22–32:2, 45:9–14; Exh. 6, Macias Depo at 31:24–32:4 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). The cited testimony from Garcia does not state whether he was not waring a seatbelt or whether he failed to ensure Terwilliger was wearing a seatbelt. Terwilliger answered "No" to the question of whether he "knew" if Garcia was wearing a seatbelt. |
| NO. 85 | The Vehicle Code and policy require officers to drive with due regard for the safety of others, including avoiding collisions, driving safely, and not posing a danger to other motorists. | Exh. 1, Zozaya Depo at 55:19–25; Exh. 3, Garcia Depo at 72:8–13, 72:18–73:12, 78:2–5, 78:13–19; Exh. 4, Terwilliger Depo at 47:25–48:8; Exh. 6, Macias Depo at 25:15–20, 25:25–26:4 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 86 | Driving with due regard includes assessing weather conditions, including maintaining a larger space between vehicles when roads are wet. | Exh. 4, Terwilliger Depo at 48:9–16 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed that this is Terwilliger's testimony. |
| NO. 87 | Driving with due regard also considers time of day and visibility, requiring officers to keep a larger safety cushion. | Exh. 4, Terwilliger Depo at 48:17–49:3 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed that this is Terwilliger's testimony. |

| | | | |
|---|---|---|---|
| NO. 88 | Defensive driving requires officers to maintain a safe space between their vehicle and others and maintain a high visual horizon by looking into the distance. | Exh. 3, Garcia Depo at 79:7–80:1 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed that this is Garcia's testimony except that Garcia testified that he "should" maintain and not that there is a requirement; and that Garcia testified that it "sounds familiar" to maintain a high visual horizon. |
| NO. 89 | Garcia admits that noncompliance with safety and defensive driving rules could lead to a collision. | Exh. 3, Garcia Depo at 76:6–10 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise undisputed that this is what Garcia **testified** to (and not what he "admits" to). |

| | | | |
|---|---|---|---|
| NO. 90 | Making an unsafe left turn into oncoming traffic would be a Vehicle Code violation. | Exh. 5, Wolff Depo at 102:10–16 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 91 | To clear for a turn, officers must determine if it is safe to turn without causing a traffic disruption or collision. | Exh. 3, Garcia Depo at 71:16–19 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Vague as to "officers".<br><br>Plaintiffs' cited evidence does not support this fact. Garia testified that **<u>potentially</u>**, he is trying to figure out whether he can safely make the turn without causing a disruption in traffic or a collision. |

| | | | |
|---|---|---|---|
| NO. 92 | Officers must be aware of surroundings and look for hazards well ahead, including other drivers' actions; situational awareness includes knowing where partner officers and the subject are. | Exh. 3, Garcia Depo at 69:20–25, 74:23–75:3; Exh. 4, Terwilliger Depo at 43:10–44:3 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Vague as to "officers".<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia testified that **generally speaking**, he is supposed to be aware of his surroundings when he is operating a vehicle and look for hazards and dangers including the other actions of drivers on the road. Then, separately, Terwilliger testified that situational awareness includes "doing the best you can to know where your partner officers are." |

| | | | |
|---|---|---|---|
| NO. 93 | One responsibility for Garcia was managing the space between his SUV and the Nissan. | Exh. 3, Garcia Depo at 71:9–11, 73:18–21 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia testified that **generally**, that this is one of the responsibilities. He did not testify as to this specific incident. |
| NO. 94 | It would be unsafe to turn when there is not enough space because it does not give Bonilla sufficient warning. | Exh. 1, Zozaya Depo at 19:15–16 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Zozaya testified that the Nissan made an unsafe turning movement in front of another vehicle. |

| | | | |
|---|---|---|---|
| NO. 95 | Another consideration was the approximate speed of the Nissan. | Exh. 3, Garcia Depo at 71:12–15 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia did not testify as to this specific incident. |
| NO. 96 | Generally, if safe to turn, a driver may proceed; if not, the driver must yield the right–of–way to the vehicle on the road. | Exh. 3, Garcia Depo at 70:9–12, 71:20–72:2; Exh. 5, Wolff Depo at 92:17–24; Exh. 7, Martin Depo at 31:12–25 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 97 | The Nissan had the right–of–way. | Exh. 3, Garcia Depo at 70:20–24; Exh. 5, Wolff Depo at 92:6–12 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia and Wolff did not testify as to this specific incident. |
| NO. 98 | Garcia failed to yield the right–of–way, violating the Vehicle Code and policy. | Clark Decl. 1116, 20; Lee Decl. 112 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). |

| | | | |
|---|---|---|---|
| NO. 99 | Based on training, officers are required to have their headlights on while driving at night. | Exh. 2, Precie Depo at 44:13–20; Exh. 3, Garcia Depo at 57:9–11; Exh. 4, Terwilliger Depo at 30:21–23; Exh. 7, Martin Depo at 23:6–15, 32:1–9, 33:17–34:10, 65:14–20 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 100 | Headlights provide the driver visibility of the road and obstacles and make the vehicle visible to other drivers. | Exh. 3, Garcia Depo at 57:12–25; Exh. 6, Macias Depo at 62:3–63:8 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia testified that headlights **<u>potentially</u>** assist the driver of the vehicle to see other vehicles or obstacles in the road; and that headlights **<u>could</u>** make it easier for drivers to see his vehicle.<br><br>Otherwise, undisputed that Macias testified that hypothetically, an officer should have their headlights on to make it easier to drive at night and allow other vehicles to see the officer's vehicle. |

| | | | |
|---|---|---|---|
| NO. 101 | Officers may drive at night without headlights only if there is a safety concern or for tactical reasons to be more inconspicuous. | Exh. 3, Garcia Depo at 58:18–59:7; Exh. 4, Terwilliger Depo at 34:7–19; Exh. 6, Macias Depo at 64:5–16 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 102 | There was no safety concern indicating a need to drive without headlights. | Exh. 3, Garcia Depo at 59:8–13 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia testified that that he doesn't remember the exact incident. |

| | | | |
|---|---|---|---|
| NO. 103 | Garcia's headlights were off to "blackout" the SUV and make it less visible, trying to be inconspicuous. | Exh. 2, Precie Depo at 52:7–10, 58:2–8; Exh. 3, Garcia Depo at 56:6–9, 60:11–62:1; Exh. 4, Terwilliger Depo at 30:4–9; Exh. 5, Wolff Depo at 98:16–23; Exh. 25, Valley/Cypress Video at 00:30–00:38 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed for the purposes of this that Garcia testified that he was trying to be inconspicuous; and that **<u>for safety</u>**, the vehicle was blacked out. |
| NO. 104 | Based on training, it is dangerous to drive at night without headlights because the vehicle would be difficult to see and it could cause a collision. | Exh. 4, Terwilliger Depo at 30:24–31:21; Exh. 5, Wolff Depo at 98:24–99:5; Exh. 6, Macias Depo at 65:23–66:2; Exh. 7, Martin Depo at 59:12–22 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). |

| | | | |
|---|---|---|---|
| NO. 105 | If Garcia's headlights were activated, it could have given Bonilla an opportunity to brake at a greater distance. | Exh. 5, Wolff Depo at 100:5–12, 100:20–22 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Wolff's testimony is based on a hypothetical. |
| NO. 106 | Garcia's failure to use headlights was a Vehicle Code violation. | Exh. 5, Wolff Depo at 102:7–9; Exh. 7, Martin Depo at 66:1–3 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>This fact violates this Court's Standing Order because it is a compound fact.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed that Wolff testified not having headlights on night a Vehicle Code violation. |

| | | | |
|---|---|---|---|
| NO. 107 | Given Garcia's lack of headlights and Bautista's blinding emergency lights and headlights, Garcia was difficult to see. | Exh. 1, Zozaya Depo at 51:19–52:3, 57:16–21; Exh. 2, Precie Depo at 39:8–10, 44:10–12, 47:16–18; Exh. 5, Wolff Depo at 100:13–19; Exh. 7, Martin Depo at 34:19–35:2 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Zozaya and Precie testified that they did not see Garcia's vehicle passing the eastbound Valley lane but not because of Garcia's lack of headlights and Bautista's blinding emergency lights and headlights. Wolff's and Martin's testimony is as to a hypothetical only. |

MANNING | KASS

| | | | |
|---|---|---|---|
| NO. 108 | Intentionally using a police SUV to collide with the Nissan—such as blocking or ramming—is use of deadly force and requires supervisor approval. | Exh. 3, Garcia Depo at 76:11–15, 80:24–81:9, 81:23–25, 82:6–13; Exh. 4, Terwilliger Depo at 45:19–21, 46:5–8, 47:17–19; Exh. 7, Martin Depo at 42:12–43:8, 66:25–67:22; Clark Decl 1112, 13, 15, 22 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia, Terwilliger and Martin testified as to general policies, and not as to the Nissan or this incident. |
| NO. 109 | Blocking should not be utilized because it is too dangerous; safer techniques to stop a fleeing vehicle include PIT and spike strips. | Exh. 4, Terwilliger Depo at 46:9–24 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>This fact violates this Court's Standing Order because it is a compound fact.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Rather, undisputed that this was Terwilliger's testimony. |

| | | | |
|---|---|---|---|
| NO. 110 | Ramming has an even higher standard: all other reasonable alternatives must have been exhausted or reasonably appear ineffective before use. | Exh. 4, Terwilliger Depo at 47:7–24 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>This fact violates this Court's Standing Order because it is a compound fact.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Rather, undisputed that this was Terwilliger's testimony. |
| NO. 111 | Officers are trained that deadly force is not authorized merely because a vehicle is fleeing and may only be used when necessary in defense of life. | Exh. 3, Garcia Depo at 81:14–17, 91:18–22; Exh. 4, Terwilliger Depo at 46:25–47:6 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>This fact violates this Court's Standing Order because it is a compound fact.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 112 | Garcia's use of deadly force was objectively excessive and unreasonable under training and policy because the Nissan posed no imminent threat, had not harmed or threatened anyone, and was suspected only of a minor traffic violation. | Exh. 6, Macias Depo at 71:6–18; Exh. 7, Martin Depo at 42:12–43:8, 44:16–45:8, 46:19–23, 70:1–5; Clark Decl 115 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>This fact violates this Court's Standing Order because it is a compound fact.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Macia didn't testify as to this incident; Martin testified with respect to hypotheticals. Martin also testified "No. I wouldn't agree with that" to the hypothetical posed, that his blocking the pathway of the Nissan would be inappropriate (PE 7 44:12-43:8; 44:16-45:8) and that when responding to driving that's so egregious, then an officer might believe it would balance out (PE 45:8-11). |

| | | | |
|---|---|---|---|
| NO. 113 | Officers are required to know their training and policy. | Exh. 1, Zozaya Depo at 54:20–22; Exh. 4, Terwilliger Depo at 11:13–14 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 114 | Training included tests and certifications to drive a patrol vehicle, tactical driver training, an emergency vehicle operations course, and policy review—covering safe driving. | Exh. 3, Garcia Depo at 66:21–24, 67:2–7, 67:12–24, 68:5–10, 68:12–15, 68:16–18; Exh. 4, Terwilliger Depo at 11:4–8 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |
| NO. 115 | Officers must follow the rules of the road like any other licensed driver unless a specific Code exception applies or they are in violation of law. | Exh. 1, Zozaya Depo at 36:13–17, 37:19–22; Exh. 3, Garcia Depo at 69:11–19; Exh. 4, Terwilliger Depo at 40:6–12, 41:17–24; Exh. 6, Macias Depo at 22:12–22, 24:12–14, 25:8–14 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Otherwise, undisputed for the purposes of this motion. |

| | | | |
|---|---|---|---|
| NO. 116 | Fontana officers lack necessary training/policy knowledge, reflecting inadequate training and policies. Examples include unfamiliarity with Vehicle Code §§21055/21056, pursuit termination effects, Code 3 requirements to exceed speed limits, and rules for medians/lines; uncertainty about headlight requirements; limited knowledge of pursuit policy; and PMK's inability to confirm key policies/training on due regard, space cushion, involvement limits, BWC policy, and related topics. | Exh. 1, Zozaya Depo at 54:23–55:9, 29:10–17, 30:2–11, 35:5–20, 36:1–6, 56:22–57:11; Exh. 2, Precie Depo at 44:22–24; Exh. 3, Garcia Depo at 66:10–20; Exh. 6, Macias Depo at 45:6–12, 61:14–22, 22:23–23:1, 24:8–11, 26:5–8, 26:5–8, 29:16–21, 30:2–3, 39:19–24; Clark Decl \ | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>This fact violates this Court's Standing Order because it is a compound fact.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). |

| | | | |
|---|---|---|---|
| NO. 117 | Officers repeatedly violated the Vehicle Code and policy in this incident due to inadequate training and policies, including failures regarding body–worn camera activation. | Exh. 1, Zozaya Depo at 11:3–5; Exh. 3, Garcia Depo at 28:23–29:2, 54:18–21; Exh. 4, Terwilliger Depo at 12:25–13:4, 40:18–22, 43:2–5; Exh. 6, Macias Depo at 23:2–5, 29:8–15, 31:6–12, 33:9–34:5, 40:24–41:7, 38:25–39:14; Exh. 13; Exh. 14; Exh. 15; Clark Decl 1121–22; PAMF 7–8, 16, 23, 26, 27, 30–32, 34–35, 50–53, 58, 62–63, 65–68, 72, 74–107, 108–112 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>This fact violates this Court's Standing Order because it is a compound fact.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). |

| | | | |
|---|---|---|---|
| NO. 118 | There is evidence of a custom and practice of inaction and ratification by inaction and practice, including no tactical debriefs, no reprimand/discipline/retraining, no training memos after the incident, no investigation requests, and no findings of policy violations for seatbelts or headlights. | Exh. 1, Zozaya Depo at 45:12–14; Exh. 2, Precie Depo at 16:4–19; Exh. 3, Garcia Depo at 17:12–14; Exh. 6, Macias Depo at 52:9–53:1, 54:16–24, 57:14–17, 36:21–37:6, 65:14–18; Exh. 13; Exh. 14; Exh. 15; Clark Decl 1121–22 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>This fact violates this Court's Standing Order because it is a compound fact.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Specifically:<br>1. Zozaya testified that there was no debrief related to this incident;<br>2. Precie testified that the debrief did not go over best practices;<br>3. Garcia testified that "Normally there is [a tactical debrief]" but that he doesn't remember being there for it;<br>4. Macias testified that no officer was disciplined, reprimanded or counseled; that there was no investigation related to officers' conduct because that would be the job of the Internal Affairs Division when someone requests an investigation; that to his knowledge he has not heard of an officer being found to be in violation of a seatbelt policy during a vehicle pursuit nor whether an officer is investigated as to whether or not they |

| | | | |
|---|---|---|---|
| | | | were wearing a seatbelt;<br>5. Exhibit 14 (City's Responses to Plaintiff Mason's First Set of Requests for Admission) do not support this fact;<br>6. The Clark Deposition is not admissible for the reasons set forth in Defendants' Objections to Plaintiffs' Evidence. |

MANNING | KASS

| | | | |
|---|---|---|---|
| NO. No. 118 | There is evidence of a custom and practice of inaction and ratification by inaction, including no tactical debrief, no discipline, no training memo, and no investigation, and never finding officers out of policy for seatbelt or headlights violations. | Exh. 1, Zozaya Depo at 45:12–14 Exh. 2, Precie Depo at 16:4–19 Exh. 3, Garcia Depo at 17:12–14 Exh. 6, Macias Depo at 52:9–53:1, 54:16–24; 53:2–14; 57:14–17; 36:21–37:2; 37:3–6; 65:14–18 Exh. 13, City Response to Adams RFA … Exh. 14, City Response to Mason RFA … Exh. 15, City Response to Adams ROGG … Clark Decl 1121–22 PAMF 7–8, 16, 23, 26, 27, 30–32, 34–35, 50–53, 58, 62–63, 65–68, 72, 74–107, 108–112 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>*See also*, Defendants' Objections to Plaintiffs' Evidence, filed concurrently with.<br><br>This fact violates this Court's Standing Order because it is a compound fact.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Specifically:<br>1. Zozaya testified that there was no debrief related to this incident;<br>2. Precie testified that the debrief did not go over best practices;<br>3. Garcia testified that "Normally there is [a tactical debrief]" but that he doesn't remember being there for it;<br>4. Macias testified that no officer was disciplined, reprimanded or counseled; that there was no investigation related to officers' conduct because that would be the job of the Internal Affairs Division when someone requests an investigation; that to his knowledge he has not heard of an officer being found to be in violation of a seatbelt policy during a vehicle pursuit nor whether an officer is investigated as to whether or not they |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | | were wearing a seatbelt;<br>5. Exhibits 13-15 (City's discover responses) do not support this fact;<br>6. The Clark Deposition is not admissible for the reasons set forth in Defendants' Objections to Plaintiffs' Evidence. |
| NO. No. 119 | Fontana failed to investigate this incident and has no procedure to investigate the death of three juveniles from an officer collision. | Exh. 6, Macias Depo at 48:14–25, 49:1–25, 50:24–51:4, 52:5–8; 27:18–24 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>This fact violates this Court's Standing Order because it is a compound fact.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Macia testified that administration would review the incident where during a high speed vehicle pursuit, an officer's vehicle and a subject vehicle are involved in a collision; but testified that he "**[didn't] know**" as to the other questions pose to him regarding whether other investigations were conducted (Plaintiffs' counsel phrased most of his questions with "Do you know ….") |

| | | | |
|---|---|---|---|
| NO. No. 120 | This incident was investigated only by a third party, and Fontana has no procedures to provide disciplinary action on an officer based on those results. | Exh. 6, Macias Depo at 51:10–20 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Vague as to "officers".<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Macias was asked whether he was "aware of" any procedures to potentially have any disciplinary action on an officer. Thus, Macias's testimony cannot support Plaintiffs' blanket conclusion. |

| | | | |
|---|---|---|---|
| NO. No. 121 | The officers gave 10–minute statements at most to investigators over a month after the incident; the statements were not recorded and the reports included inaccuracies. | Exh. 1, Zozaya Depo at 10:20–22 Exh. 2, Precie Depo at 13:11–16, 46:8–13 Exh. 4, Terwilliger Depo at 14:11–15, 15:5–13 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Vague as to "officers".<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Only Terwilliger's cited testimony confirmed that **his** statement was 10 minutes. All three depositions confirm that the statements were about a month after the incident. The depositions do not mention the statements were **not** recorded and that the reports included inaccuracies. |

| | | | |
|---|---|---|---|
| NO. No. 122 | Garcia did not author a report or conduct a walk–through of the incident with investigators. | Exh. 3, Garcia Depo at 12:17–18, 17:6–8 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Otherwise, undisputed that this was Garcia's testimony. |
| NO. No. 123 | Garcia was involved in another traffic collision in an intersection while driving a patrol vehicle that caused injury. | Exh. 3, Garcia Depo at 5:11–13, 5:22–6:6, 6:13–16, 6:23–7:12 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). Plaintiff is attempting to improperly state that Garcia caused the injury in this other collision.<br><br>Vague as to "involved" and "another" and "patrol vehicle".<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia did not specify he was in a patrol vehicle. |

| | | | |
|---|---|---|---|
| NO. No. 124 | Causes for discipline include policy or law violations, unsatisfactory performance, ethical breaches, concealing incompetent work, failure to disclose or misrepresentation of material facts, falsification of records, unreasonable force, and failure to observe safety standards. | Exh. 6, Macias Depo at 44:11–47:15 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Undisputed that Macias testified to the causes of discipline as set forth in the policy. |

| | | | |
|---|---|---|---|
| NO. No. 125 | Garcia was not disciplined or retrained and was allowed to medically retire. | Exh. 3, Garcia Depo at 18:1–9, 21:21–23 | *See,* Introduction, above.<br><br>*See also*, Defendants' Legal and Evidentiary Objections to Plaintiffs' Additional Facts, filed concurrently with.<br><br>Plaintiffs' fact is not a fact but an improper legal argument masquerading as fact. L.R. 56–2; Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).<br><br>Plaintiffs' cited evidence does not support this fact. Fed. R. Civ. P. 56(e). Garcia's testimony is that he did not recall regarding the discipline and that he did "essentially medically retire" and not that he was "allowed" to medically retire. |

DATED: September 28, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Eugene Ramirez*
Eugene P. Ramirez
Kayleigh A. Andersen
Eugene P. Hanrahan
Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA