Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
*kayleigh.andersen@manningkass.com*
Eugene Hanrahan (State Bar No. 185826)
*Eugene.Hanrahan@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

MANNING | KASS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DIANA BIAS; TATANISHA PITTS; DOMINIC ADAMS Sr., and BRITTANY MASON,

Plaintiffs,

v.

CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,

Defendants.

Case No. 5:25−cv−00207−JGB−ACCV
District Judge, Jesus G. Bernal
Magistrate Judge, Angela C. C. Viramontes

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE**

Filed concurrently with:
1. Defendants' Reply In Support of [Amended] Motion for Summary Judgment
2. Response to Plaintiffs' Statement of Genuine Disputes of Material Fact
3. Response to Plaintiffs' Objection to Defendants' Evidence
4. Legal and Evidentiary objections to Plaintiffs' Additional Facts
5. Response to Plaintiffs' Additional Facts

Date: 10/19/2026
Time: 9 a.m.
Crtrm: 1 (2nd floor)

Pursuant to Federal Rule of Civil Procedure 56 and Civil Local Rule 56-1, Defendants CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA;

DANIEL PRECIE; and BRIAN ZOZAYA submit their Objections to Plaintiffs' Evidence and Exhibits in support of Summary Judgment.

**Objections To Plaintiffs' Evidence In Opposition to Summary Judgment**

| No. | Plaintiffs' Evidence | Objection | Ruling |
|---|---|---|---|
| 1 | Declaration of Roger Clark ¶ 7, 9 13, 15-22<br><br>[specifically as to whether it was **reasonable** for the officers the officers to **engage or join the pursuit** or **enter Valley blvd**, opinions as to whether or not there was **deadly force**, opinions about whether officers were "**reckless, unsafe, without due regard**," that officers actions **contributed** to passengers deaths, whether officers **violated training or policy**, any determination that the police department **"should have" investigated**] | O: Irrelevant, Lack of **Foundation** and **Personal Knowledge** (F.R.E. 401, 402);<br>Unreliable (F.R.E. 702, 703)<br>**Improper Legal Opinion** (F.R.E. 702); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) ("[E]xpert testimony consisting of legal conclusions [is] not admissible." (citing *Marx v. Diners Club, Inc.*, 550 F.2d 505, 509 (2d Cir. 1977)).<br><br>These are not statements that require expert opinions; nor can they be properly set forth through the mouth of an expert.<br><br>The expert is opining on what is proper, reasonable, the existence of deadly force, the modes of Fontana PD pursuits, who should have joined the pursuit, and a slew of other such matters that are legal issues determinative of the constitutional analysis and outside of Clark's ability to opine on anyway.<br><br>Clark's opinions constantly and consistently concern whether or not a | Sustained<br><br>[__]<br><br>Overruled<br><br>[__] |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | legal violation occurred. This includes whether Officers were reasonable, if there was deadly force, if officers violated their training, and others. **Such determinations are only to be answered by the court**. These are not conclusions that can be provided by an expert as to so allow would let an expert take the place of a judge or juror. (*See also City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 616 (2015)) In that same thread, even if Clark will be allowed to opine about near-legal concepts such as Plaintiff's threat level, ***these opinions cannot be used to create disputed issues of fact based on that opinion alone***. | |
| 2 | Declaration of Roger Clark ¶ 12, 14<br><br>[specifically as to interpreting any "**<u>physical facts</u>**" as showing Garcia was "**<u>intentionally or deliberately</u>**" using his vehicle **<u>to collide with</u>** the speeding Nissan] | O: Improper non-expert analysis and testimony from an expert. Lack of Foundation and Personal Knowledge (F.R.E. 401, 402); Unreliable (F.R.E. 702, 703) ***Speculative expert testimony***. (F.R.E. 702); *U.S. v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002). Statements lacking evidence or facts.<br><br>Clark is being used to offer opinions about what videos and other testimony "depicts." He states that the physical facts showcase Garcia's intention to collide with the speeding Nissan. ***Nothing in Clark's background or qualifications*** make him an expert on video interpretation or interpretation of any other source from which he vaguely claims "physical facts" exist. Fed. R. Evid. 702. Additionally, neither the | Sustained<br><br>[__]<br><br>Overruled<br><br>[__] |

| | | | |
|---|---|---|---|
| | | judge nor jury needs the assistance of an expert to tell them what they can see for themselves in the videos and read for themselves in any depos or same such material. In fact, the judge can do so better than Clark allegedly could.<br><br>Clark's report also concludes that there exists evidence showcasing officer intention before failing to show the source of such "physical evidence," itemize this "physical evidence," or provide any justification for his claim to be able to mindread ***against*** what Garcia has testified, what investigators have determined, and what any logical person would think about the situation. In fact, Clark quotes passenger Officer Terwilliger's rendition of Garcia which evidence surprise and goes on to conclude that Garcia took intentional actions without any source for this time pattern. This is entirely speculative and not supported by any of the evidence he looked at. Indeed, Clark doesn't even point to where this is indicated.<br><br>Clark's opinions on the intentions or states of mind or emotional states of being should not be admitted as he does not set forth ***relevant expertise*** to be able to make determinations about these matters. Further, his opinions prove to be purely speculative and divert from any basis in evidence since none of the evidence provided to him or which exists in this case indicates this "intent" | |

MK MANNING | KASS

| | | | |
|---|---|---|---|
| | | that Plaintiffs seek to use Clark for | |
| 3 | Declaration of Roger Clark in total<br><br>[because his method is unexplained and the items he refers to or bases his analysis on are not itemized or properly explained] | (F.R.E. 702, 703); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997) (holding courts have discretion to decide that materials relied upon by experts are insufficient to support an expert's conclusions).<br><br>Clark has not provided an itemized or described list of what he is relying on to form his opinions. Nor does he describe his methodology outside of his meagerly introduced qualifications. His entire opinion is therefore speculative and methodologically unsound. This methodology will also lead to a finding that does not adequately reflect the facts as they existed at the time of the incident.<br><br>Additional objections<br><br>**Hearsay (F.R.E. 802);**<br><br>**Relevance, Lack of Foundation and Personal Knowledge (F.R.E. 401, 402);**<br><br>**Unreliable, Irrelevant (F.R.E. 702, 703)** | Sustained<br><br>[__]<br><br>Overruled<br><br>[__] |
| 4 | Declaration of Felix Lee, in total<br><br>[For lack of reliable methodology or applicability to this case] | Unreliable expert testimony with lack of qualifications (F.R.E. 402, 702, 703) Improper expert methodology. (F.R.E. 702, 703); Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146-47 (1997) (holding courts have discretion to decide that materials relied upon by experts are insufficient | Sustained<br><br>[__]<br><br>Overruled<br><br>[__] |

| | | | |
|---|---|---|---|
| | | to support an expert's conclusions).<br><br>Here, Lee admits that he is being used to contradict the MAIT report's interpretation of the CDR (crash retrieval data). (¶3-5) He then fatally states that, based on his reconstruction, Garcia's car was as follows:<br><br>"Garcia could not have completed the turn, Garcia was not facing west at the time of the collision, was not in the center lane or westbound lanes. The reconstructed area of impact was in the left portion of the eastbound #1 lane of Valley Boulevard."<br><br>Per Lee, the collision area moved from the middle diver to the eastbound lane.<br><br>In so stating, Lee ***cripples and defeats his entire report***. First, neither the court nor parties need an expert to tell them ***where*** Garcia's car made it to before the collision happened. Per Defendants' Exhibit H, the only video of the pre-collision that exists, the "black and white" silhouettes depict Bautista and Garcia's vehicle and Valley Blvd is clearly seeable. Ex. H shows Bautista crossing over the incoming (eastbound) lanes, crossing the middle turning lane, and getting in the west lane.<br><br>The second silhouette, which plaintiffs proffer is ***Garcia***, **can be seen passing over both eastbound lanes and entering the middle turning lane** on the video. (Def's Ex. H at 00:35-00:45 *recommended to be watched on .25x speed) Though blurry, the video (including Plaintiffs' drawn out analysis | |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | of it) makes it impossible for the collision to have happened in the eastbound lanes as Garcia's car is past the area he would have had to be in before the collision occurred in order to still be in the eastbound lanes.<br><br>However, Lee states the collision happened in the eastbound lane (and bases his whole report thereon). He then failed to explain the discrepancy between his conclusions and the only footage we have depicting any part of the collision.<br><br>These failures condemn his entire report for insufficient analysis, improper methodology that does not account for all evidence available, and is altogether unnecessary and superfluous to this motion except to try to create a dispute or provide an expert voice to a ludicrous opinion.<br><br>As stated above, Ex. H's surveillance video is consistent with what the investigators in MAIT found, what expert and detectives Holland, Reyes, and Wolff found and opined as to the collision, and what all parties' memories of the investigation conclude.<br><br>Additional objections<br><br>**<u>Hearsay (F.R.E. 802)</u>** | |

DATED: September 28, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: *_/s/ Eugene Ramirez_*
Eugene P. Ramirez
Kayleigh A. Andersen
Eugene P. Hanrahan
Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA