Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
*kayleigh.andersen@manningkass.com*
Eugene Hanrahan (State Bar No. 185826)
*Eugene.Hanrahan@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

DIANA BIAS; TATANISHA PITTS; DOMINIC ADAMS Sr., and BRITTANY MASON,

Plaintiffs,

v.

CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA; and DOES 1-10, inclusive,

Defendants.

Case No. 5:25−cv−00207−JGB−ACCV
District Judge, Jesus G. Bernal
Magistrate Judge, Angela C. C. Viramontes

**[MOTION IN LIMINE NO. 3]**

**NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE OR LIMIT THE TESTIMONY AND OPINIONS OF EXPERT RYAN O'CONNOR PURSUANT TO RULE 702 AND DAUBERT; MEMORANDUM OF POINTS AND AUTHORITIES**

*Filed concurrently with (Proposed) Order*

Date: 11/16/2026
Time: 9 a.m.
Crtrm.: 1 (2nd Floor)

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

By and through their counsel of record in this action, defendants CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; and

BRIAN ZOZAYA ("Defendants") will move will move in limine for an order to exclude all of the opinions and testimony of plaintiffs' expert, Dr. Ryan O'Connor at trial because his opinions lack technical, medical, and evidentiary support and bases pursuant to *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993), and constitute nothing more than speculation. Specifically, Mr. O'Connor has been asked to, but admits lack of expertise with respect to, all of the following:

1. Any testimony or opinions that are based on cumulative/duplicative, speculative information, and/or lack foundation;

2. Any testimony or opinions regarding seatbelt use and its impact on injury or survivability rates after car crashes;

3. Any testimony or opinions regarding biomechanical factors related to the vehicle collision

4. Any testimony or opinions regarding the Delta-V analysis and calculations related thereto;

5. Any testimony or opinions regarding the relevance of the injury probability related to analyses of biomechanical factors

This motion is based on all pleadings, records and files in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this motion. This motion is made following conference of counsel over the phone which took place on October 9, 2026 between Kayleigh Andersen and Marcel Sincich

DATED: October 16, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Eugene P. Hanrahan
Eugene P. Ramirez
Kayleigh A. Andersen
Eugene P. Hanrahan
Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this motion in limine, Defendants seek to exclude ***all*** of Mr. O'Connor's opinions, and specifically all of the following, at time of trial:

1. Any testimony or opinions that are based on cumulative/duplicative, speculative information, and/or lack foundation;

2. Any testimony or opinions regarding seatbelt use and its impact on injury or survivability rates after car crashes;

3. Any testimony or opinions regarding biomechanical factors related to the vehicle collision

4. Any testimony or opinions regarding the Delta-V analysis and calculations related thereto;

5. Any testimony or opinions regarding the relevance of the injury probability related to analyses of biomechanical factors

All of Mr. O'Connor's opinions that relate to the categories above must be excluded as they are unreliable, lack evidentiary support and are admitted to be speculation. This does not meet the *Daubert* standard of admissibility. O'Connor admittedly lacks the requisite background, qualifications, and expertise to offer ***expert*** opinions regarding the Delta-V analysis, biomechanical factors of the collision, effect of seat belt usage on survivability. Nor does O'Connor have the adequate evidentiary support to maintain any conclusions, which are based on speculation. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993). Mr. O'Connor's opinions and report are also deficient pursuant to the applicable standards of Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Evid. 702.

## II. *DAUBERT* THRESHOLD

The trial court serves a gatekeeping function regarding the admissibility of expert evidence. Fed. R. Evid. Rule 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to

understand the evidence or to determine a fact in issue." Fed. R. Evid, Rule 702 also provides that a witness may be qualified as an expert if "the testimony is based on sufficient facts or data." "Where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question…, the trial judge must determine whether the testimony has a 'reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). If the testimonial evidence fails in this regard, the expert opinion is inadmissible. *Id.*

In applying Rule 702, the court determines whether proffered expert testimony meets the requirements of Rule 702 by a preponderance of the evidence." *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 984 F.Supp.2d 1021,1026 (C.D. Cal. 2013) The offering party must show by a preponderance of the evidence that (1) the expert is qualified to render the opinion; and (2) the opinion offered has adequate factual and scientific support for that opinion. *Daubert*, 509 U.S. at 592-93. "Rule 702 requires that expert testimony relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs." *Guidroz-Brault v. Missouri Pacific R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001). Under Federal Rule of Evidence 702, expert opinion testimony is only admissible in federal court:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (I) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Furthermore, the offering party must show by a preponderance of the evidence that (1) the expert is qualified to render the opinion; and (2) the opinion offered has adequate factual and scientific support for that opinion. In other words, expert testimony is not admissible if it is speculative. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered. *cf.*

*Saelzler v. Advanced Group 400*, 25 Cal.4th 763, 771 (2001) ("proof of causation cannot be based on mere speculation, conjecture and inferences drawn from other inferences to reach a conclusion unsupported by any real evidence, or on an expert's opinion based on inferences, speculation and conjecture").

## III. RELEVANT EXPERT OPINIONS OF RYAN O'CONNOR

In his Declaration, O'Connor opined:

1. Direct application of this statistic to the subject vehicle in this case is not entirely relevant;

2. This protective mechanism is significantly compromised in side impact motor vehicle collisions (MCVs) with intrusion, especially for near-side impact occupants. In such a collision, the body of the vehicle intrudes into the passenger space causing injury to the near-side impact occupants regardless of whether they are wearing a seatbelt. Additionally, three-point seat belts have reduced protection for far-side impact occupants as they are prone to their upper body slipping from the shoulder restraint resulting in head injury from impact with the near-side vehicle intrusion;

3. It is my professional medical opinion within a reasonable degree of medical and scientific certainty that, given the statistical and mechanistic factors described above, Mr. Adams and Mr. Rias (both near-side collision occupants) would have had a substantial likelihood of dying in this collision even if they had been wearing seatbelts;

4. It is further my professional medical opinion within a reasonable degree of medical and scientific certainty that that Mr. Pitts (far-side collision occupant) may have had an improved chance of survival had he been wearing a seatbelt, but given the statistical and mechanistic factors described above, he would still have had a substantial likelihood of sustaining a serious bodily injury or death even if he had been wearing a seatbelt

[Declaration of Kayleigh A. Andersen ("Andersen Decl."), ¶ 2, Exhibit A-B.]



MK MANNING | KASS

MANNING | KASS

**IV. <u>THE COURT MUST EXCLUDE MR. CONNOR'S OPINIONS</u>**

**A. <u>O'Connor Lacks Qualifications to Opine On The Biomechanical Collision Factors, Seatbelt Use, and Fatality Risk Factors</u>**

Expert opinions are properly excluded if the *Daubert* standard is not met. O'Connor fails to satisfy the first prong of the admissibility analysis. At deposition, he admitted at several instances that he is not qualified to render the opinions that his report and presence at trial would be offered to opine on, including: vehicle collision analysis, crash reconstruction, expert analysis of impact of seat belt use on injury and fatality, ability to calculate Delta-V and other necessary calculations from vehicular collisions. Andersen Decl., ¶ 2, A-B, O'Connor Deposition.

O'Connor's admission at deposition that he is not an expert on any of these topics, and indeed that he relied completely on calculations made by other experts because he would be unable to generate said calculations on his own, renders his opinions not expert opinions at all, lacking foundation and expertise.

Nothing in O'Connor's background otherwise equips him to opine on anything to do with the incident or injury in this case. *Id.* An expert must stay within the reasonable confines of his subject area. *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 839 (9th Cir. 2011) (*quoting Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969-70 (10th Cir. 2001)). "[M]erely possessing a medical degree is ***not*** sufficient to permit a physician to testify concerning any medical-related issue." *Ralston*, 275 F.3d at 970 (internal citations omitted).

Without requisite expertise or technical skill and understanding, O'Connor's report does not meet *Daubert* and his testimony is similarly deficient. Thus, said opinions must be excluded

**B. <u>O'Connor Lacks Foundation and Evidence For His Opinions</u>**

"Rule 702 requires that expert testimony relate to scientific, technical, or other

specialized knowledge, which does not include unsupported speculation and subjective beliefs." *Guidroz-Brault v. Missouri Pacific RR Co.*, 254 F.3d 825, 829 (9th Cir. 2001).

In rendering his improper opinions regarding the collision, the impact of wearing seatbelts, and relevance of injury probability as well as the biomechanical realities from the crash, O'Connor admitted that he did not go to the scene, did not see a video, and did not research any crash tests for the types of vehicles involved. [Andersen Decl., ¶ 2, A-B]. This is wholly insufficient foundation for an expert opinion. O'Connor's opinion is based on little more than photos and statistical figures he did not come up with himself, all well outside of his area of expertise. In short, O'Connor did not have any evidence, let alone a sufficient amount, to create the foundation necessary to support his opinions. On every subject, O'Connor's conclusions are spurious and speculative.

## V. <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that the Court grant the instant motion to exclude Dr. Ryan O'Connor's opinions and reports in total, specifically regarding the collision, the effect of seat belt use on all involved, the biomechanics of the collision, any Delta-V analyses regarding the collision, and all other unsupported and speculative scientific opinions rendered in his Rule 26(a) Expert Report and at deposition, from trial.

MK MANNING | KASS

DATED: October 16, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Eugene P. Hanrahan
Eugene P. Ramirez
Kayleigh A. Andersen
Eugene P. Hanrahan
Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA

**COMPLIANCE STATEMENT REGARDING LOCAL RULE 11-6.2**

The undersigned, counsel of record for Defendants, certifies that this brief contains 1,961 words, which complies with Local Rule 11-6.1.

DATED: October 16, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Eugene P. Hanrahan*
Eugene P. Ramirez
Kayleigh A. Andersen
Eugene P. Hanrahan
Attorneys for Defendants, CITY OF FONTANA; EDWARD BAUTISTA; JESUS GARCIA; DANIEL PRECIE; BRIAN ZOZAYA