Eugene P. Ramirez (State Bar No. 134865)
eugene.ramirez@manningkass.com
Kayleigh A. Andersen (State Bar No. 306442)
kayleigh.andersen@manningkass.com
Eugene P. Hanrahan (State Bar No. 185826)
eugene.hanrahan@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FONTANA et al.

MANNING | KASS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

DIANA RIAS et al.,

Plaintiffs,

v.

CITY OF FONTANA et al.,

Defendant.

Case No. 5:25-CV-00207-JGB-ACCV
[Assigned to The Hon. Jesus G. Bernal]

**[MOTION *IN LIMINE* NO. 5]**

**NOTICE OF MOTION AND MOTION IN LIMINE BY DEFENDANTS TO EXCLUDE PARTIAL OPINIONS OF EXPERT BENNET OMALU. [DAUBERT MOTION]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF EUGENE HANRAHAN**

[*Proposed Order filed concurrently*]

Trial Date: December 1, 2026

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** as soon as counsel may be heard, in the courtroom of the Honorable Jesus G. Bernal, located in the United States District

Court, 3470 Twelfth Street, Riverside, California 92501-3801, Courtroom 2, 2nd Floor, Defendants CITY OF FONTANA et al. will move *in limine* for an order to exclude from evidence, and from being published to the jury or finder of fact, and from being admitted into evidence, in this matter any and all evidence, documents, records, recordings, testimony, statements, and reference before the jury, and from admission into evidence, partial opinions and testimony of Plaintiff's Medico-Legal expert, Dr. Bennet Omalu ("Omalu").

Defendants' counsel sent Plaintiffs' counsel a comprehensive meet and confer letter inviting further discussions regarding the issues presented in this motion. [*See* Hanrahan Decl., ¶ 8]. On October 9, 2026, Defendants' counsel met and conferred with Plaintiff's counsel. *Id.* On October 12, 2026, Defense counsel emailed Plaintiff's Counsel an outline of the defense arguments for the motions in limine. *Id.* The parties were unable to resolve the issues informally. *Id.*

This motion is based on the attached memorandum of points and authorities, declaration of Eugene Hanrahan, and attached exhibits, all the pleadings, records, and files in this action and upon such further oral and documentary evidence as may be presented upon the hearing of this motion.

DATED: October 16, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ *Eugene Hanrahan*
Eugene P. Ramirez
Kayleigh A. Andersen
Eugene P. Hanrahan
Attorneys for CITY OF FONTANA et al.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants respectfully request that the honorable Court exclude from trial any and all evidence, documents, records, recordings, testimony, statements, opinions, argument, and/or reference before the jury, and from admission into evidence, partial opinions and testimony of Omalu, Plaintiff's designated expert on the decedents' pain and suffering before they died,

## II. SUMMARY OF RELEVANT EXPERT OPINIONS OF BENNET OMALU.

In his Rule 26(a) expert report, Omalu stated that each of the decedents experienced pain and suffering for a certain amount of time before his death. Omalu reported that each decedent suffered from pain and suffering from the onset of the police chase until his pronounced death. Omalu also reported that each decedent experienced "very high-scale and serious" pain and suffering that "continued and intensified as the crash progressed and novel pain and suffering were generated." Omalu reinforced these opinions at his deposition, yet he declined to give an opinion on whether the driver of the pursued vehicle also experienced pain and suffering during the police pursuit.

## III. THE COURT SHOULD EXCLUDE OMALU'S OPINIONS BECAUSE HIS OPINIONS DO NOT MEET THE THRESHOLD FOR *DAUBERT* ADMISSIBILITY

### A. The *Daubert* Threshold for Expert Opinion Evidence.

The trial court serves a gatekeeping function regarding the admissibility of expert evidence. Fed. R. Evid. Rule 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), a judge must "apply his gatekeeping role . . . to all forms of

expert testimony, not just scientific testimony." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004); citing *White v. Ford Motor Co.*, 312 F.3d 998, 1007 (9th Cir. 2002).

Fed. R. Evid, Rule 702 provides that a witness may be qualified as an expert if "the testimony is based on sufficient facts or data." "Where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . ., the trial judge must determine whether the testimony has a 'reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co.*, 526 U.S. at 149. If the testimonial evidence fails in this regard, the expert opinion is inadmissible. *Id.*

In applying Rule 702, the Court functions as a gatekeeper, determining whether proffered expert testimony meets the requirements of Rule 702 by a preponderance of the evidence." *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 984 F.Supp.2d 1021,1026 (C.D. Cal. 2013); (citing *Daubert*, 509 U.S. at 597). The offering party must show by a preponderance of the evidence that (1) the expert is qualified to render the opinion; and (2) the opinion offered has adequate factual and scientific support for that opinion. *Daubert*, 509 U.S. at 592-93.

**B. Dr. Omalu Lacks The Qualifications To Render Such Opinions.**

Expert opinions are properly excluded if the *Daubert* standard is not met. *See Lash v. Hollis*, 2007 U.S. Dist. LEXIS 3633, *12 (E.D. Mo. 2007) (plaintiff's expert opinion on the effects of TASER ECD deployments was excluded under *Daubert* because the court found plaintiff was not qualified to testify as an expert due to his lack of familiarity with TASER devices and his reliance on only one scholarly article on the effects of TASER ECD deployments). "It is the proponent of the expert who has the burden of proving admissibility." *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

Omalu may not opine about a living patient's experience of pain because he has not treated a living patient in a clinical setting since the early 90's when he claims



MANNING | KASS

to have worked in a Nigerian emergency room. Ex A at 202:18-23. In 2022, Omalu testified that the last time that he provided medical care to a living patient other than his family was 27 years ago. Ex. C at 118:19-119:1. Omalu's resume omits any background in psychiatry, psychology, or pain management that could provide a basis for an opinion of a patient's perception and experience of pain. *Ex.* A. Nor does Omalu list any training, certifications, or their equivalents to make up for his lack of background in these fields. *Id.* Given his lack of experience or training, he is unqualified to provide an up-to-date medical opinion about the decedents' experience of pain before their deaths in the instant case to a degree of scientific certainty. His testimony is therefore inadmissible.

**C. Dr. Omalu's Opinions Lack Sufficient Evidentiary Support.**

"Rule 702 requires that expert testimony relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs." *Guidroz-Brault v. Missouri Pacific R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); *see Daubert*, 509 U.S. at 590. "In the context of a motion for summary judgment, an expert must back up his opinion with specific facts." *Guidroz*, 254 F.3d at 831; *U.S. v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981). Further, as of December 2023, Rule 702 provides that "expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule." *See* Fed. R. Evid. 702, Advisory Committee Notes, 2023 Amendments.

Recently, United States District Court Judge Scarsi excluded Omalu's opinion that a decedent "experienced the highest levels of high-scale conscious somatic, mental, and biochemical pain and suffering" because it was "speculative and lack[ed] a sufficient medical basis." *Quan v. Cnty. of Los Angele*s, 2026 WL 712985, *5 (C.D.Cal. Feb. 2, 2026) The court reasoned that Omalu did not apply a specific methodology to conclude that the decedent, killed in a police shooting, experienced the "highest levels of pain."

Omalu's opinions about the decedent's experience of pain in the instant case are the same as the ones he gave in the *Quan* case and are similarly not based on any scientific methodology. Omalu opines without any factual or scientific basis that each of the decedents experienced a "fright, flight, or fight" reaction during the police pursuit. *Ex.* A at 16, 31, 48. He also concludes that the decedents each experienced "increasingly higher levels of pain and suffering as his traumatic shock progressed into death" that "continued and intensified as the crash progressed [*Id.* at 18, 33, 49] despite that each the decedents remained unconscious after the crash and died either immediately afterwards (Domonic Adams) [*See*, Exhibit D at 5**],** within "seconds" of the crash (Richard Rias) [*See*, Exhibit E at 5**],** or within "hours" (Omari Pitts) [*See*, Exhibit F at 5].

Further, none of the decedents could have reported the extent or duration of their pain, if they experienced any at all, between the trauma of the collision and their deaths because they were all unconscious and died soon after the collision. Omalu's effort to expand the time that the decedents suffered by including the time of the pursuit is baseless. His effort to qualify the extent of their pain as "increasingly higher" is speculative. As such, his opinions are inadmissible under *Daubert*.

## IV. OMALU'S CTE RESEARCH, PORTRAYAL IN THE MOVIE "CONCUSSION," AND CONFLICT WITH THE NFL IS INADMISSIBLE.

Omalu was the subject of a 2016 movie entitled "Concussion" starring Will Smith in which Omalu was portrayed as the person who *inter alia* claims that he discovered the harm to the brain, named chronic traumatic encephalopathy ("CTE"), caused by playing professional football. Since this case involves none of these subjects and would distract the jury from the issues on which it should be focused, the evidence should be excluded *See*, *Ibarra v. Lee, 2025* WL 2817639, *6 (N.D.Okla., 2025) (court excluded Omalu's testimony on these subjects at trial).




MK MANNING | KASS

## V. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant the instant motion to exclude Omalu's opinions regarding the possible pain and suffering that the decedents experienced before their deaths.

DATED: October 16, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Eugene Hanrahan
Eugene P. Ramirez
Kayleigh Andersen
Eugene Hanrahan
CITY OF FONTANA et al.